IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAKE-TWO INTERACTIVE SOFTWARE, INC.; ) <br> 2K GAMES, INC.; 2K SPORTS INC.; ) <br> WORLD WRESTLING ENTERTAINMENT, ) <br> INC.; VISUAL CONCEPTS ENTERTAINMENT; ) <br> YUKE'S CO., LTD.; and YUKE'S LA INC., ) <br> ) <br> Defendants. ) | Case No. 3:18-cv-966 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Catherine Alexander, through her undersigned counsel, and for her Complaint against the Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), World Wrestling Entertainment, Inc. ("WWE"), Visual Concepts Entertainment ("Visual Concepts"), Yuke's Co., Ltd. ("Yukes"), and Yuke's LA Inc. ("Yuke's LA"), alleges as follows:

## THE PARTIES

1. Plaintiff, Catherine Alexander ("Plaintiff"), is a resident and citizen of the State of Illinois.

2. Plaintiff is a professional tattoo artist.

3. Defendant Take-Two is incorporated in the State of Delaware.

4. Take-Two's principle place of business is located at 622 Broadway, New York, New York 10012.

5. Defendant 2K Games is incorporated in the State of Delaware.

1

6.  2K Games' principle place of business is located at 10 Hamilton Landing, Novato, California 94949.

7.  Defendant 2K Sports is incorporated in the State of Delaware.

8.  2K Sports' principle place of business is located at 10 Hamilton Landing, Novato, California 94949.

9.  Defendant WWE is incorporated in the State of Delaware.

10. WWE's principle place of business is located at 1241 East Main Street, Stamford, Connecticut 06902.

11. Defendant Visual Concepts is incorporated in the State of California.

12. Visual Concepts' principle place of business is located at 10 Hamilton Landing, Novato, California 94949.

13. Defendant Yuke's is a Japanese corporation.

14. Defendant Yuke's LA is incorporated in the State of California.

15. Yuke's LA's principal place of business is located at 600 Corporate Pointe, Suite 1020, Culver City, California 90230.

16. Take-Two is a major developer, publisher, and marketer of interactive entertainment and video games, including WWE 2K16, WWE 2K17, and WWE 2K18 (the "Infringing Games").

17. 2K Games is a publisher of video games, including the Infringing Games.

18. 2K Sports is a publisher of video games, including the Infringing Games.

19. WWE is an entertainment company that creates and promotes various forms of entertainment media such as video games, including the Infringing Games.

20. Visual Concepts is a developer of video games, including the Infringing Games.

21. Yuke's is a developer of video games, including the Infringing Games.

22. Yuke's LA is a developer of video games, including the Infringing Games.

23. Upon information and belief, each of the Defendants have a direct financial interest in the creation and sale of the Infringing Games.

24. Upon information and belief, each of the Defendants is connected with the matters alleged and is liable to Plaintiff.

## JURISDICTION AND VENUE

25. This action arises under the U.S. Copyright Act (17 U.S.C. §501 et seq.).

26. Therefore, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27. This Court has personal jurisdiction over the Defendants because the Defendants conducted business in, and have had continuous and systematic contacts with the State of Illinois and this District. Defendants have committed acts of infringement in this District and a substantial part of the events that gave rise to this Complaint occurred in this District.

28. The Defendants have engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long-arm statute, including the commission of tortious acts within this State and the commission of tortious acts outside of this State knowing and intending that such acts would interfere with Illinois interests and cause injury within Illinois. Moreover, Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and the State of Illinois concerning the copyrighted works at issue.

29. The Defendants transacted business in this State.

30. The Defendants developed, promoted, distributed and marketed the Infringing Games, and contracted to supply the Infringing Games in this State.

31. Each of the Infringing Games have been sold in this State.

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) as the Defendants are subject to personal jurisdiction in this District.

33. Plaintiff resides in Illinois and was injured in Illinois.

## FACTUAL ALLEGATIONS

34. Plaintiff is an established visual artist.

35. Among Plaintiff's artistic creations are original tattoos for professional wrestler Randy Orton.

36. Plaintiff's tattoos are original and expressive.

37. Plaintiff's tattoos have been reduced to a tangible medium.

38. Randy Orton is a 13-time world champion professional wrestler for WWE.

39. Mr. Orton's tattoos are easily recognized by his fans and members of the public.

40. Plaintiff created several tattoos on Mr. Orton between 2003 and 2008.

41. Plaintiff first altered and extensively added onto Mr. Orton's upper back tribal tattoo in approximately 2003.

42. The now updated and altered upper back tribal tattoo on Mr. Orton is Plaintiff's original work of authorship by Plaintiff.

43. The upper back tribal tattoo is expressive.

44. Plaintiff also created tribal tattoos on Mr. Orton's forearms and upper arms in approximately 2003.

45. The additional tribal tattoos are an original work of authorship by Plaintiff.

46. The additional tribal tattoos are expressive.

47. Plaintiff also created sleeve tattoos on both Mr. Orton's arms in approximately 2008.

48. The sleeve tattoos consisted a Bible verse design, a dove, a rose, and skulls.

49. The Bible verse design tattoo is an original work of authorship by Plaintiff.

50. The Bible verse design tattoo is expressive.

51. The dove tattoo is an original work of authorship by Plaintiff.

52. The dove tattoo is expressive.

53. The rose tattoo is an original work of authorship by Plaintiff.

54. The rose tattoo is expressive.

55. The skulls tattoo is an original work of authorship by Plaintiff.

56. The skulls tattoo is expressive.

57. Plaintiff submitted applications to register copyrights on each of the aforementioned works on March 15, 2018.

58. In 2009, Plaintiff contacted WWE about the reproduction of Mr. Orton's tattoos on various items for sale by the WWE.

59. WWE offered Plaintiff $450 for extensive rights to use and reproduce the tattoo designs on WWE products.

60. Plaintiff declined WWE's offer.

61. Plaintiff told WWE that Plaintiff did not grant any permission to WWE to copy, duplicate or otherwise use or reproduce any of Plaintiff's designs.

62. On or around October 27, 2015, Defendants released and promoted a wrestling video game titled "WWE 2K16."

63. Since October 27, 2015, WWE 2K16 has been available for sale throughout the United States, including throughout this District.

64. Mr. Orton is prominently featured in WWE 2K16.

65. The tattoos on Mr. Orton that appear in WWE 2K16 are the same or substantially similar to Plaintiff's copyrighted works.

66. The tattoos on Mr. Orton in WWE 2K16 appear to be the result of a meticulous effort by Defendants to copy Plaintiff's copyrighted works.

67. On October 11, 2016, Defendants released and promoted another wrestling video game titled "WWE 2K17."

68. Since October 11, 2016, WWE 2K17 has been available for sale throughout the United States, including throughout this District.

69. WWE 2K17 also prominently features Mr. Orton.

70. WWE 2K17 also includes the meticulous reproduction of Plaintiff's copyrighted works.

71. On October 17, 2017, Defendants released and promoted another wrestling video game titled "WWE 2K18."

72. Since October 17, 2017, WWE 2K18 has been available for sale throughout the United States, including throughout this District.

73. WWE 2K18 also prominently features Mr. Orton.

74. WWE 2K18 also includes clear, detailed, and unauthorized reproductions of Plaintiff's tattoos.

75. Prior to the launch of the Infringing Games, Defendants had access to each of Plaintiff's copyrighted works through its relationship to Mr. Orton.

76. Prior to the launch of the Infringing Games, Defendants knew or should have known that the copyrighted works were original works of authorship.

77. Prior to the launch of the Infringing Games, Defendants knew or should have known that Plaintiff owned the copyrights asserted herein.

78. Although Defendant knew or should have known that Plaintiff was the author and owner of the tattoos, Defendants never obtained permission to use, reproduce, or create derivative works based on her copyrighted works in the video games.

79. Mr. Orton does not have ownership in the copyrights asserted herein and has no authority to and did not grant permission for Defendants to commit the acts complained of in this Complaint.

## COUNT I
### Violations of 17 U.S.C. § 501

80. Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

81. Count One is an action under 17 U.S.C. § 501 for direct, indirect, contributory and/or vicarious infringement of copyrights as against the Defendants named in this Complaint.

82. Plaintiff is the owner of the copyrights in the tattoos.

83. Defendants infringed Plaintiff's copyright by reproducing the copyrighted works, in whole or in part, without authorization from Plaintiff, in violation of 17 U.S.C. § 106.

84. Defendants infringed Plaintiff's copyright by creating derivative works from the copyrighted works without authorization from Plaintiff, in violation of 17 U.S.C. § 106.

85. Defendants infringed Plaintiff's copyright by distributing the Infringing Games.

86. Through their conduct alleged in the previous paragraphs, Defendants have knowingly and willfully infringed Plaintiff's copyright in their works by publicly displaying

Plaintiff's copyrighted work without authorization and in violation of 17 U.S.C. §§ 106(5) and 501.

87. Defendants knew or should have known that their conduct infringed Plaintiff's copyrights and are thereby liable for willful infringement.

88. Defendants have obtained a direct financial benefit from the foregoing infringing activities.

89. Further, Defendants' past and continuing infringement of Plaintiff's copyright has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendants will continue to commit such acts of infringement.

90. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), Plaintiff is entitled to an order impounding and destroying the infringing articles and the means by which such infringing articles were produced and/or reproduced.

91. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement.

WHEREFORE, Plaintiff asks this Court to enter preliminary and final orders and judgements as necessary to provide Plaintiff the following requested relief:

a) Finding Defendants liable for copyright infringement by virtue of Defendants' unauthorized use of Plaintiff's copyrighted works;

b) Finding Defendants' copyright infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

c) An award of damages against Defendants under 17 U.S.C. § 504;

d) An award under 17 U.S.C. § 505 allowing recovery of the full costs of this action; and

e) For such and other relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury on all claims alleged herein.

Dated: April 17, 2018

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

9