IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO., LTD., AND YUKE'S LA, INC.'S MOTION TO DISMISS**

Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Visual Concepts Entertainment ("Visual Concepts"), Yuke's Co. Ltd. ("Yuke's"), and Yuke's LA, Inc. ("Yuke's LA") (collectively, "Moving Defendants"), by and through their attorneys, hereby move this Court to dismiss Plaintiff Catherine Alexander's ("Plaintiff") Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). In support of this Motion, Moving Defendants state as follows:

1.  Plaintiff, a tattooist, claims to hold copyrights in tattoos inked on professional wrestler Randy Orton, and alleges that Defendants' *WWE 2K* video game series infringes those copyrights by depicting Mr. Orton in the game as he would in real life, including with his tattoos.

2.  Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim for direct, indirect, vicarious, and contributory copyright infringement as a matter of law. *First*, Plaintiff has failed to satisfy 17 U.S.C. § 411(a)'s

requirement that a plaintiff register her works with the Copyright Office prior to bringing suit for copyright infringement. As Plaintiff admits in the Complaint, Plaintiff does not hold such registrations. Thus, the Complaint must be dismissed for this reason alone.

3. *Second*, Plaintiff's copyright infringement claim fails for the independent reason that her Complaint does not satisfy Federal Rule 8(a)'s requirement that pleadings put defendants on notice of the claims lodged against them. Plaintiff does not adequately describe the works allegedly infringed, nor does she provide photographs of these works, so as to put Defendants on notice of her purported rights. Plaintiff's allegations vaguely group together all seven Defendants, which fails to give each Defendant fair notice of its alleged infringing conduct. And Plaintiff fails to plead facts supporting vicarious or contributory copyright infringement, including failing to indicate which Defendants are charged with committing which types of infringement. The conclusory, vague allegations in Plaintiff's Complaint do not meet the federal pleading requirements, and her copyright infringement claim thus fails as a matter of law.

4. *Third*, Plaintiff's claims for "damages" under Section 504 of the Copyright Act and "costs" under Section 505 are precluded by 17 U.S.C. § 412 to the extent such claims include requests for statutory damages and attorney's fees. Plaintiff has not obtained copyright registrations. Statutory damages and attorney's fees are only available where the works were registered before the infringement occurred or within three months of their publication. Accordingly, statutory damages and attorney's fees are unavailable to Plaintiff as a matter of law.

5. Plaintiff's Complaint also should be dismissed against Defendants Yuke's and Yuke's LA for lack of personal jurisdiction pursuant to Rule 12(b)(2), as Plaintiff has failed to

allege any facts showing that these Defendants have contacts with Illinois sufficient to give rise to jurisdiction.

WHEREFORE, for the reasons stated herein and addressed in more detail the accompanying Memorandum of Law, Moving Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint in full and with prejudice.

Dated: July 9, 2018

Respectfully submitted,

*/s/Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (49410)
Donovan Rose Nester P.C.
201 South Illinois Street
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC.; 2K SPORTS, INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) Case No. 3:18-cv-966-MJR-DGW |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the foregoing DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO., LTD., AND YUKE'S LA, INC.'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Anthony G. Simon         asimon@simonlawpc.com
Benjamin R. Askew        baskew@simonlawpc.com
Anthony R. Friedman      afriedman@simonlawpc.com
R. Seth Crompton         scrimpton@allfela.com

*/s/Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd. and Yuke's LA, Inc.*