**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TAKE-TWO**
**INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC.,**
**VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO., LTD.,**
**<u>AND YUKE'S LA, INC.'S MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT**............. 1

**FACTUAL BACKGROUND**................................................................................................. 3

**ARGUMENT**........................................................................................................................ 4

**I.      Plaintiff has Failed to State a Claim for Copyright Infringement** .............................. 4

     A.      Plaintiff's Infringement Claim Fails Because She Does Not Hold
           Registrations for the Tattoos ............................................................................. 4

     B.      Plaintiff's Complaint Fails to Satisfy the Federal Rules' Pleading
           Requirements as It Is Impermissibly Vague ...................................................... 6

     C.      Plaintiff's Request for Statutory Damages and Attorney's Fees Is
           Improper as a Matter of Law ............................................................................ 12

**II.     Plaintiff's Complaint Should be Dismissed Because Plaintiff Has Failed to
       Establish that the Yuke's Defendants are Subject to Personal Jurisdiction** ............ 13

     A.      Plaintiff Has Failed to Establish that the Yuke's Defendants Are "At
           Home" in Illinois so as to Confer General Jurisdiction ....................................... 15

     B.      Plaintiff Has Failed to Established that the Yuke's Defendants Purposely
           Directed Their Conduct Toward Illinois Sufficient To Confer Specific
           Jurisdiction ...................................................................................................... 16

   **CONCLUSION** ............................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abelesz v. OTP Bank*,
  692 F.3d 638 (7th Cir. 2012) ................................................15

*ACUITY v. Roadtec, Inc.*,
  No. 13 Civ. 6529, 2013 WL 6632631 (N.D. Ill. Dec. 16, 2013) ...........16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................4, 6, 10, 11

*Atkins v. Hasan*,
  No. 15 Civ. 203, 2015 WL 3862724 (N.D. Ill. June 22, 2015) ...............8

*Automation by Design, Inc. v. Raybestos Prods. Co.*,
  463 F.3d 749 (7th Cir. 2006) ...............................................5

*Bagwell v. Dimon*,
  No. 1:14 Civ. 495, 2015 WL 2374614 (M.D.N.C. May 18, 2015) ...........9

*Bank of Am., N.A. v. Knight*,
  725 F.3d 815 (7th Cir. 2013) ............................................8, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................4, 11

*Brandon Wade Licensing, LLC v. Terezowens.com, LLC*,
  No. 12 Civ. 9113, 2013 WL 1446356 (N.D. Ill. Apr. 9, 2013) ............13

*Brooks v. Ross*,
  578 F.3d 574 (7th Cir. 2009) ..............................................9

*Broughel v. Battery Conservancy*,
  No. 7 Civ. 7755, 2009 WL 928280 (S.D.N.Y. Mar. 30, 2009) ...............9

*Estate of Brown v. Arc Music Grp.*,
  830 F. Supp. 2d 501 (N.D. Ill. 2011) .....................................5

*Budget Cinema, Inc. v. Watertower Assocs.*,
  81 F.3d 729 (7th Cir. 1996) ..............................................12

*Burger King Corp. v. Rudewicz*,
  471 U.S. 462 (1985).....................................................16, 18

*Calder v. Jones*,
 465 U.S. 783 (1984)................................................................................................16

*Cinema Concepts Theatre Serv. Co. v. Filmack Studios*,
 No. 89 Civ. 0024, 1989 WL 55092 (N.D. Ill. May 17, 1989) ................................11

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
 381 F. Supp. 2d 452 (D. Md. 2005)........................................................................9

*Cole v. John Wiley & Sons, Inc.*,
 No. 11 Civ. 2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) ............................7

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
 606 F.3d 612 (9th Cir. 2010) ..................................................................................6

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)................................................................................................15

*Design Basics, LLC v. Best Built, Inc.*,
 No. 14 Civ. 597, 2016 WL 4691601 (E.D. Wis. Sept. 7, 2016) ............................10

*Flava Works, Inc. v. Clavio*,
 No. 11 Civ. 05100, 2012 WL 2459146 (N.D. Ill. June 27, 2012) ....................8, 10

*Flynn v. Health Advocate, Inc.*,
 No. 3 Civ. 3764, 2004 WL 51929 (E.D. Pa. Jan. 13, 2004) ...................................7

*Gaiman v. McFarlane*,
 360 F.3d 644 (7th Cir. 2004) ...........................................................................4, 5, 6

*GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*,
 565 F.3d 1018 (7th Cir. 2009) ...............................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011)................................................................................................15

*Helicopteros Nacionales de Colombia v. Hall*,
 466 U.S. 408 (1984)................................................................................................14

*Holabird & Root Architects Eng'rs Interiors v. Physicians Mgmt. of Ind.*,
 No. 94 Civ. 1919, 1994 WL 395126 (N.D. Ill. July 28, 1994)..............................12

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945).........................................................................................14, 17

*Jennings v. Emry*,
 910 F.2d 1434 (7th Cir. 1990) .................................................................................6

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32 (S.D.N.Y. 1992) ........................................................................7

*Metro-Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)........................................................................................10

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*,
  623 F.3d 440 (7th Cir. 2010) .............................................................14, 16, 18

*Monotype Imaging, Inc. v. Bitstream, Inc.*,
  376 F. Supp. 2d 877 (N.D. Ill. 2005) ..............................................................10

*Moon v. Samuels*,
  No. 3:15 Civ. 861, 2015 WL 5162499 (S.D. Ill. Sept. 2, 2015) .........................8

*Ortega v. Forms RV*,
  No. 1:10 Civ. 227, 2012 WL 1870362 (N.D. Ind. May 22, 2012) .......................5

*Pecorino v. Vutec Corp.*,
  934 F. Supp. 2d 422 (E.D.N.Y. 2012) ..............................................................10

*Phillips v. Brock & Scott, PLLC*,
  No. 16 Civ. 3899, 2017 WL 3226866 (D. Md. July 28, 2017)..............................9

*Purdue Research Found. v. Sanofi-Syntholabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) .............................................................13, 15, 16

*Rains v. PPG Indus., Inc.*,
  359 F. Supp. 2d 720 (S.D. Ill. 2004)...........................................................17, 18

*Ranieri v. Adirondack Dev. Grp., LLC*,
  No. 1:11 Civ. 1013, 2013 WL 1292010 (N.D.N.Y. Mar. 27, 2013)....................12

*RAR, Inc. v. Turner Diesel, Ltd.*,
  107 F.3d 1272 (7th Cir. 1997) .........................................................................18

*Rehabcare Grp. E., Inc., v. CC Care, LLC*,
  No. 15 Civ. 10876, 2016 WL 2595108 (N.D. Ill. May 4, 2016) ..........................11

*Rosenfeld v. Twentieth Century Fox Film*,
  No. 7 Civ. 7040, 2008 WL 4381575 (C.D. Cal. Sept. 25, 2008)..........................7

*Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*,
  119 F.3d 55 (7th Cir. 1997) ..............................................................................7

*Sanders v. U-Haul Int'l, Inc.*,
  No. 05 Civ. 0684, 2006 WL 1308571 (S.D. Ill. May 10, 2006)...........................13

iv

*Steward v. West*,
No. 13 Civ. 2449, 2013 WL 12120232 (C.D. Cal. Sept. 6, 2013)..........................................8

*Toma v. Motley Crue, Inc.*,
No. 11 Civ. 6766, 2012 WL 4793508 (N.D. Ill. Oct. 9, 2012)........................................16, 18

*TriTeq Lock & Sec. LLC v. Innovative Secured Sols., LLC*,
No. 10 Civ. 1304, 2012 WL 394229 (N.D. Ill. Feb. 1, 2012)................................................5, 6

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) ...................................................................................................6, 7

*Wade v. Hopper*,
993 F.2d 1246 (7th Cir. 1993) .....................................................................................................7

*Weller v. Flynn*,
No. 17 Civ. 8799, 2018 WL 2299240 (N.D. Ill. May 21, 2018) ......................................17, 18

*Wilson v. Nouvag GmbH*,
No. 15 Civ. 11700, 2018 WL 1565602 (N.D. Ill. Mar. 20, 2018) ............................................17

**Statutes**

17 U.S.C. § 106..............................................................................................................................9

17 U.S.C. § 205..............................................................................................................................7

17 U.S.C. § 411(a)......................................................................................................................4, 6

17 U.S.C. § 412..........................................................................................................................2, 12

17 U.S.C. § 501..............................................................................................................................4

17 U.S.C. § 505..........................................................................................................................2, 13

**Rules**

Fed. R. Civ. Pro. 8..............................................................................................................6, 7, 8, 9

Fed. R. Civ. Pro. 12(b)........................................................................................................1, 4, 13

Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Visual Concepts Entertainment ("Visual Concepts"), Yuke's Co. Ltd. ("Yuke's"), and Yuke's LA, Inc. ("Yuke's LA") (collectively, "Moving Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff Catherine Alexander's ("Plaintiff") Complaint (Dkt. No. 1) ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

## PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

This case involves the critical question of whether a tattooist can force her clients to seek her permission every time the clients are depicted in public bearing the tattoos.  Plaintiff claims that she inked tattoos on World Wrestling Entertainment ("WWE") professional wrestler Randy Orton and that Defendants infringed her alleged copyrights in those tattoos when they depicted Mr. Orton as he appears in real life, including his tattoos, in the well-known *WWE 2K* video game series.  These larger issues need not be decided on this Motion, however, as Plaintiff's Complaint is deficient for a number of reasons, warranting dismissal now.

*First*, Plaintiff's copyright claim fails as a matter of law because she has not obtained certificates of registration for any of the allegedly infringed works.  In the Seventh Circuit, plaintiffs are required to register their works with the U.S. Copyright Office before filing suit.  Plaintiff, however, has not registered her copyrights.  As a result, she has failed to satisfy the statutory requirement for filing a copyright infringement lawsuit, and her Complaint should be dismissed for this reason alone.

*Second*, Plaintiff's vague allegations fail to meet the Federal Rules' notice requirements, which make clear that a plaintiff must plead facts sufficient to inform the defendants and the Court of the wrongful conduct each party has allegedly committed.  Plaintiff's Complaint is impermissibly vague in three ways.  First, it fails to put Defendants on notice as to the works

1

Plaintiff claims were infringed, as Plaintiff neither describes the works nor attaches photographs, which makes it difficult for Defendants to investigate the claims and prepare defenses. Second, it impermissibly groups together all seven Defendants without stating what allegedly infringing conduct each Defendant has committed. Third, it fails to plead facts supporting vicarious or contributory copyright infringement, including failing to indicate which Defendants are charged with committing which types of infringement. Due to the Complaint's dearth of specificity, Plaintiff's claim for direct, contributory, and vicarious infringement should be dismissed.

**Third**, to the extent that Plaintiff's claims for "damages" under Section 504 of the Copyright Act and "costs" under Section 505 include requests for statutory damages and attorney's fees, such claims are precluded by 17 U.S.C. § 412. Under the clear text of that provision, statutory damages and attorney's fees are available only where the works were registered before the infringement occurred, or within three months of their publication. Here, Plaintiff has not obtained any copyright registrations at all. Thus, statutory damages and attorney's fees are unavailable to Plaintiff as a matter of law and should be dismissed.

**Finally**, Plaintiff fails to allege sufficient facts to establish jurisdiction over Defendants Yuke's and Yuke's LA (collectively, "Yuke's Defendants"). Plaintiff admits that the Yuke's Defendants are neither incorporated nor headquartered in Illinois, and Plaintiff fails to allege any facts to suggest that they have sufficient contacts in Illinois to render jurisdiction proper. Thus, Plaintiff's Complaint against them should be dismissed in its entirety.

As the *WWE 2K* games have been publicly available for years, Plaintiff has had ample opportunity to plead the facts necessary to sustain her claims. For the foregoing reasons, and as explained in detail below, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety and deny Plaintiff statutory damages and attorney's fees in this action.

## FACTUAL BACKGROUND

As Plaintiff admits, Defendant Take-Two is a "major developer, publisher and marketer of interactive entertainment and video games." Compl. ¶ 16. Defendants 2K Games and 2K Sports are "publisher[s] of video games," *id*. ¶¶ 17, 18, and Defendants Visual Concepts, Yuke's, and Yuke's LA are "developer[s] of video games," *id*. ¶¶ 20–22.

Take-Two's video games include the popular professional wrestling simulation series *WWE 2K*. The *WWE 2K* games, which have been released annually since 2016, feature real-life professional wrestlers from the WWE. These wrestlers are depicted realistically; their digital avatars include the same physical characteristics that the wrestlers have in real life.

Plaintiff asserts that she is a tattooist who inked several tattoos on professional WWE wrestler Randy Orton. *See id*. ¶¶ 34–40. Plaintiff's claims allegedly arise from the inclusion in the *WWE 2K* series of Mr. Orton's tattoos on Mr. Orton. *See id.* ¶¶ 62–74. Plaintiff claims that she has copyrights in three sets of tattoos inked on Mr. Orton (the "Tattoos"), which she vaguely describes as:

- An "upper back tribal tattoo" that Plaintiff "altered and extensively added to," *id*. ¶ 41, although Plaintiff does not describe what she altered or added, or what the tattoo looked like before her alleged contribution;

- "[T]ribal tattoos on Mr. Orton's forearms and upper arms," *id.* ¶ 44; and

- "Sleeve tattoos on both Mr. Orton's arms," consisting of "a Bible verse design, a dove, a rose, and skulls," *id*. ¶¶ 47, 48.

Plaintiff does not have copyright registrations, but claims that she "submitted applications to register copyrights on each of the aforementioned works on March 15, 2018." *Id*. ¶ 57. Despite alleging that she submitted these applications, Plaintiff's Complaint does not list titles, provide application numbers, or attach copies of any deposits that she may have submitted to the

Copyright Office with her applications.  Thus, it is not clear how many distinct Tattoos Plaintiff

believes are embodied in the "aforementioned works" or what those works are.

On April 17, 2018, Plaintiff filed her Complaint, alleging one claim of "direct, indirect,

contributory and/or vicarious infringement of copyrights" under 17 U.S.C. § 501 against all

defendants. *Id.* ¶ 81.  In response to Plaintiff's Complaint, Defendants now move to dismiss the

Complaint in its entirety.

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

To survive a motion to dismiss pursuant to Rule 12(b)(6), the Complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  As discussed below, Plaintiff's Complaint does not survive this standard for

three reasons: (1) Plaintiff has not satisfied the statutory registration requirement for any of the

Tattoos; (2) Plaintiff's allegations are impermissibly vague; and (3) Plaintiff is not entitled to

attorney's fees or statutory damages due to her failure to obtain copyright registrations within the

required time frame.

#### A.    Plaintiff's Infringement Claim Fails Because She Does Not Hold Registrations for the Tattoos

Plaintiff's Complaint should be dismissed because she has not obtained registrations for

the Tattoos.  Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any

United States work shall be instituted until . . . registration of the copyright claim has been

made" or "registration has been refused."

In the Seventh Circuit, a plaintiff must have an issued registration certificate or a

Copyright Office refusal before she may bring a claim for copyright infringement.  In *Gaiman v.*

4

*McFarlane*, the Seventh Circuit expressly stated that "[t]he significance of *registration* is that it is a prerequisite to a suit to enforce a copyright."  360 F.3d 644, 654–55 (7th Cir. 2004) (emphasis added).  "More precisely, an application to register must be filed, *and either* **granted or refused**, before suit can be brought."  *Id.* at 55 (emphasis added).  The Seventh Circuit echoed this language in a later copyright case, *Automation by Design, Inc. v. Raybestos Products Co.*, noting that "[r]egistration is not a condition of copyright protection, but is necessary before an infringement suit may be filed in court."  463 F.3d 749, 752 n.1 (7th Cir. 2006).  District courts within the Seventh Circuit routinely state that registration is a prerequisite to a copyright infringement suit.  *See, e.g.*, *TriTeq Lock & Sec. LLC v. Innovative Secured Sols., LLC*, No. 10 Civ. 1304, 2012 WL 394229, at *4 (N.D. Ill. Feb. 1, 2012) (dismissing copyright infringement claim where plaintiff had not registered works, but had merely applied for registration, because "[t]he mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered prior to the initiation of an infringement action"); *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 516 (N.D. Ill. 2011), *aff'd*, 523 Fed. App'x 407 (7th Cir. 2013) (dismissing copyright infringement complaint where plaintiff failed to allege seventy-seven allegedly infringed works had been registered); *Ortega v. Forms RV*, No. 1:10 Civ. 227, 2012 WL 1870362, at *6 (N.D. Ind. May 22, 2012) (granting summary judgment for defendant on copyright infringement claim where plaintiff conceded that he never registered the designs at issue).

Here, according to the Complaint, Plaintiff does not hold copyright registration certificates in any of the Tattoos.  Instead, Plaintiff merely "submitted applications to register copyrights on each of the aforementioned works on March 15, 2018."  Compl. ¶ 57.  As Plaintiff

does not have issued or refused registrations for any of the Tattoos, her copyright infringement claim fails as a matter of law and her Complaint should be dismissed accordingly.[1]

### B. Plaintiff's Complaint Fails to Satisfy the Federal Rules' Pleading Requirements as It Is Impermissibly Vague

Plaintiff also has not alleged sufficient facts against each separate Defendant to establish direct, vicarious, or contributory infringement under the Copyright Act.  Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint may be concise, but it must include sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  This means that the plaintiff's claims "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of" what the plaintiff asserts.  *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).  As the Seventh Circuit has explained, "[t]he primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'"  *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775

---

[1]  Plaintiff cannot remedy this deficiency in her opposition to this motion.  *See TriTeq Lock & Sec. LLC*, 2012 WL 394229, at *5 (dismissing copyright infringement claim where plaintiff had not obtained copyright registration prior to filing suit and was not allowed to remedy its claim by attaching a certificate of registration to its response brief).

In addition, Plaintiff may attempt to rely on out of Circuit cases suggesting that merely submitting an application, fee, and deposit is sufficient to satisfy 17 U.S.C. § 411(a).  *See, e.g.*, *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 622 (9th Cir. 2010) (holding that a plaintiff may bring suit once she files an application containing all required materials—*e.g.*, deposit copy and filing fee—with the Copyright Office).  As discussed above, however, the law of **this** Circuit requires that the Copyright Office grant or refuse the copyright application before a suit is filed.  *See Gaiman*, 360 F.3d at 654–55.  Moreover, Plaintiff has failed to satisfy even the lower standard applied in other circuits, as she has not alleged that she has submitted the fee and deposit copy required in those circuits.  *See Cosmetic Ideas, Inc.*, 606 F.3d at 620 (stating that an "application" sufficient to satisfy 411(a) must comply with "all of the necessary steps to register the copyright at issue" under Sections 408 and 409).  Thus, even under this so-called "application approach," Plaintiff has failed to satisfy the pre-condition of suit, and her Complaint should be dismissed.

(7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993)).  Moreover,

requiring plaintiffs to plead with sufficient particularity alleviates the financial burden on the

courts and defendants of replying to a vague or confusing complaint.  *See id.* at 776 (dismissing

complaint under 12(b)(6) and noting the costs that can arise from having to respond to a "prolix

and confusing complaint").

Plaintiff's Complaint is improper for several reasons.  ***First***, copyright plaintiffs are

required to sufficiently allege "which specific original works are the subject of the copyright

claim" to satisfy Rule 8(a)'s pleading requirements.  *Cole v. John Wiley & Sons, Inc.*, No. 11

Civ. 2090, 2012 WL 3133520, at *11 (S.D.N.Y. Aug. 1, 2012) (quoting *Kelly v. L.L. Cool J.*,

145 F.R.D. 32, 36 (S.D.N.Y. 1992)).[2]  Because a determination of infringement often turns on

the details and particular elements of the plaintiff's work, it is critical that a party know precisely

what it is alleged to have infringed to adequately defend itself against a charge of infringement.

Here, Plaintiff describes the Tattoos in only the vaguest terms, such as "tribal tattoos" or

"rose tattoo."  Compl. ¶¶ 44–46, 53–54.  She does not provide any written descriptions, images,

or titles for the Tattoos.  Moreover, she has not pointed to any registrations (much less

application numbers) with the U.S. Copyright Office that might provide such information.[3]  As a

---

[2]    *See also Rosenfeld v. Twentieth Century Fox Film,* No. 7 Civ. 7040, 2008 WL 4381575, at *6–7 (C.D. Cal. Sept. 25, 2008) (dismissing copyright claim where plaintiff referred to its work as "the TOOLS work" without specifying the composition of that work, as these "allegations [did] not provide sufficient notice of the basis for [plaintiff's] copyright infringement claim"); *Flynn v. Health Advocate, Inc.*, No. 3 Civ. 3764, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) (dismissing claim for infringement where plaintiff did not sufficiently specify the work allegedly infringed, as "merely alleging that Plaintiffs own certain copyrights and that Defendants have infringed such copyrights in their written materials is insufficient to meet the Rule 8 requirement[s]").

[3]    The statutory requirement to register works prior to initiating an infringement suit also serves this critical notice function.  *See* 17 U.S.C. § 205 (stating that a recorded certificate of registration "gives all persons constructive notice of the facts stated in the recorded document" if it "specifically identifies the work to which it pertains"); *Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 66 (7th Cir. 1997) ("A copyright registration certificate . . . thus serves to put the world on constructive notice as to the ownership of the copyright and of the facts stated in the registration certificate.").  As discussed above, however, Plaintiff has not satisfied that requirement.  *See supra* 4.

result, there is no way for this Court or Defendants to know of which tattoos Plaintiff claims ownership.  This alone is a sufficient basis to dismiss Plaintiff's Complaint.  *See Flava Works, Inc. v. Clavio*, No. 11 Civ. 05100, 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012) (dismissing copyright infringement claims where plaintiff did not sufficiently define the work at issue, as "[i]mplicit in the elements of all . . . [infringement] claims is the identification of an allegedly-infringed 'work'").

**Second**, it is well-settled that collective pleading of the sort contained in Plaintiff's Complaint does not satisfy Rule 8(a).  The Seventh Circuit has held that "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful.  A complaint based on a theory of collective responsibility must be dismissed."  *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *see also Atkins v. Hasan*, No. 15 Civ. 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster . . . a claim to relief *must* include such particulars.").  Courts in the Seventh Circuit routinely dismiss complaints for impermissibly grouping defendants together in this way.  *See Bank of Am.*, 725 F.3d. at 819 (affirming dismissal for failure to state a claim where plaintiffs alleged conspiracy by "go[ing] on and on about what defendants collectively did, without imputing concrete acts to specific litigants"); *Moon v. Samuels*, No. 3:15 Civ. 861, 2015 WL 5162499, at *2 (S.D. Ill. Sept. 2, 2015) (dismissing claim where plaintiff's "conclusory allegation [was] not enough to give [those] defendants the notice required by Federal Rule of Civil Procedure 8," as it failed to "lay out what each of those defendants did to [plaintiff]").[4]

---

[4]   Federal district courts outside of the Seventh Circuit consistently apply this rule as well.  *See Steward v. West*, No. 13 Civ. 2449, 2013 WL 12120232, at *3 (C.D. Cal. Sept. 6, 2013) (dismissing copyright infringement claim for failure to plead with adequate notice where plaintiff's complaint lumped allegations as to thirteen defendants together as Rule 8 "requires that plaintiffs allege the basis of their claim as to ***each defendant***" (emphasis

Here, Plaintiff fails to make distinct allegations as to *each* Defendant's conduct. Instead, she relies on a handful of vague allegations that label the Defendants as either "developers" or "publishers" of the allegedly infringing *WWE 2K* games, *see* Compl. ¶¶ 16–22, but she fails to suggest how these generic titles translate to infringing conduct under 17 U.S.C. § 106.  Beyond this, Plaintiff ambiguously asserts that "Defendants" collectively committed acts that ultimately infringed her works, *see id.* ¶¶ 62, 66, 67, 71, 75–79, but nowhere in her factual allegations does Plaintiff refer to any of the Moving Defendants individually.[5]  This handful of general allegations as to the seven Defendants collectively is impermissible, fails to put this Court or the Defendants on adequate notice of each party's allegedly wrongful conduct, and requires dismissal of the Complaint.  *See, e.g.*, *Brooks v. Ross,* 578 F.3d 574, 582 (7th Cir. 2009) (affirming dismissal where plaintiff's "formulaic recitation" that all defendants were liable did "not put the defendants on notice of what exactly they might have done").

*Third*, it is black letter law that direct, contributory, and vicarious liability are different theories of infringement, and a plaintiff must allege facts supporting the elements of each.  *See,*

---

added)); *Broughel v. Battery Conservancy*, No. 7 Civ. 7755, 2009 WL 928280, at *4 (S.D.N.Y. Mar. 30, 2009) (dismissing copyright infringement claims against group of defendants as "plaintiff's claims cannot rest on inchoate and conclusory accusations of unauthorized copying . . . [but] must identify, with specificity, . . . which acts committed by defendants constitute infringement of her rights"); *see also Phillips v. Brock & Scott, PLLC*, No. 16 Civ. 3899, 2017 WL 3226866, at *5 (D. Md. July 28, 2017) (holding that collective allegations fail "Federal Rule of Civil Procedure 8's notice requirement to address separately each [d]efendant's alleged wrongdoing"); *Bagwell v. Dimon*, No. 1:14 Civ. 495, 2015 WL 2374614, at *7 (M.D.N.C. May 18, 2015) (dismissing claims where plaintiff made broad allegations lumping defendants together without putting each defendant on notice as to its specific alleged conduct); *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (granting motion to dismiss because plaintiff's "general allegation fail[ed] to delineate the particular acts of [patent] infringement attributable to each [d]efendant").

[5]   Moreover, many of Plaintiff's factual allegations passively assert that certain conduct occurred without attributing such conduct to *any* identifiable entity, much less one of the Defendants.  For example, Plaintiff claims that games depicting her Tattoos "include[] the meticulous reproduction of Plaintiff's copyrighted works," Compl. ¶¶ 65, 70; "ha[ve] been available for sale," *Id.* ¶¶ 63, 68, 72; and "include[] clear, detailed, and unauthorized reproductions of Plaintiff's tattoos," *Id.* ¶ 74.  Plaintiff, however, does not specify that *Defendants*—much less any *specific* Defendant—are responsible for these acts.  These vague allegations prevent Defendants from sufficiently defending themselves in this action, as the various Moving Defendants cannot ascertain what wrongful conduct Plaintiff believes that they have committed.

*e.g.*, *Flava Works*, 2012 WL 2459146, at *2–3 ( analyzing direct, contributory, and vicarious infringement as separate claims with distinct elements to find that plaintiff failed to state claims under all theories of infringement).[6]  Plaintiff has not pleaded sufficient facts supporting either contributory or vicarious liability.[7]

To state a claim for contributory infringement, a plaintiff must allege "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005).  To be clear, *Iqbal* requires more than a conclusory recitation of elements such as these; rather, plaintiffs must allege specific facts supporting their allegations.  *See* 556 U.S. at 678.  Here, Plaintiff fails to allege that Moving Defendants had knowledge of others' direct infringement or contributed something material to that infringement.  Thus, Plaintiff's contributory infringement claim should be dismissed.  *See Design Basics, LLC v. Best Built, Inc.*, No. 14 Civ. 597, 2016 WL 4691601, at *2 (E.D. Wis. Sept. 7, 2016) (dismissing claim for contributory copyright infringement where plaintiff failed to allege that defendant corporation had knowledge of subsidiary's alleged direct infringement).

"To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant: (1) at all material times possessed the right and ability to supervise the infringing activity, and (2) has a direct financial interest in the infringer's activity." *Flava Works*, 2012 WL 2459146 at *2 (dismissing claims for direct, contributory, and vicarious infringement where

---

[6]   *See also Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 450–51 (E.D.N.Y. 2012) (dismissing patent infringement complaint that pleaded direct and indirect infringement in single count because even though plaintiffs can plead multiple theories of liability at once, "they still must adequately plead them each independently").

[7]   "Indirect" infringement is the collective name for contributory and vicarious liability.  *See Metro-Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929–30 (2005).  Thus, Moving Defendants do not treat it separately from Plaintiff's contributory and vicarious liability claims.

plaintiff did not plead operative facts to support these various kinds of infringement, but "merely allege[d] labels and conclusions . . . [which did] not provide adequate notice" to the defendant). Plaintiff's Complaint does not assert that Moving Defendants have a right and ability to supervise the infringing activity of any specified party.  Moreover, while Plaintiff alleges that "Defendants have obtained a direct financial benefit from the foregoing infringing activities," Compl. ¶ 88, such conclusory, self-serving statements are insufficient to state a claim, *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Plaintiff's inability to allege facts supporting its vicarious liability claim warrants dismissal.  *See Cinema Concepts Theatre Serv. Co. v. Filmack Studios*, No. 89 Civ. 0024, 1989 WL 55092, at *1–2 (N.D. Ill. May 17, 1989) (dismissing contributory and vicarious infringement where there were "no factual allegations to establish that either individual [defendant] knowingly participated in the alleged infringement, . . . supervised or influenced the infringing activity, or . . . derived financial benefit from it").

*Fourth*, and relatedly, a plaintiff alleging different theories of liability must indicate what party is being charged with what type of liability.  *See Rehabcare Grp. E., Inc., v. CC Care, LLC*, No. 15 Civ. 10876, 2016 WL 2595108, at *6 (N.D. Ill. May 4, 2016) (dismissing claim directed at "Defendants," as "[a]n allegation that 'defendants' committed some act, 'without any details about who did what . . . is inadequate' under *Iqbal* and *Twombly*" (quoting *Bank of Am.*, 725 F.3d at 815)).  Here, Plaintiff asserts that *all* "Defendants named in this Complaint" are liable for "direct, indirect, contributory, *and/or* vicarious infringement of copyrights."  Compl. ¶ 81 (emphasis added).  Vaguely alleging that seven different Defendants are each liable for some undisclosed combination of direct, contributory, and vicarious infringement does not provide the Moving Defendants or the Court with adequate notice of Plaintiff's claims so as to

survive dismissal.   As a practical matter, whether Plaintiff means "and" or "or" is extremely significant as different kinds of infringement can expose defendants to varying degrees of damages, and Defendants are entitled to clarity on this fundamental issue.  As Plaintiff's Complaint fails to differentiate these different types of infringement, her claim for "direct, indirect, contributory, and/or vicarious" infringement fails as a matter of law.  *See, e.g.*, *Ranieri v. Adirondack Dev. Grp., LLC*, No. 1:11 Civ. 1013, 2013 WL 1292010, at *6–8 (N.D.N.Y. Mar. 27, 2013) (dismissing complaint alleging direct and indirect infringement against multiple defendants, as plaintiff's "blanket allegations" against defendants collectively were improper legal conclusions that failed to give defendants notice of the claims against them).

### C.    Plaintiff's Request for Statutory Damages and Attorney's Fees Is Improper as a Matter of Law

Plaintiff's claims for statutory damages and attorney's fees for her copyright claim should be dismissed because the alleged infringement began before Plaintiff registered her Tattoos with the Copyright Office.  The Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  Per the statutory language, then, a plaintiff must have registered her work with the Copyright Office prior to the start of the alleged infringement to recover statutory damages and attorney's fees.  *See Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (holding plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [plaintiff's] copyright registration . . . [and plaintiff's] registration certificate is also beyond three months from the date of the alleged first publication"); *Holabird & Root Architects Eng'rs Interiors v. Physicians Mgmt. of Ind.*, No. 94 Civ. 1919, 1994 WL

395126, at *2 (N.D. Ill. July 28, 1994) (striking portion of prayer for relief that sought attorney's fees where "infringement commenced prior to the effective date of the registrations").

In her prayer for relief, Plaintiff claims that she is entitled to "[a]n award of damages against Defendants under 17 U.S.C. § 504," Compl. 8 at (c), and "[a]n award under 17 U.S.C. § 505 allowing recovery of the full costs of this action," *id*. at (d).  Like the rest of her Complaint, however, Plaintiff's prayer for relief is ambiguous, as Defendants cannot ascertain whether she seeks statutory damages, as permitted under Section 504, attorney's fees, as permitted under Section 505, or both.  To the extent Plaintiff does seek statutory damages and attorney's fees, her claims should be dismissed as she does not hold registrations for the Tattoos, nor could she, as she admits that she did not submit applications for registration until March 15, 2018. Compl. ¶ 57.  Accordingly, statutory damages and attorney's fees are unavailable as a matter of law, and Plaintiff's claims for such should be dismissed.

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH THAT THE YUKE'S DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION

Plaintiff has failed to plead any facts to establish that this Court has personal jurisdiction over the Yuke's Defendants, nor can she, as the Yuke's Defendants lack the requisite contacts with Illinois to give rise to personal jurisdiction.  When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction.  *See Purdue Research Found. v. Sanofi-Syntholabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003).  "A plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction."  *Sanders v. U-Haul Int'l, Inc.*, No. 05 Civ. 0684, 2006 WL 1308571, at *2 (S.D. Ill. May 10, 2006).

Plaintiff's single Count in the Complaint arises under the Copyright Act, which does not allow nationwide service of process.  *See Brandon Wade Licensing, LLC v. Terezowens.com,*

*LLC*, No. 12 Civ. 9113, 2013 WL 1446356, at *2 (N.D. Ill. Apr. 9, 2013).  In such circumstances, a court may exercise personal jurisdiction over a defendant only if it is permitted under the United States Constitution and Illinois law.  *Id.*  As the Seventh Circuit has noted, Illinois law allows courts to exercise personal jurisdiction to the same extent permitted by the Fourteenth Amendment to the United States Constitution, so the federal and state inquiries merge.  *See Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

Under these standards, a court may exercise personal jurisdiction over a non-resident Defendant only where the defendant has sufficient minimum contacts with the forum, such that requiring the defendant to litigate in the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  There are two different types of personal jurisdiction: general and specific.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 (1984).  The appropriate type depends on the extent of the defendant's contacts with the forum.  *Mobile Anesthesiologists Chi.*, 623 F.3d at 444.

Here, Plaintiff does not allege whether she is asserting personal jurisdiction over the Yuke's Defendants on the basis of general or specific jurisdiction, but seems to insinuate that *all* Defendants are subject to both.  Her claim of jurisdiction as to the Yuke's Defendants fails under both of these tests, because, as discussed below, Plaintiff has not alleged any facts to establish that (1) the Yuke's Defendants are "at home" in Illinois so as to establish general jurisdiction; or (2) the Yuke's Defendants have purposefully availed themselves of the benefits of doing business in Illinois so as to establish specific jurisdiction.  Accordingly, this Court does not have personal jurisdiction over the Yuke's Defendants, and Plaintiff's claims against them should be dismissed with prejudice.

A. **Plaintiff Has Failed to Establish that the Yuke's Defendants Are "At Home" in Illinois so as to Confer General Jurisdiction**

Plaintiff has pleaded no facts to support a finding of general jurisdiction over the Yuke's Defendants. "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). General jurisdiction arises where a Defendant's contacts with Illinois are "so continuous and systematic as to render [the defendants] essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (applying *Goodyear* to hold that foreign defendant was not "at home" in California and therefore not subject to general jurisdiction there). When the defendant is a corporation, this is generally where the defendant is incorporated or has its principle offices. *See id.* at 137. Because "general jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation," the threshold level of contacts the defendant must have is very high. *Purdue Research Found.*, 338 F.3d at 787.

Here, Plaintiff offers no facts to support the notion that either of the Yuke's Defendants is "at home" in Illinois. In fact, Plaintiff admits that "Yuke's is a Japanese corporation," Compl. ¶ 27, and Yuke's LA is "incorporated in the State of California" with its primary place of business in California, *id*. ¶¶ 28, 29, ***not*** that either entity is incorporated or headquartered in Illinois. Moreover, Plaintiff's Complaint is devoid of any allegations that could establish that either Yuke's Defendant has "continuous and systematic" contacts with Illinois so as to render it essentially at home there. *See Abelesz v. OTP Bank,* 692 F.3d 638, 656–59 (7th Cir. 2012) (finding no general jurisdiction over Hungarian banks even though they had over 4,000 U.S.

account holders, contractual relationships with U.S. companies, advertisements in media targeting parts of the U.S., and a parent company that did extensive business in the U.S., as these contacts were not "continuous and systematic"); *Toma v. Motley Crue, Inc.*, No. 11 Civ. 6766, 2012 WL 4793508, at *2–*3 (N.D. Ill. Oct. 9, 2012) (finding no general jurisdiction, even though defendant band did concerts in Illinois, used Illinois vendors to support their touring activities, sold albums in Illinois, and sold items to Illinois residents through a website).[8] Accordingly, Plaintiff has failed to satisfy her burden of establishing that this Court has general personal jurisdiction over the Yuke's Defendants, and her Complaint against them should be dismissed.

**B.      Plaintiff Has Failed to Established that the Yuke's Defendants Purposely Directed Their Conduct Toward Illinois Sufficient To Confer Specific Jurisdiction**

Plaintiff also has not alleged any facts to establish specific personal jurisdiction.  Specific jurisdiction arises only where "the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities."  *Mobile Anesthesiologists Chi.*, 623 F.3d at 444.  To establish specific jurisdiction, the Defendant must have "purposefully directed his activities at residents of the forum," and "the litigation [must] result[] from alleged injuries that arise out of or relate to those activities."  *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 472–73 (1985).  Moreover, the plaintiff must show that each defendant's ***individual*** contacts with the forum are sufficient to meet this test.  *See Purdue Research Found.*, 338 F.3d at 784 (stating that "[e]ach defendant's contacts with the forum state must be assessed individually" (quoting *Calder*

---

[8]     Plaintiff broadly alleges that "[t]his Court has personal jurisdiction over the Defendants because the Defendants conducted business in, and have had continuous and systematic contacts with the State of Illinois and this District."  Compl. ¶ 27.  Yet, such vague, unsubstantiated allegations are insufficient to impose general jurisdiction on out-of-state defendants.  *See, e.g.*, *ACUITY v. Roadtec, Inc.*, No. 13 Civ. 6529, 2013 WL 6632631, at *5 (N.D. Ill. Dec. 16, 2013) (granting defendant's motion to dismiss where plaintiff's "vague claims" did not establish general jurisdiction).

*v. Jones*, 465 U.S. 783, 790 (1984))); *Rains v. PPG Indus., Inc.*, 359 F. Supp. 2d 720, 724 (S.D. Ill. 2004) (finding that plaintiff failed to establish that defendant specifically had sufficient contacts with Illinois, but instead pointed to conduct of defendant's affiliate companies).  While the type of activity giving rise to specific jurisdiction can take different forms, the Supreme Court has made clear that the contacts must be sufficient to render it fair and "reasonable" to call the defendant into the state's courts to answer the plaintiff's claims.  *Int'l Shoe*, 326 U.S. at 317.

Here, Plaintiff has not pleaded any facts to establish specific jurisdiction over the Yuke's Defendants.  In her Complaint, Plaintiff includes a handful of conclusory, boilerplate allegations concerning the general conduct of the seven Defendants collectively, but does not include a single allegation of Illinois-focused conduct by Yuke's or Yuke's LA.[9]  These bare recitations of the applicable legal standards are insufficient to establish specific jurisdiction.  *Wilson v. Nouvag GmbH*, No. 15 Civ. 11700, 2018 WL 1565602, at *2  (N.D. Ill. Mar. 20, 2018) ("Factual assertions that amount only to 'vague generalizations or unsupported allegations,' are insufficient to support personal jurisdiction.").  Not only are Plaintiff's allegations broad and conclusory, they fail to identify that Yuke's or Yuke's LA *specifically* had sufficient contacts with Illinois to give rise to personal jurisdiction.  *See, e.g.*, *Weller v. Flynn*, No. 17 Civ. 8799, 2018 WL 2299240, at *7 (N.D. Ill. May 21, 2018) (finding "Plaintiff's general allegation that ***all Defendants*** caused some injury in Illinois and/or targeted Illinois" insufficient to establish specific jurisdiction (emphasis added)).

---

[9]   Plaintiff alleges that the "Defendants have engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long-arm statute, including the commission of tortious acts within this State and the commission of tortious acts outside of this state knowing and intending that such acts would interfere with Illinois interests and cause injury within Illinois.  Moreover, Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and the State of Illinois concerning the copyrighted works at issue." Compl. ¶ 28.  "The Defendants transacted business in this State."  *Id*. ¶ 29.  "The Defendants developed, promoted, distributed and marketed the Infringing Games, and contracted to supply the Infringing Games in this State."  *Id*. ¶ 30.  "Each of the Infringing Games have been sold in this state."  *Id*. ¶ 31.

Courts in the Seventh Circuit consistently have found no specific jurisdiction over defendants who had contacts greater than those Plaintiff alleges with respect to the Yuke's Defendants.  *See, e.g.*, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (finding no specific jurisdiction where defendant entered a contract with an Illinois party, as a contract alone cannot "establish the requisite minimum contacts," and the parties' "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' . . . [did not] indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant" (quoting *Burger King*, 471 U.S. at 479)); *Mobile Anesthesiologists Chi.*, 623 F.3d at 446–47 (holding that defendants' operation of a nationally available website that allegedly infringed plaintiff's trademark did not establish sufficient contacts for exercise of jurisdiction in Illinois, and plaintiff's mere residence in Illinois not enough); *Weller,* 2018 WL 2299240, at *7 (finding no specific jurisdiction in copyright infringement suit over producers where they "played some role in the film's production and it was distributed globally, including in Illinois," but ultimately "made no creative contributions to the film's storyline, exercised no control over the film's production, never visited Illinois in connection with the film, and played no role in distributing or advertising the film"); *Toma*, 2012 WL 4793508, at *2–3 (plaintiff failed to establish specific jurisdiction over music group who allegedly used his copyrighted photograph on an album without authorization, as group did not "aim" its allegedly infringing conduct at Illinois); *Rains*, 358 F. Supp. 2d at 724–26 (holding that plaintiff could not establish personal jurisdiction over defendant by showing that defendant's affiliates, but not defendant itself, did business in Illinois).

Plaintiff's Complaint contains no allegations to support a finding that either of the Yuke's Defendants purposefully availed itself of the privilege of doing business in Illinois related to the

alleged injury Plaintiff claims to have suffered.  Accordingly, Plaintiff has failed to meet her burden of establishing specific personal jurisdiction, and her Complaint against the Yuke's Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Complaint in its entirety.


Dated: July 9, 2018                                    Respectfully submitted,

                                                       _/s/Dale M. Cendali_____
                                                       Dale M. Cendali (admitted *pro hac vice*)
                                                       Joshua L. Simmons (admitted *pro hac vice*)
                                                       Kirkland & Ellis LLP
                                                       601 Lexington Avenue
                                                       New York, New York 10022
                                                       Telephone: (212) 446-4800
                                                       dale.cendali@kirkland.com
                                                       joshua.simmons@kirkland.com

                                                       Michael J. Nester (49410)
                                                       Donovan Rose Nester P.C.
                                                       15 North 1st Street, Suite A
                                                       Belleville, Illinois 62220
                                                       Telephone: (618) 212-6500
                                                       mnester@drnpc.com

                                                       *Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on July 9, 2018, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO., LTD., AND YUKE'S LA, INC.'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| R. Seth Crompton | scrimpton@allfela.com |

                  */s/Dale M. Cendali*
                  Dale M. Cendali (admitted *pro hac vice*)
                  Kirkland & Ellis LLP
                  601 Lexington Avenue
                  New York, New York 10022
                  Telephone: (212) 446-4800
                  dale.cendali@kirkland.com

                  *Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*