## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, | )   Case No. 3:18-cv-00966 |
| INC.; 2K GAMES, INC.; 2K SPORTS INC.; | ) |
| WORLD WRESTLING ENTERTAINMENT, | ) |
| INC.; VISUAL CONCEPTS | ) |
| ENTERTAINMENT; YUKE'S CO., LTD.; | ) |
| YUKES LA INC., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

### WORLD WRESTLING ENTERTAINMENT, INC.'S OBJECTIONS
### AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant World Wrestling Entertainment, Inc. ("WWE") hereby serves the following

responses and objections (the "Response") to Plaintiff's First Set of Requests for Admission (the

"Requests").

### PRELIMINARY STATEMENT

1.      WWE makes this Response without waiver of, and intending to preserve, any

information in response to the Requests that is protected by the attorney-client privilege, the

attorney work product doctrine and any other applicable privilege, immunity, protection or

restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure,

federal statutes and/or common law.  Inadvertent revealing of information subject to any

applicable privilege or protection, including, but not limited to, the attorney-client privilege or

the attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver of

any such privilege or protection, in whole or in part.

2.      WWE makes this Response without waiver of, and intending to preserve:

a.      All questions as to competency, relevancy, materiality, and admissibility of evidence for any purpose of the Responses, or subject matter thereof, in this or any other action, and WWE's Response is similarly not to be deemed an admission as to the competency, relevancy, materiality, or admissibility of evidence for any purpose in this action;

b.      The right to object on any ground to the use of the Responses, or the subject matter thereof, in this or any other action; and

c.      The right at any time to revise, correct, and supplement, clarify and/or amend any Response furnished.

3.      WWE makes this Response based on its interpretation and understanding of each Request.

4.      WWE makes this Response in accordance with the Federal Rules of Civil Procedure and the Local Rules.  WWE objects, and shall not respond, to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules.

5.      Insofar as the Requests define the "videogames WWE 2K16, WWE 2K17 and WWE 2K18" by the term "Infringing Games," this term misleadingly implies that these video games infringe Plaintiff's purported copyrights.  On this basis, WWE objects to the definition of "Infringing Games" in the Requests and WWE will use the term "WWE 2K Games" to collectively refer to the video games WWE 2K16, WWE 2K17, and WWE 2K18 in this Response.

## REQUESTS FOR ADMISSION

### REQUEST NO. 1

Admit that WWE is a for-profit company.

### RESPONSE:

WWE objects to the definition of "WWE" in Request No. 1 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." Subject to and without waiving its objections, Request No. 1 is admitted.

### REQUEST NO. 2

Admit that WWE does business in the United States.

### RESPONSE:

WWE objects to the definition of "WWE" in Request No. 2 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." Subject to and without waiving its objections, Request No. 2 is admitted.

### REQUEST NO. 3

Admit that WWE had a website offering WWE products for sale.

### RESPONSE:

WWE objects to the definition of "WWE" in Request No. 3 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers,

directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 3 on the grounds that it does not reference a specific time frame. WWE further objects to Request No. 3 to the extent that it seeks information beyond the scope of jurisdictional discovery which the parties agreed shall take priority over merits discovery. Subject to and without waiving its objections, WWE admits only that it operates a website at www.wwe.com that offers various WWE-branded products for sale. Request No. 3 is otherwise denied.

**REQUEST NO. 4**

Admit that WWE offered the Infringing Games for sale on its website.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 4 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 4 on the grounds that it does not reference a specific time frame. Subject to and without waiving its objections, WWE admits only that it has purchased limited quantities of the WWE 2K Games at wholesale and offered them for re-sale through WWE's website. Request No. 4 is otherwise denied.

**REQUEST NO. 5**

Admit that WWE's website was accessible by Illinois residents.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 5 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates,

predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 5 on the grounds that that it does not reference a specific time frame.  Subject to and without waiving its objections, WWE admits only that its website at www.wwe.com is accessible throughout the United States, including by Illinois residents. Request No. 5 is otherwise denied.

**REQUEST NO. 6**

Admit that WWE intended for Illinois residents to buy the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 6 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 6 to the extent that it calls for a legal conclusion with respect to the term "intended."  Subject to and without waiving its objections, Request No. 6 is denied insofar as WWE has no role in the distribution or sale of the WWE 2K Games through retail outlets; WWE has purchased limited quantities on the WWE 2K Games at wholesale and offered them for resale through WWE's website, however, WWE did not specifically target its website toward Illinois or any other state in the United States.

**REQUEST NO. 7**

Admit that WWE intended for Illinois residents to buy the Infringing Games from WWE's website.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 7 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 7 to the extent that it calls for a legal conclusion with respect to the term "intended." Subject to and without waiving its objections, Request No. 7 is denied insofar as WWE did not specifically target its website toward Illinois or any other state in the United States.

**REQUEST NO. 8**

Admit that WWE was contacted by Plaintiff in 2009.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 8 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." Subject to and without waiving its objections, after reasonable investigation, Request No. 8 is denied.

**REQUEST NO. 9**

Admit that Plaintiff's contact with WWE in 2009 regarded the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 9 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers,

directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." Subject to and without waiving its objections, after reasonable investigation, WWE is not aware of any evidence of any contact by Plaintiff in 2009 of any kind and therefore Request No. 9 is denied.

**REQUEST NO. 10**

Admit that WWE knew that Plaintiff was an Illinois resident.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 10 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 10 on the grounds that it does not reference a specific time frame.  Subject to and without waiving its objections, WWE denies that it knew Plaintiff or that she was an Illinois resident prior to the filing of this lawsuit.

**REQUEST NO. 11**

Admit that at the time of contact with Plaintiff, WWE knew Plaintiff was an Illinois resident.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 11 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and

representatives."  Subject to and without waiving its objections, WWE is not aware of any evidence of any contact with Plaintiff and therefore Request No. 11 is denied.

## REQUEST NO. 12

Admit that Plaintiff felt the effects of WWE's sales of the Infringing Games.

## RESPONSE:

WWE objects to the definition of "WWE" in Request No. 12 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 12 on the grounds that the phrase "felt the effects" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE states that, after reasonable inquiry, the information that WWE knows or can readily obtain is insufficient to enable WWE to admit or deny Request No. 12.

## REQUEST NO. 13

Admit that WWE has held several live promotional events in the state of Illinois.

## RESPONSE:

WWE objects to the definition of "WWE" in Request No. 13 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 13 on the grounds that the phrase "live promotional events" is ambiguous, undefined, and susceptible to multiple reasonable

interpretations.  WWE further objects on the grounds that, to the extent "live promotional events" refers to events unrelated to the WWE 2K Games, Request No. 13 is overbroad and involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case.  WWE further objects on the grounds that the time frame of Request No. 13 is unlimited and, therefore, it is overbroad and involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case.  Subject to and without waiving its objections, as pertinent to the WWE 2K Games, WWE denies that it has held any live promotional events related to the WWE 2K Games in the state of Illinois.

**<u>REQUEST NO. 14</u>**

Admit that WWE has launched advertising campaigns in Illinois.

**<u>RESPONSE:</u>**

WWE objects to the definition of "WWE" in Request No. 14 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 14 on the grounds that "advertising campaigns" is ambiguous, undefined, and susceptible to multiple reasonable interpretations. WWE further objects on the grounds that, to the extent "advertising campaigns" is not limited to the WWE 2K Games, Request No. 14 is overbroad and involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case.  WWE further objects on the grounds that the time frame of Request No. 14 is unlimited and, therefore, it involves matters that are not relevant to any party's claim or defense and not proportional to the needs of

the case.  Subject to and without waiving its objections, WWE denies that it launched advertising campaigns in Illinois related to the WWE 2K Games.

**REQUEST NO. 15**

Admit that WWE purposefully availed itself to the consumers based in Illinois.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 15 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects on the grounds that, to the extent Request No. 15 is not limited to the WWE 2K Games, it is overbroad and involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case.  WWE further objects on the grounds that the time frame of Request No. 15 is unlimited and, therefore, it involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case. WWE further objects to Request No. 15 to the extent that it calls for a legal conclusion with respect to the term "purposefully availed."  Subject to and without waiving its objections, as pertinent to the WWE 2K Games, Request No. 15 is denied as the marketing of the WWE 2K Games is determined by Take-Two Interactive Software, Inc. ("Take-Two").

**REQUEST NO. 16**

Admit that WWE purposefully availed itself to the consumers based in Illinois through its website.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 16 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects on the grounds that, to the extent Request No. 16 is not limited to the WWE 2K Games, it is overbroad and involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case.  WWE further objects on the grounds that the time frame of Request No. 16 is unlimited and, therefore, it involves matters that are not relevant to any party's claim or defense and not proportional to the needs of the case. WWE further objects to Request No. 16 to the extent that it calls for a legal conclusion with respect to the term "purposefully availed."  Subject to and without waiving its objections, as pertinent to the WWE 2K Games, Request No. 16 is denied as WWE did not specifically target its website toward Illinois or any other state in the United States.

**REQUEST NO. 17**

Admit that WWE benefited financially from the Infringing Games sold in Illinois.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 17 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  Subject to and without waiving its objections, it is admitted only that WWE benefits financially from sales of the WWE 2K Games anywhere, including sales in Illinois. Request No. 17 is otherwise denied.

**REQUEST NO. 18**

Admit that WWE was aware at the time the Infringing Games were sold that Randy Orton's tattoos were displayed in the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 18 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  Subject to and without waiving its objections, it is admitted only that WWE was aware at the time the WWE 2K Games were sold that Randy Orton was displayed in the WWE 2K Games as he appears in real life, including with his tattoos.  Request No. 18 is otherwise denied.

**REQUEST NO. 19**

Admit that WWE reviewed the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 19 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 19 on the grounds that the phrase "reviewed the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that

it reviewed the depiction of intellectual property owned or controlled by WWE and the WWE brand in the content of the WWE 2K Games.  Request No. 19 is otherwise denied.

**REQUEST NO. 20**

Admit that WWE approved the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 20 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 20 on the grounds that the phrase "approved the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it approved the depiction of intellectual property owned or controlled by WWE and the WWE brand in the content of the WWE 2K Games.  Request No. 20 is otherwise denied.

**REQUEST NO. 21**

Admit that WWE gave permission to others to create the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 21 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 21 on the grounds that the phrase "gave permission to others to create the Infringing Games" is ambiguous, undefined, and susceptible to

multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 21 is otherwise denied.

**REQUEST NO. 22**

Admit that WWE gave permission to others to develop the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 22 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 22 on the grounds that the phrase "gave permission to others to develop the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 22 is otherwise denied.

**REQUEST NO. 23**

Admit that WWE gave permission to others to publish the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 23 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former

officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 23 on the grounds that the phrase "gave permission to others to publish the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations. Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public. Request No. 23 is otherwise denied.

**REQUEST NO. 24**

Admit that WWE gave permission to others to distribute the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 24 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 24 on the grounds that the phrase "gave permission to others to distribute the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations. Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public. Request No. 24 is otherwise denied.

**REQUEST NO. 25**

Admit that WWE gave permission to others to market the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 25 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 25 on the grounds that the phrase "gave permission to others to market the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 25 is otherwise denied.

**REQUEST NO. 26**

Admit that WWE gave permission to others to promote the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 26 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 26 on the grounds that the phrase "gave permission to others to promote the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 26 is otherwise denied.

**REQUEST NO. 27**

Admit that WWE gave permission to others to advertise the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 27 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 27 on the grounds that the phrase "gave permission to others to advertise the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 27 is otherwise denied.

**REQUEST NO. 28**

Admit that WWE gave permission to others to sell the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 28 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 28 on the grounds that the phrase "gave permission to others to sell the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits

only that it has licensed Take-Two the right to incorporate intellectual property owned or controlled by WWE into interactive software entertainment games that would be marketed and sold to the public.  Request No. 28 is otherwise denied.

**REQUEST NO. 29**

Admit that WWE supervised the marketing of the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 29 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 29 on the grounds that the phrase "supervised the marketing of the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations.  Subject to and without waiving its objections, WWE admits only that it approved the depiction of intellectual property owned or controlled by WWE and the WWE brand in the marketing of the WWE 2K Games.  Request No. 29 is otherwise denied.

**REQUEST NO. 30**

Admit that WWE supervised the advertising of the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 30 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 30 on the grounds that the phrase

"supervised the advertising of the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations. Subject to and without waiving its objections, WWE admits only that it approved the depiction of intellectual property owned or controlled by WWE and the WWE brand in the advertising of the WWE 2K Games. Request No. 30 is otherwise denied.

**REQUEST NO. 31**

Admit that WWE supervised the selling of the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Request No. 31 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 31 on the grounds that the phrase "supervised the selling of the Infringing Games" is ambiguous, undefined, and susceptible to multiple reasonable interpretations. Subject to and without waiving its objections, Request No. 31 is denied.


Dated: August 17, 2018                           Respectfully submitted,

                                                 _/s/ Curtis B. Krasik_____
                                                 Jerry S. McDevitt (pro hac vice)
                                                 Curtis B. Krasik (pro hac vice)
                                                 K&L GATES LLP
                                                 K&L Gates Center
                                                 210 Sixth Avenue
                                                 Pittsburgh, PA 15222
                                                 Phone: (412) 355-6500
                                                 Email: jerry.mcdevitt@klgates.com
                                                 Email: curtis.krasik@klgates.com

                                                 Michael J. Nester (49410)

DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Phone:  (618) 212-6500
Email:  mnester@drnpc.com

*Attorneys for Defendant World Wrestling
Entertainment, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2018, I served by email and electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Anthony G. Simon      asimon@simonlawpc.com
Benjamin R. Askew      baskew@simonlawpc.com
Anthony R. Friedman      afriedman@simonlawpc.com
R. Seth Crompton      scrimpton@allfela.com

*Attorneys for Plaintiff*

Dale M. Cendali      dale.cendali@kirkland.com
Joshua L. Simmons      joshua.simmons@kirkland.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

    _/s/ Curtis B. Krasik_
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Email: curtis.krasik@klgates.com

*Attorney for Defendant World Wrestling Entertainment, Inc.*