IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no: 3:18-CV-966 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| TAKE-TWO INTERACTIVE SOFTWARE, INC.; 2K GAMES, INC.; 2K SPORTS INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; and YUKE'S LA INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF CATHERINE ALEXANDER'S FIRST SET
OF REQUESTS FOR ADMISSION TO DEFENDANT
WORLD WRESTLING ENTERTAINMENT, INC.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff serves the following requests for admission on Defendant World Wrestling Entertainment, Inc. ("WWE").

Definitions applying to these requests for admission are set forth in Appendix A.

**REQUESTS FOR ADMISSION**

**REQUEST 1:**

Admit that WWE is a for-profit company.

**RESPONSE:**


**REQUEST 2:**

Admit that WWE does business in the United States.

**RESPONSE:**


**REQUEST 3:**

1

Admit that WWE had a website offering WWE products for sale.

**RESPONSE:**

**REQUEST 4:**

Admit that WWE offered the Infringing Games for sale on its website.

**RESPONSE:**

**REQUEST 5:**

Admit that WWE's website was accessible by Illinois residents.

**RESPONSE:**

**REQUEST 6:**

Admit that WWE intended for Illinois residents to buy the Infringing Games.

**RESPONSE:**

**REQUEST 7:**

Admit that WWE intended for Illinois residents to buy the Infringing Games from WWE's website.

**RESPONSE:**

**REQUEST 8:**

Admit that WWE was contacted by Plaintiff in 2009.

**RESPONSE:**

**REQUEST 9:**

Admit that Plaintiff's contact with WWE in 2009 regarded the Infringing Games.

**RESPONSE:**

**REQUEST 10:**

Admit that WWE knew that Plaintiff was an Illinois resident.

**RESPONSE:**

**REQUEST 11:**

Admit that at the time of contact with Plaintiff, WWE knew Plaintiff was an Illinois resident.

**RESPONSE:**

**REQUEST 12:**

Admit that Plaintiff felt the effects of WWE's sales of the Infringing Games.

**RESPONSE:**

**REQUEST 13:**

Admit that WWE has held several live promotional events in the state of Illinois.

**RESPONSE:**

**REQUEST 14:**

Admit that WWE has launched advertising campaigns in Illinois.

**RESPONSE:**

**REQUEST 15:**

Admit that WWE purposefully availed itself to the consumers based in Illinois.

**RESPONSE:**

**REQUEST 16:**

Admit that WWE purposefully availed itself to the consumers based in Illinois through its website.

**RESPONSE:**

**REQUEST 17:**

Admit that WWE benefitted financially from the Infringing Games sold in Illinois.

**RESPONSE:**

**REQUEST 18:**

Admit that WWE was aware at the time the Infringing Games were sold that Randy Orton's tattoos were displayed in the Infringing Games.

**RESPONSE:**

**REQUEST 19:**

Admit that WWE reviewed the Infringing Games.

**RESPONSE:**

**REQUEST 20:**

Admit that WWE approved the Infringing Games.

**RESPONSE:**

**REQUEST 21:**

Admit that WWE gave permission to others to create the Infringing Games.

**RESPONSE:**

**REQUEST 22:**

Admit that WWE gave permission to others to develop the Infringing Games.

**RESPONSE:**

**REQUEST 23:**

Admit that WWE gave permission to others to publish the Infringing Games.

**RESPONSE:**

**REQUEST 24:**

Admit that WWE gave permission to others to distribute the Infringing Games.

**RESPONSE**

**REQUEST 25:**

Admit that WWE gave permission to others to market the Infringing Games.

**REPSONSE:**


**REQUEST 26:**

Admit that WWE gave permission to others to promote the Infringing Games.

**RESPONSE:**


**REQUEST 27:**

Admit that WWE gave permission to others to advertise the Infringing Games.

**RESPONSE:**


**REQUEST 28:**

Admit that WWE gave permission to others to sell the Infringing Games.

**RESPONSE:**


**REQUEST 29:**

Admit that WWE supervised the marketing of the Infringing Games.

**RESPONSE:**


**REQUEST 30:**

Admit that WWE supervised the advertising of the Infringing Games.

**RESPONSE:**

**REQUEST 31:**

Admit that WWE supervised the selling of the Infringing Games.

**RESPONSE:**

Dated: July 18, 2018                                        Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon
Benjamin R. Askew
Anthony R. Friedman
800 Market Street, Suite 1700
St. Louis, Missouri 63101
(314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
baskew@simonlawpc.com
afriedman@simonlawpc.com

## **CERTIFICATE OF SERVICE**

      I, hereby certify that on July 18, 2018 copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Jerry S. McDevitt<br>Curtis B. Krasik<br>K & L GATES LLP<br>210 Sixth Avenue<br>Pittsburgh, PA  15222<br>jerry.mcdevitt@klgates.com<br>curtis.krasik@klgates.com | *VIA ELECTRONIC MAIL* |
| Michael J. Nester<br>DONOVAN ROSE NESTER, P.C.<br>15 North 1st Street, Suite A<br>Belleville, IL  62220<br>mnester@drnpc.com | *VIA ELECTRONIC MAIL* |

                              /s/ Anthony G. Simon

# APPENDIX A

# DEFINITIONS

As used in these requests for admission:

1. The terms "WWE," "you," "your," "Defendant," and/or "Defendants," means World Wrestling Entertainment, as well as any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives or any other person or entity acting in whole or in part in concert with any of the foregoing.

2. The terms "Plaintiff" or "Alexander" means Catherine Alexander.

3. The term "Infringing Games" means videogames WWE 2K16, WWE 2K17 and WWE 2K18, the videogames that provide the basis for the copyright infringements asserted against WWE in this lawsuit.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on Counsel of all parties of record via electronic mail on July 18, 2018 along with a copy via the Court's CM/ECF system on August 17, 2018

/s/ Anthony G. Simon