IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, )<br>)<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>TAKE-TWO INTERACTIVE SOFTWARE, INC.; )<br>2K GAMES, INC.; 2K SPORTS INC.; )<br>WORLD WRESTLING ENTERTAINMENT, )<br>INC.; VISUAL CONCEPTS ENTERTAINMENT; )<br>YUKE'S CO., LTD.; and YUKE'S LA INC., )<br>)<br>         Defendants. ) | Case no: 3:18-CV-966<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CATHERINE ALEXANDER'S FIRST SET
OF REQUESTS FOR ADMISSION TO DEFENDANT YUKE'S LA INC.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff serves the following requests for admission on Defendant Yuke's LA Inc. ("Yuke's LA").

Definitions applying to these requests for admission are set forth in Appendix A.

**REQUESTS FOR ADMISSION**

**REQUEST 1:**

Admit that Yuke's LA is a for-profit company.

**RESPONSE:**


**REQUEST 2:**

Admit that Yuke's LA does business in the United States.

**RESPONSE:**


**REQUEST 3:**

1

Admit that Yuke's LA intended for Illinois residents to buy the Infringing Games.

**RESPONSE:**

**REQUEST 4:**

Admit that Yuke's LA knew that Plaintiff was an Illinois resident.

**RESPONSE:**

**REQUEST 5:**

Admit that Plaintiff felt the effects of Yuke's LA's sales of the Infringing Games.

**RESPONSE:**

**REQUEST 6:**

Admit that Yuke's LA has launched advertising campaigns in Illinois.

**RESPONSE:**

**REQUEST 7:**

Admit that Yuke's LA purposefully availed itself to the consumers based in Illinois.

**RESPONSE:**

**REQUEST 8:**

Admit that Yuke's LA benefitted financially from the Infringing Games sold in Illinois.

**RESPONSE:**

**REQUEST 9:**

Admit that Yuke's LA was aware that Mr. Orton's tattoos were displayed in the Infringing Games.

**RESPONSE:**

**REQUEST 10:**

Admit that Yuke's LA assisted in the development of the Infringing Games.

**RESPONSE:**

**REQUEST 11:**

Admit that Yuke's LA assisted in developing the graphics in the Infringing Games that replicated Mr. Orton's tattoos.

**RESPONSE:**

**REQUEST 12:**

Admit that WWE supervised the development of the Infringing Games.

**RESPONSE:**

**REQUEST 13:**

Admit that WWE reviewed the Infringing Games.

**RESPONSE:**

**REQUEST 14:**

Admit that WWE approved the Infringing Games.

**RESPONSE:**

**REQUEST 15:**

Admit that WWE gave you permission to create the Infringing Games.

**RESPONSE:**

**REQUEST 16:**

Admit that WWE gave you permission to develop the Infringing Games.

**RESPONSE:**

**REQUEST 17:**

Admit that WWE gave you permission to publish the Infringing Games.

**RESPONSE:**

**REQUEST 18:**

Admit that WWE gave you permission to distribute the Infringing Games.

**RESPONSE**

**REQUEST 19:**

Admit that WWE gave you permission to market the Infringing Games.

**REPSONSE:**

**REQUEST 20:**

Admit that WWE gave you permission to promote the Infringing Games.

**RESPONSE:**


**REQUEST 21:**

Admit that WWE gave you permission to advertise the Infringing Games.

**RESPONSE:**


**REQUEST 22:**

Admit that WWE gave you permission to sell the Infringing Games.

**RESPONSE:**


Dated: July 18, 2018                                        Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon
Benjamin R. Askew
Anthony R. Friedman
800 Market Street, Suite 1700
St. Louis, Missouri  63101
(314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
baskew@simonlawpc.com
afriedman@simonlawpc.com

## **CERTIFICATE OF SERVICE**

  I, hereby certify that on July 18, 2018 copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Dale M. Cendali<br>Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>dale.cendali@kirkland.com<br>joshua.simmons@kirkland.com | *VIA ELECTRONIC MAIL* |
| Michael J. Nester<br>DONOVAN ROSE NESTER, P.C.<br>15 North 1st Street, Suite A<br>Belleville, IL  62220<br>mnester@drnpc.com | *VIA ELECTRONIC MAIL* |

               */s/ Anthony G. Simon*

# APPENDIX A

# DEFINITIONS

As used in these requests for admission:

1. The terms "Yuke's LA," "you," "your," "Defendant," and/or "Defendants," means Yuke's LA Inc., as well as any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives or any other person or entity acting in whole or in part in concert with any of the foregoing.

2. The terms "Plaintiff" or "Alexander" means Catherine Alexander.

3. The term "Infringing Games" means videogames WWE 2K16, WWE 2K17 and WWE 2K18, the videogames that provide the basis for the copyright infringements asserted against Yuke's LA in this lawsuit.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on Counsel of all parties of record via electronic mail on July 18, 2018 along with a copy via the Court's CM/ECF system on August 17, 2018

/s/ Anthony G. Simon