**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT YUKE'S CO., LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF**
**CATHERINE ALEXANDER'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Yuke's Co., Ltd.

("Yuke's Co."), by and through its undersigned counsel, hereby responds to Plaintiff Catherine

Alexander's ("Plaintiff") Requests for Admission, served on July 18, 2018 (the "Requests for

Admission" or "Requests," and each individually, a "Request") in the above-captioned action

("Litigation") as follows:

1

## GENERAL OBJECTIONS

1.      Yuke's Co. objects to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Yuke's Co. objects to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, the joint defense privilege and/or any other applicable privilege or protection.  Yuke's Co. does not waive, intends to preserve, and is preserving the attorney-client privilege, the work-product privilege, the joint defense privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Yuke's Co. objects to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Yuke's Co. will provide such information subject to the entry of an appropriate protective order governing the parties to this action.  By responding to the Requests, Yuke's Co. does not waive, intends to preserve, and is preserving all of its rights to assert that any and all such information is confidential.  Information furnished by Yuke's Co. shall only be used in connection with this litigation and shall not be disclosed, in whole or in part, to any person or entity that is not a party or a representative of a party to this Litigation.

4.      Yuke's Co. objects to the Requests to the extent that they seek information that Plaintiff equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.      In providing this response to the Requests, Yuke's Co. does not in any way waive or intend to waive, but rather is preserving and intends to preserve:

(i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)     All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trail of this or any other action;

(iii)    All objections as to vagueness and ambiguity; and

(iv)     All rights to object on any grounds to any further requests for admission.

6.      Yuke's Co. objects to the Requests to the extent that they seek information set forth in documents that are outside Yuke's Co.'s possession, custody, and control.

7.      Yuke's Co. objects to the Requests to the extent that they are not limited to the time relevant to this action.

8.      Yuke's Co. objects to the Requests to the extent that they unfairly seek to restrict the facts upon which Yuke's Co. may rely at trial.  Discovery has not been completed and Yuke's Co. is not necessarily in possession of all the facts and documents upon which Yuke's Co. intends to rely.  The responses submitted herewith are tendered to Plaintiff with the reservation that responses are submitted without limiting the evidence on which Yuke's Co. may rely to support the contentions they may assert at the trial on this action and to rebut or impeach

the contentions, assertions, and evidence that Plaintiff may present.  Yuke's Co. reserves the right to supplement or amend this response at a future date.

9.      Yuke's Co. objects to the Requests as overly broad to the extent that the terms "Yuke's," "you," "your," "Defendant," and "Defendants" are defined to include "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives of any other person or entity acting in whole or in part in concert with any of the foregoing."  For purposes of responding to the Requests, Yuke's Co. will construe the terms "Yuke's," "you," "your," and "Defendant," to mean solely Yuke's Co., Ltd. and no other person or entity, and it will construe the term "Defendants" to mean the named Defendants in this Litigation collectively and no other person or entity.

10.     Yuke's objects to the Requests to the extent that they define the "videogames WWE 2K16, WWE 2K17 and WWE 2K18" by the term "Infringing Games."  This term misleadingly implies that these video games infringe Plaintiff's purported copyrights.  For purposes of responding to the Requests, Yuke's will use the term "*WWE 2K* Games" to refer to the video games *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

11.     Yuke's Co. objects to the Requests to the extent that they go beyond the scope of personal jurisdiction.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Yuke's is a for-profit company.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "for-profit company" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it seeks information that is neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. admits that it offers certain services for profit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Yuke's does business in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "does business" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "in the United States" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it seeks information that is neither relevant to any claim or defense of

any party in this Litigation nor proportional to the needs of the case.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Yuke's intended for Illinois residents to buy the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "intended" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "intended."  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Yuke's knew that Plaintiff was an Illinois resident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request as misleading to the extent it suggests that Yuke's Co. was aware of Plaintiff prior to the Litigation.  Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "knew."  Subject to and without waiving the foregoing

objections, Yuke's Co. denies this Request and states that Yuke's Co. was not aware of Plaintiff prior to the Litigation.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiff felt the effects of Yuke's sales of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "felt the effects" is unclear and undefined.  Yuke's Co. objects to this Request as misleading to the extent it implies that Yuke's Co. was aware of Plaintiff prior to the Litigation.  Subject to and without waiving the foregoing objections, Yuke's Co. states that, after a reasonable inquiry, the information that Yuke's Co. knows or can readily obtain is insufficient to enable Yuke's Co. to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Yuke's has launched advertising campaigns in Illinois.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "launched" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent the

phrase "advertising campaigns" is unclear and undefined.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

    Admit that Yuke's purposefully availed itself to the consumers based in Illinois.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

    Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "based in Illinois" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "purposefully availed."  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request.

**REQUEST FOR ADMISSION NO. 8:**

    Admit that Yuke's benefitted financially from the Infringing Games sold in Illinois.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

    Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "benefitted financially" is unclear and undefined.  Yuke's Co. objects to this Request as misleading to the extent it implies that Yuke's Co. knows whether *WWE 2K* Games were sold in Illinois.  Subject to and without waiving the foregoing objections, Yuke's

Co. states that, after a reasonable inquiry, the information that Yuke's Co. knows or can readily obtain is insufficient to enable Yuke's Co. to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Yuke's was aware that Mr. Orton's tattoos were displayed in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "display."  Yuke's Co. objects to this Request to the extent that it seeks information that is neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case, as it is not limited to those of Mr. Orton's tattoos in which Plaintiff claims purported copyrights.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that the *WWE 2K* Games depict Mr. Orton as he appears in real life, including his tattoos.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Yuke's assisted in the development of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's"

is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "assisted in" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "development" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that Yuke's Co. was hired to write code for the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Yuke's assisted in developing the graphics in the Infringing Games that replicated Mr. Orton's tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Yuke's" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the phrase "assisted in" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "developing" is unclear and undefined.  Yuke's Co. objects to this Request as misleading to the extent it suggests that the *WWE 2K* Games replicated Mr. Orton's tattoos, as opposed to depicting Mr. Orton as he appears in real life.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that Yuke's Co. was hired to write code for the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 12:**

Admit that WWE supervised the development of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "supervised" is unclear and undefined. Yuke's Co. objects to this Request to the extent it implies that Yuke's Co. has knowledge of, and can attest to, WWE's conduct. Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery. Subject to and without waiving the foregoing objections, Yuke's Co. states that there is no contract between Yuke's Co. and WWE, and after a reasonable inquiry, the information that Yuke's Co. knows or can readily obtain is insufficient to enable Yuke's Co. to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that WWE reviewed the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "reviewed" is unclear and undefined. Yuke's Co. objects to this Request to the extent that

it seeks information that is neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case.  Yuke's Co. objects to this Request to the extent it implies that Yuke's Co. has knowledge of, and can attest to, WWE's conduct.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. states that there is no contract between Yuke's Co. and WWE, and after a reasonable inquiry, the information that Yuke's Co. knows or can readily obtain is insufficient to enable Yuke's Co. to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 14**:

Admit that WWE approved the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "approved" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it implies that Yuke's Co. has knowledge of, and can attest to, WWE's conduct.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. states that there is no contract between Yuke's Co. and WWE, and after a reasonable inquiry, the information that Yuke's Co. knows or can readily obtain is insufficient to enable Yuke's Co. to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 15**:

Admit that WWE gave you permission to create the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "create" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 16:**

Admit that WWE gave you permission to develop the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "develop" is

unclear and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 17:**

Admit that WWE gave you permission to publish the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "publish" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "publish."  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 18:**

Admit that WWE gave you permission to distribute the Infringing Games.

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9. Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "distribute" is unclear and undefined. Yuke's Co. objects to this Request to the extent that it calls for a legal conclusion with respect to the term "distribute." Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery. Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 19:**

Admit that WWE gave you permission to market the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9. Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as

vague and ambiguous to the extent that the term "permission" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "market" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 20**:

Admit that WWE gave you permission to promote the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein.  Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9.  Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined.  Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "promote" is unclear and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 21**:

Admit that WWE gave you permission to advertise the Infringing Games.

16

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9. Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "advertise" is unclear and undefined. Yuke's Co. objects to this Request to the extent that it exceeds the scope of jurisdictional discovery. Subject to and without waiving the foregoing objections, Yuke's Co. denies this Request and states that there is no contract between Yuke's Co. and WWE.

**REQUEST FOR ADMISSION NO. 22:**

Admit that WWE gave you permission to sell the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Yuke's Co. incorporates by reference the above-stated general objections as if fully set forth herein. Yuke's Co. specifically objects to this Request to the extent that the term "you" is overly broad, vague, and ambiguous as indicated in General Objection No. 9. Yuke's Co. objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "WWE" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "permission" is unclear and undefined. Yuke's Co. objects to this Request as vague and ambiguous to the extent that the term "sell" is unclear

and undefined.  Yuke's Co. objects to this Request to the extent that it exceeds the scope of

jurisdictional discovery.  Subject to and without waiving the foregoing objections, Yuke's Co.

denies this Request and states that there is no contract between Yuke's Co. and WWE.

Dated: August 17, 2018                           Respectfully submitted,

                                                 */s/ Dale M. Cendali*
                                                 ───────────────────────────
                                                 Dale M. Cendali (admitted *pro hac vice*)
                                                 Joshua L. Simmons (admitted *pro hac vice*)
                                                 Kirkland & Ellis LLP
                                                 601 Lexington Avenue
                                                 New York, New York 10022
                                                 Telephone: (212) 446-4800
                                                 dale.cendali@kirkland.com
                                                 joshua.simmons@kirkland.com

                                                 Michael J. Nester (#02037211)
                                                 Donovan Rose Nester P.C.
                                                 15 North 1st Street, Suite A
                                                 Belleville, Illinois 62220
                                                 Telephone: (618) 212-6500
                                                 mnester@drnpc.com

                                                 *Attorneys for Defendants Yuke's Co., Ltd. and*
                                                 *Yuke's LA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2018, I electronically filed the foregoing
**DEFENDANT YUKE'S CO., LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF**
**CATHERINE ALEXANDER'S FIRST SET OF REQUESTS FOR ADMISSION** with the
Clerk of the Court using the CM/ECF system, which will send notification of such filing to the
following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

<u>  /s/ Dale M. Cendali  </u>
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants Yuke's Co., Ltd. and*
*Yuke's LA, Inc.*