IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER,                                )<br>                                                                       )<br>                                                                       )<br>             Plaintiff,                                              )<br>                                                                       )<br>v.                                                                   )<br>                                                                       )<br>TAKE-TWO INTERACTIVE SOFTWARE, INC.;  )<br>2K GAMES, INC.; 2K SPORTS INC.;                    )<br>WORLD WRESTLING ENTERTAINMENT,        )<br>INC.; VISUAL CONCEPTS ENTERTAINMENT;  )<br>YUKE'S CO., LTD.; and YUKE'S LA INC.,           )<br>                                                                       )<br>             Defendants.                                         ) | Case no: 3:18-CV-966<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CATHERINE ALEXANDER'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT VISUAL CONCEPTS ENTERTAINMENT**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Catherine Alexander ("Alexander") serves the following requests for admission on Defendant Visual Concepts Entertainment ("Visual Concepts").

Definitions applying to these requests for admission are set forth in Appendix A.

**REQUESTS FOR ADMISSION**

1. Admit that Visual Concepts developed the Infringing Games.

**RESPONSE:**


2. Admit that Visual Concepts designed the Infringing Games.

**RESPONSE:**


3. Admit that Visual Concepts programed the Infringing Games.

**RESPONSE:**

1

4. Admit that Visual Concepts marketed the Infringing Games.

**RESPONSE:**


5. Admit that Visual Concepts entered into an agreement with the following co-defendants related to the Infringing Games:

    a. WWE

    b. 2K Games

    c. 2K Sports

    d. Take-Two

    e. Yuke's

    f. Yuke's LA

**RESPONSE:**


6. Admit that Visual Concepts played no role in the creation of the Tattoo Works.

**RESPONSE:**


7. Admit that Visual Concepts played no role in the design of the Tattoo Works.

**RESPONSE:**


8. Admit Alexander created the Tattoo Works.

**RESPONSE:**

9.      Admit that the Tattoo Works are original works of authorship.

**RESPONSE:**


10.     Admit that the Tattoo Works are expressive works of authorship.

**RESPONSE:**


11.     Admit that Visual Concepts knew that the Tattoo Works were created by another authorship.

**RESPONSE:**


12.     Admit that Visual Concepts does not own any rights in the Tattoo Works.

**RESPONSE:**


13.     Admit that before the first Infringing Game was released, Visual Concepts knew that Alexander was the author of the Tattoo Works.

**RESPONSE:**


14.     Admit that the portrayal of the Tattoo Works on the Orton Character in the Infringing Games is substantially similar to the Tattoo Works as they appear on Mr. Orton's body.

**RESPONSE:**


15.     Admit that Visual Concepts had access to the Tattoo Works.

**RESPONSE:**

16. Admit the Tattoo Works were used as a starting point in creating the Orton Character in the Infringing Games.

**RESPONSE:**

17. Admit the Tattoo Works were used as a starting point in designing the Orton Character in the Infringing Games.

**RESPONSE:**

18. Admit the Tattoo Works were used as a starting point in developing the Orton Character in the Infringing Games.

**RESPONSE:**

19. Admit the Tattoo Works were used as a reference in creating the Orton Character in the Infringing Games.

**RESPONSE:**

20. Admit the Tattoo Works were used as a reference in designing the Orton Character in the Infringing Games.

**REPONSE:**

21. Admit the Tattoo Works were used as a reference in developing the Orton Character in the Infringing Games.

**RESPONSE:**

22.     Admit that Visual Concepts never obtained authorization from Alexander related to the Tattoo Works.

**RESPONSE:**


23.     Admit that Visual Concepts never obtained authorization from Alexander related to the display of Randy Orton in the Infringing Games.

**RESPONSE:**


24.     Admit that the Infringing Games were sold in October of 2015.

**RESPONSE:**


25.     Admit that the Infringing Games were sold in October of 2016.

**RESPONSE:**


26.     Admit that the Infringing Games were sold in October of 2017.

**RESPONSE:**


27.     Admit that Mr. Orton's likeness is prominently featured in the Infringing Games.

**RESPONSE:**


28.     Admit that before the first Infringing Game was released, Visual Concepts knew that copies of the Tattoo Works were featured in the game.

**RESPONSE:**

29. Admit that before the first Infringing Game was released, Visual Concepts knew the developers of the Infringing Games had referenced the Tattoo Works.

**RESPONSE:**

30. Admit that before the first Infringing Game was released, Visual Concepts knew the developers of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**

31. Admit that before the first Infringing Game was released, Visual Concepts knew the creators of the Infringing Games has referenced the Tattoo Works.

**RESPONSE**:

32. Admit that before the first Infringing Game was released, Visual Concepts knew the creators of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**

33. Admit that before the first Infringing Game was released, WWE reviewed the Infringing Game.

**RESPONSE:**

34. Admit that before the first Infringing Game was released, WWE approved the Infringing Game.

**RESPONSE:**

35. Admit that WWE's approval was required prior to sale of the Infringing Games.

**RESPONSE:**

36. Admit that Visual Concepts has received a financial benefit as a result of the use of the Tattoo Works in the Infringing Games.

**RESPONSE:**

Dated: September 14, 2018          Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon
Benjamin R. Askew
Anthony R. Friedman
800 Market Street, Suite 1700
St. Louis, Missouri 63101
(314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
baskew@simonlawpc.com
afriedman@simonlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record via electronic mail and this Court's CM/ECF system on September 14, 2018.

*/s/ Anthony G. Simon*

**APPENDIX A**

**DEFINITIONS**

As used in these requests for admission:

1. The terms "Visual Concepts," "you," "your," and/or "Defendant," means Visual Concepts Entertainment, as well as any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Visual Concepts Entertainment's current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives or any other person or entity acting in whole or in part in concert with any of the foregoing.

2. The terms "Plaintiff" or "Alexander" means Catherine Alexander.

3. The term "Infringing Games" means videogames WWE 2K16, WWE 2K17 and WWE 2K18, the videogames that provide the basis for the copyright infringements asserted against Visual Concepts in this lawsuit.

4. The term "Tattoo Works" means the tattoo artwork at issue in this lawsuit that Alexander tattooed on Randy Orton's back, neck, and arms.

5. The term "Mr. Orton" refers to professional wrestler, Randy Orton.

6. The term "Orton Character" refers to the digital representation of professional wrestler, Randy Orton, in the Infringing Games.