IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no: 3:18-CV-966 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TAKE-TWO INTERACTIVE SOFTWARE, INC.; | ) | |
| 2K GAMES, INC.; 2K SPORTS INC.; | ) | |
| WORLD WRESTLING ENTERTAINMENT, | ) | |
| INC.; VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; and YUKE'S LA INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CATHERINE ALEXANDER'S SECOND SET OF REQUESTS FOR
ADMISSION TO DEFENDANT WORLD WRESTLING ENTERTAINMENT**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Catherine

Alexander ("Alexander") serves the following requests for admission on Defendant World

Wrestling Entertainment ("WWE").

Definitions applying to these requests for admission are set forth in Appendix A.

**REQUESTS FOR ADMISSION**

32.    Admit that WWE developed the Infringing Games.

**RESPONSE:**


33.    Admit that WWE designed the Infringing Games.

**RESPONSE:**


34.    Admit that WWE programed the Infringing Games.

**RESPONSE:**

1

35.     Admit that WWE marketed the Infringing Games.

**RESPONSE:**


36.     Admit that WWE entered into an agreement with the following co-defendants related to

the Infringing Games:

       a.      Take-Two

       b.      2K Games

       c.      2K Sports

       d.      Visual Concepts

       e.      Yuke's

       f.      Yuke's LA

**RESPONSE:**


37.     Admit that WWE played no role in the creation of the Tattoo Works.

**RESPONSE:**


38.     Admit that WWE played no role in the design of the Tattoo Works.

**RESPONSE:**


39.     Admit Alexander created the Tattoo Works.

**RESPONSE:**

40.    Admit that the Tattoo Works are original works of authorship.

**RESPONSE:**

41.    Admit that the Tattoo Works are expressive works of authorship.

**RESPONSE:**

42.    Admit that WWE knew that the Tattoo Works were created by another authorship.

**RESPONSE:**

43.    Admit that WWE does not own any rights in the Tattoo Works.

**RESPONSE:**

44.    Admit that before the first Infringing Game was released, WWE knew that Alexander was the author of the Tattoo Works.

**RESPONSE:**

45.    Admit that the portrayal of the Tattoo Works on the Orton Character in the Infringing Games is substantially similar to the Tattoo Works as they appear on Mr. Orton's body.

**RESPONSE:**

46.    Admit that WWE had access to the Tattoo Works.

**RESPONSE:**

47.      Admit the Tattoo Works were used as a starting point in creating the Orton Character in the Infringing Games.

**RESPONSE:**


48.      Admit the Tattoo Works were used as a starting point in designing the Orton Character in the Infringing Games.

**RESPONSE:**


49.      Admit the Tattoo Works were used as a starting point in developing the Orton Character in the Infringing Games.

**RESPONSE:**


50.      Admit the Tattoo Works were used as a reference in creating the Orton Character in the Infringing Games.

**RESPONSE:**


51.      Admit the Tattoo Works were used as a reference in designing the Orton Character in the Infringing Games.

**REPONSE:**


52.      Admit the Tattoo Works were used as a reference in developing the Orton Character in the Infringing Games.

**RESPONSE:**

53.    Admit that WWE never obtained authorization from Alexander related to the Tattoo Works.

**RESPONSE:**


54.    Admit that WWE never obtained authorization from Alexander related to the display of Randy Orton in the Infringing Games.

**RESPONSE:**


55.    Admit that the Infringing Games were sold in October of 2015.

**RESPONSE:**


56.    Admit that the Infringing Games were sold in October of 2016.

**RESPONSE:**


57.    Admit that the Infringing Games were sold in October of 2017.

**RESPONSE:**


58.    Admit that Mr. Orton's likeness is prominently featured in the Infringing Games.

**RESPONSE:**


59.    Admit that before the first Infringing Game was released, WWE knew that copies of the Tattoo Works were featured in the game.

**RESPONSE:**

60.     Admit that before the first Infringing Game was released, WWE knew the developers of the Infringing Games had referenced the Tattoo Works.

**RESPONSE:**


61.     Admit that before the first Infringing Game was released, WWE knew the developers of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**


62.     Admit that before the first Infringing Game was released, WWE knew the creators of the Infringing Games has referenced the Tattoo Works.

**RESPONSE**:


63.     Admit that before the first Infringing Game was released, WWE knew the creators of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**


64.     Admit that WWE's approval was required prior to sale of the Infringing Games.

**RESPONSE:**


65.     Admit that WWE has received a financial benefit as a result of the use of the Tattoo Works in the Infringing Games.

**RESPONSE:**

Dated: September 14, 2018                    Respectfully submitted,

                                            **THE SIMON LAW FIRM, P.C.**

                                            */s/ Anthony G. Simon*
                                            Anthony G. Simon
                                            Benjamin R. Askew
                                            Anthony R. Friedman
                                            800 Market Street, Suite 1700
                                            St. Louis, Missouri  63101
                                            (314) 241-2929
                                            Fax: (314) 241-2029
                                            asimon@simonlawpc.com
                                            baskew@simonlawpc.com
                                            afriedman@simonlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record via electronic mail and this Court's CM/ECF system on September 14, 2018.

                                            */s/ Anthony G. Simon*

## APPENDIX A

## DEFINITIONS

As used in these requests for admission:

1.      The terms "WWE," "you," "your," and/or "Defendant," means World Wrestling Entertainment, as well as any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of World Wrestling Entertainment's current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives or any other person or entity acting in whole or in part in concert with any of the foregoing.

2.      The terms "Plaintiff" or "Alexander" means Catherine Alexander.

3.      The term "Infringing Games" means videogames WWE 2K16, WWE 2K17 and WWE 2K18, the videogames that provide the basis for the copyright infringements asserted against WWE in this lawsuit.

4.      The term "Tattoo Works" means the tattoo artwork at issue in this lawsuit that Alexander tattooed on Randy Orton's back, neck, and arms.

5.      The term "Mr. Orton" refers to professional wrestler, Randy Orton.

6.      The term "Orton Character" refers to the digital representation of professional wrestler, Randy Orton, in the Infringing Games.