**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | )  Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K
SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S FIRST SET OF
REQUESTS FOR ADMISSION TO PLAINTIFF CATHERINE ALEXANDER**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 36,

Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc. ("2K Games"),

2K Sports, Inc. ("2K Sports"), and Visual Concepts Entertainment ("Visual Concepts")

(collectively, "Take-Two"), hereby request that Plaintiff Catherine Alexander ("Plaintiff" or

"You") admit, for the purposes of this action, the truth of the matters set forth below in writing,

and serve such answers upon counsel for Take-Two, no later than thirty (30) days after service of

these Requests for Admission ("Requests" and each a "Request").

## GENERAL INSTRUCTIONS

1.     Specify the particular Request to which a response is given.  For the convenience of the Court and counsel, it is asked that a verbatim recitation of each Request be set forth immediately preceding the answer thereto.

2.     A denial shall fairly meet the substance of the requested admission, and when good faith requires that You qualify an answer or deny only part of the matter of which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless your response states that You have made a reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to admit or deny the Request.

3.     All grounds for an objection to a Request shall be stated with specificity.

4.     If any Request is objected to on the grounds of attorney-client privilege or work product, the basis for the objection should be stated in detail to permit adequate review by the Court.

5.     If in responding to these Requests you encounter any ambiguity, You shall set forth the matter deemed ambiguous and the construction You used in responding.

6.     These requests are continuing in nature.  If after answering the Requests, You obtain or become aware of any information or answers that are responsive to these Requests, you shall promptly amend or supplement Your answers to these Requests as required under Federal Rule of Civil Procedure 26(e).

# DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the Requests, the words set forth below shall be defined as follows:

1.  The term "COMMUNICATION" or "COMMUNICATIONS" shall mean any and all forms of contact, whether oral, electronic, or written, formal or informal, direct or indirect, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, or recorded.

2.  The term "DEFENDANTS" shall mean collectively TAKE-TWO, YUKE'S, and WWE.

3.  The term "DOCUMENT" shall mean any written, printed, typed, recorded or graphic matter, however produced, reproduced or stored, including the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody or control of YOU, including but not limited to contracts, letter agreements, e-mails, electronically stored information, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, all web-based media, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, expense reports, computer printout and other computer readable records, and all drafts or modifications thereof. Any such DOCUMENT bearing on any sheet or part thereof any marks such as initials, stamped indices,

comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT.

4.      The term "LITIGATION" refers to the lawsuit filed by PLAINTIFF against DEFENDANTS in the United States District Court for the Southern District of Illinois with case number 3:18-cv-966-MJR-DGW.

5.      The term "PERSON" shall mean any natural person, firm, organization, or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association, or otherwise.

6.      The term "PLAINTIFF," "YOU," or "YOUR" refers to Plaintiff Catherine Alexander, as well as her agents, representatives, attorneys, experts, insurers, executors, administrators, and all other PERSONS acting or purporting to act on her behalf.

7.      The term "RANDY ORTON" refers to professional wrestler Randy Orton.

8.      The term "TAKE-TWO" shall mean Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., Visual Concepts Entertainment, and any of their former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or per porting to act on their behalf.

9.      The term "TATTOOS" shall mean each, any, and all works asserted against DEFENDANTS in this LITIGATION, including without limitation those identified by Copyright Office Application Nos. SR 1-6654110382, SR 1-665110274, SR 1-6654110460, SR 1-6654110416, SR 1-6654110348, and SR 1-6654110538.  Each of the TATTOOS is referred to using the term "TATTOO."

10.     The term "*WWE 2K*" shall mean each, any, and all electronic games and other material that PLAINTIFF asserts infringe the TATTOOS, including without limitation *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

11.     The term "YUKE'S" shall mean Defendants Yuke's Co., Ltd. and Yuke's LA, Inc., and any of their former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or per porting to act on their behalf.

12.     The term "WWE" shall mean Defendant World Wrestling Entertainment, Inc. and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or per porting to act on its behalf.

13.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any PERSONS, COMMUNICATIONS, or DOCUMENTS which otherwise would not be brought within its scope.

14.     "Any" and "all" are mutually interchangeable and are meant to encompass each other.

15.     The singular includes the plural and vice versa.

16.     The past tense shall be construed to include the present tense and vice versa.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the TATTOO titled "Bible Verse Design" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the TATTOO titled "Dove" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the TATTOO titled "Rose" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the TATTOO titled "Skulls" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the TATTOO titled "Tribal Addition Design" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the TATTOO titled "Tribal Design" was created with contributions, guidance, or other input from RANDY ORTON.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the TATTOO titled "Bible Verse Design" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the TATTOO titled "Dove" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the TATTOO titled "Rose" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the TATTOO titled "Skulls" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the TATTOO titled "Tribal Addition Design" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the TATTOO titled "Tribal Design" was created to reflect the personal expression of RANDY ORTON.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the TATTOO titled "Bible Verse Design" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the TATTOO titled "Dove" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the TATTOO titled "Rose" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the TATTOO titled "Skulls" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the TATTOO titled "Tribal Addition Design" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the TATTOO titled "Tribal Design" is imbued with special meaning attributable to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the TATTOO titled "Bible Verse Design" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the TATTOO titled "Dove" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the TATTOO titled "Rose" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the TATTOO titled "Skulls" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the TATTOO titled "Tribal Addition Design" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the TATTOO titled "Tribal Design" was created using a preexisting design.

**REQUEST FOR ADMISSION NO. 25:**

Admit that images of tribal designs are common in tattoos.

**REQUEST FOR ADMISSION NO. 26:**

Admit that images of writing are common in tattoos.

**REQUEST FOR ADMISSION NO. 27:**

Admit that images of doves are common in tattoos.

**REQUEST FOR ADMISSION NO. 28:**

Admit that images of roses are common in tattoos.

**REQUEST FOR ADMISSION NO. 29:**

Admit that images of skulls are common in tattoos.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU do not own a copyright in Bible verse 1 Peter 5:8.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the TATTOOS were not registered with the United States Copyright Office on or before April 17, 2018.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU do not hold a certificate of registration from the Copyright Office for any of the TATTOOS.

**REQUEST FOR ADMISSION NO. 33:**

Admit that in each release of *WWE 2K*, users can choose to play as any wrestler on the current roster of the WWE.

**REQUEST FOR ADMISSION NO. 34:**

Admit that *WWE 2K* includes up-to-date depictions of WWE wrestlers.

**REQUEST FOR ADMISSION NO. 35:**

Admit that *WWE 2K* depicts WWE wrestlers' likenesses realistically.

**REQUEST FOR ADMISSION NO. 36:**

Admit that *WWE 2K* depicts current WWE wrestlers bearing the tattoos they bear in real life.

**REQUEST FOR ADMISSION NO. 37:**

Admit that, in *WWE 2K*, the TATTOOS are part of RANDY ORTON's likeness.

**REQUEST FOR ADMISSION NO. 38:**

Admit that, in *WWE 2K*, a depiction of RANDY ORTON's likeness without his TATTOOS would not be realistic.

**REQUEST FOR ADMISSION NO. 39:**

Admit that, in *WWE 2K*, the TATTOOS are included for biographical accuracy.

**REQUEST FOR ADMISSION NO. 40:**

Admit that *WWE 2K* depicts WWE wrestlers wearing the clothing they would wear in an actual WWE wrestling match.

**REQUEST FOR ADMISSION NO. 41:**

Admit that, during *WWE 2K* gameplay, a user can cause depictions of current WWE wrestlers to perform wrestling moves and maneuvers.

**REQUEST FOR ADMISSION NO. 42:**

Admit that in professional wrestling matches wrestlers seek to win their matches by pinfall, submission, or countout.

**REQUEST FOR ADMISSION NO. 43:**

Admit that, in *WWE 2K*, users seek to win their matches by pinfall, submission, or countout.

**REQUEST FOR ADMISSION NO. 44:**

Admit that *WWE 2K* depicts characters other than wrestlers, including but not limited to referees, managers, and audience members.

**REQUEST FOR ADMISSION NO. 45:**

Admit that, in each release of *WWE 2K*, users can choose to play wrestling matches in different settings.

**REQUEST FOR ADMISSION NO. 46:**

Admit that *WWE 2K* depicts graphics, including but not limited to stylized text, icons, and interactive menus.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the audio that plays during *WWE 2K* includes cheering crowds.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the audio that plays during *WWE 2K* includes bells.

**REQUEST FOR ADMISSION NO. 49:**

Admit that *WWE 2K* depicts arenas realistically.

**REQUEST FOR ADMISSION NO. 50:**

Admit that *WWE 2K* depicts wrestling rings realistically.

**REQUEST FOR ADMISSION NO. 51:**

Admit that, while a user plays *WWE 2K*, the camera angle shifts automatically to follow the gameplay.

**REQUEST FOR ADMISSION NO. 52:**

Admit that, while a user plays *WWE 2K*, some wrestlers may be blocked from view by other wrestlers in the ring.

**REQUEST FOR ADMISSION NO. 53:**

Admit that, while a user plays *WWE 2K*, some of the TATTOOS may be blocked from view by other wrestlers in the ring.

**REQUEST FOR ADMISSION NO. 54:**

Admit that not all available *WWE 2K* wrestlers are visible on screen during gameplay.

**REQUEST FOR ADMISSION NO. 55:**

Admit that RANDY ORTON does not appear in *WWE 2K* every time a user plays *WWE 2K*.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the TATTOOS do not appear on screen every time a user plays a wrestling match in *WWE 2K*.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the TATTOOS are displayed in *WWE 2K* only when RANDY ORTON appears in the game.

**REQUEST FOR ADMISSION NO. 58:**

Admit that no wrester other than RANDY ORTON is depicted in *WWE 2K* bearing the TATTOOS.

**REQUEST FOR ADMISSION NO. 59:**

Admit that *WWE 2K*'s camera does not automatically zoom in on the TATTOOS.

**REQUEST FOR ADMISSION NO. 60:**

Admit that, when the TATTOOS appear in *WWE 2K*, a wrestling ring, arena, and other aspects of *WWE 2K*'s gameplay also appear.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the TATTOO titled "Bible Verse Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the TATTOO titled "Dove" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the TATTOO titled "Rose" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the TATTOO titled "Skulls" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 65:**

Admit that the TATTOO titled "Tribal Addition Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the TATTOO titled "Tribal Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**REQUEST FOR ADMISSION NO. 67:**

Admit that the TATTOOS are not given any more prominence in *WWE 2K* than the tattoos on any of the other wrestlers depicted in *WWE 2K*.

**REQUEST FOR ADMISSION NO. 68:**

Admit that, in *WWE 2K*, RANDY ORTON often is moving.

**REQUEST FOR ADMISSION NO. 69:**

Admit that, in *WWE 2K*, RANDY ORTON's wrestling opponents are often moving.

**REQUEST FOR ADMISSION NO. 70:**

Admit that, in *WWE 2K*, RANDY ORTON's movements can obscure the TATTOOS.

**REQUEST FOR ADMISSION NO. 71:**

Admit that, in *WWE 2K*, RANDY ORTON's wrestling opponents' movements can obscure the TATTOOS.

**REQUEST FOR ADMISSION NO. 72:**

Admit that wrestlers sometimes appear out of focus during *WWE 2K* gameplay.

**REQUEST FOR ADMISSION NO. 73:**

Admit that the TATTOOS sometimes appear out of focus during *WWE 2K* gameplay.

**REQUEST FOR ADMISSION NO. 74:**

Admit that, when RANDY ORTON appears in a wrestling match in *WWE 2K*, other wrestlers may also appear in the wrestling ring.

**REQUEST FOR ADMISSION NO. 75:**

Admit that, in *WWE 2K*, other wrestlers in the wrestling ring can block the TATTOOS from view.

**REQUEST FOR ADMISSION NO. 76:**

Admit that, in *WWE 2K*, the TATTOOS are depicted smaller than in real life.

**REQUEST FOR ADMISSION NO. 77:**

Admit that, when the TATTOOS are depicted on an average television screen during *WWE 2K* gameplay, they are depicted smaller than they would if the user was viewing the TATTOOS on RANDY ORTON in person.

**REQUEST FOR ADMISSION NO. 78:**

Admit that, in *WWE 2K*, the TATTOOS are depicted alongside other tattoos.

**REQUEST FOR ADMISSION NO. 79:**

Admit that it is more difficult to observe smaller, moving, grouped images than it is larger, static, standalone images.

**REQUEST FOR ADMISSION NO. 80:**

Admit that, during *WWE 2K* MyCAREER mode, the user creates a customized "MyPLAYER" character by selecting features.

**REQUEST FOR ADMISSION NO. 81:**

Admit that the TATTOOS cannot be added to a *WWE 2K* "MyPLAYER" character.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the only time the TATTOOS appear in the *WWE 2K*'s MyCAREER story mode is when the RANDY ORTON wrestler wrestles as a computer-controlled opponent or as a team member of the "MyPLAYER" character.

**REQUEST FOR ADMISSION NO. 83:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K18*.

**REQUEST FOR ADMISSION NO. 84:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K17*.

**REQUEST FOR ADMISSION NO. 85:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K16*.

**REQUEST FOR ADMISSION NO. 86:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K18*.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K17*.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K16*.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the TATTOOS were created to be inked on a human.

**REQUEST FOR ADMISSION NO. 90:**

Admit that YOUR business is inking tattoos on humans.

**REQUEST FOR ADMISSION NO. 91:**

Admit that TAKE-TWO is not in the business of inking tattoos on humans.

**REQUEST FOR ADMISSION NO. 92:**

Admit that YOU have never been in the video game business.

**REQUEST FOR ADMISSION NO. 93:**

Admit that TAKE-TWO is not a competitor of PLAINTIFF.

**REQUEST FOR ADMISSION NO. 94:**

Admit that *WWE 2K* is not a substitute for the TATTOOS.

**REQUEST FOR ADMISSION NO. 95:**

Admit that the TATTOOS cannot be purchased from DEFENDANTS as separable items apart from *WWE 2K*.

**REQUEST FOR ADMISSION NO. 96:**

Admit that YOU have not commercialized the TATTOOS.

**REQUEST FOR ADMISSION NO. 97:**

Admit that YOU have not licensed to another PERSON the ability to include the TATTOOS in another work.

**REQUEST FOR ADMISSION NO. 98:**

Admit that YOU have not licensed to another PERSON the ability to include the TATTOOS in a video game.

**REQUEST FOR ADMISSION NO. 99:**

Admit that no PERSON, other than YOU, has marketed the TATTOOS other than in connection with RANDY ORTON.

**REQUEST FOR ADMISSION NO. 100:**

Admit that YOU have not licensed to another PERSON the ability to use the TATTOOS other than in connection with RANDY ORTON.

**REQUEST FOR ADMISSION NO. 101:**

Admit that no PERSON has sought a license from YOU to use the TATTOOS other than in connection with RANDY ORTON.

**REQUEST FOR ADMISSION NO. 102:**

Admit that YOU have not licensed to another PERSON the ability to create any merchandise depicting the TATTOOS other than in connection with RANDY ORTON.

**REQUEST FOR ADMISSION NO. 103:**

Admit that YOU have not created any merchandise depicting the TATTOOS.

**REQUEST FOR ADMISSION NO. 104:**

Admit that, prior to 2018, YOU never asserted that the display of the TATTOOS in an audio-visual work required a license or permission from YOU.

**REQUEST FOR ADMISSION NO. 105:**

Admit that YOU never inked the TATTOOS on any PERSON other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 106:**

Admit that YOU have not sold any merchandise depicting the TATTOOS.

**REQUEST FOR ADMISSION NO. 107:**

Admit that YOU have not made a profit by selling any merchandise depicting the TATTOOS.

**REQUEST FOR ADMISSION NO. 108:**

Admit that YOU have received no revenues from licensing the TATTOOS.

**REQUEST FOR ADMISSION NO. 109:**

Admit that YOU have received no revenues from the depiction of the TATTOOS as they appear on RANDY ORTON.

**REQUEST FOR ADMISSION NO. 110:**

Admit that YOU have received no revenues from the depiction of a tattoo when the PERSON inked with such tattoo appeared in the media or on merchandise.

**REQUEST FOR ADMISSION NO. 111:**

Admit that YOU have received no revenues from the use of the TATTOOS in video games.

**REQUEST FOR ADMISSION NO. 112:**

Admit that YOU have received no revenues from the use of any tattoo inked or designed by YOU in video games.

**REQUEST FOR ADMISSION NO. 113:**

Admit that RANDY ORTON has the right to license his likeness to others.

**REQUEST FOR ADMISSION NO. 114:**

Admit that RANDY ORTON's likeness includes the TATTOOS.

**REQUEST FOR ADMISSION NO. 115:**

Admit that YOU have not entered into any written agreements with RANDY ORTON.

**REQUEST FOR ADMISSION NO. 116:**

Admit that YOU never informed RANDY ORTON that he would need YOUR permission to be depicted in a video game bearing his TATTOOS.

**REQUEST FOR ADMISSION NO. 117:**

Admit that YOU never informed RANDY ORTON that he would need YOUR permission to be depicted in any form of media, including but not limited to photographs, magazines, and television programs bearing his TATTOOS.

**REQUEST FOR ADMISSION NO. 118:**

Admit that, prior to this LITIGATION, YOU never informed RANDY ORTON that YOU objected to him being depicted in any form of media, including but not limited to photographs, magazines, and television programs bearing his TATTOOS.

**REQUEST FOR ADMISSION NO. 119:**

Admit that this LITIGATION is the first instance in which YOU claimed that YOUR copyrights were violated by RANDY ORTON being depicted in media bearing his TATTOOS.

**REQUEST FOR ADMISSION NO. 120:**

Admit that YOU are aware that there are other lawsuits against TAKE-TWO regarding the depiction of athletes' tattoos in video games.

**REQUEST FOR ADMISSION NO. 121:**

Admit that YOU did not initiate this LITIGATION until learning of the other lawsuits against TAKE-TWO regarding the depiction of athletes' tattoos in video games.

Dated: October 5, 2018

Respectfully submitted,

*/s/ Dale Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | )  Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, I electronically filed the foregoing **DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF CATHERINE ALEXANDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*