UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>TAKE-TWO INTERACTIVE SOFTWARE, )<br>INC.; 2K GAMES, INC.; 2K SPORTS INC.; )<br>WORLD WRESTLING ENTERTAINMENT, )<br>INC.; VISUAL CONCEPTS )<br>ENTERTAINMENT; YUKE'S CO., LTD.; )<br>YUKES LA INC., )<br>)<br>*Defendants*. )<br>) | Case No. 3:18-cv-00966 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY WORLD WRESTLING ENTERTAINMENT, INC.**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this memorandum of law in support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction.

## I.    BACKGROUND

This case concerns Plaintiff's claims that she owns a federal copyright in various tattoos that she inked on the body of WWE Superstar, Randy Orton, and that the accurate depiction of Randy Orton as he appears in real-life — with his tattoos — in the videogames WWE 2K16, WWE 2K17, and WWE 2K18 (the "Video Games") constitutes willful copyright infringement.

Plaintiff filed her original complaint in this action on April 17, 2018 against a number of defendants, including WWE. On July 9, 2018, WWE filed a motion to dismiss for lack of personal jurisdiction in response to Plaintiff's original complaint. *See* Doc. 51. After being

served with WWE's motion to dismiss, and having the benefit of seeing WWE's jurisdictional arguments, on July 18, 2018, Plaintiff served jurisdictional discovery on WWE consisting of 31 Requests for Admission ("RFAs") and 4 Interrogatories ("IROGs"). WWE fully responded to Plaintiff's discovery requests on August 17, 2018. Plaintiff has neither claimed that WWE's responses to its jurisdictional discovery were inadequate nor asked for additional jurisdictional discovery.

On September 5, 2018, Plaintiff filed a motion for leave to file an amended complaint with a proposed amended complaint attached. *See* Doc. 65. After the Court granted Plaintiff's motion for leave (Doc. 75), on October 2, 2018, Plaintiff filed her amended complaint. *See* Doc. 76. Plaintiff's First Amended Complaint includes precisely six (6) new allegations with respect to WWE under the heading "Additional Jurisdictional Facts." Those allegations are as follows:

> 34. Defendant WWE operates a website that offers various WWE-branded products for sale.
>
> 35. Defendant WWE has purchased the Infringing Games and sold them through WWE's website.
>
> 36. Defendant WWE's website is accessible in the United States, including by Illinois residents.
>
> 37. Defendant WWE benefits financially from sales of the Infringing Games across the United States, including sales in Illinois.
>
> 38. Defendant WWE was aware at the time that the Infringing Games were sold that Randy Orton was displayed in the Games as he appears in real life, including with his tattoos.
>
> 39. Defendant WWE reviewed the depiction of intellectual property owned or controlled by WWE and the WWE brand in the content of the Infringing Games.

The new allegations do nothing to cure the jurisdictional defects that WWE identified in its motion to dismiss the original complaint. On the contrary, these allegations — each based on information WWE provided in response to Plaintiff's jurisdictional discovery and/or in the

declaration WWE submitted in support of its motion to dismiss — actually confirm that ***WWE did not purposefully direct any activities toward Illinois from which Plaintiff's claim arose***, which is necessary (and lacking) to establish personal jurisdiction over WWE. Accordingly, WWE intends to renew its motion to dismiss for lack of personal jurisdiction when it pleads in response to Plaintiff's amended complaint on substantially the same grounds previously asserted.

On September 14, 2018, Plaintiff served broad merits-based discovery on WWE consisting of 34 RFAs, 17 IROGs, and 18 Requests for Production ("RFPs"). For example, Plaintiff seeks such information as:

- "All documents relating or referring to the design, development, and production of the Orton Character in the Infringing Games." RFP No. 2.

- "Documents sufficient to demonstrate WWE's creative contribution to the Infringing Games, including designs and prototypes." RFP No. 9.

- "All contracts, licenses, and other agreements relating to design, production, and sale of the Infringing Games." RFP No. 15.

- "All documents related to consumer demand and/or feedback for the Infringing Games." RFP No. 17.

- "Describe the process by which the tattoos in the Orton character in the Infringing Games were created. Please include in your answer the identity of and source of anything used in the creation of the Infringing Games." IROG No. 6.

- "Describe the process by which Randy Orton's likeness were copied into the Orton character in the Infringing Games." IROG No. 7.

- "Describe all communications regarding the Randy Orton character in the Infringing Games between WWE" and each of the co-defendants in this case. IROG No. 14.

- "Admit that the portrayal of the Tattoo Works on the Orton Character in the Infringing Games is substantially similar to the Tattoo Works as they appear on Mr. Orton's body." RFA No. 45.

- "Admit that WWE had access to the Tattoo Works." RFA No. 46.

Having already served jurisdictional discovery prior to filing her amended complaint to attempt

3

(unsuccessfully) to cure the jurisdictional defects WWE described in its motion to dismiss the original complaint, Plaintiff's pending discovery requests are focused on the merits of Plaintiff's copyright infringement claim and are entirely unrelated to the threshold jurisdictional issue before the Court.

Absent the stay sought herein, WWE would be forced to respond to extensive discovery on the merits of this case which will become entirely superfluous if this Court grants WWE's motion to dismiss for lack of personal jurisdiction. WWE, therefore, respectfully submits that good cause exists to stay merits-based discovery pending the Court's resolution of WWE's motion to dismiss for the following reasons.

*First*, WWE's motion to dismiss for lack of personal jurisdiction raises a threshold issue that can and should resolve the claim against WWE in its entirety. *See Powers v. CSX Transp., Inc.*, No. 3:13-cv-295-WDS-DGW, 2013 U.S. Dist. Lexis 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.) ("Discovery can be stayed . . . if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery."). WWE's jurisdictional arguments are particularly compelling given that Plaintiff already has had the benefit of seeing WWE's arguments in its motion to dismiss the original complaint; then had the opportunity to conduct jurisdictional discovery; but nevertheless was unable to cure the jurisdictional defects identified by WWE and assert facts in the First Amended Complaint sufficient for the Court to exercise personal jurisdiction over WWE.

*Second*, if WWE is required to respond to merits-based discovery, WWE risks being deemed to have waived its objections to personal jurisdiction. *See*, *e.g.*, *Lowe v. CVS Pharm., Inc.*, 233 F. Supp. 3d 636, 642 (N.D. Ill. 2017) ("Defendants denied Plaintiffs' jurisdictional allegations but nevertheless participated in this litigation through extensive discovery . . . .

4

Accordingly, Defendants' participation in this case constitutes waiver by conduct."). It would be exceedingly unfair and prejudicial to place WWE in such jeopardy.

***Third***, Plaintiff will not be prejudiced by a brief stay of discovery in this case. Discovery will only be stayed until the Court rules on WWE's motion to dismiss. Even assuming *arguendo* Plaintiff survives the motion to dismiss, such a minor delay in the commencement of discovery is not unduly prejudicial. *See, e.g., Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JMS, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) ("[T]he Court agrees with [defendant] that avoiding potentially unnecessary discovery costs – and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary – will not significantly prejudice [plaintiff], and may indeed even operate to its benefit.").

## II.    ARGUMENT

### A.    Standard of Review

"This Court enjoys broad discretion in directing the course of discovery." *Powers*, 2013 U.S. Dist. Lexis 107506, at *2. A district court's broad discretion in controlling discovery "includes managing the timing, extent, frequency, and manner of discovery." *Nexstar Broad., Inc. v. Granite Broad., Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011). In particular, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Orlando Residence, Ltd. v. GP Credit Co.*, No. 04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006); *see also Dillinger*, 2010 WL 1945739, at *1 ("Courts have long exercised [their considerable discretion in managing the timing of discovery] to stay discovery after a timely filed motion to dismiss."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005); *see also Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17 C 986, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (citing *Tex. Indep. Producers & Royalty Owners Ass'n* in granting stay of discovery and proceedings).

While the filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, it is well-established that "[s]tays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case — at least as to the moving party or where the issue is a threshold one, such as jurisdiction." *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (citations omitted); *see also Nexstar Broad.*, 2011 WL 4345432, at *2 ("A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue."); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (noting that "stays are granted with some frequency" and "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction").

Notably, this Court has likewise held that "[d]iscovery can be stayed . . . if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery." *Powers*, 2013 U.S. Dist. LEXIS 107506, at *3; *see also Garecht v. Prof'l Transp., Inc.*, No. 3:14-cv378-SMY-DGW, 2015 U.S. Dist. LEXIS 79826, at *2 (S.D. Ill. June 19, 2015) (Wilkerson, Mag.) (same).

In general, "the Defendant[] must show good cause exists for a stay. The Court must consider whether the stay would prejudice [the plaintiff]; whether denying the stay would prejudice the Defendant[]; and whether the stay would reduce the burden of litigation on the

6

parties or the court." *U.S. ex rel. Schutte v. Supervalu, Inc.*, No. 11-cv-3290, 2016 WL 3906570, at *1 (C.D. Ill. July 14, 2016).

**B.     Good Cause Exists to Stay Merits-Based Discovery Pending Disposition of WWE's Motion to Dismiss**

**1.     WWE's Motion to Dismiss for Lack of Personal Jurisdiction Raises a Dispositive Threshold Issue**

This Court and other district courts in the Seventh Circuit routinely stay merits-based discovery pending the resolution of motions to dismiss for lack of personal jurisdiction. *See Powers,* 2013 U.S. Dist. Lexis 107506, at *3 ("In this matter, there are threshold matters that must be resolved including personal jurisdiction and venue. Such issues should be resolved prior to discovery."); *Douglas v. Potter*, No. 05-578-MJR, 2006 U.S. Dist. LEXIS 18063, at *2 (S.D. Ill. Apr. 7, 2006) ("[B]eginning discovery is not appropriate until the motion to dismiss [for lack of personal jurisdiction] is decided. Discovery cannot be conducted efficiently while basic questions remain regarding . . . whether jurisdiction over the defendant(s) has properly attached."); *see also Madbak v. Anthem Ins. Cos. Inc.*, No. 1:16-cv-03197-SEB-MPB, 2017 WL 5075262, at *2-3 (S.D. Ind. May 23, 2017) (granting motion to stay discovery pending ruling on motions to dismiss for lack of personal jurisdiction and failure to state a claim); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (granting motion to stay discovery pending resolution "of jurisdictional questions raised in [defendant's] pending motion to dismiss").

This Court should stay discovery pending the resolution of jurisdictional issues because "a defect such as lack of jurisdiction affirmatively demonstrates that a case 'can go nowhere'" and, therefore, subjecting a defendant to potentially unnecessary discovery would be an inequitable waste of time and resources. *U.S. ex rel. Robinson v. Ind. Univ. Health Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221, at *7-8 (S.D. Ind. June 30, 2015) (distinguishing

a motion to stay discovery "when a defendant asserts a threshold issue such as jurisdiction" from situation before it in denying motion to stay).  In granting motions to stay discovery, courts have recognized that "[i]t is the often excessive and time-consuming burdens discovery imposes on the resources and energies of litigants that the Supreme Court has made clear ought to be postponed until . . . threshold question[s] . . . [are] resolved."  *Bilal*, 2007 WL 1687253, at *2.

Here, the volume and breadth of Plaintiff's pending discovery requests evidence the significant burden and expense that WWE would be forced to incur before it is even determined if WWE is properly subject to this Court's personal jurisdiction.  *See Sensory Techs., LLC v. Sensory Tech. Consultants, Inc.*, No. 1:13-cv-834-SEB-DKL, 2013 WL 5230700, at *1 (S.D. Ind. Sept. 17, 2013) ("Courts must . . . carefully control discovery in order to protect out-of-forum defendants from unjustifiably being subjected to the burdens of discovery and litigation in the forum state, which would undermine the very purpose of personal jurisdiction.").  In addition to the fundamental due process issue of subjecting WWE to discovery in a court in which it may not be subject to jurisdiction in the first instance, as a practical matter, all of the pending merits-based discovery will be unnecessary and a waste of the parties' time and resources if WWE's motion to dismiss is granted.  As this Court has recognized, a stay of discovery can — and should — be granted "if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery."  *Powers*, 2013 U.S. Dist. LEXIS 107506, at *3.

### 2. WWE Would Be Unfairly Prejudiced If It Is Required to Respond to Merits-Based Discovery Prior to Resolution of its Motion to Dismiss

The Court should stay discovery for the additional reason that WWE would be unfairly prejudiced if it is required to respond to merits-based discovery prior to resolution of the jurisdictional arguments asserted in WWE's motion to dismiss.  Despite raising its jurisdictional defenses in a Rule 12(b)(2) motion to dismiss, some courts in the Seventh Circuit have found

8

that a defendant can nonetheless waive its objection to personal jurisdiction by participating in merits-based discovery. *See*, *e.g.*, *Lowe*, 233 F. Supp. 3d at 642 ("Defendants denied Plaintiffs' jurisdictional allegations but nevertheless participated in this litigation through extensive discovery . . . . Accordingly, Defendants' participation in this case constitutes waiver by conduct."); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding waiver, in part, because defendants "participated in lengthy discovery."); *Pierson v. Nat'l Institute for Labor Relations Research*, No. 15 C 11049, 2016 WL 6093490, at *4 (N.D. Ill. Oct. 17, 2016) (holding Defendants did not waive their objection to personal jurisdiction, in part, because "Defendants have not yet engaged in discovery pertaining to the merits of the case.").

Although "the cases are far from uniform on the subject," *Lowe*, 233 F. Supp. 3d at 641 (citing *Continental Bank*, 10 F.3d at 1297), WWE should not be put in jeopardy of potentially being found to have waived its objection to personal jurisdiction by being required to respond to merits-based discovery prior to resolution of its jurisdictional defense. Indeed, the Seventh Circuit has noted that "[t]he proper course of action" in these circumstances "is to request that the district court enter a stay of discovery until all jurisdictional issues are decided." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). WWE urges the Court to do so.

### 3. Plaintiff Will Not be Prejudiced by a Stay of Merits-Based Discovery

Plaintiff will not be prejudiced by a stay of merits-based discovery pending the resolution of WWE's motion to dismiss for lack of personal jurisdiction. Any minimal delay that would result from a stay in this case does not constitute undue prejudice. *See Puget BioVentures, LLC v. Depuy Orthopaedics, Inc.*, No. 3:10-cv-00463-JD-MGG, 2017 WL 3495595, at *4 (N.D. Ind. Aug. 14, 2017). If WWE's motion to dismiss is granted, the parties will have saved considerable

needless expense; if WWE's motion to dismiss is denied, Plaintiff will have ample opportunity to conduct all of the discovery to which she is entitled at that time. *See Madbak*, 2017 WL 5075262, at *2 ("While the Court is considering the motions to dismiss a discovery stay will conserve parties' resources and preserve the opportunity to conduct further discovery."); *Dillenger, LLC*, 2010 WL 1945739, at *1-2 ("[T]he Court agrees with [defendant] that avoiding potentially unnecessary discovery costs – and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary – will not significantly prejudice [plaintiff], and may indeed even operate to its benefit.").

Moreover, the fact that this case is still in its early stages further supports a finding that Plaintiff will not be unduly prejudiced by a brief stay of merits-based discovery. *See Telephone Science Corp. v. Asset Recovery Sol., LLC*, No. 15 C 5182, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation . . . . [B]oth parties suffer harm by the burdens of potentially superfluous litigation.").

### III.  CONCLUSION

For all of the foregoing reasons, WWE respectfully requests that the Court stay merits-based discovery pending resolution of WWE's motion to dismiss for lack of personal jurisdiction.

Dated: October 11, 2018                                    Respectfully submitted,

                                                            _/s/  Curtis B. Krasik_____
                                                            Jerry S. McDevitt (pro hac vice)
                                                            Curtis B. Krasik (pro hac vice)
                                                            K&L GATES LLP
                                                            K&L Gates Center
                                                            210 Sixth Avenue

        Pittsburgh, PA 15222
        Phone: (412) 355-6500
        Email: jerry.mcdevitt@klgates.com
        Email: curtis.krasik@klgates.com

        Michael J. Nester (49410)
        DONOVAN ROSE NESTER P.C.
        15 North 1st Street, Suite A
        Belleville, Illinois 62220
        Phone: (618) 212-6500
        Email: mnester@drnpc.com

        *Attorneys for Defendant World Wrestling Entertainment, Inc.*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 11, 2018, I electronically filed the foregoing Memorandum of Law in Support of World Wrestling Entertainment Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| R. Seth Crompton | scrimpton@allfela.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| Dale M. Cendali | dale.cendali@kirkland.com |
| Joshua L. Simmons | joshua.simmons@kirkland.com |

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

                                              */s/ Curtis B. Krasik*
                                              Curtis B. Krasik (pro hac vice)
                                              K&L GATES LLP
                                              K&L Gates Center
                                              210 Sixth Avenue
                                              Pittsburgh, PA 15222
                                              Phone: (412) 355-6500
                                              Email: curtis.krasik@klgates.com

                                              *Attorney for Defendant World Wrestling*
                                              *Entertainment, Inc.*