IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, )<br><br>)<br><br>)<br>Plaintiff, )<br><br>) | Case no: 3:18-CV-966 |
| v. )<br><br>)<br>TAKE-TWO INTERACTIVE SOFTWARE, INC.; )<br>2K GAMES, INC.; 2K SPORTS INC.; )<br>WORLD WRESTLING ENTERTAINMENT, )<br>INC.; VISUAL CONCEPTS ENTERTAINMENT; )<br>YUKE'S CO., LTD.; and YUKE'S LA INC. , )<br><br>)<br>Defendants. ) | |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S**
**OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following objections (the "Objections") to Plaintiff's Second Set of Requests for Admission (the "Requests").

**PRELIMINARY STATEMENT**

1.      WWE asserts these Objections without waiver of, and intending to preserve, any information in response to the Requests that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege, immunity, protection or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, federal statutes and/or common law.  Inadvertent revealing of information subject to any applicable privilege or protection, including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.      WWE asserts these Objections without waiver of, and intending to preserve:

      a.    All questions as to competency, relevancy, materiality, and admissibility of evidence for any purpose of WWE's responses, or subject matter thereof, in this or any other action, and WWE's responses are similarly not to be deemed an admission as to the competency, relevancy, materiality, or admissibility of evidence for any purpose in this action;

      b.    The right to object on any ground to the use of WWE's responses, or the subject matter thereof, in this or any other action; and

      c.    The right at any time to revise, correct, and supplement, clarify and/or amend any response furnished.

3.    WWE asserts these Objections based on its interpretation and understanding of each Request.

4.    WWE asserts these Objections in accordance with the Federal Rules of Civil Procedure and the Local Rules.  WWE objects, and shall not respond, to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules.

5.    Insofar as the Requests define the "videogames WWE 2K16, WWE 2K17 and WWE 2K18" by the term "Infringing Games," this term misleadingly implies that these video games infringe Plaintiff's purported copyrights.  On this basis, WWE objects to the definition of "Infringing Games" in the Requests and WWE will use the term "WWE 2K Games" to collectively refer to the video games WWE 2K16, WWE 2K17, and WWE 2K18 herein.

## RESPONSES TO REQUESTS

32.    Admit that WWE developed the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 32 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 32 on the grounds that the term "developed" is ambiguous, undefined and susceptible to multiple reasonable interpretations.

33.    Admit that WWE designed the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78).

*See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 33 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 33 on the grounds that the term "designed" is ambiguous, undefined and susceptible to multiple reasonable interpretations.

34.     Admit that WWE programmed the Infringing Games.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 34 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 34 on the grounds that the term "programmed" is ambiguous, undefined and susceptible to multiple reasonable interpretations.

35.     Admit that WWE marketed the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 35 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."

36.     Admit that WWE entered into an agreement with the following co-defendants related to the Infringing Games:

      a.      Take-Two

      b.      2K Games

      c.      2K Sports

      d.      Visual Concepts

      e.      Yuke's

      f.      Yuke's LA

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 36 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 36 on the grounds that the phrase "entered into an agreement" is ambiguous, undefined and susceptible to multiple reasonable interpretations.  WWE further objects to Request No. 36 on the grounds that it is compound and, therefore, is not reasonably capable of being admitted or denied.

37.     Admit that WWE played no role in the creation of the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 37 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 37 on the grounds that the phrase "played no role" and the term "creation" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

38.   Admit that WWE played no role in the design of the Tattoo Works.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 38 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 38 on the grounds that the phrase "played no role" and the term "design" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

39.     Admit Alexander created the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 39 on the grounds that the term "created" is ambiguous, undefined and susceptible to multiple reasonable interpretations.

40.     Admit that the Tattoo Works are original works of authorship

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 40 to the extent that it calls for a legal conclusion with respect to the phrase "original works of authorship."

41.     Admit that the Tattoo Works are expressive works of authorship.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 41 to the extent that it calls for a legal conclusion with respect to the phrase "expressive works of authorship."

42.     Admit that WWE knew that the Tattoo Works were created by another authorship.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 42 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 42 on the grounds that the term "created" is ambiguous, undefined and susceptible to multiple reasonable interpretations.  WWE further

objects to Request No. 42 on the grounds that the phrase "another authorship" is unclear and unintelligible.

43.     Admit that WWE does not own any rights in the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 43 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 43 on the grounds that the phrase "own any rights" is ambiguous, undefined and susceptible to multiple reasonable interpretations. WWE further objects to Request No. 43 to the extent that it calls for a legal conclusion with respect to the phrase "own any rights."

44.     Admit that before the first Infringing Game was released, WWE knew that Alexander was the author of the Tattoo Works.

**RESPONSE:**

10

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 44 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Request No. 44 to the extent that it calls for a legal conclusion with respect to the phrase "author of the Tattoo Works."

45.     Admit that the portrayal of the Tattoo Works on the Orton Character in the Infringing Games is substantially similar to the Tattoo Works as they appear on Mr. Orton's body.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 45 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic

depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 45 on the grounds that the term "portrayal" is ambiguous, undefined and susceptible to multiple reasonable interpretations.  WWE further objects to Request No. 45 to the extent that it calls for a legal conclusion with respect to the phrase "substantially similar."

46.     Admit that WWE had access to the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 46 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 46 to the extent that it calls for a legal conclusion with respect to the term "access."

47.     Admit the Tattoo Works were used as a starting point in creating the Orton Character in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 47 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 47 on the grounds that the term "creating" and the phrase "starting point" are ambiguous, undefined and susceptible to multiple reasonable interpretations.


48.     Admit the Tattoo Works were used as a starting point in designing the Orton Character in the Infringing Games.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 48 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request

No. 48 on the grounds that the term "designing" and the phrase "starting point" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

49.     Admit the Tattoo Works were used as a starting point in developing the Orton Character in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 49 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 49 on the grounds that the term "developing" and the phrase "starting point" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

50.     Admit the Tattoo Works were used as a reference in creating the Orton Character in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to

14

stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78).

*See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 50 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 50 on the grounds that the term "creating" and the term "reference" are ambiguous, undefined and susceptible to multiple reasonable interpretations.


51.    Admit the Tattoo Works were used as a reference in designing the Orton Character in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78).

*See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 51 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 51 on the grounds that the term "designing" and the term "reference" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

52.     Admit the Tattoo Works were used as a reference in developing the Orton Character in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 52 as misleading to the extent that it suggests that the depiction of Randy Orton in the WWE 2K Games is a "character" as opposed to the realistic depiction of the real-life professional wrestler Randy Orton.  WWE further objects to Request No. 52 on the grounds that the term "developing" and the term "reference" are ambiguous, undefined and susceptible to multiple reasonable interpretations.


53.     Admit that WWE never obtained authorization from Alexander related to the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 53 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 53 on the grounds that the phrase "related to" is ambiguous, undefined and susceptible to multiple reasonable interpretations.  WWE further objects to Request No. 53 to the extent that it calls for a legal conclusion with respect to the term "authorization."

54.    Admit that WWE never obtained authorization from Alexander related to the display of Randy Orton in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 54 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 54 on the grounds that the phrase "related to" and the term "display" are ambiguous, undefined and susceptible to multiple reasonable

17

interpretations.  WWE further objects to Request No. 54 to the extent that it calls for a legal conclusion with respect to the term "authorization."

55.     Admit that the Infringing Games were sold in October of 2015.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

56.     Admit that the Infringing Games were sold in October of 2016.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

57.     Admit that the Infringing Games were sold in October of 2017.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

58.    Admit that Mr. Orton's likeness is prominently featured in the Infringing Games.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 77). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to Request No. 58 on the grounds that the phrase "prominently featured" is ambiguous, undefined and susceptible to multiple reasonable interpretations.

59.    Admit that before the first Infringing Game was released, WWE knew that copies of the Tattoo Works were featured in the game.

**<u>RESPONSE:</u>**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to

stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78).

*See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS

107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 59 as ambiguous,

overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries,

divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and

former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and

representatives."  WWE further objects to Request No. 59 on the grounds that the terms "copies"

and "featured" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

WWE further objects to Request No. 59 to the extent that it calls for a legal conclusion with

respect to the term "copies"


60.    Admit that before the first Infringing Game was released, WWE knew the developers of

the Infringing Games had referenced the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal

jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of

Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to

stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78).

*See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS

107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 60 as ambiguous,

overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries,

divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and

former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 60 on the grounds that the terms "developers" and "referenced" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

61.     Admit that before the first Infringing Game was released, WWE knew the developers of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 61 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 61 on the grounds that the term "developers" and the phrase "made use of" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

62.     Admit that before the first Infringing Game was released, WWE knew the creators of the Infringing Games has [sic] referenced the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 62 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 62 on the grounds that the terms "creators" and "referenced" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

63.     Admit that before the first Infringing Game was released, WWE knew the creators of the Infringing Games made use of the Tattoo Works.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 63 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 63 on the grounds that the term "creators" and the phrase "made use of" are ambiguous, undefined and susceptible to multiple reasonable interpretations.

64.     Admit that WWE's approval was required prior to sale of the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 64 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 64 to the extent that it calls for a legal conclusion with respect to the phrase "approval was required."

65.   Admit that WWE has received a financial benefit as a result of the use of the Tattoo Works in the Infringing Games.

**RESPONSE:**

WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). *See, e.g., Powers v. CSX Transp., Inc.*, Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.).

WWE further objects to the definition of "WWE" in Request No. 65 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives."  WWE further objects to Request No. 65 on the grounds that the phrase "use of the Tattoo Works in the Infringing Games" is ambiguous, undefined and susceptible of multiple reasonable interpretations.

Dated:  October 15, 2018                         Respectfully submitted,

                                                   _/s/  Curtis B. Krasik_____
                                                   Jerry S. McDevitt (pro hac vice)
                                                   Curtis B. Krasik (pro hac vice)
                                                   K&L GATES LLP
                                                   K&L Gates Center
                                                   210 Sixth Avenue
                                                   Pittsburgh, PA 15222
                                                   Phone: (412) 355-6500
                                                   Email: jerry.mcdevitt@klgates.com
                                                   Email: curtis.krasik@klgates.com

Michael J. Nester (49410)
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Phone:  (618) 212-6500
Email:  mnester@drnpc.com

*Attorneys for Defendant World Wrestling
Entertainment, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2018, the foregoing was served by email on, and filed with the Clerk of court using the CM/ECF system which will send notification of such filing to, the following counsel of record:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| R. Seth Crompton | scrimpton@allfela.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| Dale M. Cendali | dale.cendali@kirkland.com |
| Joshua L. Simmons | joshua.simmons@kirkland.com |

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

                                      _/s/  Curtis B. Krasik_____
                                        Curtis B. Krasik (pro hac vice)
                                        K&L GATES LLP
                                        K&L Gates Center
                                        210 Sixth Avenue
                                        Pittsburgh, PA 15222
                                        Phone: (412) 355-6500
                                        Email: curtis.krasik@klgates.com

                                        *Attorney for Defendant World Wrestling Entertainment, Inc.*