**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | |
| Plaintiff, | |
| v. | Case No. 3:18-cv-0966-MJR-DGW |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., et al. | |
| Defendants. | |

**PLAINTIFF CATHERINE ALEXANDER'S OBJECTIONS AND RESPONSES TO DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF CATHERINE ALEXANDER**

Plaintiff Catherine Alexander ("Plaintiff") provides the following objections and responses to Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc. and Visual Concepts Entertainment's ("Defendants") First Set of Requests for Admission.

**OBJECTIONS APPLICABLE TO DEFENDANTS' "GENERAL INSTRUCTIONS"**

1.      Plaintiff objects to General Instructions # 2, 3, 4, and 5 to the extent that they purport to require Plaintiff to respond in a manner outside the scope of Fed. R. Civ. P. 26 or 36.

**SPECIFIC OBJECTIONS APPLICABLE TO EACH REQUEST FOR ADMISSION**

1.      Plaintiff objects to these requests to the extent that they seek information protected by any applicable privilege or immunity, including without limitation the attorney-client privilege and/or attorney work-product immunity.

2.      Plaintiff objects to these requests to the extent that they seek information that is not relevant to any party's claim or defense.

3.     Plaintiff objects to these requests to the extent that they seek information that exceeds the scope of discovery or purport to obligate Plaintiff to respond in any manner that exceeds or is inconsistent with the Federal Rules of Civil Procedure.

4.     Plaintiff objects to any request that would require Plaintiff to obtain information from Defendants and/or third parties, such as Mr. Orton or users of the infringing products.

5.     Nothing in these Responses and Objections should be construed as waiving rights or objections which might otherwise be available to Plaintiff, nor should answering any of these requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the responses.

6.     Plaintiff objects to these requests to the extent that they do not seek information regarding the truth of any matter within the scope of Fed. R. Civ. P. 26(b)(1) relating to:

   a.   facts, the application of law to fact, or opinions about either; or

   b.   the genuineness of any described documents.

7.     Plaintiff objects to the use of the term "RANDY ORTON" as vague and ambiguous, particularly given the fact that it is used in these Requests for Admission to refer to the real life wrestler and to the *WWE 2K* videogame character interchangeably.

8.     The objections in this section apply to all of Plaintiff's response to Defendants' Requests for Admission. To the extent any specific objection is repeated again in these responses it should not be construed as waiver of any other objection applicable to admissions or denials falling within the scope of the request.

**<u>PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION</u>**

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that the TATTOO titled "Bible Verse Design" was created with contributions, guidance, or other input from RANDY ORTON.

**<u>RESPONSE:</u>**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas including a piece of paper with a Bible verse and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that the TATTOO titled "Dove" was created with contributions, guidance, or other input from RANDY ORTON.

**<u>RESPONSE:</u>**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas for a "Dove" tattoo and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the TATTOO titled "Rose" was created with contributions, guidance, or other input from RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas for a "Rose" tattoo and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the TATTOO titled "Skulls" was created with contributions, guidance, or other input from RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas for a "Skulls" tattoo and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the TATTOO titled "Tribal Addition Design" was created with contributions, guidance, or other input from RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas for a "Tribal Addition Design" tattoo and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the TATTOO titled "Tribal Design" was created with contributions, guidance, or other input from RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "created with." Subject to and without waiving the foregoing objections, Plaintiff admits that Mr. Orton provided only mere direction and ideas for a "Tribal Design" tattoo and the location for the tattoo. Plaintiff denies that Randy Orton created the TATTOOS or translated his rudimentary direction and/or ideas into a fixed, tangible expression. The subject works were created by Plaintiff. The remainder of this Request is denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the TATTOO titled "Bible Verse Design" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the TATTOO titled "Dove" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the TATTOO titled "Rose" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the TATTOO titled "Skulls" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the TATTOO titled "Tribal Addition Design" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the TATTOO titled "Tribal Design" was created to reflect the personal expression of RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created to reflect" and "personal expression." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the TATTOO titled "Bible Verse Design" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, to the extent that the Request is considered to claim Mr. Orton created the tattoo, it is denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the TATTOO titled "Dove" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the TATTOO titled "Rose" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the TATTOO titled "Skulls" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the TATTOO titled "Tribal Addition Design" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the TATTOO titled "Tribal Design" is imbued with special meaning attributable to RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "imbued with" and "special meaning attributable to." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the TATTOO titled "Bible Verse Design" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the TATTOO titled "Dove" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the TATTOO titled "Rose" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the TATTOO titled "Skulls" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the TATTOO titled "Tribal Addition Design" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the TATTOO titled "Tribal Design" was created using a preexisting design.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrases "created using" and "preexisting design." Plaintiff further objects that this Request is argumentative. Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that images of tribal designs are common in tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "common in." Plaintiff also objects that this Request is argumentative and harassing. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that images of writing are common in tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "common in." Plaintiff also objects that this Request is argumentative and harassing. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that images of doves are common in tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "common in." Plaintiff also objects that this Request is argumentative and harassing. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that images of roses are common in tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "common in." Plaintiff also objects that this Request is argumentative and harassing. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that images of skulls are common in tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "common in." Plaintiff also objects that this Request is argumentative and harassing. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU do not own a copyright in Bible verse 1 Peter 5:8.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff owns a copyright in the Tattoo on Mr. Orton that includes the Bible verse and therefore owns a copyright on the Bible verse as displayed on Mr. Orton.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the TATTOOS were not registered with the United States Copyright Office on or before April 17, 2018.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU do not hold a certificate of registration from the Copyright Office for any of the TATTOOS.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff admits this Request at this time because the applications are pending.

**REQUEST FOR ADMISSION NO. 33:**

Admit that in each release of *WWE 2K*, users can choose to play as any wrestler on the current roster of the WWE.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, specifically the phrases "any wrestler" and "current roster of the WWE." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that *WWE 2K* includes up-to-date depictions of WWE wrestlers.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, specifically the phrases "up-to-date" and "depictions of WWE wrestlers." Subject to and without waiving the foregoing objections, Plaintiff admits that *WWE 2K* contains a character on whom is depicted a copy of Mr. Orton's Tattoos.  Regarding other WWE wrestlers, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that *WWE 2K* depicts WWE wrestlers' likenesses realistically.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, specifically the words "depicts," "likenesses," and "realistically."  Subject to and without waiving the foregoing objections, Plaintiff admits that *WWE 2K* contains a character that bears Mr. Orton's Tattoos.  Regarding other WWE wrestlers, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that *WWE 2K* depicts current WWE wrestlers bearing the tattoos they bear in real life.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to research the

appearance of every wrestler in *WWE 2K* and compare their "real life" appearance to their appearance in game. Additionally, requiring Plaintiff to admit or deny this Request would entail Plaintiff making a generalization as to the entire population of *WWE 2K* wrestlers that does not account for whether or not the tattoos of all current wrestlers are accurately depicted. Plaintiff further objects that this Request is vague and ambiguous, specifically the word "depicts" and the phrase "bearing the tattoos they bear in real life." Subject to and without waiving the foregoing objections, Plaintiff admits that *WWE 2K* contains a character on whom is depicted a copy of Mr. Orton's Tattoos. Regarding other WWE wrestlers, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that, in *WWE 2K*, the TATTOOS are part of RANDY ORTON's likeness.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that it requires Plaintiff to speculate as to the intention of the *WWE 2K's* developers. Plaintiff further objects that this Request is vague and ambiguous, specifically the phrase "are part of." Subject to and without waiving the foregoing objections, Plaintiff admits that a character in *WWE 2K* has tattoos that were copied from Mr. Orton.

**REQUEST FOR ADMISSION NO. 38:**

Admit that, in *WWE 2K*, a depiction of RANDY ORTON's likeness without his TATTOOS would not be realistic.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, specifically the phrase "a depiction of" and the word "realistic." Subject to and without waiving the foregoing objections, Plaintiff admits that Defendants copied Mr. Orton's tattoos onto a character in the infringing games in order to make the character resemble Mr. Orton in real life. Plaintiff has made reasonable inquiry and the information that she knows or can readily obtain is insufficient to enable her to admit or deny the reason Defendants copied her works and therefore Plaintiff denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that, in *WWE 2K*, the TATTOOS are included for biographical accuracy.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request requires Plaintiff to speculate as to the intention of *WWE 2K's* developers. Plaintiff further objects that this Request is vague and ambiguous, specifically the phrase "biographical accuracy." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that *WWE 2K* depicts WWE wrestlers wearing the clothing they would wear in an actual WWE wrestling match.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request requires Plaintiff to speculate as to the intention of *WWE 2K's* developers. Plaintiff further

objects that this Request is vague and ambiguous, specifically the word "depicts" and the phrase "wearing the clothes they would wear in an actual WWE wrestling match." Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that, during *WWE 2K* gameplay, a user can cause depictions of current WWE wrestlers to perform wrestling moves and maneuvers.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depictions" and the phrase "a user can cause." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that in professional wrestling matches wrestlers seek to win their matches by pinfall, submission, or countout.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that the words "pinfall," "submission," and "countout" are vague and ambiguous as they are undefined. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that, in *WWE 2K*, users seek to win their matches by pinfall, submission, or countout.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that the words "pinfall," "submission," and "countout" are vague and ambiguous as they are undefined. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that *WWE 2K* depicts characters other than wrestlers, including but not limited to referees, managers, and audience members.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicts." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that, in each release of *WWE 2K*, users can choose to play wrestling matches in different settings.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague to what is meant by "settings." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that *WWE 2K* depicts graphics, including but not limited to stylized text, icons, and interactive menus.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicts." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the audio that plays during *WWE 2K* includes cheering crowds.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the audio that plays during *WWE 2K* includes bells.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that *WWE 2K* depicts arenas realistically.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicts" and "realistically." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that *WWE 2K* depicts wrestling rings realistically.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the words "depicts" and "realistically." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that, while a user plays *WWE 2K*, the camera angle shifts automatically to follow the gameplay.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague because Plaintiff does not know what "camera" Defendants are referring to. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that, while a user plays *WWE 2K*, some wrestlers may be blocked from view by other wrestlers in the ring.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "blocked from view." Plaintiff further objects that it seeks information within possession of other wrestlers. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that, while a user plays *WWE 2K*, some of the TATTOOS may be blocked from view by other wrestlers in the ring.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "blocked from view." Plaintiff further objects that it seeks information within possession of other wrestlers. Subject to and without waiving the

foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that not all available *WWE 2K* wrestlers are visible on screen during gameplay.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrases "visible on screen" and "during gameplay." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that RANDY ORTON does not appear in *WWE 2K* every time a user plays *WWE 2K*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "does not appear in *WWE 2K*."  Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the TATTOOS do not appear on screen every time a user plays a wrestling match in *WWE 2K*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrases "do not appear" and "plays a wrestling match." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the TATTOOS are displayed in *WWE 2K* only when RANDY ORTON appears in the game.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrases "are displayed" and "appears in the game." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that no wrester other than RANDY ORTON is depicted in *WWE 2K* bearing the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "is depicted" and "bearing the." Subject to and without waiving the foregoing objections, Plaintiff admits that *WWE 2K* contains a character on whom is depicted a copy of Mr. Orton's Tattoos. Plaintiff further states regarding other

wrestlers in the *WWE 2K* games that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that *WWE 2K*'s camera does not automatically zoom in on the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny whether or not *WWE 2K*'s camera ever automatically zooms in on the TATTOOS. Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "automatically zoom in on." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 60:**

Admit that, when the TATTOOS appear in *WWE 2K*, a wrestling ring, arena, and other aspects of *WWE 2K*'s gameplay also appear.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny as to the existence of "a wrestling ring, arena, and other aspects of *WWE 2K*'s gameplay" every time the TATTOOS appear. Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 61:

Admit that the TATTOO titled "Bible Verse Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

## RESPONSE:

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 62:

Admit that the TATTOO titled "Dove" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

## RESPONSE:

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the TATTOO titled "Rose" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the TATTOO titled "Skulls" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that the TATTOO titled "Tribal Addition Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the TATTOO titled "Tribal Design" is not emphasized during *WWE 2K* gameplay any more than any other tattoo.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the word "emphasized" and the phrase "any other tattoo." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 67:**

Admit that the TATTOOS are not given any more prominence in *WWE 2K* than the tattoos on any of the other wrestlers depicted in *WWE 2K*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is overbroad and unduly burdensome in that it purports to require Plaintiff to admit or deny *WWE 2K*'s treatment of each and every tattoo in the game as compared to the TATTOOS. Additionally, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "given any more prominence" and the word "depicted." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that, in *WWE 2K*, RANDY ORTON often is moving.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "often." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 69:**

Admit that, in *WWE 2K*, RANDY ORTON's wrestling opponents are often moving.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "often," the phrase "wrestling opponents," and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 70:**

Admit that, in *WWE 2K*, RANDY ORTON's movements can obscure the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "often" and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that, in *WWE 2K*, RANDY ORTON's wrestling opponents' movements can obscure the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "wrestling opponents," and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 72:

Admit that wrestlers sometimes appear out of focus during *WWE 2K* gameplay.

## RESPONSE:

Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 73:

Admit that the TATTOOS sometimes appear out of focus during *WWE 2K* gameplay.

## RESPONSE:

Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 74:

Admit that, when RANDY ORTON appears in a wrestling match in *WWE 2K*, other wrestlers may also appear in the wrestling ring.

## RESPONSE:

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that, in *WWE 2K*, other wrestlers in the wrestling ring can block the TATTOOS from view.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 76:**

Admit that, in *WWE 2K*, the TATTOOS are depicted smaller than in real life.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicted." Subject to and without waiving the foregoing objections, Plaintiff states that the Tattoos appear the same size in proportion to Mr. Orton's body in real life and it depends on screen size.

**REQUEST FOR ADMISSION NO. 77:**

Admit that, when the TATTOOS are depicted on an average television screen during *WWE 2K* gameplay, they are depicted smaller than they would if the user was viewing the TATTOOS on RANDY ORTON in person.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicted"; the phrases "average television screen," "smaller than they would if the user was viewing the TATTOOS," and "in person"; and the term

"RANDY ORTON."  Subject to and without waiving the foregoing objections, Plaintiff states the Tattoos appear same size in proportion to Mr. Orton's body.

**REQUEST FOR ADMISSION NO. 78:**

Admit that, in *WWE 2K*, the TATTOOS are depicted alongside other tattoos.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the word "depicted" and the phrase "alongside other tattoos." Subject to and without waiving the foregoing objections, Plaintiff states that the Tattoos on the Randy Orton character appear as they do on his body.

**REQUEST FOR ADMISSION NO. 79:**

Admit that it is more difficult to observe smaller, moving, grouped images than it is larger, static, standalone images.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrases "more difficult to observe smaller, moving, grouped images" and "larger, static, standalone images."  Subject to and without waiving the foregoing objections, Plaintiff states it depends upon the person that is observing the images.

**REQUEST FOR ADMISSION NO. 80:**

Admit that, during *WWE 2K* MyCAREER mode, the user creates a customized "MyPLAYER" character by selecting features.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the words "MyCAREER" and "MyPLAYER" and the phrase

"by selecting features." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 81:**

Admit that the TATTOOS cannot be added to a *WWE 2K* "MyPLAYER" character.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "cannot be added." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the only time the TATTOOS appear in the *WWE 2K*'s MyCAREER story mode is when the RANDY ORTON wrestler wrestles as a computer-controlled opponent or as a team member of the "MyPLAYER" character.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects that this Request is vague and ambiguous, particularly the phrase "team member," the words "MyCAREER" and "MyPlayer," and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K18*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 84:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K17*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff admits this Request on the on the versions of covers in Plaintiff's possession.

**REQUEST FOR ADMISSION NO. 85:**

Admit that RANDY ORTON does not appear on the covers for *WWE 2K16*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the term "RANDY ORTON." Subject to and without waiving the foregoing objections, Plaintiff admits this Request on the on the versions of covers in Plaintiff's possession.

**REQUEST FOR ADMISSION NO. 86:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K18*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the phrase "do not appear." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K17*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the phrase "do not appear." Subject to and without waiving the foregoing objections, Plaintiff admits this Request on the on the versions of covers in Plaintiff's possession.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the TATTOOS do not appear on the covers for *WWE 2K16*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "covers" and the phrase "do not appear." Subject to and without waiving the foregoing objections, Plaintiff admits this Request on the on the versions of covers in Plaintiff's possession.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the TATTOOS were created to be inked on a human.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, because the Tattoos did not exist until they were inked on a human.

Subject to and without waiving the foregoing objections, Plaintiff admits that she created the Tattoos by inking them on a human.

**REQUEST FOR ADMISSION NO. 90:**

Admit that YOUR business is inking tattoos on humans.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 91:**

Admit that TAKE-TWO is not in the business of inking tattoos on humans.

**RESPONSE:**

In addition to the aforementioned specific objections, Subject to and without waiving the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny and therefore Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 92:**

Admit that YOU have never been in the video game business.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 93:**

Admit that TAKE-TWO is not a competitor of PLAINTIFF.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "competitor."  Subject to and without waiving the foregoing objections, Plaintiff admits that Take-Two's business and Plaintiff's business are not

competing.  However, Take-Two copied Plaintiff's copyrighted works and therefore harmed Plaintiff's business.

**REQUEST FOR ADMISSION NO. 94:**

Admit that *WWE 2K* is not a substitute for the TATTOOS.

**RESPONSE:**

Plaintiff further objects that this Request is nonsensical and unintelligible and therefore denies it.

**REQUEST FOR ADMISSION NO. 95:**

Admit that the TATTOOS cannot be purchased from DEFENDANTS as separable items apart from *WWE 2K*.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrase "separable items" and the word "apart." Plaintiff further objects that this Request seeks information within Defendants' control or possession. Subject to and without waiving the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 96:**

Admit that YOU have not commercialized the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "commercialized."  Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that YOU have not licensed to another PERSON the ability to include the TATTOOS in another work.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrase "the ability to include" and "licensed to another PERSON." Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 98:**

Admit that YOU have not licensed to another PERSON the ability to include the TATTOOS in a video game.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrase "the ability to include" and "licensed to another PERSON." Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 99:**

Admit that no PERSON, other than YOU, has marketed the TATTOOS other than in connection with RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "marketed" and the phrase "other than you." Namely, admitting or denying this Request may imply that Plaintiff did or did not in fact market

the TATTOOS. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 100:**

Admit that YOU have not licensed to another PERSON the ability to use the TATTOOS other than in connection with RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrases "the ability to use" and "other than in connection with." Plaintiff further objects that admitting or denying this Request requires assuming that Plaintiff has licensed the TATTOOS to anyone. Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 101:**

Admit that no PERSON has sought a license from YOU to use the TATTOOS other than in connection with RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrases "sought a license" and "other than in connection with." Plaintiff further objects that admitting or denying this Request requires assuming that Plaintiff has licensed the TATTOOS to anyone. Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 102:**

Admit that YOU have not licensed to another PERSON the ability to create any merchandise depicting the TATTOOS other than in connection with RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrases "sought a license" and "other than in connection with." Plaintiff further objects that admitting or denying this Request requires assuming that Plaintiff has licensed the TATTOOS to anyone. Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 103:**

Admit that YOU have not created any merchandise depicting the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the word "merchandise." Subject to and without waiving the foregoing objections, Plaintiff admits she has granted no licenses to date.

**REQUEST FOR ADMISSION NO. 104:**

Admit that, prior to 2018, YOU never asserted that the display of the TATTOOS in an audio-visual work required a license or permission from YOU.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request to the extent that the phrases "prior to 2018" and "never asserted" are overly broad and unduly burdensome as it does not provide proper constraints with respect to time and requires the Plaintiff to remember everything and anything she has ever said with respect to the licensing of the tattoos in an audio-visual work. Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 105:**

Admit that YOU never inked the TATTOOS on any PERSON other than RANDY

ORTON.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 106:**

Admit that YOU have not sold any merchandise depicting the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as

vague and ambiguous, particularly the word "merchandise." Subject to and without waiving the

foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 107:**

Admit that YOU have not made a profit by selling any merchandise depicting the

TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as

vague and ambiguous, particularly the words "profit" and "merchandise." Subject to and without

waiving the foregoing objections, Plaintiff admits she has not sold merchandise.

**REQUEST FOR ADMISSION NO. 108:**

Admit that YOU have received no revenues from licensing the TATTOOS.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff admits she has granted

no licenses to date.

**REQUEST FOR ADMISSION NO. 109:**

Admit that YOU have received no revenues from the depiction of the TATTOOS as they appear on RANDY ORTON.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrase "received no revenues" and the word "depiction." Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 110:**

Admit that YOU have received no revenues from the depiction of a tattoo when the PERSON inked with such tattoo appeared in the media or on merchandise.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request to the extent that the phrases "received no revenues" and "appeared in the media or on merchandise" are overly broad and unduly burdensome as it does not provide proper constraints with respect to time. Plaintiff further objects to this Request as vague and ambiguous, specifically the phrases "received no revenues," "when the PERSON inked with such tattoo appeared in the media or on merchandise," and the word "depiction." Subject to and without waiving the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 111:**

Admit that YOU have received no revenues from the use of the TATTOOS in video games.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrases "received no revenues," and "from the use of." Subject to and without waiving the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 112:**

Admit that YOU have received no revenues from the use of any tattoo inked or designed by YOU in video games.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrases "received no revenues," and "from the use of." Subject to and without waiving the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 113:**

Admit that RANDY ORTON has the right to license his likeness to others.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the phrase "right to license" and the word "likeness." Subject to and without waiving the foregoing objections, Plaintiff denies that Mr. Orton can license the use of Plaintiff's copyrights.

**REQUEST FOR ADMISSION NO. 114:**

Admit that RANDY ORTON's likeness includes the TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "likeness." Subject to and without waiving the

foregoing objections, Plaintiff admits that her copyrighted works are on certain portions of Mr. Orton and if those portions are copied they would include copies of the tattoos. Other portions of Mr. Orton do not include the tattoos.

**REQUEST FOR ADMISSION NO. 115:**

Admit that YOU have not entered into any written agreements with RANDY ORTON.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 116:**

Admit that YOU never informed RANDY ORTON that he would need YOUR permission to be depicted in a video game bearing his TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous because Mr. Orton is not a Defendant here. Subject to and without waiving the foregoing objections, Plaintiff states the Mr. Orton is not the creator of the infringing games and therefore Mr. Orton did not need "permission." If Mr. Orton created unlicensed copies of the tattoos he would need a license. However, Plaintiff is unaware of Mr. Orton creating such games, so she never had an occasion for such a discussion.

**REQUEST FOR ADMISSION NO. 117:**

Admit that YOU never informed RANDY ORTON that he would need YOUR permission to be depicted in any form of media, including but not limited to photographs, magazines, and television programs bearing his TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous because Mr. Orton is not a Defendant here. Subject to and without waiving the foregoing objections, Plaintiff states the Mr. Orton is not the creator of the infringing games and therefore Mr. Orton did not need "permission." If Mr. Orton created unlicensed copies of the tattoos he would need a license. However, Plaintiff is unaware of Mr. Orton creating such games, so she never had an occasion for such a discussion.

**REQUEST FOR ADMISSION NO. 118:**

Admit that, prior to this LITIGATION, YOU never informed RANDY ORTON that YOU objected to him being depicted in any form of media, including but not limited to photographs, magazines, and television programs bearing his TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "depicted." Plaintiff further objects that this Request as irrelevant because Defendants did not display a photograph or video of Mr. Orton. Instead, Defendants copied Plaintiff's copyrighted works. Subject to and without waiving the foregoing objections, Plaintiff states that she has had no occasion to have such a conversation with Mr. Orton.

**REQUEST FOR ADMISSION NO. 119:**

Admit that this LITIGATION is the first instance in which YOU claimed that YOUR copyrights were violated by RANDY ORTON being depicted in media bearing his TATTOOS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, specifically the word "depicted." Subject to and without waiving the foregoing objections, Plaintiff denies that her copyrights are being violated by Mr. Orton. Plaintiff's copyrights are being violated by Defendants because Defendants copied Plaintiff's copyrighted works.

**REQUEST FOR ADMISSION NO. 120:**

Admit that YOU are aware that there are other lawsuits against TAKE-TWO regarding the depiction of athletes' tattoos in video games.

**RESPONSE:**

Plaintiff admits that she is currently aware that Take-Two copied other artist's copyrighted works without permission and are being sued by the copyright owners.

**REQUEST FOR ADMISSION NO. 121:**

Admit that YOU did not initiate this LITIGATION until learning of the other lawsuits against TAKE-TWO regarding the depiction of athletes' tattoos in video games.

**RESPONSE:**

Plaintiff denies this request.

Dated: November 5, 2018     Respectfully submitted,

*/s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this

5th day of November, 2018 via the Court's CM/ECF system.

*/s/ Anthony G. Simon*