IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC.,
2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants Take-Two Interactive Software, Inc., ("Take-Two Interactive"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), and Visual Concepts Entertainment ("Visual Concepts") (collectively, "Take-Two"), by and through their attorneys and pursuant to Federal Rule of Civil Procedure 26(c) respectfully move this Court for an order entering the proposed protective order submitted herewith as **Exhibit A**. Take-Two certifies that it has conferred with Plaintiff in good faith in an effort to resolve the dispute without court action and the parties were unable to reach agreement. In support of its Motion, Take-Two states as follows:

**Status of Discovery**

1. On April 17, 2018, Plaintiff, a tattooist, filed suit against Take-Two and the other named defendants alleging that Take-Two's *WWE 2K* video game series infringes her purported copyrights in tattoos inked on professional wrestler Randy Orton by depicting Mr. Orton in the game as he appears in real life, including with his tattoos. *See* Dkt. No. 1.

2. On July 9, 2018, Take-Two moved to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim for direct, indirect, vicarious, and contributory copyright infringement as a matter of law. *See* Dkt. No. 50. Defendants Yuke's Co., Ltd. ("Yuke's"), Yuke's LA, Inc. ("Yuke's LA"), and World Wrestling Entertainment, Inc. ("WWE") also moved to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). *See* Dkt. Nos. 50, 52.

3. Despite the pending motions to dismiss, Plaintiff began serving non-jurisdictional discovery on the defendants, including Take-Two, on September 14, 2018. Take-Two served its responses and objections to these discovery requests on October 15, 2018.

4. In the interim, Take-Two consented to Plaintiff filing an Amended Complaint, which Plaintiff filed on October 2, 2018. *See* Dkt. No. 76. As Plaintiff's Amended Complaint did not remedy the deficiencies Take-Two identified in its first motion to dismiss, Take-Two moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) on October 23, 2018. *See* Dkt. No. 90. Take-Two's motion is currently pending before the Court.

5. Plaintiff served another round of discovery on Take-Two on October 18, 2018. Take-Two's responses are due on November 19, 2018.

6. Among the discovery Plaintiff has served on Take-Two to date are twenty-four requests for production, many of which seek nonpublic, sensitive information regarding various aspects of Take-Two's business. Wary of the public disclosure of its confidential information—in particular, sensitive financial data and certain proprietary technical files incorporated into the *WWE 2K* games—Take-Two objected to producing such information until a protective order is entered governing the exchange of documents in this case.

**Negotiation of the Protective Order**

7.  As is typical of modern litigation, Take-Two suggested to Plaintiff that the parties agree to a standard protective order governing the exchange of confidential information in the litigation.  Plaintiff agreed to Take-Two's suggestion and asked Take-Two to draft the order.  Accordingly, Take-Two drafted a proposed protective order and sent it to Plaintiff's counsel for review on October 30, 2018.

8.  Over the last two weeks, Take-Two has tried to work collaboratively with Plaintiff to craft a mutually agreeable protective order for this case, including by corresponding with Plaintiff's counsel over email and holding a meet-and-confer via telephone on November 9, 2018.  Despite Take-Two's efforts, the parties have not reached agreement on several provisions of the proposed protective order, as discussed in more detail below.

9.  Because the parties have been unable to reach agreement on these outstanding points, Take-Two is seeking the Court's intervention to resolve this issue.

**The Proposed Protective Order Should Be Issued**

10.  Under Federal Rule of Civil Procedure 26(c)(1), a court may issue a protective order "for good cause" where the moving party certifies that it has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  The rule specifies that a court may issue an order "requiring that a trade secret of other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  *Id*. 26(c)(1)(G).

11.  Good cause exists for entry of Take-Two's proposed protective order, as Plaintiff's discovery requests seek sensitive, nonpublic information that goes to the core of Take-Two's business.  For example, Plaintiff has requested that Take-Two produce a broad set of, among other things, internal communications, documents relating to the design and development

of the *WWE 2K* video game series, records showing sensitive financial data, and proprietary technical graphic files incorporated into the *WWE 2K* games. The public disclosure of this information could cause serious commercial harm to Take-Two's business, as Take-Two explained and Plaintiff's counsel acknowledged during their November 9, 2018 meet-and-confer.

12. Indeed, courts have recognized these concerns and found good cause for entry of a protective order where a case requires disclosure of similar types of confidential business information. *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:09-MD-02100, 2011 WL 5507057, at *4–5 (S.D. Ill. Nov. 10, 2011) (finding protective order appropriate to govern disclosure of nonpublic research reports related to party's products, nonpublic marketing materials that would be "highly valuable" to competitors, and unpublished intellectual property).

13. Moreover, Plaintiff will not be prejudiced by Take-Two's proposed protective order, as it will facilitate discovery related to matters at issue in this case while providing necessary protections for both parties. Despite Plaintiff's assertions to the contrary, the proposed protective order provides equal protection to the parties, ensuring that any party producing certain types of confidential information may do so without worry that it will end up in the wrong hands and harm the party's business and reputation. Take-Two believes that the proposed protective order reflects a fair, practical method for balancing Take-Two's need for confidentiality with respect to certain information with Plaintiff's desire for Take-Two's sensitive internal documents.

14. The points on which the parties appear primarily to disagree with regard to the proposed draft are as follow:

    a. The parties disagree as to whether the protective order should have two tiers of confidentiality designation: one for confidential information as described in

Section 2(b) of the proposed protective order, and one for highly confidential information that will be accessible only by attorneys as described in Section 2(d). Plaintiff asserts that there is no need for these separate designations. Take-Two, however, is concerned that without two tiers of protection, highly sensitive information—namely financial data and certain proprietary technical elements of its video games—would be provided to Plaintiff, a nonlawyer who may not appreciate the sensitive nature of the information and could inadvertently reveal it to outside individuals. This would be extremely harmful to Take-Two's business and would compromise its position in the highly competitive video game market. Take-Two's proposed protective order permits Plaintiff to access materials designated as confidential, and Take-Two has confirmed to Plaintiff's counsel that it would not over-designate materials as highly confidential.

    b.      Section 6(b) governs the use of confidential information. This Section states, "Nothing in this Order shall bar or otherwise restrict an attorney from relying on his or her examination of Confidential Information in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information unless the client is permitted to receive such information pursuant to this Order." Plaintiff opposes the last sentence of this Section on the grounds that counsel will not "agree to any limitation on rendering advice to the client." Nothing in this sentence, however, imposes such a limitation. Instead, it serves to make sure that counsel does not verbally share the contents of documents that have been designated highly confidential. If this were not the case, there would be no point in having a highly confidential designation, as counsel could avoid this limitation by verbally reciting, rather than physically showing, such documents to the client.

    c.      Section 14 concerns the return and destruction of materials produced under the proposed protective order. It states in relevant part that "[w]ithin sixty (60) days after the final resolution of this Action, at the option of the Producing Party, all Confidential Information, including all copies, abstracts, and summaries, either shall be destroyed or returned to counsel for the Producing Party, with the receiving Party certifying to the destruction or return." Plaintiff objects to this provision and claims it should be up to Plaintiff to decide what to do with Take-Two's confidential information once this litigation is over. Plaintiff also suggested that if Take-Two does not want Plaintiff to retain its confidential information after the litigation, Take-Two can pay Plaintiff to destroy it. This makes little sense, as the fact that Take-Two produces confidential information in an effort to facilitate the adjudication of the present dispute does not make that information Plaintiff's to retain or use in other contexts. It is entirely reasonable, and common in litigation, for parties to destroy other parties' confidential data that they obtained during the course of a litigation when that litigation concludes.

    d.      Section 16(b) explains the procedure for handling inadvertently privileged documents. The provision enables a party who inadvertently produces material to recover such materials, but permits the receiving party to make a motion with the

5

Court if it wishes to challenge the claim of privilege asserted over those materials. It is standard practice for the party seeking to de-designate materials to bring a motion and for the producing party to then explain why the designation is proper. Despite this, Plaintiff asserts that the producing party should have to make a motion to protect its documents and should bear the burden of proving that they are confidential.

15. Take-Two's final communication with Plaintiff regarding the proposed protective order, which corrects Plaintiff's misimpressions of the proposed order in other respects is attached hereto as **Exhibit B**.

WHEREFORE, for the reasons stated herein, Take-Two respectfully requests that this Court enter Take-Two's proposed protective order, attached hereto as **Exhibit A**.

Dated: November 15, 2018

Respectfully submitted,

/s/Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | )  Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2018, I electronically filed the foregoing **Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment's Motion for Entry of Protective Order** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*

1