# EXHIBIT B

| From: | Simmons, Joshua L. |
|---|---|
| Sent: | Wednesday, November 14, 2018 3:18 PM |
| To: | scrompton@allfela.com |
| Cc: | ASimon@simonlawpc.com; Askew, Benjamin R.; Friedman, Anthony R.; IPTeam; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa; Roseman, Carrie L.; MBranum@drnpc.com; #Alexander-TakeTwo |
| Subject: | RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume |
| Attachments: | DRAFT Proposed Protective Order_(57504102_10).DOCX |

Dear Seth,

Your email does not accurately reflect what we discussed on our call.  In addition, your email raises new issues with portions of the protective order that have been there from the beginning.

I am still hopeful that we can reach a negotiated solution.  Thus, we respond to each of your points in blue below, and I am attaching a current draft of the protective based on your latest feedback.  Please let us know today whether Plaintiff will agree to the protective order as revised.  If not, I am afraid we may need to submit dueling protective orders, which is not ideal but we cannot continue negotiating this indefinitely.

- As to authentication/foundation, if defendants cannot upfront stipulate that the documents they are producing are authentic, we have a larger problem.  Again, I'm not asking you to stipulate outside of that in terms of substantive objections.
  - We are not saying that we will not agree to a stipulation on authentication or foundation, but we think the protective order should focus on confidentiality and privilege instead of pulling in collateral issues.

- Next, with regard to the highly confidential designation, I see two problems. First, from a big picture perspective, I have been told that the real concern is for the plaintiff to see highly confidential materials.  But then, in this draft, you take her out of the list of people who can see highly confidential materials (see 5(a)).  That's inconsistent and goes back to my position that a separate designation is not necessary.  Second, and more to that point, Josh and I discussed 2 discrete categories of documents (certain specific financial documents; trade secrets regarding coding on the game) that would be highly confidential and to which I agreed, but the language here is overbroad and in fact duplicative of that already in the confidential designation (ex. future business, financial info).  We then discussed a catch-all provision, which is already in 10(b), that you could raise the issue of a higher confidentiality designation with us if you ran across something further you feel should be so designated.  None of these specifics are reflected in the draft.
  - On our call, I explained that there are certain categories of documents that we already know are going to be an issue and there may be others that turn up in the future, and that is why we need two tiers (one which we modified to permit non-lawyers see (Confidential Information), and another that only will be seen by lawyers/experts (Highly Confidential Information)).  As I indicated, we don't intend to over-designate, but we need a category of confidentiality that nonlawyers are not permitted to see.

- Re 3(iii), that doesn't make sense as written.  I think the designation is to each specific response, and not that a whole page gets designated because one response is confidential.
  - The whole page is not being designated.  As the provision says, counsel must include a statement within the answers/ responses specifying what parts are designated as confidential.  This statement is what governs what content is designated confidential.  The "confidential" or "highly confidential" notice that

1

goes on the legend of the page just serves as a precaution to notify the recipient that the page contains confidential information.

- Re 4(h), I won't agree that defendants get to decide.  I will agree that we get to decide in good faith.
  - This does not say that defendants get to decide. It goes both ways. The Party wishing to disclose confidential information to another person not contemplated by the protective order needs to get permission from the Party whose confidential information it wants to disclose.

- Re 4(i), I think you mean to refer to 5(b)
  - We have corrected this in the attached.

- Re 5(b), the two sentences seem inconsistent and I'm not sure of your intent.  I will not agree to a limitation where you can do something but we cannot.
  - Again, this provision applies to both parties equally. The sentences read together permit each Party to disclose arguments or materials *based on* highly confidential documents to mock jurors, but not the original, as-produced highly confidential documents.

- Re 6(b), that last sentence is a non-starter.  I won't agree to any limitation on rendering advice to the client.
  - This is just saying that you can't disclose highly confidential information from the client.  As we discussed, highly confidential information will only be available to the parties' lawyers.  This last sentence ensures that attorneys do not make an end run around a highly confidential designation by verbally sharing the document's contents but not showing the client the physical document.

- Re 8(a), you list 4(h) twice.  Please clarify.
  - This is corrected in the attached. One of these should be 4(i).

- Re 10(c), its overbroad and I'm unsure of the point.  It seems to exempt you from spoliation discovery, which I will never agree to.
  - I'm not sure what about this is overbroad. It does not exempt anyone from spoliation discovery. The point is that the parties must make privilege logs tracking any materials withheld or redacted on privilege or immunity grounds, and that efforts to preserve information for the case are exempt from discovery as work product.

- Re 10(d), this indicates you can mark an entire email chain as privileged because one piece of it, or one response within the chain, is privileged in your opinion.   If you believe part of an email should be redacted, or you believe an email in a chain should be privileged, you can log those.  But your way of doing it is a non-starter and can be used to conceal information.
  - This provision is not about what can be marked confidential or withheld. It is about how privileged emails are logged on a privilege log.

- Re 11(b), there are no deadlines for a response to the challenge and a meet and confer.  7 days to respond and 7 days to meet and confer following the response, unless otherwise agreed by the parties.
  - We have revised 11(b) in the attached to reflect these deadlines.

- Re 14, it should be at our option, not yours, including to destroy, as that is more efficient.  If its at your option, then you have to pay for the gathering and return of documents on an hourly basis with no right to object to the charges billed to you and payment must be received within 5 days of the invoice.  Please let me know.
  - We will not agree that your client gets to decide what to do with our client's confidential information once the case is over.

- Re 16(b), the producing party needs to make the motion to protect its documents and also it should be noted the producing party has the burden of proof

> - What is typically done is that the parties meet-and-confer.  If they don't reach agreement, the party seeking to de-designate brings a motion, and the producing party explains why the designation is proper.

- Re 18, I have no idea what the sentence starting with Specifically means.  Also, last sentence needs changed to Confidential, not Highly Confidential.
  - The sentence starting with "Specifically" is saying that when Party A gives notice that a non-party subpoena issued by Party B is likely to yield confidential information in which Party A has a proprietary interest, Party B must notify Party A when the subpoenaed person supplies documents.  With regard to the last sentence, the point of the documents being treated as Highly Confidential until the Party giving notice can inspect and properly designate the documents is to ensure there is an interim period for the parties to work out the confidentiality.  It avoids a situation where documents are shared before the Party giving notice has a chance to review, and then realizes upon review that the documents need to be marked Highly Confidential.

Best regards,

Josh

_____

**Joshua L. Simmons**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900

joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

---

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Wednesday, November 14, 2018 10:44 AM
**To:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

I have reviewed your draft and there are many remaining issues, some of which I don't believe were in the prior drafts, and also, don't accurately reflect our discussions including the recent discussion with Josh.  I don't understand why this continues to be one-sided and laden with so many traps on our end when I'm trying to do you a favor to protect your confidential information.  These tactics have been the cause of significant delay.  I reserve my right to take the position that nothing is confidential if we continue along this path.

As to authentication/foundation, if defendants cannot upfront stipulate that the documents they are producing are authentic, we have a larger problem.  Again, I'm not asking you to stipulate outside of that in terms of substantive objections.

Next, with regard to the highly confidential designation, I see two problems.  First, from a big picture perspective, I have been told that the real concern is for the plaintiff to see highly confidential materials.  But then, in this draft, you take her out of the list of people who can see highly confidential materials (see 5(a)).  That's inconsistent and goes back to my

position that a separate designation is not necessary.  Second, and more to that point, Josh and I discussed 2 discrete categories of documents (certain specific financial documents; trade secrets regarding coding on the game) that would be highly confidential and to which I agreed, but the language here is overbroad and in fact duplicative of that already in the confidential designation (ex. future business, financial info).  We then discussed a catch-all provision, which is already in 10(b), that you could raise the issue of a higher confidentiality designation with us if you ran across something further you feel should be so designated.  None of these specifics are reflected in the draft.

Re 3(iii), that doesn't make sense as written.  I think the designation is to each specific response, and not that a whole page gets designated because one response is confidential.

Re 4(h), I won't agree that defendants get to decide.  I will agree that we get to decide in good faith.

Re 4(i), I think you mean to refer to 5(b)

Re 5(b), the two sentences seem inconsistent and I'm not sure of your intent.  I will not agree to a limitation where you can do something but we cannot.

Re 6(b), that last sentence is a non-starter.  I won't agree to any limitation on rendering advice to the client.

Re 8(a), you list 4(h) twice.  Please clarify.

Re 10(c), its overbroad and I'm unsure of the point.  It seems to exempt you from spoliation discovery, which I will never agree to.

Re 10(d), this indicates you can mark an entire email chain as privileged because one piece of it, or one response within the chain, is privileged in your opinion.  If you believe part of an email should be redacted, or you believe an email in a chain should be privileged, you can log those.  But your way of doing it is a non-starter and can be used to conceal information.

Re 11(b), there are no deadlines for a response to the challenge and a meet and confer.  7 days to respond and 7 days to meet and confer following the response, unless otherwise agreed by the parties.

Re 14, it should be at our option, not yours, including to destroy, as that is more efficient.  If its at your option, then you have to pay for the gathering and return of documents on an hourly basis with no right to object to the charges billed to you and payment must be received within 5 days of the invoice.  Please let me know.

Re 16(b), the producing party needs to make the motion to protect its documents and also it should be noted the producing party has the burden of proof

Re 18, I have no idea what the sentence starting with Specifically means.  Also, last sentence needs changed to Confidential, not Highly Confidential.

Thank you, Seth

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Sent:** Tuesday, November 13, 2018 1:22 PM
**To:** Seth Crompton <scrompton@allfela.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth,

Please find attached a revised proposed protective order.  The redline shows the changes we made to the last version based on the matters you and Josh discussed on Friday.

With respect to the question of the procedure for filing documents under seal, we spoke with the Clerk's office today, and the Clerk indicated that leave of the Court is necessary to file any documents under seal.  The documents sought to be filed under seal should be emailed directly to Chambers for review.  This information is incorporated into the attached draft.  Moreover, the Clerk indicated that there is no set procedure for the return of documents filed under seal, so we removed that provision.

In addition, we considered your proposed provision regarding authenticity/ foundation.  We did not include the provision in the draft, however, as we think it would make more sense to revisit this once we see the documents that are actually produced.

Please let me know if you have any other comments. If not, we will run this new version by our client and then get it on file with the Court.

Best regards,

Chrissy

**Chrissy Milanese***

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T**  +1 212 390 4555
**F**  +1 212 446 4900

chrissy.milanese@kirkland.com

JD, Admission Pending

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Friday, November 9, 2018 12:31 PM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman,

Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>

**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Josh,

Thanks for the call.  As to the issue re authenticity/foundation, I would propose something along these lines:

With respect to any Document produced pursuant to this Order, the Parties hereby stipulate to the foundation and authenticity of the Document, but reserve all rights to otherwise object to the use or admissibility of the Document.

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Seth Crompton
**Sent:** Thursday, November 8, 2018 10:34 AM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Please call my cell phone below.

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected

from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

---

**From:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Sent:** Thursday, November 8, 2018 10:31 AM
**To:** Seth Crompton <scrompton@allfela.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth,

That works for me.  I'll call you then.

Josh

_____

**Joshua L. Simmons**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900

joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

---

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Thursday, November 8, 2018 10:42 AM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

How about tomorrow at 1145 eastern/1045 central?

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email

communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111. This email is confidential work product of the firm. It is protected from interception and unintended use by federal law. If you received this email in error, you are required to promptly return it to scrompton@allfela.com. Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Sent:** Thursday, November 8, 2018 9:37 AM
**To:** Seth Crompton <scrompton@allfela.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth — Give me a time for a call, and I am happy to discuss that with you.

Best regards,

Josh

_____

Joshua L. Simmons

KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900

joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Thursday, November 8, 2018 10:34 AM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

What specifically are those documents you are concerned with?

And those procedures are always met with difficulty and obstruction. Its always far more problematic than it initially appears.

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com

Email: scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Sent:** Thursday, November 8, 2018 9:30 AM
**To:** Seth Crompton <scrompton@allfela.com>
**Cc:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; Milanese, Chrissy <chrissy.milanese@kirkland.com>; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth,

Let's find a time to discuss today (I'm free after 4 p.m. Eastern) or tomorrow.  If we can find a compromise, I'd like to do that, but it is typical that there are some confidential documents that non-lawyers are not permitted to review, and the draft PO already has procedures in place if you feel something is mis-designated.

Best regards,

Josh

_____

**Joshua L. Simmons**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900

joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Thursday, November 8, 2018 10:25 AM
**To:** Milanese, Chrissy <chrissy.milanese@kirkland.com>; Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

I'll look at the other issues you raise, but for the bigger picture, I'm not going to agree to a highly confidential v. confidential divide.  Again the documents are confidential or not.  This distinction is only used to obstruct us in preparing our case and who can see what information, and I cannot control what is designated so that lays all of the problem on my lap.  Please remove the distinction and resend without it and I'll review.

R. Seth Crompton, Sr.

Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Sent:** Wednesday, November 7, 2018 9:17 AM
**To:** Seth Crompton <scrompton@allfela.com>; Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth,

We looked at your comments and put together the attached revised protective order.  The redline shows changes against the last version we sent.

As you'll see, we have revised the order to give your client access to confidential information.  Because nonlawyers are not generally given access to sensitive financial information or other highly sensitive materials, however, we reinstated the two tier system.  We think this is a workable method for balancing our client's interest in confidentiality with your stated goals.

Please let us know if you have any additional comments or would like to discuss any changes.  Once we hear back from you, we will run the new draft by our client.  We would like to get this to the Court so that we can produce the confidential information your client seeks.

Best regards,

Chrissy

**Chrissy Milanese***

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T**  +1 212 390 4555
**F**  +1 212 446 4900

chrissy.milanese@kirkland.com

JD, Admission Pending

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Monday, November 5, 2018 10:26 AM
**To:** Milanese, Chrissy <chrissy.milanese@kirkland.com>; Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Responses in <span style="color:red">red</span> below

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

**From:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Sent:** Thursday, November 1, 2018 5:43 PM
**To:** Seth Crompton <scrompton@allfela.com>; Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Seth,

I reviewed your proposed changes.  Before I talk to the team, would you mind providing some clarity on the following points?

- In Paragraph 2(a), you replaced the phrase "including without limitation" with the word "specifically" and deleted the phrase "any other discovery materials." Is there a reason you do not want to include these? We tried to keep this flexible given that we are dealing with video games, which sometimes involve materials that are out of the norm. <span style="color:red">Correct, the proposed protective order is vastly overbroad, burdensome, and completely one sided.  It's the equivalent of me taking the position that no protective order should entered.  The only thing that should be protected are true trade secrets and financial information not shared with third parties other than lawyers/accounts.  But as drafted it's a catch all to mark everything.  And since we are talking about video games here, its not like the designer has some magic formula that no one has figured out.  If there is a concern that some unsuspected document or piece of information comes up that defendants don't already know about, then there is a provision you put in at the bottom to deal with that should it arise on a case by case basis.</span>

- With regard to new Paragraph 4(f)—which concerns the ability of fact witnesses to access confidential information—can you explain your reasoning for deleting the second clause of the sentence that makes such access permissible "when reasonably necessary for the purpose of trial preparation, factual investigation, or discovery?"  Why would a fact witness need access to the parties' confidential information other than for trial preparation, factual investigation, and discovery? Because you are creating a burden that doesn't exist in the law.

- In new Paragraph 5(a), you deleted the phrase "other than the Producing Party" so that the Paragraph now prevents a Producing Party from using its own confidential information.  We assume that was not what you intended.  I have the same question with regard to the sentence deleted at the end of new Paragraph 6 ("Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.").  I don't understand what you are trying to accomplish and it seems unnecessary.

- I see that you deleted the first Paragraph under new Section 8—which concerned procedure for filing confidential documents under seal—but you left in the Paragraph concerning redacting confidential information in filings (new Paragraph 8(a)).  What method or procedure do you have in mind for the inclusion of confidential information in court filings?  That should have been deleted also

- The new Paragraph 8(b) that you inserted enables parties to use confidential materials at hearings, proceedings, and in any Court filings without protecting the disclosures.  My concern is that if a party has supplied confidential information, but that information can be freely discussed at hearings or included in filings, it could lead to public disclosure. What are you envisioning as a means of avoiding such public disclosure?  I have the same question with regard to former Paragraph 9(h), which you deleted. You can ask the court to seal portions of the record, but this PO is not going to be used as a method to restrict our use of evidence.

- Can you explain why you deleted former Paragraph 10(a) regarding the preservation of rights and privileges? Its unnecessary.  And that reminds me, I forgot to add in that defendants shall waive any objection to foundation and authentication for any document produced under this order.

- For new Paragraph 10(f) concerning privilege and redaction logs, I see that you deleted all claims beyond privilege and immunity. What is the reason for removing "or any similar claim?" Because its an unnecessary catch all that I can't even anticipate how it may be used, we need specifics.

- Can you explain why you deleted former Section 18? The purpose of this Section was that if someone is subpoenaed or otherwise provides information for the case, a protective order will already be in place to protect that person's documents.  This likely will speed up production and depositions for the parties. It needs reworked to be consistent with the other provisions above regarding people who can use it; also you put in a good faith standard that doesn't exist in the law.  Plus, it implies to me that if a non-party doesn't agree to this order to which they were not a party in drafting, then there is a restriction on what they can see, produce, etc, and I'm not going to agree to that.  I'm happy to rework it with you.

Once I get your responses, I will discuss with the team and our clients, and we can see where we are.

Best regards,

Chrissy

**Chrissy Milanese***

──────────────────────────────

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T**  +1 212 390 4555
**F**  +1 212 446 4900

──────────────────────────────

chrissy.milanese@kirkland.com

JD, Admission Pending

---

**From:** Seth Crompton <scrompton@allfela.com>
**Sent:** Thursday, November 1, 2018 12:32 PM
**To:** Milanese, Chrissy <chrissy.milanese@kirkland.com>; Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Chrissy,

This is well beyond the standing PO in the ND IL which I think the court would look to.  That said, I'm happy to work off yours, but as you know, its one-sided and prejudicial to us in numerous respects, and I'm never going to agree to tiers of confidentiality (its either confidential or not), nor a general, broad, unspecified swath of documents.  Please see my redlines. I'm available to confer next week.

Thank you, Seth

R. Seth Crompton, Sr.
Partner
Holland Law Firm
Direct Dial: (314) 244-2014
Cell: (618) 559-5111
Office:  (314) 241-8111
Fax:  (314) 241-5554

Website:  www.allfela.com
Email:  scrompton@allfela.com

Caution:  The Missouri Bar requires notification that email is not necessarily a secure method of communication.  Email can be intercepted by anyone including an adverse party as it travels through the internet as well as through any network to which a computer may be connected.  This includes the computer on which you are now working.  Although these risks are not, in our opinion, great, we are required to notify you nonetheless.  If you do not consent to the use of email communication, you MUST contact and notify Holland Law Firm immediately at 314-241-8111.  This email is confidential work product of the firm.  It is protected from interception and unintended use by federal law.  If you received this email in error, you are required to promptly return it to scrompton@allfela.com.  Any reproduction, transmission or use of any kind, other than its return, is strictly prohibited and a violation of law.

---

**From:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Sent:** Tuesday, October 30, 2018 5:04 PM
**To:** Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; Seth Crompton <scrompton@allfela.com>; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; Tracey Blasa <tblasa@allfela.com>; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Tony,

Attached please find the draft protective order.  Please let us know whether it is okay to submit this to the Court.  In addition, if you can get back to us on Josh's other questions below, that would be great.

Thank you,

Chrissy

**Chrissy Milanese***

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 390 4555
**F** +1 212 446 4900

chrissy.milanese@kirkland.com

JD, Admission Pending

**From:** Simmons, Joshua L.
**Sent:** Friday, October 26, 2018 1:00 PM
**To:** Simon, Anthony G. <ASimon@simonlawpc.com>
**Cc:** Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; scrompton@allfela.com; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; tblasa@allfela.com; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Dear Tony,

We should have a draft of the protective order to you soon.  In the meantime, we have reviewed Plaintiff's responses to Take-Two's discovery requests, and it appears that we are missing some information.  For the requests for production, did you search Ms. Alexander's email for responsive documents?  We have Plaintiff's copyright applications, but we do not have any emails or other communications that would be responsive to the requests.

In addition, we had these questions with regard to Plaintiff's responses document request responses.  Can you provide some clarification?

1.  Plaintiff's interrogatory responses indicate that she would sketch tattoo designs that Mr. Orton described.  Plaintiff has provided a few sketches of what appear to be contemplated tattoo designs for Mr. Orton, but not that tattoos that were ultimately inked onto him.  Do you have copies of any sketches that were inked onto Mr. Orton? These would be responsive to Request No. 1 ("All DOCUMENTS CONCERNING the ASSERTED WORKS.)" and Request No. 4 ("All DOCUMENTS CONCERNING the conception, creation, and development of the ASSERTED WORKS.").

2.  Request No. 1 requests "all DOCUMENTS CONCERNING the ASSERTED WORKS."  Plaintiff responded that she has already "produced all relevant, non-objectionable documents that are responsive to this Request in her possession" and "is not withholding any documents at this time."  Can you confirm that Plaintiff has no documents concerning the tattoos other than her Copyright Office applications at ALEXANDER 000001–ALEXANDER000029 and the handful of miscellaneous documents at ALEXANDER000035–ALEXANDER000050? We want to confirm that she does not have emails, social media postings, written notes, other sketches, images, or anything else.

3.  Request No. 19 requests "all DOCUMENTS CONCERNING statements made by RANDY ORTON concerning his tattoos." Relatedly, Request No. 20 seeks "All DOCUMENTS CONCERNING statements made by PLAINTIFF CONCERNING RANDY ORTON's tattoos," and Request No. 33 seeks "All DOCUMENTS CONCERNING public statements or press coverage related to the ASSERTED WORKS."

    For each of these, Plaintiff indicates that she "is not withholding documents at this time," but she has only produced one publicly available video (ALEXANDER000050) relating to these Requests.  Does Plaintiff have any

written communications with Mr. Orton (or anyone else) regarding the tattoos, their design, or follow up communications? Has she made any statements on her social media pages or on a website regarding Mr. Orton's tattoos? Does she have documents showing statements made by others about Mr. Orton's tattoos?

4.   Request No. 5 requests "all DOCUMENTS CONCERNING any meaning behind the ASSERTED WORKS, including without limitation DOCUMENTS sufficient to show any personal significance of the ASSERTED WORKS to RANDY ORTON." Request No. 6 requests "all DOCUMENTS CONCERNING the purpose for which the ASSERTED WORKS were created."

For these Requests, Plaintiff responded that all of her conversations with Mr. Orton were verbal and she "is not withholding any documents at this time."  Can you confirm that Plaintiff has never written anything down, posted anything on a website or social media, or made any written communications regarding the personal significance or purpose behind Mr. Orton's tattoos?

5.   Request No. 7 seeks "all DOCUMENTS CONCERNING source material for the ASSERTED WORKS."  Relatedly, Request No. 8 seeks "all DOCUMENTS CONCERNING any pre-existing works used to create the ASSERTED WORKS, including without limitation any tattoo flash," and Request 9  seeks "all DOCUMENTS CONCERNING anything reviewed or considered in creating the ASSERTED WORKS."  Plaintiff's response referred Defendants to five photographs depicting possible additions to Mr. Orton's preexisting tattoos. Can you confirm that there are no other images, sketches, other tattoos, flash or any other materials Plaintiff looked at for Mr. Orton's tattoos?

Relatedly, in the response to Request No. 15 ("All DOCUMENTS CONCERNING PLAINTIFF's authorization to use any source materials or pre-existing works used to create the ASSERTED WORKS."), Plaintiff indicates that "no source materials were used" to create Mr. Orton's tattoos, but elsewhere she states that she used a written note of the Bible verse Mr. Orton wanted and pre-existing tattoos on Mr. Orton's upper back.  Can you please reconcile these conflicting assertions?

6.   Request No. 11 requests "all DOCUMENTS CONCERNING what transpired at the sessions where the ASSERTED WORKS were tattooed on RANDY ORTON, including without limitation DOCUMENTS sufficient to show (a) what PERSONS were present at those sessions, (b) when those sessions took place, (c) where those sessions took place, (d) any contracts or waivers RANDY ORTON signed in connection with getting tattooed, and (e) any documents exchanged, shown, or posted at those sessions."  Relatedly, Request No. 12 requests "all DOCUMENTS CONCERNING any employer or studio at which YOU worked at the time that YOU inked any tattoo (including without limitation the ASSERTED WORKS) on RANDY ORTON," and Request No. 13 seeks "all DOCUMENTS CONCERNING agreements, whether oral or written, between YOU and any employer or studio at which YOU worked at the time the ASSERTED WORKS were created."  Plaintiff responded that she "is not withholding documents at this time."

Can you confirm that Plaintiff had no written agreements with any tattoo parlor where she worked at the time that Mr. Orton's tattoos were inked, and that Mr. Orton was not required to sign any contract, waiver, or other paperwork for the tattoos?

7.   Request No. 14 seeks "all DOCUMENTS CONCERNING YOUR portfolio of other tattoos or artwork." Plaintiff indicates that she is not withholding documents, but we have not received any documents responsive to this Request.  To clarify, does this mean that Plaintiff does not have any sort of portfolio, book, or file (physical or electronic) showing tattoos she has done?

8.   Request No. 17 requests "all DOCUMENTS CONCERNING the ASSERTED WORKS' applications for registration with the United States Copyright Office, including without limitation all DOCUMENTS RELATING TO COMMUNICATIONS between any PERSON and the Copyright Office CONCERNING the ASSERTED WORKS."  Plaintiff responds that she has produced such documents at ALEXANDER000001–ALEXANDER000034, but these are only her applications. Can you confirm that there have been no communications with the

Copyright Office relating to Plaintiff's copyright applications? Any correspondence or decisions from the Copyright Office would be relevant to this Request.

9.   Request No. 22 requests "all DOCUMENTS RELATING TO COMMUNICATIONS with RANDY ORTON CONCERNING intellectual property rights, including without limitation copyrights or rights of publicity." Plaintiff responded that she "is not withholding any documents." Can you confirm that this means that she does not have any sort of communication with Mr. Orton (email, social media messages, or otherwise) regarding legal rights to the tattoos?

10.   Request No. 27 seeks "all DOCUMENTS CONCERNING the ACCUSED PRODUCTS." Can you confirm that Plaintiff's response that she "is not withholding any documents" means that she does not have any documents regarding the *WWE 2K* games, including emails or statements written on social media?

11.   Request No. 35 seeks "all DOCUMENTS CONCERNING the market for the ASSERTED WORKS, whether actual or potential." Plaintiff's response indicates that she "is not withholding any documents" regarding her marketing of Mr. Orton's tattoos. Can you confirm that Plaintiff has never posted pictures of the tattoos online or elsewhere as a means of attracting new clients?

12.   Request No. 37 requests "all DOCUMENTS CONCERNING any time PLAINTIFF has designed a tattoo for any purpose other than inking the tattoo on a PERSON." Plaintiff's response indicates that she had an agreement with a Ben & Jerry's in Key West to display a tattoo design on t-shirts, but she "is not withholding any documents at this time." Am I correct in understanding from Plaintiff's statement that she "is not withholding any documents at this time" that there are no documents related to this arrangement, such as written agreements, emails, or photos?

Also, Request No. 36 seeks "all DOCUMENTS CONCERNING merchandise depicting the ASSERTED WORKS." Plaintiff responded that she is not withholding any documents. Read in conjunction with Plaintiff's response to Request No. 37, can you confirm that the Ben & Jerry's t-shirt did not depict one of Mr. Orton's tattoos?

13.   Request No. 39 requests "all DOCUMENTS CONCERNING any potential licenses or agreements—whether oral, written or implied—contemplated CONCERNING the ASSERTED WORKS, including without limitation any negotiation of such." Request No. 40 seeks "all DOCUMENTS CONCERNING any licenses or agreements—whether oral, written or implied—entered into CONCERNING tattoos other than the ASSERTED WORKS, including without limitation any negotiation of such." Relatedly, Request No. 41 requests "all DOCUMENTS CONCERNING any potential licenses or agreements—whether oral, written or implied—contemplated CONCERNING  tattoos other than the ASSERTED WORKS, including without limitation any negotiation of such." Request No. 42 requests "all DOCUMENTS CONCERNING any potential licenses or agreements—whether oral, written or implied—entered between PLAINTIFF and any PERSON tattooed by PLAINTIFF RELATING TO that PERSON's ability to appear with his or her tattoos in any media, including without limitation photographs, television appearances, magazines, video games, or advertisements." Request No. 43 requests "all DOCUMENTS CONCERNING any potential licenses or agreements—whether oral, written or implied—contemplated between PLAINTIFF and any PERSON tattooed by PLAINTIFF RELATING TO that PERSON's ability to appear with his or her tattoos in any media, including without limitation photographs, television appearances, magazines, video games, or advertisements."

Plaintiff responds to each of these Requests that she "is not withholding any documents." Can you confirm that she has no written communications, agreements, drafts of agreements, offers that she either made or received, or other documents that could show her licensing efforts?

14.   Request No. 47 requests "all DOCUMENTS CONCERNING revenues received by PLAINTIFF RELATING TO the ASSERTED WORKS, including without limitation any revenues from the licensing of the ASSERTED WORKS."), 48 ("All DOCUMENTS CONCERNING revenues received by PLAINTIFF from any kind of exploitation of any tattoo

design."  Relatedly, Request No. 49 requests "all DOCUMENTS CONCERNING revenues received by PLAINTIFF from the depiction of the ASSERTED WORKS on RANDY ORTON in any media or on any products, including without limitation photographs, television appearances, magazines, video games, advertisements, t-shirts, or merchandise." Request No. 50 requests "all DOCUMENTS CONCERNING revenues received by PLAINTIFF from the depiction of any tattoo on the PERSON inked with such tattoo in any media or on any products, including without limitation photographs, television appearances, magazines, video games, advertisements, t-shirts, or merchandise;" and Request No. 51 requests "all DOCUMENTS CONCERNING revenues received by PLAINTIFF from the use of the ASSERTED WORKS in video games."  Lastly, Request No. 52 requests "all DOCUMENTS CONCERNING revenues received by PLAINTIFF from the use of any tattoo inked or designed by PLAINTIFF in video games."

Plaintiff responded that she "is not withholding any documents." Can you confirm that Plaintiff does not have any financial statements or payment agreements that would show such revenues? If not, does her response mean that she does not have any financial statements showing revenue from exploitation of tattoos?

15. Request No. 55 requests "all DOCUMENTS CONCERNING PLAINTIFF's efforts to enforce intellectual property rights in the ASSERTED WORKS." and Request No. 56 requests "all DOCUMENTS CONCERNING PLAINTIFF's efforts to enforce intellectual property rights in tattoos other than the ASSERTED WORKS."  Plaintiff responds that she "is not withholding any documents at this time."  Can you confirm that Plaintiff has never made any communication, even an email or social media message, to another person regarding that person's use of her tattoo designs?

16. Request No. 60 seeks "all DOCUMENTS upon which PLAINTIFF intends to rely in connection with this LITIGATION."  Plaintiff responds by pointing to "the pleadings in this matter and copyright applications previously produced at ALEXANDER000001–ALEXANDER000034. Can you confirm that Plaintiff does not intend to rely upon any other documents in this case?  Relatedly, Request No. 63 requests "all DOCUMENTS CONCERNING any damage suffered by PLAINTIFF as a result of the ACCUSED PRODUCTS," Request No. 64 seeks "all DOCUMENTS CONCERNING any potential revenues lost by PLAINTIFF as a result of the ACCUSED PRODUCTS," and Request No. 65 seeks "all DOCUMENTS CONCERNING any irreparable harm suffered by PLAINTIFF as a result of the ACCUSED PRODUCTS."  Lastly, Request No. 75 requests "all DOCUMENTS CONCERNING the allegation in Paragraph 89 of the COMPLAINT that DEFENDANTS have 'caused and will continue to cause irreparable injury to Plaintiff.'"

For each of these Requests, Plaintiff indicates that she is "not withholding any documents." Can you confirm that Plaintiff has no documentation of any damages or harm?

17. Request No. 62 requests "all DOCUMENTS CONCERNING COMMUNICATIONS with any party to any lawsuit against DEFENDANTS other than this LITIGATION, including without limitation other tattooists."  Plaintiff responds that she "is not withholding any documents."  Can you confirm that Plaintiff has no communications with other tattooists or individuals regarding use of tattoos in video games?

18. Request No. 72 seeks "all DOCUMENTS CONCERNING the allegation in Paragraph 77 of the COMPLAINT that 'Defendants knew or should have known that the plaintiff owned the copyrights' in the ASSERTED WORKS," and No. 73 seeks "all DOCUMENTS CONCERNING the allegation in Paragraph 87 of the COMPLAINT that 'Defendants knew or should have known that their conduct infringed Plaintiff's copyrights and are thereby liable for willful infringement.'"  Plaintiff responds that she "is not withholding responsive documents," but are there any items (maybe something she read or something communicated to her from another person) that formed the basis for this allegation?

Best regards,

Josh

_____

**Joshua L. Simmons**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900

joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

---

**From:** Simon, Anthony G. <ASimon@simonlawpc.com>
**Sent:** Tuesday, October 16, 2018 2:18 PM
**To:** Milanese, Chrissy <chrissy.milanese@kirkland.com>
**Cc:** Dillon, Erika <erika.dillon@kirkland.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>; scrompton@allfela.com; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com; mnester@drnpc.com; tblasa@allfela.com; Roseman, Carrie L. <CRoseman@simonlawpc.com>; MBranum@drnpc.com; #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** Re: [External] RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

You can as it is your info.   Thx

**Anthony Simon** | Attorney
THE SIMON LAW FIRM, P.C.
*Experience. Dedication. Results.*
800 Market St. Ste. 1700 | St. Louis, MO 63101
(314) 241-2929 |  asimon@simonlawpc.com

On Oct 16, 2018, at 12:54 PM, Milanese, Chrissy <chrissy.milanese@kirkland.com> wrote:

> Hi Tony,
>
> As indicated in our Responses, there needs to be a protective order in place before we produce confidential information.  Do you want to take the lead in drafting that, or should we?
>
> Thank you,
> Chrissy
>
> **Chrissy Milanese***
>
> **KIRKLAND & ELLIS LLP**
> 601 Lexington Avenue, New York, NY 10022
> **T**  +1 212 390 4555
> **F**  +1 212 446 4900
>
> chrissy.milanese@kirkland.com
>
> JD, Admission Pending

---

**From:** Simon, Anthony G. <ASimon@simonlawpc.com>
**Sent:** Monday, October 15, 2018 6:34 PM
**To:** Dillon, Erika <erika.dillon@kirkland.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>; Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>;

scrompton@allfela.com; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com;
mnester@drnpc.com; tblasa@allfela.com; Roseman, Carrie L. <CRoseman@simonlawpc.com>;
MBranum@drnpc.com
**Cc:** #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** RE: ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production Volume

Thanks please provide an estimate as to when production will be complete

<image002.png>

<image003.jpg><image005.png>

---

**From:** Dillon, Erika [mailto:erika.dillon@kirkland.com]
**Sent:** Monday, October 15, 2018 5:21 PM
**To:** Simon, Anthony G. <ASimon@simonlawpc.com>; Askew, Benjamin R. <BAskew@simonlawpc.com>;
Friedman, Anthony R. <afriedman@simonlawpc.com>; IPTeam <IPTeam@simonlawpc.com>;
scrompton@allfela.com; Jerry.McDevitt@klgates.com; Curtis.Krasik@klgates.com;
mnester@drnpc.com; tblasa@allfela.com; Roseman, Carrie L. <CRoseman@simonlawpc.com>;
MBranum@drnpc.com
**Cc:** #Alexander-TakeTwo <AlexanderTakeTwo@kirkland.com>
**Subject:** [External] ILSD - 3:18-cv-00966-MJR-DGW Alexander v. Take-Two et al. - Service - Production
Volume

Counsel,

Please see the attached correspondence. You will receive email notification linking you to the
production shortly.

Thank you,

**Erika Dillon**
Paralegal II

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3495
**F** +1 212 446 4900

erika.dillon@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

NOTICE: This message and any attachments sent with it may contain confidential and/or privileged information. If you received this email and are not the intended recipient, notify us at (314) 241-2929 and destroy this email. Email is not a secure method of communication because it can be copied by computers or intercepted by others. Notify us if you wish to receive communications in another manner.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

NOTICE: This message and any attachments sent with it may contain confidential and/or privileged information. If you received this email and are not the intended recipient, notify us at (314) 241-2929 and destroy this email. Email is not a secure method of communication because it can be copied by computers or intercepted by others. Notify us if you wish to receive communications in another manner.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in: Security, archiving and compliance. To find out more Click Here.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of

this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.