IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no: 3:18-CV-966 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TAKE-TWO INTERACTIVE SOFTWARE, INC.; ) | |
| 2K GAMES, INC.; 2K SPORTS INC.; ) | |
| WORLD WRESTLING ENTERTAINMENT, ) | |
| INC.; VISUAL CONCEPTS ENTERTAINMENT; ) | |
| YUKE'S CO., LTD.; and YUKE'S LA INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM YUKE'S CO., LTD, YUKE'S LA INC., WORLD WRESTLING ENTERTAINMENT, INC.**

Defendants, World Wrestling Entertainment, Inc. ("WWE"), Yuke's Co., and Yuke's LA ("Yuke's") continue to withhold responsive and relevant documents on a variety of topics. According to Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Defendants' responses to Plaintiff's Request for Admissions ("RFAs"), Requests for Production ("RFPs"), and Interrogatories ("ROGs") are deficient and consist only of baseless objections.

Defendants contend sufficient responses to Plaintiffs' RFAs, RFPs, and ROGs are unnecessary given the pending Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 92; 90). However, "The burden is upon the objecting party to show why a discovery request is improper." *Rubin v. Islamic Republic of Iran,* 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). Defendants have not met this burden. Each RFA, RFP, and ROG is relevant to Plaintiff's claim of copyright infringement and therefore, Defendants are required to respond appropriately.

1

Defendants contend they are automatically exempt from responding to discovery requests until this Court decides on the Motion to Dismiss. This is not the law. In addition, Defendants cite no rule or case that indicates a Motion to Stay Discovery (Doc. 79) should automatically be granted where there is a jurisdictional question, instead courts should reason if a stay of all discovery is warranted on a "case-by-case analysis" *Hachette Distribution, Inc. v. Hudson Cty. News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *Our Lady of Bellefonte Hosp. v. Ashland GI Servs., LLC,* No. 11 C 6833, 2012 WL 787199, at *3 (N.D. Ill. Mar. 9, 2012) (court grants Plaintiff's motion to compel discovery where it finds Defendant's personal jurisdiction challenge unsuccessful).

Defendants rely on *Lowe v. CVS Pharm., Inc.*, 233 F. Supp. 3d 636, 642 (N.D. Ill. 2017) ("Defendants denied Plaintiffs' jurisdictional allegations but nevertheless participated in this litigation through extensive discovery….Accordingly, Defendants' participation in this case constitutes waiver by conduct.") in support of their Motion to Stay Discovery. However, Defendants left out an important aspect of *Lowe v. CVS Pharm., Inc.,* there, the Defendants waited almost two years to file their motion to dismiss and participated in extensive discovery during that two year time period. *Id*. at 641. This present case is distinguishable. Defendants have already filed their motions to dismiss (Doc. 89; 91), therefore, Defendants only delay the overall litigation process by delaying their discovery responses.

Even if Defendant's Motion to Dismiss were granted, it would not resolve this case as there are other defendants. A denial to compel this discovery request from WWE and Yuke's would create unnecessary delays and potentially burden the other defendants with duplicative work. Given the nature of the Plaintiff's claim and the relationship between the Defendants, WWE and Yuke's would still receive non-party discovery requests in the unlikely event a

dismissal was granted. Despite Plaintiff's willingness to participate in discovery, Defendants continue to object and fail to adequately respond to discovery requests. The inadequacies of Defendants' discovery responses are detailed below and were relayed in a letter sent to Defendants' counsel on November 26, 2018, incorporated in Ex. 1.

**Requests for Production**

On September 14, 2018, Plaintiff served WWE and Yuke's the First Set of RFPs. Defendants' responses to both sets of RFPs 1-24 were entirely deficient. *See* Ex. 2-5. On October 18, 2018, Plaintiffs served WWE and Yuke's a Second Set of RFPs, again, Defendants' response consisted only of objections. Ex. 3; 5. Specifically, WWE incorporated a jurisdictional objection into each answer.

> WWE objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's pending Memoranda of Law in Support of its Motions to Dismiss Plaintiff's First Amended Complaints for Lack of Personal Jurisdiction (Doc. No. 92) and, as such, WWE has moved to stay merits-based discovery against it unless and until the Court denies its pending Motion to Dismiss (Doc. No. 78). See, e.g., Powers v. CSX Transp., Inc., Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.). Ex. 3 at 3.

In response to Plaintiff's request to provide "All documents relating or referring to the Tattoo Works" (RFP 1) WWE objects on the grounds that the request "seeks documents that are not relevant to any party's claim or defense in this case." Ex. 2 at 3. However, the Plaintiff asserts that Defendants' infringed on the Tattooed Work. Therefore, documents relating or referring to the tattoos are relevant to Plaintiff's claim. Yuke's asserts similar objections in their First and Second responses to RFPs. *See* Ex. 4-5. Plaintiff respectfully asks this Court to instruct Defendants to adequately respond to Plaintiffs First and Second RFPs.

**Requests for Admission**

On September 14, 2018, Plaintiff served WWE (Ex. 6; Doc. 70) and Yuke's (Ex. 7; Doc. 71) with a Second set of RFAs. Defendants' RFAs 32-65 (WWE) and RFAs 23-56 (Yuke's) were deficient and included statements such as the following:

> WWE "objects to responding to the Requests on the grounds that the Court lacks personal jurisdiction over it." Ex. 6 at 3;
>
> Yuke's "objects to responding to this Request on the grounds that the Court lacks personal jurisdiction over it." Ex. 7 at 5.

Plaintiff respectfully asks this Court to instruct Defendants to adequately respond to Plaintiffs Second Set of RFAs.

**Interrogatories**

On September 14, 2018, Plaintiff served WWE and Yuke's with a Second Set of Interrogatories. Ex. 8-9. ROGs 5-21 (WWE) and ROGs 4-20 (Yuke's). Again, Defendants did not even attempt to effectively respond to the Interrogatories and only included objections. Examples of some of the objections are noted below.

> Yuke's Entities object to responding to this Interrogatory on the grounds that the Court lacks personal jurisdiction over them and that a motion to stay discovery pending resolution of that issue has been filed in this case (Dkt. No. 78). *See* Ex. 9.
>
> WWE objects to responding to the Interrogatories on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52) and, as such, WWE has moved to stay merits-based discovery against it pending disposition of its Motion to Dismiss (Doc. 78). See, e.g., Powers v. CSX Transp., Inc., Case No. 3:13-cv-295-WDS-DGW, 2013 U.S. LEXIS 107506, at *3 (S.D. Ill. July 30, 2013) (Wilkerson, Mag.). *See* Ex. 8.

Plaintiff respectfully asks this Court to instruct Defendants to adequately respond to Plaintiffs Second Set of ROGs.

**Conclusion**

Defendants' responses to discovery responses are inadequate. Plaintiff respectfully requests that this Court grant her Motion to Compel and order Defendants to provide comprehensive answers and produce all documents responsive to the following discovery requests:

1. **Request for Production**

    a. WWE: Plaintiff's First and Second Sets of Request for Production (Ex. 2-3; 1-24);

    b. Yuke's: Plaintiff's First and Second Sets of Request for Production (Ex. 4-5; 1-24).

2. **Requests for Admission**

    a. WWE: Plaintiff's Second Set of Requests for Admission (Ex. 6, 32-65);

    b. Yuke's: Plaintiff's Second Set of Requests for Admission (Ex. 7, 23-56).

3. **Interrogatories**

    a. WWE: Plaintiff's Second Set of Interrogatories (Ex. 8, 5-21);

    b. Yuke's: Plaintiff's Second Set of Interrogatories (Ex. 9, 4-20).

Dated: November 30, 2018          Respectfully submitted,

*/s/Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 30th day of November, 2018 via electronic mail.

*/s/Anthony G. Simon*