**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K**
**SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S SECOND SET OF**
**REQUESTS FOR ADMISSION TO PLAINTIFF CATHERINE ALEXANDER**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 36,

Defendants Take-Two Interactive Software, Inc. ("Take-Two Interactive"), 2K Games, Inc. ("2K

Games"), 2K Sports, Inc. ("2K Sports"), and Visual Concepts Entertainment ("Visual

Concepts") (collectively, "Take-Two"), hereby request that Plaintiff Catherine Alexander

("Plaintiff" or "You") admit, for the purposes of this action, the truth of the matters set forth

below in writing, and serve such answers upon counsel for Take-Two, no later than thirty (30)

days after service of these Requests for Admission ("Requests" and each a "Request").

1

## GENERAL INSTRUCTIONS

1.      Specify the particular Request to which a response is given.  For the convenience of the Court and counsel, it is asked that a verbatim recitation of each Request be set forth immediately preceding the answer thereto.

2.      A denial shall fairly meet the substance of the requested admission, and when good faith requires that You qualify an answer or deny only part of the matter of which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless your response states that You have made a reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to admit or deny the Request.

3.      All grounds for an objection to a Request shall be stated with specificity.

4.      If any Request is objected to on the grounds of attorney-client privilege or work product, the basis for the objection should be stated in detail to permit adequate review by the Court.

5.      If in responding to these Requests you encounter any ambiguity, You shall set forth the matter deemed ambiguous and the construction You used in responding.

6.      These requests are continuing in nature.  If after answering the Requests, You obtain or become aware of any information or answers that are responsive to these Requests, you shall promptly amend or supplement Your answers to these Requests as required under Federal Rule of Civil Procedure 26(e).

2

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the Requests, the words set forth below shall be defined as follows:

1.     The term "COMMUNICATION" or "COMMUNICATIONS" shall mean any and all forms of contact, whether oral, electronic, or written, formal or informal, direct or indirect, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, or recorded.

2.     The term "DEFENDANTS" shall mean collectively TAKE-TWO, YUKE'S, and WWE.

3.     The term "DOCUMENT" shall mean any written, printed, typed, recorded or graphic matter, however produced, reproduced or stored, including the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody or control of YOU, including but not limited to contracts, letter agreements, e-mails, electronically stored information, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, all web-based media, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, expense reports, computer printout and other computer readable records, and all drafts or modifications thereof.  Any such DOCUMENT bearing on any sheet or part thereof any marks such as initials, stamped indices,

comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT.

4.      The term "LITIGATION" refers to the lawsuit filed by PLAINTIFF against DEFENDANTS in the United States District Court for the Southern District of Illinois with case number 3:18-cv-966-MJR-DGW.

5.      The term "PERSON" shall mean any natural person, firm, organization, or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association, or otherwise.

6.      The term "PLAINTIFF," "YOU," or "YOUR" refers to Plaintiff Catherine Alexander, as well as her agents, representatives, attorneys, experts, insurers, executors, administrators, and all other PERSONS acting or purporting to act on her behalf.

7.      The term "RANDY ORTON" refers to professional wrestler Randy Orton.

8.      The term "TAKE-TWO" shall mean Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., Visual Concepts Entertainment, and any of their former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or purporting to act on their behalf.

9.      The term "TATTOOS" shall mean each, any, and all works asserted against DEFENDANTS in this LITIGATION, including without limitation those identified by Copyright Office Application Nos. SR 1-6654110382, SR 1-665110274, SR 1-6654110460, SR 1-6654110416, SR 1-6654110348, and SR 1-6654110538.  Each of the TATTOOS is referred to using the term "TATTOO."

10.     The term "*WWE 2K*" shall mean each, any, and all electronic games and other material that PLAINTIFF asserts infringe the TATTOOS, including without limitation *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

11.     The term "YUKE'S" shall mean Defendants Yuke's Co., Ltd. and Yuke's LA, Inc., and any of their former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or purporting to act on their behalf.

12.     The term "WWE" shall mean Defendant World Wrestling Entertainment, Inc. and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other PERSONS acting or purporting to act on its behalf.

13.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any PERSONS, COMMUNICATIONS, or DOCUMENTS which otherwise would not be brought within its scope.

14.     "Any" and "all" are mutually interchangeable and are meant to encompass each other.

15.     The singular includes the plural and vice versa.

16.     The past tense shall be construed to include the present tense and vice versa.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that RANDY ORTON selected the subject matter for each of the ASSERTED

WORKS.

**REQUEST FOR ADMISSION NO. 123:**

Admit that RANDY ORTON selected the colors of ink used for each of the ASSERTED

WORKS.

**REQUEST FOR ADMISSION NO. 124:**

Admit that RANDY ORTON selected the location each of the ASSERTED WORKS

would be inked on his body.

**REQUEST FOR ADMISSION NO. 125:**

Admit that the TATTOO titled "Bible verse design" has personal meaning to RANDY

ORTON.

**REQUEST FOR ADMISSION NO. 126:**

Admit that the TATTOO titled "Dove" has personal meaning to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 127:**

Admit that the TATTOO titled "Rose" has personal meaning to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 128:**

Admit that the TATTOO titled "Skulls" has personal meaning to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 129**:

Admit that the TATTOO titled "Tribal Addition Design" has personal meaning to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 130**:

Admit that the TATTOO titled "Tribal Design" has personal meaning to RANDY ORTON.

**REQUEST FOR ADMISSION NO. 131**:

Admit that YOU have inked tattoos onto PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 132**:

Admit that YOU have inked tattoos incorporating, or consisting of, written text on PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 133**:

Admit that YOU have inked tattoos incorporating, or consisting of, doves on PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 134**:

Admit that YOU have inked tattoos incorporating, or consisting of, roses on PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 135**:

Admit that YOU have inked tattoos incorporating, or consisting of, skulls on PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 136:**

Admit that YOU have inked tattoos incorporating, or consisting of, tribal designs on PERSONS other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 137:**

Admit that clients YOU ink sometimes upload photographs of their tattoos to their social media accounts after YOU ink them.

**REQUEST FOR ADMISSION NO. 138:**

Admit that YOU have never tried to enforce intellectual property rights in tattoos you have inked on any PERSON other than RANDY ORTON.

**REQUEST FOR ADMISSION NO. 139:**

Admit that RANDY ORTON is a professional wrestler.

**REQUEST FOR ADMISSION NO. 140:**

Admit that YOU knew RANDY ORTON was a professional wrestler at the time you inked the ASSERTED WORKS.

**REQUEST FOR ADMISSION NO. 141:**

Admit that the Ben & Jerry's t-shirt purportedly depicting YOUR tattoo design, as described in YOUR response to Take-Two's Request for Production No. 37, did not depict any of the ASSERTED WORKS.

**REQUEST FOR ADMISSION NO. 142:**

Admit that, other than the Ben & Jerry's t-shirt described in YOUR response to Take-Two's Request for Production No. 37, YOU have never designed a tattoo for any purpose other than inking the tattoo on a PERSON.


Dated: December 7, 2018                    Respectfully submitted,

                                           */s/ Dale M. Cendali*
                                           Dale M. Cendali (admitted *pro hac vice*)
                                           Joshua L. Simmons (admitted *pro hac vice*)
                                           Kirkland & Ellis LLP
                                           601 Lexington Avenue
                                           New York, New York 10022
                                           Telephone: (212) 446-4800
                                           dale.cendali@kirkland.com
                                           joshua.simmons@kirkland.com

                                           Michael J. Nester (#02037211)
                                           Donovan Rose Nester P.C.
                                           15 North 1st Street, Suite A
                                           Belleville, Illinois 62220
                                           Telephone: (618) 212-6500
                                           mnester@drnpc.com

                                           *Attorneys for Defendants 2K Games, Inc., 2K*
                                           *Sports, Inc., Take-Two Interactive Software,*
                                           *Inc., and Visual Concepts Entertainment*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing **DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFF CATHERINE ALEXANDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*