**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> TAKE-TWO INTERACTIVE SOFTWARE, INC., ) <br> 2K GAMES, INC.; 2K SPORTS, INC.; WORLD ) <br> WRESTLING ENTERTAINMENT, INC.; ) <br> VISUAL CONCEPTS ENTERTAINMENT; ) <br> YUKE'S CO., LTD.; AND YUKE'S LA INC., ) <br> ) <br> ) <br> Defendants. ) | Case No. 3:18-cv-966-MJR-DGW |

**DEFENDANTS YUKE'S CO., LTD., YUKE'S LA, INC., AND WORLD WRESTLING
ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF CATHERINE
ALEXANDER'S MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to this Court's order dated December 19, 2018 (Dkt. No. 106), Defendants Yuke's Co. Ltd. ("Yuke's"), Yuke's LA, Inc. ("Yuke's LA"), and World Wrestling Entertainment, Inc. ("WWE") (collectively, "Responding Defendants") submit this brief in opposition to Plaintiff Catherine Alexander's ("Plaintiff") Motion to Compel Discovery Responses (Dkt. No. 100) ("Motion to Compel").

**PRELIMINARY STATEMENT**

Plaintiff's Motion to Compel flies in the face of the interests of judicial economy and the orderly litigation of this case. Pending before the Court, in addition to a case-dispositive motion to dismiss for failure to state a claim under Rule 12(b)(6), are Responding Defendants' motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *See* Dkt. Nos. 90, 92. In opposing Responding Defendants' Rule 12(b)(2) motions, Plaintiff requested jurisdictional

1

discovery, including seventy-five requests for admission and ten interrogatories, to which Responding Defendants responded.

After receiving jurisdictional discovery, Plaintiff began issuing requests for non-jurisdictional discovery. As participation in non-jurisdictional discovery could be considered a waiver of Responding Defendants' jurisdictional motions, they moved this Court to stay discovery until the Court has the opportunity to resolve Responding Defendants' case-dispositive motions. *See* Dkt. No. 78. In the interim, the other defendants in this case Take-Two Interactive Software, Inc. ("Take-Two Interactive"), 2K Sports, Inc. ("2K Sports"), 2K Games, Inc. ("2K Games"), and Visual Concepts Entertainment ("Visual Concepts") (collectively, "Take-Two") have diligently engaged in discovery, responding to multiple sets of interrogatories, answering 144 requests for admission, and producing over 1,290 pages of documents and over sixty-two minutes of audiovisual content responsive to Plaintiff's ninety-six requests for production.[1]

As Plaintiff already has received significant discovery in this case both from Responding Defendants and Take-Two, Plaintiff cannot claim to be prejudiced by Responding Defendants request that they not participate in non-jurisdictional discovery until their Rule 12(b)(2) motion is decided. Moreover, the parties already have requested that this Court modify the current schedule to provide more time for discovery, nullifying any prejudice to Plaintiff. *See* Dkt. No. 103.

As explained in more detail below, the Court should deny Plaintiff's Motion to Compel for several reasons. ***First***, this Court lacks personal jurisdiction over Responding Defendants,

---

[1] As Take-Two moved to dismiss for failure to state a claim under Rule 12(b)(6), but not for lack of personal jurisdiction under Rule 12(b)(2), discovery between Take-Two and Plaintiff has been proceeding despite Responding Defendants' pending jurisdictional motions. Accordingly, the present Motion to Compel was not brought against Take-Two, only Yuke's, Yuke's LA, and WWE.

such that discovery is improper. Plaintiff's Motion to Compel essentially asks the Court to treat Responding Defendants' pending motions to dismiss for lack of personal jurisdiction as though they had already been denied. Compelling responses at this time would effectively deprive Responding Defendants of the chance of having their motions decided on the merits, which would be prejudicial to Responding Defendants. Moreover, participation in merits-based discovery could be seen as a waiver of Responding Defendants' personal jurisdiction motion. Responding Defendants should not be placed in the impossible Catch-22 that Plaintiff seeks to create through her Motion to Compel. Thus, Responding Defendants respectfully request that this Court deny Plaintiff's Motion to Compel or delay its decision until the Court decides Responding Defendants' Rule 12(b)(2) motions.

*Second*, requiring Responding Defendants to engage in the large scale discovery contemplated by Plaintiff's requests would be prejudicial to Responding Defendants. Responding Defendants have pending dispositive motions before this Court that could render the costs and efforts they spend complying with Plaintiff's requests unnecessary. By contrast, Plaintiff has not been prejudiced by Responding Defendants' objections to her discovery requests, as Responding Defendants have made clear that they will respond to the requests after the short time period that the Court is considering the motion to stay. Moreover, Plaintiff already has received extensive merits-based discovery from Take-Two, making the additional discovery at issue in the Motion to Compel cumulative. Accordingly, Responding Defendants respectfully request that the Court deny Plaintiff's Motion to Compel.

## BACKGROUND

Plaintiff asserts that she is a tattooist who inked six tattoos on professional WWE wrestler Randy Orton between 2003 and 2008. 1st Am. Compl. (Dkt. No. 76) ¶¶ 44–50. According to Plaintiff, Yuke's and Yuke's LA are "developer[s] of video games," *id*. ¶¶ 21–22, which, as

3

Plaintiff admits, are based in Japan and California, respectively, *id*. ¶¶ 13–14.  WWE is a media company primarily known for wrestling-based sports entertainment incorporated in Delaware with its principle place of business in Connecticut.  *Id*. ¶¶ 9–10.

On April 17, 2018, Plaintiff initiated this suit against Responding Defendants and Take-Two (collectively, "Defendants"), alleging that the *WWE 2K* video game series infringes Plaintiff's purported copyrights in Mr. Orton's tattoos by depicting Mr. Orton in the game as he appears in real life, including with his tattoos.  *See* Dkt. No. 1.  While the Complaint purported to bring claims for direct, indirect, vicarious and contributory copyright infringement, it did not contain facts sufficient for Defendants to ascertain whether (a) prior to bringing suit, Plaintiff had obtained certificates of copyright registration as required by the Seventh Circuit; (b) the particular tattoos in which Plaintiff claimed copyrights; (c) the type of liability being alleged against each Defendant; or (d) each Defendant's allegedly unlawful conduct.  Moreover, Plaintiff failed to allege any facts to show that Responding Defendants have the minimum contacts with Illinois necessary for this Court to assert personal jurisdiction over them.

Accordingly, on July 9, 2018, Defendants filed a case-dispositive motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim, *see* Dkt. No. 50, and Responding Defendants moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), *see* Dkt. Nos. 50, 52.  In light of the jurisdictional motions, the Court permitted Plaintiff to conduct jurisdictional discovery as to Responding Defendants to enable Plaintiff to properly establish jurisdiction before subjecting Responding Defendants to the costs and burdens of discovery.  Plaintiff served ten interrogatories and seventy-five requests for admission on Responding Defendants on July 18, 2018, and Responding Defendants timely served responses on August 17, 2018.

Following this jurisdictional discovery period, on October 2, 2018, Plaintiff filed an Amended Complaint, again alleging a single count for copyright infringement under 17 U.S.C. § 501 against all Defendants. *See* Dkt. No. 76. Despite having the benefit of jurisdictional discovery, Plaintiff failed to plead any Illinois-directed conduct giving rise to her claims against Responding Defendants. Instead, like her original complaint, Plaintiff's Amended Complaint included the same handful of conclusory, boilerplate statements concerning the alleged activity of all seven Defendants collectively. The Amended Complaint's only effort to single-out Yuke's and Yuke's LA consisted of four allegations about their general business without alleging *any* connection to the state of Illinois. Indeed, the only additional jurisdictional allegations in the Amended Complaint stated that Yuke's and Yuke's LA "do not know how many [*WWE 2K*] Games were sold or supplied to persons or entities in Illinois," 1st Am. Compl. ¶ 40, "wrote code for the [*WWE 2K*] Games," *id.* ¶¶ 41–42, and provided other "programming, sound and animation, bug correction, and basic testing services for the [*WWE 2K*] Games," *id.* ¶ 43. Likewise, with respect to WWE, Plaintiff's Amended Complaint added only six new jurisdictional allegations that did not cure the jurisdictional defects of her original Complaint.

Because Plaintiff's Amended Complaint again failed to state a claim and failed to draw any connection between Responding Defendants' suit-related conduct and Illinois, on October 23, 2018, Defendants again filed case-dispositive motions to dismiss under Rule 12(b)(6) and Rule 12(b)(2). *See* Dkt. Nos. 90, 92. Because this was Plaintiff's second attempt to plead jurisdiction, and she was doing so with the added benefit of jurisdictional discovery, Responding Defendants sought dismissal with prejudice. The motions are fully brief and await resolution by this Court.

While Responding Defendants' motions were pending, Plaintiff charged forward with non-jurisdictional, merits-focused discovery.  As Responding Defendants were concerned that participation in discovery would compromise their position that they are not subject to this Court's jurisdiction, the parties met and conferred to discuss stipulating to a temporary stay of discovery.  Plaintiff would not stipulate to a stay, forcing Responding Defendants to move this Court to stay discovery on October 11, 2018.  *See* Dkt. No. 79.  That motion remains pending.

Nonetheless, Responding Defendants timely served objections to Plaintiff's non-jurisdictional discovery requests on October 15, 2018.  Yuke's and Yuke's LA objected to each request "on the grounds that the Court lacks personal jurisdiction over them and that a motion to stay discovery pending resolution of that issue has been filed in this case."  With respect to Plaintiff's Requests for Production, Yuke's and Yuke's LA also stated that they "will amend their response[s] to [each] Request to specify whether responsive materials will be withheld based off their objections after the motion to stay discovery is decided."  Similarly, WWE "object[ed] to responding to the [Requests] on the grounds that the Court lacks personal jurisdiction over it for the reasons set forth in WWE's Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 52)," and in light of the pending motion to stay merits-based discovery until resolution of the jurisdictional issues.

Despite these objections, and despite the fact that Take-Two provided substantive responses to Plaintiff's numerous merits-based requests and produced copious documents, Plaintiff served yet another round of discovery on Defendants, including Responding Defendants, on October 18, 2018.  Responding Defendants again timely provided objections on November 19, 2018.  The following week, on November 30, 2018, Plaintiff filed the present

Motion to Compel against Responding Defendants.[2]  Subsequently, on December 5, 2018, the parties jointly filed a motion to amend the schedule in this case to allow more time for discovery in light of scheduling issues that arose between Plaintiff and Take-Two.  *See* Dkt. No. 103.

Contrary to Plaintiff's assertion, Responding Defendants have not "contend[ed] they are automatically exempt from responding to discovery requests" until the Court decides their motions.  *See* Pl.'s Mot. Compel (Dkt. No. 100) at 2.  Instead, Responding Defendants have articulated to Plaintiff their well-founded concerns regarding waiver and unnecessary costs on numerous occasions and have employed the proper procedural vehicle—a motion to stay discovery—to address these concerns.

## ARGUMENT

### I. PLAINTIFF'S MOTION TO COMPEL DISCOVERY IS IMPROPER BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER RESPONDING DEFENDANTS

Plaintiff's Motion to Compel can be denied based solely on this Court's lack of personal jurisdiction over Responding Defendants.  As explained in Responding Defendants' Rule 12(b)(2) motions, Responding Defendants do not have the requisite minimum contacts with Illinois related to Plaintiff's claims to establish jurisdiction.  *See* Dkt. Nos. 90, 92.  None of the Responding Defendants are headquartered or incorporated in Illinois, or do continuous and systematic business there, so as to establish general personal jurisdiction.  *See Daimler AG v.*

---

[2] When Plaintiff filed this Motion to Compel, Responding Defendants notified her that the motion was procedurally deficient as Plaintiff did not comply with the procedure for resolving discovery disputes as set out in the Court's Order Regarding Discovery, *see* Dkt. No. 56, and Plaintiff failed to meet and confer with Yuke's and Yuke's LA prior to filing a motion. Accordingly, Plaintiff withdrew her motion on December 3, 2018. *See* Dkt. No. 101. Following that withdrawal, however, Plaintiff never sought resolution of this dispute using the telephonic conferencing procedure outlined in the Order Regarding Discovery, which is a tacit admission that she is not actually prejudiced by Responding Defendants' objections to participating in merits-based discovery and instead is attempting to use her Motion to Compel as a means of pressuring Responding Defendants. Responding Defendants' present opposition to the Motion to Compel is filed pursuant to the Court's subsequent request that the parties submit briefing on this matter. *See* Dkt. No. 106.

7

*Bauman*, 571 U.S. 117, 137–39 (2014); *see also Abelesz v. OTP Bank,* 692 F.3d 638, 656–59 (7th Cir. 2012) (finding no general jurisdiction over foreign banks not headquartered or incorporated in Illinois whose contacts were not "continuous and systematic").  Moreover, Plaintiff has not alleged that Yuke's and Yuke's LA have had any contact with Illinois, and she has not alleged that WWE's sporadic contact with Illinois—by hosting live wrestling entertainment—gave rise to her copyright infringement claims so as to establish specific personal jurisdiction.  Because Plaintiff has failed to plead these threshold elements, Responding Defendants are not subject to jurisdiction here.  *See Asahi Metal Indus. Co. v. Super. Court of California*, 480 U.S. 102, 112–13 (1987) (holding that company's participation in manufacturing a product that later caused harm in California did not constitute sufficient minimum contacts with California to render the company subject to personal jurisdiction); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 446–47 (7th Cir. 2010) (finding that defendants' operation of a nationally accessible website that allegedly infringed plaintiff's trademark did not establish sufficient contacts for exercise of jurisdiction in Illinois, and fact that plaintiff resided in Illinois was not enough to establish jurisdiction over defendant).

  It is well-established that there is an "implicit requirement" when considering a motion to compel discovery responses "that the court have jurisdiction over the target of the discovery." *Peterson v. Farrakhan*, No. 2:03 Civ. 319, 2009 WL 1543600, at *3 (N.D. Ind. June 2, 2009). Indeed, courts throughout the Seventh Circuit have denied motions to compel merits-based discovery where personal jurisdiction had not been established.  *See, e.g.*, *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, No. 1:12 Civ. 296, 2012 WL 4854765, at *1–2 (N.D. Ind. Oct. 11, 2012) (denying motion to compel non-jurisdictional, merits-based discovery while motions to dismiss for lack of personal jurisdiction were pending); *Ellis v.*

*Fortune Seas, Ltd.*, 175 F.R.D. 308, 313 (S.D. Ind. 1997) (denying motion to compel production of documents containing detailed personal and financial information as overly burdensome where Plaintiff had not established "a colorable basis for personal jurisdiction" over defendant).

Moreover, courts in the Seventh Circuit have found that participation in merits-based discovery can waive a defendant's ability to contest personal jurisdiction. *See, e.g.*, *Lowe v. CVS Pharm., Inc.*, 233 F. Supp. 3d 636, 642 (N.D. Ill. 2017) (subjecting Defendants to jurisdiction where "Defendants denied Plaintiffs' jurisdictional allegations but nevertheless participated in this litigation through extensive discovery"). As a result, Responding Defendants have objected to Plaintiff's discovery requests that seek information beyond what might be relevant to the question of personal jurisdiction to preserve their pending Rule 12(b)(2) motions.

As this Court lacks personal jurisdiction over Responding Defendants, the Motion to Compel should be denied or, at a minimum, this Court's determination on the Motion to Compel should be delayed until it decides Defendants' case-dispositive motions to dismiss. To hold otherwise would place Responding Defendants in an impossible Catch-22. Plaintiff's Motion to Compel treats these pending motions to dismiss as if they had already been denied and is thus improper and premature. Responding Defendants should not be forced to engage in merits-based discovery before the Court decides the threshold jurisdictional issue and risk waiving this defense. Nevertheless, Responding Defendants have made clear that they will respond to Plaintiff's requests if the Court decides that jurisdiction exists. Plaintiff should not be permitted to turn this case upside down and have this Court compel discovery responses before it has decided Responding Defendants' Rule 12(b)(2) motions.

## II. PLAINTIFF'S OVERLY BROAD REQUESTS WOULD SUBJECT RESPONDING DEFENDANTS TO UNNECESSARY DISCOVERY COSTS

In addition to this Court's lack of personal jurisdiction over Responding Defendants militating toward denial of Plaintiff's Motion to Compel, Plaintiff's Motion to Compel should be denied for the independent reason that requiring Responding Defendants to respond to Plaintiff's broad, merits-based discovery would be unduly burdensome and prejudicial. Plaintiff relies on Federal Rule of Civil Procedure 26(c)(1) to argue that she is entitled to broad discovery from Responding Defendants, but she ignores the fact that Rule 26 also limits discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Indeed, courts regularly find that it is appropriate to limit discovery where the requests will unjustifiably subject a party contesting jurisdiction to potentially unnecessary burdens and costs of participating in merits discovery. *See, e.g.*, *Sensory Techs., LLC v. Sensory Tech. Consultants, Inc.*, No. 1:13 Civ. 834, 2013 WL 5230700, at *1 (S.D. Ind. Sept. 17, 2013) (explaining that courts should "control discovery in order to protect out-of-forum defendants from unjustifiably being subjected to the burdens of discovery and litigation in the forum state, which would undermine the very purpose of personal jurisdiction").

Here, Plaintiff's Motion to Compel conclusorily states that "[e]ach RFA, RFP, and ROG is relevant to Plaintiff's claim of copyright infringement." *See* Pl.'s Mot. at 1. This is not so. Rather than serving well-tailored requests that would impose only reasonable costs on Responding Defendants, Plaintiff served 102 requests for admission, fifty-one interrogatories, and seventy-two requests for production that seek information that is not relevant to any claim or defense at issue in this case. For example, Request No. 1 in Plaintiff's First Set of Requests for Production asks Responding Defendants to produce "[a]ll documents relating or referring to the Tattoo Works." This is extremely broad, as any document ever created by any person would be

responsive, regardless of affiliation to Yuke's, Yuke's LA, WWE, or the *WWE 2K* series. An online article by a random person mentioning Randy Orton's tattoos would be responsive to this request, but Responding Defendants should not be required to scour the Internet for every such reference when they have good faith reasons for believing that this Court lacks jurisdiction over them. Likewise, Request No. 8 in Plaintiff's First Set of Requests for Production seeks "[a]ll documents related to communications with and/or statements by Alexander," without any temporal limitation, limitation on the subject matter of Plaintiff's statements, or connection to the copyright dispute presently before the Court.

The volume and breadth of Plaintiff's pending discovery requests would impose significant burdens on Responding Defendants that may prove entirely unnecessary when the Court rules on their pending jurisdictional motions. Searching for the documents Plaintiff seeks and drafting substantive responses to her merits-based requests will require Responding Defendants to bear the costs of full discovery, which is taxing both financially and in terms of time. Subjecting Responding Defendants to these burdens before the Court even rules on their motions would be prejudicial to Responding Defendants without furthering the ultimate resolution of this case. *See, e.g., Beesley v. Int'l Paper Co.*, No. 06-703, 2011 WL 2559895, at *3 (S.D. Ill. June 28, 2011) (denying motion to compel where "the burden and breadth of [the] proposed discovery far outweighed any potential benefit").

By contrast, Plaintiff has not been prejudiced by Responding Defendants' objections to her Requests. Take-Two already has responded to the Requests, providing substantive responses and over one-thousand pages of responsive documents. Thus, no delay has been caused by Responding Defendants' objections, and the only result of compelling their responses will be to

subject them to extensive costs that may ultimately be futile. Accordingly, Plaintiff's Motion to Compel should be denied.

### III. PLAINTIFF HAS NOT IDENTIFIED A REASONABLE BASIS FOR PERMITTING DISCOVERY OF RESPONDING DEFENDANTS

Plaintiff's Motion to Compel offers no reasonable justification for subjecting Responding Defendants to merits discovery. ***First***, Plaintiff asserts that Responding Defendants should be compelled to respond because "[e]ven if [their] Motion[s] to Dismiss [are] granted, it would not resolve this case as there are other defendants" and she could seek third-party discovery from Responding Defendants. Pl.'s Mot. at 2. This reflects a fundamental misunderstanding of how personal jurisdiction works. The fact that Responding Defendants potentially could be served with third-party discovery requests does not require that they participate in the merits of the case before the Court establishes jurisdiction over them. *See, e.g.*, *Bueker v. Atchison, Topeka & Santa Fe Ry. Co.*, 175 F.R.D. 291, 293 (N.D. Ill. 1997) (explaining that whether court had personal jurisdiction over doctor necessary to compel participation in discovery was separate issue from whether plaintiff could subpoena doctor to participate). Moreover, the Federal Rules do not provide a mechanism for Plaintiff to serve interrogatories or requests for admission on a third-party. Thus, denying Plaintiff's Motion to Compel serves the important purpose of, at a minimum, reducing some of the burden that Responding Defendants currently face from Plaintiff's overly broad Requests.

***Second***, Plaintiff claims that Responding Defendants will "delay the overall litigation process." *Id*. at 2. Plaintiff, however, has not suggested what information she needs from Responding Defendants that she has not already received from Take-Two. As a result, her argument necessarily fails. *See, e.g.*, *P.H. Glatfelter Co. v. Windward Prospects Ltd*., No. 15-MC-46, 2015 WL 13235728, at *2 (E.D. Wis. Nov. 24, 2015) (denying motion to compel

12

documents from defendant where personal jurisdiction was not established and co-defendant produced documents providing the information sought). Moreover, even if Plaintiff had identified such information, the parties already have asked the Court to enter an amended scheduling order allowing more time for discovery. *See* Dkt. No. 103. Thus, any delay in receiving Responding Defendants' responses to Plaintiff's merits-focused discovery requests is not prejudicial to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel should be denied, and Responding Defendants should not be required to participate in discovery until and unless their motions to dismiss are denied.

Dated: December 28, 2018

Respectfully submitted,

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (#02037211)
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Yuke's Co. Ltd. and Yuke's LA, Inc.*

*/s/ Curtis B. Krasik* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Michael J. Nester (#02037211)
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendant World Wrestling Entertainment, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, I electronically filed the foregoing DEFENDANTS YUKE'S CO., LTD., YUKE'S LA, INC., AND WORLD WRESTLING ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF CATHERINE ALEXANDER'S MOTION TO COMPEL RESPONSES TO DISCOVERY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP

*Attorney for Defendants Yuke's Co. Ltd. and Yuke's LA, Inc.*