IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>     Plaintiff,<br><br>v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., et al.,<br><br>     Defendants. | Case No.  3:18-cv-0966-MJR-DGW |

**PLAINTIFF CATHERINE ALEXANDER'S OBJECTIONS AND RESPONSES TO DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFF CATHERINE ALEXANDER**

Plaintiff Catherine Alexander ("Plaintiff") provides the following objections and responses to Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc. and Visual Concepts Entertainment's ("Defendants") Second Set of Requests for Admission.

**OBJECTIONS APPLICABLE TO DEFENDANTS' "GENERAL INSTRUCTIONS"**

1.     Plaintiff objects to General Instructions # 2, 3, 4, and 5 to the extent that they purport to require Plaintiff to respond in a manner outside the scope of Fed. R. Civ. P. 26 or 36.

**SPECIFIC OBJECTIONS APPLICABLE TO EACH REQUEST FOR ADMISSION**

1.     Plaintiff objects to these requests to the extent that they seek information protected by any applicable privilege or immunity, including without limitation the attorney/client privilege and/or attorney work-product immunity.

2.     Plaintiff objects to these requests to the extent that they seek information that is not relevant to any party's claim or defense.

1

3. Plaintiff objects to these requests to the extent that they seek information that exceeds the scope of discovery or purport to obligate Plaintiff to respond in any manner that exceeds or is inconsistent with the Federal Rules of Civil Procedure.

4. Plaintiff objects to any request that would require Plaintiff to seek or obtain information from Defendants and/or third parties, such as information regarding Mr. Orton.

5. Nothing in these Responses and Objections should be construed as waiving rights or objections which might otherwise be available to Plaintiff, nor should answering any of these requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the responses.

6. Plaintiff objects to these requests to the extent that they do not seek information regarding the truth of any matter within the scope of Fed. R. Civ. P. 26(b)(1) relating to:

    a. facts, the application of law to fact, or opinions about either; or

    b. the genuineness of any described documents.

7. Plaintiff objects to the use of the term "RANDY ORTON" as vague and ambiguous, particularly given the fact that it is used in these Requests for Admission to refer to the real life wrestler and to the *WWE 2K* videogame character interchangeably.

8. The objections in this section apply to all of Plaintiff's responses to Defendants' Requests for Admission. To the extent any specific objection is repeated again in these responses it should not be construed as waiver of any other objection applicable to admissions or denials falling within the scope of the request.

## PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 122:**

Admit that RANDY ORTON selected the subject matter for each of the ASSERTED WORKS.

**RESPONSE:**

In addition to the aforementioned specific objections, Plaintiff objects to this Request as vague and ambiguous, particularly the phrase "selected the subject matter." Subject to and without waiving the foregoing objections, to the extent this request is trying to determine if Mr. Orton selected the "subject matter" from a number of choices he was considering, Plaintiff does not recall. Plaintiff admits that Mr. Orton suggested a type of tattoo he wanted and Plaintiff sketched a design and that Mr. Orton provided mere direction and/or ideas for each of the ASSERTED WORKS. Plaintiff denies that Randy Orton created the TATTOOS. Plaintiff further denies that Randy Orton translated his mere direction and/or ideas into a fixed, tangible expression. Plaintiff created the ASSERTED WORKS. To the extent this Request contains any other allegations, they are denied.

**REQUEST FOR ADMISSION NO. 123:**

Admit that RANDY ORTON selected the colors of ink used for each of the ASSERTED WORKS.

**RESPONSE:**

Plaintiff admits that Mr. Orton selected the colors of ink for each of the ASSERTED WORKS from a finite number of color choices presented to him by Plaintiff. Plaintiff admits that Mr. Orton suggested a type of tattoo he wanted and Plaintiff sketched a design and that Mr. Orton provided mere direction and/or ideas for each of the ASSERTED WORKS. Plaintiff denies that Randy Orton created the TATTOOS. Plaintiff further denies that Randy Orton

translated his mere direction and/or ideas into a fixed, tangible expression. Plaintiff denies that Mr. Orton created or contributed to creating the ASSERTED WORKS, and to the extent this Request is construed to allege otherwise, Plaintiff denies this Request. To the extent this Request contains any other allegations, they are denied.

**REQUEST FOR ADMISSION NO. 124:**

Admit that RANDY ORTON selected the location each of the ASSERTED WORKS would be inked on his body.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 125:**

Admit that the TATTOO titled "Bible verse design" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 126:**

Admit that the TATTOO titled "Dove" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 127:**

Admit that the TATTOO titled "Rose" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 128:**

Admit that the TATTOO titled "Skulls" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 129:**

Admit that the TATTOO titled "Tribal Addition Design" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 130:**

Admit that the TATTOO titled "Tribal Design" has personal meaning to RANDY ORTON.

**RESPONSE:**

Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore it is denied.

**REQUEST FOR ADMISSION NO. 131:**

Admit that YOU have inked tattoos onto PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos on to third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 132:**

Admit that YOU have inked tattoos incorporating, or consisting of, written text on PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos "incorporating, or consisting of, written text" on third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 133:**

Admit that YOU have inked tattoos incorporating, or consisting of, doves on PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos "incorporating, or consisting of, doves" on third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 134:**

Admit that YOU have inked tattoos incorporating, or consisting of, roses on PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos "incorporating, or consisting of, roses" on third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 135:**

Admit that YOU have inked tattoos incorporating, or consisting of, skulls on PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos "incorporating, or consisting of, skulls" on third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 136:**

Admit that YOU have inked tattoos incorporating, or consisting of, tribal designs on PERSONS other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits that she has inked other tattoos "incorporating, or consisting of, tribal designs" on third parties. Plaintiff denies inking the SUBJECT TATTOOS on others.

**REQUEST FOR ADMISSION NO. 137:**

Admit that clients YOU ink sometimes upload photographs of their tattoos to their social media accounts after YOU ink them.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny this Request and therefore denies this Request.

**REQUEST FOR ADMISSION NO. 138:**

Admit that YOU have never tried to enforce intellectual property rights in tattoos you have inked on any PERSON other than RANDY ORTON.

**RESPONSE:**

Plaintiff admits this Request.

7

**REQUEST FOR ADMISSION NO. 139:**

Admit that RANDY ORTON is a professional wrestler.

**RESPONSE:**

Plaintiff admits that Mr. Orton is currently a professional wrestler. Plaintiff denies that Mr. Orton was a professional wrestler when first inked by Plaintiff.

**REQUEST FOR ADMISSION NO. 140:**

Admit that YOU knew RANDY ORTON was a professional wrestler at the time you inked the ASSERTED WORKS.

**RESPONSE:**

Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 141:**

Admit that the Ben & Jerry's t-shirt purportedly depicting YOUR tattoo design, as described in YOUR response to Take-Two's Request for Production No. 37, did not depict any of the ASSERTED WORKS.

**RESPONSE:**

Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 142:**

Admit that, other than the Ben & Jerry's t-shirt described in YOUR response to Take-Two's Request for Production No. 37, YOU have never designed a tattoo for any purpose other than inking the tattoo on a PERSON.

**RESPONSE:**

Plaintiff admits this request.

Dated: January 7, 2019					Respectfully submitted,

						*/s/ Anthony G. Simon*
						Anthony G. Simon, IL 6209056
						Benjamin R. Askew, IL 6291366
						Anthony R. Friedman, IL 6299795
						**THE SIMON LAW FIRM, P.C.**
						800 Market Street, Suite 1700
						St. Louis, Missouri 63101
						Phone: (314) 241-2929
						Fax: (314) 241-2029
						asimon@simonlawpc.com
						basekew@simonlawpc.com
						afriedman@simonlawpc.com

						R. Seth Crompton, IL
						**THE HOLLAND LAW FIRM**
						300 N Tucker, Suite 801
						St. Louis, Missouri 63101
						Phone: (314) 241-8111
						Facsimile: (314) 241-5554
						scrompton@allfela.com

						*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 7th day of January, 2019 via the Court's CM/ECF system.

						*/s/ Anthony G. Simon*