**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| **CATHERINE ALEXANDER,** )<br><br>**Plaintiff,** )<br><br>**-vs-** )<br><br>**TAKE-TWO INTERACTIVE SOFTWARE,**<br>**INC., 2K GAMES, INC.; 2K SPORTS, INC.;**<br>**WORLD WRESTLING ENTERTAINMENT,**<br>**INC.; VISUAL CONCEPTS**<br>**ENTERTAINMENT; YUKE'S CO., LTD.;**<br>**AND YUKE'S LA, INC.,** )<br><br>**Defendants.** ) | **Case No. 3:18-cv-966-MJR-MAB** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the Parties through their undersigned counsel

pursuant to Federal Rule of Civil Procedure 26(c), subject to the order of this Court, that

the following procedures shall be adopted with respect to documents and other

information produced and/or disclosed in this action.

1.      **Purposes and Limitations.**

(a)      Disclosure and discovery activity in this Action are likely to involve

production of confidential, proprietary, or private information for which special

protection may be warranted. Thus, this Protective Order (the "Order") is warranted and

required to prevent and/or limit disclosure of such information and/or Documents that

may be exchanged and/or produced in this case. The Parties further acknowledge that

this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as Confidential Information or Highly Confidential Information pursuant to this Order.

(b)      Each Party or Non-Party that designates information or items for protection under this Order shall take care to designate only those parts of material, documents, items, or oral or written communications for which such a designation is appropriate, and to avoid mass, indiscriminate, or routinized designations.  If it comes to a designating Party's attention that a particular designation is no longer necessary for certain information or items, the designating Party must promptly notify the other Party that it is withdrawing the mistaken designation.

2.    **Definitions.**

(a)      "Action" means the above-captioned litigation.

(b)      "Confidential Information" shall include any Document, thing, or information produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, their business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, specifically agreements and contracts; current and future business, product, or strategic plans; financial information; internal documents related to product design and development; marketing documents; private personal

identifying information; trade secrets; interrogatory answers; responses to requests for admission; deposition testimony and transcripts; deposition exhibits; or Documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

(c)    "Document" shall include documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(1), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

(d)    "Highly Confidential Information" shall include Confidential Information that is particularly sensitive, private, or competitively valuable, specifically financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans. Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information except as used in Section 4.

(e)    "Parties" collectively means solely Plaintiff Catherine Alexander ("Plaintiff") and Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Visual Concepts Entertainment ("Visual Concepts"), World Wrestling Entertainment ("WWE"), Yuke's Co., Ltd.

("Yuke's"), and Yuke's LA, Inc. ("Yuke's LA"), and no other person or entity. Each of the Parties is individually a "Party."

(f)     "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as one of the Parties to this action. Each of the Non-Parties is individually a "Non-Party."

(g)     "Producing Party" means a Party or Non-Party who produces Documents in this Action in accordance with this Order (collectively, the "Producing Parties"). This Order is binding upon the Producing Parties in this Action, including their respective corporate parents, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

(h)     "Review Period" means, for any particular deposition transcript, the period of time that begins upon receipt of the final deposition transcript, a copy of the final deposition transcript, or written notification that the final deposition transcript is available and that ends thirty (30) days after such receipt.

3.     **Designating Material as Confidential Information or Highly Confidential Information.**

(a)     Any Producing Party may designate any Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that it believes is entitled to such treatment under this Order. Such designation constitutes a representation that such information has been reviewed and that the Producing Party has a good faith basis for the designation. Documents, testimony, or information may be designated as Confidential Information in the following ways:

(i)    <u>Documents</u>.    Documents shall be designated as Confidential Information by placing a legend with the applicable words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the Document.  To the extent that it is not feasible to place a legend on each page of a Document, such Document shall be designated Confidential Information by placing in the Document file name the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(ii)    <u>Electronic Copies</u>.    Whenever any electronic files bearing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legends are converted into another file type, all such copies also shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  When electronically stored Confidential Information is produced in a native format, the Producing Party shall place the applicable confidentiality designation on the hard drive, DVD, CD, or other media on which such electronically stored information is produced.

(iii)    <u>Interrogatory Answers and Responses to Requests for Admissions</u>. Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses, or specific parts thereof, are designated as either Confidential Information or Highly Confidential Information.  Counsel for the Producing Party will place the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend underneath the answer or response to each particular answer or response containing Confidential Information, together with a legend stating, "Confidential Information Subject to Protective Order."

(iv)   <u>Depositions</u>.  Counsel for the Producing Party or the deponent may designate portions of a deposition transcript (including exhibits) as containing Confidential Information by either (i) identifying such portions on the record or (ii) serving on the Parties a written communication (including without limitation a written communication by letter or electronic mail) making that identification before the close of the Review Period.  Prior to and during the Review Period, all transcripts (including, but not limited to, rough and real-time transcripts) and exhibits (collectively, the "Deposition Record") shall be temporarily treated as Highly Confidential Information under this Order.  When any portion of the Deposition Record is designated as containing Highly Confidential Information, any persons, entities, or parties not permitted access to Highly Confidential Information under Paragraph 5 shall no longer be granted access to that portion of the Deposition Record and shall destroy or return any copies of that portion of the Deposition Record in the person, entity, or party's possession or control. Notwithstanding the foregoing, the deponent may review the transcript at any time.  A Party shall have the right to change any prior designations of the Deposition Record during the Review Period.   At the close of the Review Period, all then-current designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided in Paragraph 11.  In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information, together with a legend stating, "Confidential Information Subject to Protective Order."   The applicable confidentiality designation also shall be placed on each page of the transcript

that contains such Confidential Information.  If all or part of a videotaped deposition is designated as Confidential Information, the videocassette, videotape container, DVD, or other storage device shall also be labeled with the applicable confidentiality designation.

4.      **Disclosure of Confidential Information.**

Access to Confidential Information produced under the protection of this Order shall be limited to:

(a)      A Party, or any director, officer, employee, or contractor of a Party;

(b)      Attorneys employed by the law firms of record for the Parties in this Action, including any support staff such as attorneys' respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, and any outside photocopying, coding, imaging, document storage, data processing, or graphic production services employed or retained by them, who are engaged in assisting them in this Action;

(c)      Any in-house attorneys employed by any of the Parties who are involved in, or consulting or cooperating with outside counsel in, the prosecution or defense of the claims advanced in this Action, as well as their respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel;

(d)      Any outside expert, consultant, or investigator retained by counsel for the Parties for purposes of consulting or testifying in this Action, provided that Paragraph 8 of this Order has been complied with;

(e)     Any person who authored, received, or otherwise has been provided access in the ordinary course outside this Action to the Confidential Information sought to be disclosed to that person;

(f)     Any Non-Party fact witness and his or her counsel, if separate from counsel to the Parties, when such disclosure is reasonably necessary for the purpose of trial preparation, factual investigation, or discovery;

(g)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

(h)     Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 8 of this Order has been complied with, providing that any refusal of such a request must be done in good faith and not for the purposes of delay or obstruction, and any other person whom the Court directs should have access to the Confidential Information; and

(i)     Mock jurors, to the extent permitted by Paragraph 5(b), provided that Paragraph 8 of this Order has been complied with.

5.     **Disclosure of Highly Confidential Information.**

(a)     Access to Highly Confidential Information produced under the protection of this Order shall be limited to persons described in Paragraphs 4(b), 4(c), 4(d), 4(e), 4(f), 4(g), and 4(h), but only to the extent reasonably necessary for litigation purposes.  Such

information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person. Highly Confidential Information must remain at all times in the physical custody and control of the persons described in Paragraphs 4(b), 4(c), 4(d), 4(e), 4(f), 4(g), and 4(h).

(b)     A Party may disclose argument and materials derived from Highly Confidential Information to mock jurors pursuant to Paragraph 4(i). Notwithstanding the foregoing, a Party may not disclose to mock jurors any original, as-produced material or information (including, for example, Documents, deposition testimony, or interrogatory responses) produced by another Party designated as Highly Confidential Information.

6.     **Use of Confidential Information.**

(a)     Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending, or settling this Action. In no event shall Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

(b)     Nothing in this Order shall bar or otherwise restrict an attorney from relying on his or her examination of Confidential Information in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Highly Confidential Information.

7.      **Non-Application of Order.**

The restrictions set forth in this Order shall not apply to Confidential Information which (i) was, is, or becomes public knowledge, unless in violation of this Order; or (ii) was or is discovered independently by the receiving Party. Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.

8.      **Notification of Confidentiality Order.**

(a)      Confidential Information shall not be disclosed to persons described in Paragraphs 4(d), 4(f), 4(h), or 4(i) unless and until such persons are provided a copy of this Order and execute an Acknowledgment of Protective Order ("Acknowledgment") in substantially the form attached hereto as **Exhibit A**.

(b)      Each Acknowledgement shall be maintained by the counsel who obtained it until the final resolution of this Action. Each Acknowledgment and the name of the person who signed it shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

9.      **Use of Confidential Information at Trial, at Hearings, or in Court Filings.**

(a)      Any Party seeking to file any material under seal shall obtain leave from the Court to do so. The Party requesting leave shall submit the materials sought to be filed under seal to Chambers via e-mail. If the Court grants the Party leave to file under seal, the Party shall file unredacted papers under seal through ECF in conformity with the procedures set forth by the Clerk of Court.

(b)     Any Party may file public versions of its filings, with all Confidential Information referenced therein appropriately redacted.

(c)     In the event that any Confidential Information is used in this Action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality.

(d)     Only those portions of such Documents and material containing or reflecting Confidential Information shall be treated as such.  In the event either Party files a Document under seal, where feasible, only those portions of such filing that are Confidential Information shall be filed under seal.

(e)     Any further restrictions that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the Parties, in consultation with the Court if necessary.

10.     **Preservation of Rights and Privileges.**

(a)     Neither the acceptance by a Party of any Document, material, or information nor the failure of a Party to take action to enforce the terms of this Order shall constitute a concession or admission that the Document, material, or information contains Confidential Information or that that the Document, material, or information is admissible in or relevant to this Action.

(b)     Nothing in this Order shall constitute or be deemed or construed as a waiver of the right of a Party at any time (i) to seek a determination by the Court whether any particular Document, material, or information should be subject to the terms of this

Order; (ii) to seek relief from any provision(s) of this Order, either generally or as to any particular Document or other piece of Confidential Information, in whole or in part; (iii) to seek a higher level of protection than provided for by this Order if the Party believes that circumstances warrant that higher level of protection; (iv) to seek Documents or other information from any source; or (v) to object to any discovery request, including the right to assert that no discovery should be had of certain Documents, material, or information.

(c)     Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any material on the grounds of privilege or immunity shall provide to the receiving party a privilege or redaction log.

(d)     For each material withheld or redacted, the log shall contain the following information: (i) the date of the material; (ii) the identity of all persons who sent, authored, received, signed or otherwise prepared the material, including title and job description where such persons are representatives of or employees of a Party; (iii) the identity of all persons designated as addressees or copyees, including title and job description where such persons are representatives or employees of a Party; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim or privilege or immunity; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted.  To the extent e-mail is included and described on the privilege log, any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted

on the grounds of privilege or immunity in its entirety may be logged as a single entry and identified by the most recent (i.e., top-most) e-mail. The parties shall not be required to break up an e-mail chain and log each individual e-mail separately. If, however, e-mail contained within a given chain exists as a separate material, then the parties shall log that material in accordance with this Paragraph. This provision does not excuse the Parties from producing any part of an email chain that is non-privileged. The parties shall not be required to log privileged materials dated April 17, 2018 or later.

11.     **Challenging Confidentiality Designations.**

(a)     <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A party may object to the designation of particular confidentiality designation in accordance with the procedure outlined below.

(b)     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in writing and in good faith and must begin the process by giving written notice to the Party designating the disputed information and conferring with counsel for the designating Party. The written notice shall identify the information to which the objection is made and the basis for the objection. The challenging Party must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The designating Party must respond to the written notice, either changing the designation or explaining

the basis for the chosen designation, within seven (7) days of receiving the written notice. If the Parties are unable to reach agreement regarding the appropriate confidentiality designation through written correspondence, within seven (7) days of the designating Party's response to the written notice, the Parties must meet and confer telephonically before a challenging Party may proceed to the next stage of the challenge process.

(c)     <u>Judicial Intervention</u>.  If the Parties cannot resolve the objection after meeting and conferring telephonically, the challenging Party is permitted to file a motion in compliance with the discovery procedures of the Local Rules for the Southern District of Illinois to obtain relief.  The disputed information shall continue to be treated with the level of protection to which it is entitled under the Producing Party's designation under the terms of this Protective Order until the Court rules on the motion.  The Party designating the information for protection under this Order shall bear the burden of proof.

12.     **Effect on Discovery.**

This Order shall not enlarge or affect the proper scope of discovery in this Action as governed by the Federal Rules of Civil Procedure, nor shall this Order imply that materials designated as Confidential Information or Highly Confidential Information under the terms of this Order are properly discoverable, relevant, or admissible in this Action or in any other litigation.

13.     **Duration.**

Even after the termination of this Action, confidentiality obligations under this Order shall remain in effect for each piece of Confidential Information until the Producing Party agrees in writing otherwise or a Court order directs otherwise. Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

14.     **Return/Destruction of Materials.**

Within sixty (60) days after the final resolution of this Action, at the option of the Producing Party, all Confidential Information, including all copies, abstracts, and summaries, either shall be destroyed or returned to counsel for the Producing Party, with the receiving Party certifying to the destruction or return. Notwithstanding the foregoing sentence, counsel for the receiving Party shall be permitted to maintain one set of complete pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, subject to the continued protection of this Order.

15.     **Inadvertent Disclosure.**

The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon learning of an inadvertent

or unintentional disclosure of Confidential Information, the Producing Party shall designate such information as Confidential Information or Highly Confidential Information within thirty (30) days. The obligation to treat such Confidential Information as provided for in this Order shall run from the date of designation. Nothing contained within this Paragraph prevents a Party from challenging such a designation of Documents or information pursuant to the procedures described in Paragraph 16.

16. **Waiver of Privilege.**

(a)     The inadvertent production or disclosure of any Document, material, or information subject to the attorney-client privilege, attorney work product protections, common interest privilege, or any other applicable privilege against disclosure, shall not be deemed to be a waiver, in whole or in part, of the Producing Party's claim of such privilege, unless the Producing Party failed to exercise reasonable care in light of the facts and circumstances surrounding the inadvertent production.

(b)     Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced Confidential Information and documents derived from the inadvertently produced Confidential Information promptly shall be returned or destroyed. If the Party receiving the inadvertently produced Confidential Information intends to challenge any claim of privilege over such Confidential Information based on the inadvertent production, it must notify the Producing Party, in writing, within five (5) business days after receiving a written request from the Producing Party seeking the return or destruction of the inadvertently produced

materials. If the Parties are unable to reach an agreement, the Parties shall meet and confer within seven (7) days of receiving the receiving Party's response to the request of the Producing Party regarding inadvertent production. If the parties are still unable to reach an agreement, the receiving Party must make a motion with the Court challenging the claim of privilege within seven (7) days of the Parties' meet and confer. The Producing Party bears the burden of substantiating its designation. During the pendency of any such challenge to a claim of privilege, the receiving Party may retain the inadvertently produced materials but may use such materials only for the purpose of litigating the claim of privilege.

(c)     The provisions of this Section explicitly are intended to be, and are, an Order of the Court issued pursuant to Federal Rule of Evidence 502(d).

17.    **Subpoenas.**

Any Party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a Party seeking production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena also shall inform the person seeking the Confidential Information that such information is subject to this Order. No production or other disclosure of such information pursuant to

the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

18. **Application to Non-Parties.**

(a)     Any Non-Party who is obligated to provide discovery, by deposition, production of Documents, or otherwise, in this Action may gain the protection of this Order by requesting such protection as to its Confidential Information and agreeing to be bound by the provisions of this Order by executing an Acknowledgement in substantially the form attached hereto as **Exhibit A**. This Order also shall apply to Non-Parties who are afforded access to Documents or information produced during discovery in this Action, whether by deposition, production of Documents, or otherwise. Such Non-Parties shall execute an Acknowledgment in substantially the form attached hereto as **Exhibit A**.

(b)     Additionally, in the event a Non-Party is compelled to provide discovery in this action by a subpoena, a Party who believes in good faith that such subpoena may compel disclosure of Confidential Information in connection with which that Party holds a proprietary or other interest, shall promptly so notify the Party serving such subpoena. Such Party may thereupon designate Confidential Information in accordance with

Paragraph 3 of this Order.  Specifically with respect to Documents produced in response to a subpoena as to which a Party has given notice under this Paragraph, the Party receiving such Documents shall, upon receipt of said Documents, so advise the Party giving notice.  The Party giving notice shall then have fourteen (14) days to inspect and to designate such Documents for protection in accordance with this Order.  Pending such designation, the Documents produced shall be treated as Highly Confidential Information.

19.  **Modification of the Order.**

(a)  This Order shall not foreclose a Party from moving this Court for an order that any information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, within the meaning of this Order are, in fact, not Confidential Information or Highly Confidential Information, or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

(b)  For good cause shown, the Court may modify or delete any portion of this Order.

20.    **Reservation of Jurisdiction.**

Upon the final resolution of this Action, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over any request for enforcement of the provisions of this Order following the final resolution of this Action.

21.    **Parties Bound.**

This Order is binding on all Parties to this Action, on all Non-Parties who have agreed to be bound by this Order, and on all others who have signed the Acknowledgment in substantially the form attached hereto as **Exhibit A**, and shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by an order of the Court.

22.    **Time.**

All time periods set forth in this Order shall be calculated according to Federal Rule of Civil Procedure 6, as in effect at the time of this Order's execution.

Dated: November 28, 2018

**THE SIMON LAW FIRM, P.C.**                    **KIRKLAND & ELLIS LLP**


*/s/ R. Seth Crompton (with consent)*          */s/ Dale M. Cendali*

Anthony G. Simon, IL 6209056                   Dale M. Cendali (admitted *pro hac vice*)
Benjamin R. Askew, IL 6291366                  Joshua L. Simmons (admitted *pro hac*
Anthony R. Friedman, IL 6299795                *vice*)
The Simon Law Group, P.C.                      Kirkland & Ellis LLP
800 Market Street, Suite 1700                  601 Lexington Avenue
St. Louis, Missouri 63101                      New York, New York 10022
Telephone: (314) 241-2929                      Telephone: (212) 446-4800
Fax: (314) 241-2029                            Fax: (212) 446-4900
asimon@simonlawpc.com                          dale.cendali@kirkland.com
baskew@simonlawpc.com                          joshua.simmons@kirkland.com
afriedman@simonlawpc.com

                                               Michael J. Nester (#02037211)
R. Seth Crompton                               Donovan Rose Nester P.C.
The Holland Law Firm                           15 North 1st Street, Suite A
300 N. Tucker, Suite 801                       Belleville, Illinois 62220
St. Louis, Missouri 63101                      Telephone: (618) 212-6500
Telephone: (314) 241-8111                      mnester@drnpc.com
Fax: (314) 241-5554
scrompton@allfela.com

                                               *Attorneys for Defendants 2K Games, Inc.,*
*Attorneys for Plaintiff Catherine*            *2K Sports, Inc., Take-Two Interactive*
*Alexander*                                    *Software, Inc., and Visual Concepts*
                                               *Entertainment*



   **IT IS SO ORDERED.**

   **DATED: January 22, 2019**

                                               **s/ Mark A. Beatty**
                                               **MARK A. BEATTY**
                                               **United States Magistrate Judge**