IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CATHERINE ALEXANDER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 3:18-CV-966-SMY-MAB |
|  | ) |  |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC, WORLD WRESTLING ENTERTAINMENT, INC., VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO. LTD., YUKE'S LA INC., | ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Motion to Stay Discovery filed by Defendant World Wrestling Entertainment, Inc. ("WWE") (Doc. 78) and the Motion to Compel Discovery Responses from Yukes Co., Ltd., Yuke's LA, Inc., (collectively "the Yuke's Defendants") and WWE filed by Plaintiff Catherine Alexander (Doc. 100).

Defendant WWE asks this Court to stay merits-based discovery as to Plaintiff's claims against WWE, pending the resolution of its motion to dismiss for lack of personal jurisdiction (Doc. 78). The Court notes that the Yuke's Defendant have also filed a motion to dismiss for lack of personal jurisdiction (Doc. 89). In reviewing the docket, the Court has been unable to locate a specific pleading wherein the Yuke's Defendants formally joined in the motion to stay discovery filed by WWE. But it also evident based on

Plaintiff's motion to compel and the Yuke's Defendants' response that the Yuke's Defendants' have resisted and want to stay merits-based discovery pending resolution of their jurisdictional motion (Doc. 100; Doc. 107). Moreover, the Court recalls that the Yuke's Defendants and WWE both discussed their desire to stay merits-based discovery at the status conference on April 25, 2019. Plaintiff opposes a stay of merits-based discovery as to the Yuke's Defendants and WWE (Doc. 94; *see also* Doc. 100).

For the following reasons, the request by WWE and the Yuke's Defendants to stay merits-based discovery is **GRANTED**. Merits-based discovery as to these three Defendants is stayed until the Court resolves their motions to dismiss for lack of personal jurisdiction.

## ANALYSIS

**A. The Court enjoys broad discretion in managing discovery.**

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). "The Court has discretion under Federal Rule of Civil Procedure 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). The filing of a motion to dismiss does not automatically stay discovery and a court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss. *See, e.g., SK Hand Tool Corporation v. Dresser Industries,* 852 F.2d 936, 945 (7th Cir. 1988). A party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

A stay of discovery may be appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]"). A stay of discovery may also be appropriate in order to resolve certain threshold or jurisdictional issues before expensive discovery ensues. *See Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (approving a stay in discovery pending a ruling on qualified immunity); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery."). The determination of "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (D.C. Cir. 1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

**B. A stay of merits-based discovery as to WWE and the Yuke's Defendants is appropriate**

Here, WWE and the Yuke's Defendants have raised a critical threshold issue: a challenge to this Court's personal jurisdiction over them (Docs. 89, 91). Personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) ("Personal jurisdiction refers to a court's power to bring a person into its adjudicative

process.") (internal quotation marks omitted); *Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 C 2207, 2017 WL 3581174, at *10 (N.D. Ill. Aug. 18, 2017).

Moreover "[a] court must have personal jurisdiction to order compliance with a discovery request." *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) (citing *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) ("A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation[.]")), *aff'd,* 852 F.3d 687 (7th Cir. 2017).

The Court must first decide the issue of personal jurisdiction as to WWE and the Yuke's Defendants in order to satisfy itself that it actually has the power to bring these Defendants into the adjudication process. This power to adjudicate is critical to ensuring compliance with its orders. This is especially true when it comes to discovery orders where the Court could plausibly be *compelling* or *forcing* a party to take a particular course of action, produce certain information, or provide certain answers to questions. In other words, unless and until the Court is satisfied that it enjoys personal jurisdiction over these Defendants, its discovery orders could lack any true mechanism of enforcement.

It is important, however, to note that this stay of merits-based discovery in *no way* bears on the propriety of WWE and the Yuke's Defendants' motion to dismiss for personal jurisdiction. That decision is left to the sound judgment of the District Judge in this case. But the motions to dismiss have been filed and so the undersigned must then use his discretion in determining how best to manage the discovery of this action during

the pendency of these jurisdictional motions.

While a stay of merits-based discovery is appropriate here as to WWE and the Yuke's Defendants because jurisdiction is a critical threshold issue that bears on the Court's power to proceed with an adjudication, a stay of merits-based discovery as to these Defendants also promotes judicial economy. Waiting to first determine whether the Court has jurisdiction over these Defendants will avoid the dedication of time, money, and resources toward merits-based discovery if jurisdiction is ultimately lacking. *See Nucap Indus., Inc.*, 2017 WL 3581174, at *10 ("Waiting to see how a merits decision will go does more than allow the other parties and the court to expend scarce resources to render a decision that would be nonbinding, and unseemly, if it turns out that the court lacks jurisdiction."). And if jurisdiction is found, the Court is confident the parties will work diligently to make up for any lost ground as to these three Defendants.

For the foregoing reasons, the Court finds it is appropriate, in exercising its broad discretion in managing and controlling discovery, to stay merits-based discovery as to WWE and the Yuke's Defendants until the Court decides these Defendants' pending motions to dismiss for lack of personal jurisdiction. The Motion to Stay (Doc. 78) is **GRANTED**. Merits-based discovery will proceed as to all other Defendants.

At the Court's April 25, 2019 status conference, all parties agreed that if merits-based discovery is stayed as to WWE and the Yuke's Defendants, Plaintiff's motion to compel could be denied as moot (Doc. 120). Accordingly, Plaintiff's motion to compel discovery responses from the Yuke's Defendants and WWE (Doc. 100) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATED: May 20, 2019**

                                           **s/ Mark A. Beatty**
                                           **MARK A. BEATTY**
                                           **United States Magistrate Judge**