**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> TAKE-TWO INTERACTIVE SOFTWARE, INC., ) <br> 2K GAMES, INC.; 2K SPORTS, INC.; WORLD ) <br> WRESTLING ENTERTAINMENT, INC.; ) <br> VISUAL CONCEPTS ENTERTAINMENT; ) <br> YUKE'S CO., LTD.; AND YUKE'S LA, INC., ) <br> ) <br> Defendants. ) | Case No. 3:18-cv-966-SMY-MAB |

**DEFENDANTS' MOTION TO CONTINUE PRESUMPTIVE TRIAL DATE**

Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., Visual Concepts Entertainment ("Take-Two Defendants"), World Wrestling Entertainment, Inc., Yuke's Co., Ltd., and Yuke's LA, Inc. (collectively "Defendants") by and through their attorneys, hereby move this Court for entry of the Proposed Order Granting Motion to Continue Presumptive Trial Date (the "Proposed Order"), continuing the trial date in this litigation to a date of the Court's convenience in late May 2020. A copy of the Proposed Order has been emailed to the Court with a copy to all counsel. In support of this motion, Defendants state as follows:

1. Plaintiff Catherine Alexander ("Plaintiff") initiated the present action against Defendants on April 17, 2018, alleging one count of copyright infringement. Dkt. No. 1. The case was assigned to Chief Judge Reagan the following day. *See* Dkt. No. 13.

2. On May 15, 2018, the Court entered an order assigning this case to CJRA Track B, setting a presumptive jury trial date of May 13, 2019 and final pretrial conference for May 3, 2019. *See* Dkt. No. 39.

3. Following Chief Judge Reagan's retirement, this case was reassigned on April 1, 2019. *See* Dkt. No. 114. On April 4, 2019, the Court entered an order resetting the presumptive trial date for the original date of May 13, 2019. Dkt. No. 115.

4. On April 12, 2019, Defendants and Plaintiff (together, the "Parties") filed a joint motion to continue the trial date to a date of the Court's convenience in April 2020 to enable the Parties to complete discovery and prepare for trial and give the Court time to consider and rule on several pending motions. Dkt. No. 117.

5. The Court granted the Parties' motion to continue the trial date on April 17, 2019, resetting the final pretrial conference for April 15, 2020, and jury trial for April 27, 2020. Dkt. 119.

6. Defendants recently became aware of an unavoidable conflict during the last week of April 2020 that was not apparent when the Parties previously requested a new trial date from the Court. In particular, the International Trademark Association ("INTA") has announced that it will be holding its Annual Meeting in Singapore from April 25–29, 2020. Lead counsel for the Take-Two Defendants and Yuke's Defendants, Dale Cendali, is a leader at INTA (including chair of its Copyright Policy Subcommittee and former Counsel to INTA's board) and is expected to attend and host several events before, during, and after the conference while in Singapore. This is a significant international business meeting, and Ms. Cendali's attendance is a critical part of her business and INTA's meeting. Normally, INTA's meeting is scheduled for May, rather than April, so the April date came to Defendants as a surprise.

7. Understanding that the Court's convenience is of the utmost importance, Defendants resolved to attend to the matter quickly and find dates that worked for Plaintiff, Plaintiff's counsel, and the Court.

8. As soon as practicable after they became aware of the conflict, Defendants alerted Plaintiff on April 30, 2020 and asked if Plaintiff would join Defendants in a motion to move the trial date to either early April or late May 2020. A true and correct copy of this email is attached as **Exhibit A**.

9. In response to the request, Anthony Simon, lead counsel for Plaintiff, indicated that moving the trial date was acceptable and that Plaintiff would work with Defendants on finding a new proposed date. On June 19, 2020, Mr. Simon's paralegal sent a confirming email to counsel to Defendants stating, "Defendants previously stated that they had a conflict with the April 27, 2020 trial date and suggested a trial setting earlier in April 2020 or late May 2020. Plaintiff's counsel has a conflict in early April 2020 but is available in late May 2020 for trial if you are still interested in moving the date." A true and correct copy of this email is attached as **Exhibit B**.

10. Defendants counsel relied on Mr. Simon's representation that he would agree to moving the trial date and proceeded with plans to attend INTA's meeting. Counsel for Defendants emailed counsel for Plaintiff a copy of the draft joint motion and asked that Plaintiff consent to filing.

11. Only when Defendants sent over a draft motion did counsel for Plaintiff ask whether Defendants were "still opposing our rebuttal expert." This was the first time Plaintiff raised this issue in connection with the motion to continue the trial date. To Defendants' knowledge, Plaintiff was referring to the expert report of Dr. Betsy Gelb. By way of

background, Dr. Gelb's report was disclosed on April 25, 2019, *almost half a year after* Plaintiff's deadline for disclosing expert reports of November 15, 2018.  As will be indicated in Defendants' opposition to Plaintiff's motion seeking permission to disclose Dr. Gelb as an expert, Dr. Gelb's report was untimely and permitting Plaintiff to rely on Dr. Gelb's testimony at this late date would be prejudicial to Defendants.

12. To be clear, Dr. Gelb's expert report is unrelated to Defendants' present motion to continue the trial date and Plaintiff's counsel has never indicated to Defendants otherwise. Nonetheless, Plaintiff's counsel attempted to link two unrelated issues together in order to reap a substantive advantage from an otherwise jointly agreed procedural request.  Defendants repeatedly explained this to Plaintiff's counsel and further noted that Plaintiff had previously agreed that a May 2020 date worked for Plaintiff's counsel.

13. Plaintiff's counsel offered no other reason to object to the present motion, but instead, re-iterated his request that Defendants consent to Plaintiff's delayed disclosure of Dr. Gelb's report in exchange for Plaintiff's consent—despite previously telling Defendants that they would consent to the change.  Defendants followed up again asking for Plaintiff's final position on the present motion, hoping to resolve this issue cordially.  On August 7, 2019, Defendants followed up again asking Plaintiff's position on the present motion.  A true and correct copy of these emails is attached as **Exhibit C**.

14. Yesterday, however, it became clear that Plaintiff had changed its position and would not consent after all to a motion to continue the trial date and Defendants informed Plaintiff's counsel that it would make a motion.

15. Plaintiff has never provided a reason that the trial date should not be continued. In fact, Mr. Simon indicated the change was acceptable and his paralegal specifically wrote stating that a late May date would work for them.

16. Moreover, at Magistrate Judge Beatty's request, *see* Dkt. 120, the Parties have been working cooperatively to craft a proposed amended schedule for this case and submitted proposals for Magistrate Judge Beatty's consideration on July 12, 2019. Those proposals already address the parties' dispute as to Dr. Gelb's report. Despite this, after Defendants indicated to Plaintiff that they had no choice but to unilaterally move to change the trial date, Plaintiff preemptively filed a motion seeking permission to disclose Dr. Gelb's report. Thus, the only issue raised by Plaintiff for not consenting to the present motion will be the subject of separate resolution by the Court.

17. The brief extension of the trial date requested herein would not impact the proposed amended schedule submitted to Magistrate Judge Beatty, and it is improper for Plaintiff to attempt to take advantage of a scheduling conflict to reap a substantive advantage. In light of Defendants' unavoidable scheduling conflict, Plaintiff's prior representations that a trial date in late May 2020 was acceptable, and Plaintiff's failure to identify any basis not to move the trial date, Defendants respectfully request that this Court continue the trial of this matter to late May 2020 or such later date that will be acceptable to the Court.

WHEREFORE, Defendants pray that this Court grant the Motion to Continue Presumptive Trial Date and enter the Proposed Order Granting the Motion to Continue Presumptive Trial Date scheduling this matter for trial in late May 2020 and any further relief this Court deems appropriate.

| | |
|---|---|
| Dated: August 9, 2019 | **KIRKLAND & ELLIS LLP** |

                                                              */s/ Dale M. Cendali*
                                                              Dale M. Cendali (admitted *pro hac vice*)
                                                              Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yuke's LA, Inc.*

**K&L GATES LLP**

*/s/ Jerry McDevitt* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

                      Michael J. Nester (#02037211)
                      Donovan Rose Nester P.C.
                      15 North 1st Street, Suite A
                      Belleville, Illinois 62220
                      Telephone: (618) 212-6500
                      mnester@drnpc.com

                      *Attorneys for Defendant World Wrestling Entertainment, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
|       Plaintiff, | ) |
| -vs- | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC.; 2K SPORTS, INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) Case No. 3:18-cv-966-SMY-MAB |
|       Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019, I electronically filed the foregoing **Defendants' Motion to Continue Presumptive Trial Date** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yuke's LA, Inc.*