IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>   Plaintiff,<br><br> -vs-<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br>2K GAMES, INC.; 2K SPORTS, INC.; WORLD<br>WRESTLING ENTERTAINMENT, INC.;<br>VISUAL CONCEPTS ENTERTAINMENT;<br>YUKE'S CO., LTD.; AND YUKE'S LA, INC.,<br><br>   Defendants. | Case No. 3:18-cv-966-SMY-MAB |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ALLOW THE DISCLOSURE OF EXPERT**

  Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., Visual Concepts Entertainment ("Take-Two Defendants"), World Wrestling Entertainment, Inc., Yuke's Co., Ltd., and Yuke's LA, Inc. (collectively "Defendants"), by and through their attorneys, hereby oppose Plaintiff Catherine Alexander's ("Plaintiff") Motion to Allow the Disclosure of Expert Betsy D. Gelb, Ph.D. (Dkt. No. 125) ("Motion") as follows:

  1. Plaintiff's Motion should be denied as Dr. Gelb was not disclosed as an expert witness for Plaintiff until five months after the Court's and parties' deadline to make that disclosure.  Plaintiff has never offered any justification or explanation either to Defendants or to this Court for the untimely disclosure.  Then, despite Defendants immediately indicating that the report was untimely, Plaintiff waited nearly four more months to file her Motion.  Allowing Plaintiff to rely on Dr. Gelb's testimony at this late date would be prejudicial to Defendants, and

would require the schedule in this case to be further extended.  As doing so would not serve the interests of resolving this case, Defendants respectfully request that Plaintiff's Motion be denied.

I.      FACTUAL BACKGROUND

2.      On August 7, 2018, Magistrate Judge Donald G. Wilkerson entered a Scheduling and Discovery Order, which ordered that Plaintiffs' expert(s) "shall be disclosed" by November 15, 2018.  Dkt. No. 54 ¶ 5.

3.      On November 15, 2018, Plaintiff served an expert report from its technical expert, Jose Zagal.

4.      Also on November 15, 2018, Plaintiff sent Defendants' counsel a letter, which purported to be a "disclosure of Expert Ryan Clark," Plaintiff's financial expert, but which merely contended that Ryan Clark would provide a response if certain information was produced after the protective order was entered by the Court.

5.      The parties subsequently met and conferred regarding expert discovery and agreed to a revised schedule.  The parties agreed and jointly requested that the deadline for the disclosure and written reports of Defendants' expert witnesses would be due on February 7, 2019.  Dkt. No. 103, Ex. A at 1.  The parties also agreed that by no later than February 21, 2019, "Plaintiff will be permitted to submit one or more reports from Juan Zagal and/or Ryan Clark that directly rebut Defendants' damages expert's report." *Id.* at 1 n.1.  Notably, this agreement only permitted Plaintiffs' two previously identified expert witnesses to serve a rebuttal to Defendants' damages expert's report.  The parties further agreed that by no later than March 7, 2019, "Defendants will be permitted to submit one or more reports from the experts they disclose on February 7, 2019 that directly rebut Plaintiff's rebuttal expert reports." *Id.* at 2 n.2.  Thus, Defendants imposed the same obligations on themselves as on Plaintiff—rebuttal reports would be allowed but only by those experts who had been previously identified under the agreed-upon

2

schedule and only by a date certain.  The parties did not agree to any other expert disclosures or reports.

6. In accordance with the parties' agreement, Defendants disclosed four experts on or before February 7, 2019.  Plaintiff's expert, Jose Zagal, served a supplemental report on February 4, 2019 and a rebuttal report on February 21, 2019, and Plaintiff's other expert, Ryan Clark, served a rebuttal report on February 21, 2019.  Defendants then timely served a rebuttal expert report on March 7, 2019 from their already disclosed damages expert.  The parties do not dispute that these reports were timely served and the experts properly disclosed.

7. More than five months after Plaintiff's deadline for the disclosure of all her experts, on April 25, 2019, Plaintiff served an expert report authored by Betsy D. Gelb, Ph.D., which purported to respond to Defendants' expert reports from E. Deborah Jay, Ph.D., and Ian Bogost, Ph.D.  Plaintiff had not previously disclosed Dr. Gelb in this lawsuit, and Dr. Gelb's report was not authorized by the Magistrate Judge's scheduling order or the parties' agreed-upon disclosure schedule.

8. Immediately after Dr. Gelb's untimely report was served, Defendants' counsel contacted Plaintiff's counsel informing them that "[t]he parties' agreed upon date for expert disclosures has long past" and requested that Plaintiff's counsel "confirm that Plaintiff will withdraw the report and will not rely on it in this litigation."  Plaintiff never responded.  A true and correct copy of this email is attached as **Exhibit 1**.

9. Also on April 25, 2019, the parties conducted a telephonic status conference with Magistrate Judge Mark A. Beatty.  During that conference, the Magistrate Judge denied the parties' motion to amend the scheduling order—a motion that was only necessitated to accommodate difficulties in scheduling depositions—because there was "a new trial setting."

Dkt. No. 120.  The Magistrate Judge requested that the parties update the scheduling order to reflect this change in trial date.  *Id.*  During the conference, Plaintiff did not request and the Magistrate Judge did not grant Plaintiff a five month extension to disclose her experts.

10. When the parties began discussing the new schedule, Plaintiff, for the first time, suggested extending her expert disclosure deadline to April 25, 2019, so that Dr. Gelb's report would be considered timely.  Defendants objected, and the parties submitted competing proposals to the Magistrate Judge on July 12, 2019, containing each parties' position on Dr. Gelb's untimely report.

11. This issue was thus already before the Magistrate Judge when Defendants approached Plaintiff and exchanged a proposed motion regarding moving the trial date by one month to accommodate a scheduling conflict (to be clear, Defendants were willing to move the trial date earlier, but agreed to move it later to accommodate Plaintiff's counsel).  As explained in Defendants' pending Motion to Continue Presumptive Trial Date, Plaintiff had previously agreed to Defendants' request to move the trial date, but then changed her position on the agreement and for the first time informed Defendants that she would agree only if Defendants would also agree to drop their opposition to Dr. Gelb's untimely report.  Dkt. No. 126 ¶¶ 10–16.

## II. LEGAL DISCUSSION

12. "Under Rule 37(c)(1), . . . where a party does not timely file expert reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose."  *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. 2006) (citing *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000)).  Specifically, Rule 37(c)(1) provides that an untimely expert report may be excluded "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *Finwall*, 239 F.R.D. at 498.

Absent that showing, "[t]he sanction of exclusion is automatic and mandatory." *Finwall*, 239 F.R.D. at 498 (citing *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005)).

13. Here, Plaintiff cannot satisfy Rule 37's requirement that she show that her untimely disclosure was ***"substantially justified*.*"*** Fed. R. Civ. P. 37(c)(1). In fact, she offers ***no justification*** for the untimely disclosure of Dr. Gelb.

14. Likewise, Plaintiff's only argument for why her late disclosure will not prejudice Defendants is asserting in conclusory fashion that "[a]llowing Plaintiff to disclose its expert Professor Gelb will not affect the schedule in this matter and will not prejudice Defendants." Dkt No. 125 ¶ 12. Yet, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *Finwall*, 239 F.R.D. at 501.

15. Deadlines have meaning and consequences. It is one thing for the parties to reach an agreement on a schedule, but where there is a disagreement, a party cannot unilaterally change Court-ordered deadlines. That is precisely what the Federal Rules are designed to prohibit. Moreover, if "the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996). As the Seventh Circuit stated when upholding a district court's decision to bar the use of an untimely disclosed expert disclosure, "[j]udges must be able to enforce deadlines." *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024 (7th Cir. 1991). Here, Plaintiff's disclosure of Dr. Gelb was made over five months past the deadline to do so, ***without any explanation as to why it was disclosed late***.

16. The late disclosure also prejudices Defendants. Although Dr. Gelb positions her report as a comment on Dr. Jay's and Dr. Bogost's reports, in fact it goes beyond the scope of their reports and introduces new theories. Dr. Gelb's report begins by disagreeing with Dr. Jay

and Dr. Bogost, but then provides new opinions on consumer behavior, which she calls her "five ideas," none of which rebut Defendants' experts. Moreover, the late disclosure will exacerbate the parties' scheduling difficulties by effectively reopening expert discovery. There is only one expert deposition remaining in this case, and it is scheduled for mid-September. If Plaintiffs are entitled to serve Dr. Gelb's report, Defendants will request that they be permitted to respond to it as contemplated by both the original and amended scheduling orders. This will only push the schedule for this case later and would not serve the interests of moving this case toward resolution.

17. As permitting Dr. Gelb to testify in this case would be prejudicial to Defendants and further extend the discovery schedule, Defendants respectfully request that the Court deny Plaintiff's motion to allow the disclosure of Dr. Gelb over five months after the Court's disclosure deadline. Dkt. No. 125.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion to allow the disclosure of Dr. Gelb.

Dated: August 16, 2019								**KIRKLAND & ELLIS LLP**

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yuke's LA, Inc.*

**K&L GATES LLP**

*/s/ Jerry McDevitt* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

                    Michael J. Nester (#02037211)
                    Donovan Rose Nester P.C.
                    15 North 1st Street, Suite A
                    Belleville, Illinois 62220
                    Telephone: (618) 212-6500
                    mnester@drnpc.com

                    *Attorneys for Defendant World Wrestling Entertainment, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-SMY-MAB |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I electronically filed the foregoing **Defendants' Opposition to Plaintiff's Motion to Allow the Disclosure of Expert** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yuke's LA, Inc.*