IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, )<br> )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>TAKE-TWO INTERACTIVE SOFTWARE, INC.; )<br>2K GAMES, INC.; 2K SPORTS INC.; )<br>WORLD WRESTLING ENTERTAINMENT, )<br>INC.; VISUAL CONCEPTS ENTERTAINMENT; )<br>YUKE'S CO., LTD.; and YUKE'S LA INC., )<br> )<br> Defendants. ) | Case no: 3:18-cv-0966-SMY-MAB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CATHERINE ALEXANDER'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Catherine Alexander ("Plaintiff"), by and through her undersigned counsel, files this Memorandum of Law in Support of Motion for Partial Summary Judgment on the issue of copying.

**INTRODUCTION**

Plaintiff moves for Partial Summary Judgment on the issue of copying. To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016). As outlined below, Defendants have admitted to copying Plaintiff's original copyrighted artworks without permission. Because Defendants have admitted to copying Plaintiff's original copyrighted artwork, there is no dispute of material facts as to the element of copying. Therefore, partial summary judgment is appropriate and should be granted on that issue.

## STATEMENT OF MATERIAL FACTS

1. Plaintiff originally filed this action on April 17, 2018, based on alleged violations of 17 U.S.C. § 501 for direct, indirect, contributory, and/or vicarious infringement of copyrights.

2. Plaintiff is an established visual artist, who is the creator of the original tattoos for professional wrestler Randy Orton, which are the subject of this suit.

3. Plaintiff submitted applications to register copyrights on each of Randy Orton's tattoos created by Plaintiff.

4. In 2009, Plaintiff contacted Defendant WWE about the reproduction of Randy Orton's tattoos on various items for sale by the WWE.

5. Defendant WWE offered Plaintiff $450 for extensive rights to use and produce the tattoo designs on WWE products.

6. Plaintiff declined Defendant WWE's offer and instructed Defendant that Plaintiff did not grant any permission to WWE to copy, duplicate, or otherwise reproduce any of Plaintiff's designs.

7. Defendants have released and promoted wrestling video games titled "WWE 2K16", "WWE 2K17", and "WWE 2K18" (collectively the "Infringing Games"), all which prominently feature Randy Orton.

8. The tattoos on Randy Orton that appear in the Infringing Games are the same or substantially similar to Plaintiff's copyrighted works.

9. Defendants obtained access to Plaintiff's copyrighted works through their relationship with Randy Orton.

10. Defendants never obtained permission from copyright holder to use, reproduce, or create derivative works based on Plaintiff's copyrighted works in the Infringing Games.

# ARGUMENT

**I.      Summary Judgment Standard**

Fed. R. Civ. P. 56 allows any party to "move for summary judgment, identifying each claim or defense…on which summary judgment is sought." Fed. R. Civ. P. 56(a). Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. *Moore v. Trent*, 2010 WL 5232727, at *2 (N.D. Ill. Dec. 16, 2010) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 106 (1986)). Furthermore, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, (1986).

**II.     Defendants Admit Copying Plaintiff's Copyrighted Works Without Permission in Their Responses to Plaintiff's Request for Admissions**

1.      Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment (collectively "Defendants") admit that Randy Orton is depicted in the WWE 2K Games the way that he looks in real life. Ex A, Deft's Take-Two; Ex B, Deft's 2K Games; Ex C, Deft's 2K Sports; and Ex D, Deft's Visual Concepts' Resp. 1st RFA No. 14.

2.      Defendants admit that the Orton Tattoos appear in in the WWE 2K Games. Ex A-D, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 1st RFA No. 15.

3. Defendants admit that one of its goals was to realistically depict the wrestlers in the WWE 2K Games as they appear in real life. Ex B, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 38, 54, 55, 71, 72, 78.

4. Defendants admit that tattoos are included in the WWE 2K Games so that the depiction of the wrestlers is realistic. Ex E, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 42, 44.

5. Defendants admit that Mr. Orton appears in the WWE 2K Games as he does in real life and Mr. Orton's tattoos are a part of what he looks like in real life. Ex E, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 47, 50.

6. Defendants admit that the tattoos were included in the WWE 2K Games' depiction of Randy Orton because he bears those tattoos in real life, and without them he would not look like himself. Ex E, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 51.

7. Defendants admit that it has not paid a tattooist or tattoo artist for the right to include pre-existing tattoos that appear on real life wrestlers in the WWE 2K Games. Ex E, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 59.

8. Defendants admit that the tattoos were included to realistically depict Mr. Orton as he appears in real life. Ex E, Defts' Take-Two, 2K Games, 2K Sports, and Visual Concepts' Resp. 2nd RFA No. 61.

### III. Defendants Admit Copying Plaintiff's Copyrighted Works in Defendant's Expert Report and Declaration of Ian Bogost, Ph.D.

9. Defendants' expert Ian Bogost admits that Defendants obtained numerous detailed digital captures of Mr. Orton and the digital information from the photos is converted to create Mr. Orton's video game likeness. Ex F, Expert Report of Ian Bogost, Ph.D., Sec III, ¶ 20.

10. Defendants' expert Ian Bogost admits that Defendants assemble the digital information to make the most realistic and life-like 3-d depiction of Mr. Orton as possible. Ex F, Expert Report of Ian Bogost, Ph.D., Sec III, ¶ 21.

11. Defendants' expert Ian Bogost admits that Defendants' reproduction of Mr. Orton's likeness in *WWE 2K* results in a depiction of Mr. Orton that depicts his likeness. Ex F, Expert Report of Ian Bogost, Ph.D., Sec III, ¶ 22.

### IV. Defendant's Corporate Representative Mark Little Admits to Copying in 30(b)(6) Deposition

12. Defendants admit, through their corporate representative, to using a photo of Mr. Orton to get the tattoos in the game. Ex. G, Little 30(b)(6) Dep. 154: 18-20; 155: 4-5.

13. Defendants admit, through their corporate representative, that the goal of authenticity is for Mr. Orton's tattoos to be programmed to look exactly like Mr. Orton. Ex. G, Little 30(b)(6) Dep. 160: 21-25.

14. Defendants admit, through their corporate representative, that Mr. Orton's tattoos were reproduced for, and appear in WWE video games. Ex. G, Little 30(b)(6) Dep. 166: 17-20.

### CONCLUSION

For each of the forgoing reasons, Plaintiff's Motion for Partial Summary Judgment on the issue of copying should be granted.

Dated: November 8, 2019					Respectfully submitted,

    */s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 8th day of November, 2019 via the Court's CM/ECF system.

    */s/ Anthony G. Simon*