# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

CATHERINE ALEXANDER,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀-vs-⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
TAKE-TWO INTERACTIVE SOFTWARE, INC.,⠀)
2K GAMES, INC.; 2K SPORTS, INC.; WORLD⠀)⠀⠀Case No. 3:18-cv-966-MJR-DGW
WRESTLING ENTERTAINMENT, INC.;⠀⠀)
VISUAL CONCEPTS ENTERTAINMENT;⠀⠀)
YUKE'S CO., LTD.; AND YUKE'S LA, INC.,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

## DEFENDANT VISUAL CONCEPTS ENTERTAINMENT'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF CATHERINE ALEXANDER'S
## FIRST SET OF REQUESTS FOR ADMISSION

⠀⠀⠀⠀Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Visual Concepts

Entertainment ("Visual Concepts" or "Defendant"), by and through its undersigned counsel,

hereby responds to Plaintiff Catherine Alexander's ("Alexander" or "Plaintiff") Requests for

Admission, served on September 14, 2018 (the "Requests for Admission" or "Requests," and

each individually, a "Request") in the above-captioned action ("Litigation") as follows:

## **GENERAL OBJECTIONS**

1.      Visual Concepts objects to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Visual Concepts objects to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, the joint defense privilege and/or any other applicable privilege or protection.  Visual Concepts does not waive, intends to preserve, and is preserving the attorney-client privilege, the work-product privilege, the joint defense privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Visual Concepts objects to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Visual Concepts will provide such information subject to the entry of an appropriate protective order governing the parties to this Litigation.  By responding to the Requests, Visual Concepts does not waive, intends to preserve, and is preserving all of its rights to assert that any and all such information is confidential. Information furnished by Visual Concepts shall only be used in connection with this litigation and shall not be disclosed, in whole or in part, to any person or entity that is not a party or a representative of a party to this Litigation.

4.      Visual Concepts objects to the Requests to the extent that they seek information that Plaintiff equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.      In providing this response to the Requests, Visual Concepts does not in any way waive or intend to waive, but rather is preserving and intends to preserve:

(i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)     All rights to objects on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to objects to the trail of this or any other action;

(iii)    All objections as to vagueness and ambiguity; and

(iv)     All rights to objects on any grounds to any further requests for admission.

6.      Visual Concepts objects to the Requests to the extent that they seek information set forth in documents that are outside Visual Concepts' possession, custody, and control.

7.      Visual Concepts objects to the Requests to the extent that they are not limited to the time relevant to this Litigation.

8.      Visual Concepts objects to the Requests to the extent that they unfairly seek to restrict the facts upon which Visual Concepts may rely at trial.  Discovery has not been completed and Visual Concepts is not necessarily in possession of all the facts and documents upon which Visual Concepts intends to rely.  The responses submitted herewith are tendered to Plaintiff with the reservation that responses are submitted without limiting the evidence on which Visual Concepts may rely to support the contentions they may assert at the trial on this action

and to rebut or impeach the contentions, assertions, and evidence that Plaintiff may present. Visual Concepts reserves the right to supplement or amend this response at a future date.

9.      Visual Concepts objects to the Requests as overly broad to the extent that the terms "Visual Concepts," "you," "your," and "Defendant" are defined to include "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Visual Concepts Entertainment's current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives of any other person or entity acting in whole or in part in concert with any of the foregoing." For purposes of responding to the Requests, Visual Concepts will construe the terms "Visual Concepts," "you," "your," and "Defendant," to mean solely Visual Concepts Entertainment and no other person or entity.

10.      Visual Concepts objects to the Requests to the extent that they define the term "Infringing Games" to mean the "videogames WWE 2K16, WWE 2K17 and WWE 2K18." This term misleadingly implies that these video games infringe Plaintiff's purported copyrights. For purposes of responding to the Requests, Visual Concepts will use the term "*WWE 2K* Games" to refer to the video games *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

11.      Visual Concepts objects to the Requests to the extent that they define the term "Tattoo Works" to mean the "tattoo artwork at issue in this lawsuit that Alexander tattooed on Randy Orton's back, neck, and arms." This term misleadingly implies that all of the tattoos that appear on Mr. Orton's back, neck, and arms are works of authorship subject to copyright protection. Moreover, it fails to sufficiently identify what material Plaintiff claims to hold copyrights in. For purposes of responding to the First Set of Interrogatories, Visual Concepts will use the term "Orton Tattoos" to refer to the tattoos appearing on Randy Orton's back, neck, and arms.

12.     Visual Concepts objects to the First Set of Interrogatories to the extent that they define the term "Orton Character" to mean "the digital representation of professional wrestler, Randy Orton" in the *WWE 2K* Games.  This term misleadingly implies that the Randy Orton figure in the *WWE 2K* Games is a fictional character as opposed to a realistic depiction of the real-life professional wrestler Randy Orton.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Visual Concepts developed the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "developed" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request as it was not the developer of the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Visual Concepts designed the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "designed" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request as it was not the designer of the *WWE 2K* Games.

5

**REQUEST FOR ADMISSION NO. 3:**

Admit that Visual Concepts programed the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "programmed" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request as it did not program the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Visual Concepts marketed the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "marketed" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Visual Concepts entered into an agreement with the following co-defendants related to the Infringing Games:
a. WWE
b. 2K Games
c. Visual Concepts
d. Visual Concepts
e. Yuke's
f. Yuke's LA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrase "entered into an agreement" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Visual Concepts played no role in the creation of the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "played no role" and "creation" are unclear

and undefined.  Subject to and without waiving the foregoing objections, Visual Concepts admits

that it did not ink tattoos on Randy Orton.

**REQUEST FOR ADMISSION NO. 7:**

      Admit that Visual Concepts played no role in the design of the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

      Visual Concepts incorporates by reference the above-stated general objections as if fully

set forth herein.  Visual Concepts specifically objects to this Request to the extent that the term

"Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection

No. 9.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is

misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request as

vague and ambiguous to the extent that the phrases "played no role" and "design" are unclear

and undefined.  Subject to and without waiving the foregoing objections, Visual Concepts admits

that it did not design the tattoos that appear on Randy Orton.

**REQUEST FOR ADMISSION NO. 8:**

      Admit Alexander created the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

      Visual Concepts incorporates by reference the above-stated general objections as if fully

set forth herein.  Visual Concepts objects to this Request to the extent that the term "Tattoo

Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this

Request as vague and ambiguous to the extent that the term "created" is unclear and undefined.

Subject to and without waiving the foregoing objections, Visual Concepts states that after a

reasonable inquiry, the information that Visual Concepts knows or can readily obtain is

insufficient to enable Visual Concepts to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Tattoo Works are original works of authorship.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the phrase "original works of authorship." Subject to and without waiving the foregoing objections, Visual Concepts states that after a reasonable inquiry, the information that Visual Concepts knows or can readily obtain is insufficient to enable Visual Concepts to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Tattoo Works are expressive works of authorship.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "expressive" is unclear and undefined. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the phrase "works of authorship." Subject to and without waiving the foregoing objections, Visual Concepts admits that the Orton Tattoos appear to be reflections of Randy Orton's self-expression.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Visual Concepts knew that the Tattoo Works were created by another authorship.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "created" is unclear and undefined. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrase "another authorship" is unclear and unintelligible. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request as it is unintelligible.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Visual Concepts does not own any rights in the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrase "own any rights" is unclear and undefined. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with

respect to the phrase "own any rights." Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that before the first Infringing Game was released, Visual Concepts knew that Alexander was the author of the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Game" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as misleading to the extent it implies that Visual Concepts was aware of Plaintiff prior to the Litigation. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request, and states that after a reasonable inquiry, the information that Visual Concepts knows or can readily obtain is insufficient to enable Visual Concepts to admit or deny that "Alexander was the author" of the Orton Tattoos.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the portrayal of the Tattoo Works on the Orton Character in the Infringing Games is substantially similar to the Tattoo Works as they appear on Mr. Orton's body.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this

Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request to the extent that the term "portrayal" is unclear and undefined. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the phrase "substantially similar." Subject to and without waiving the foregoing objections, Visual Concepts admits that Randy Orton is depicted in the *WWE 2K* Games the way that he looks in real life.

## REQUEST FOR ADMISSION NO. 15:

Admit that Visual Concepts had access to the Tattoo Works.

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the term "access." Subject to and without waiving the foregoing objections, Visual Concepts admits that the Orton Tattoos appear in the *WWE 2K* Games.

## REQUEST FOR ADMISSION NO. 16:

Admit the Tattoo Works were used as a starting point in creating the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "starting point" and "creating" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit the Tattoo Works were used as a starting point in designing the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "starting point" and "designing" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit the Tattoo Works were used as a starting point in developing the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "starting point" and "developing" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit the Tattoo Works were used as a reference in creating the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "used as a reference" and

"creating" are unclear and undefined.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit the Tattoo Works were used as a reference in designing the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein.  Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request to the extent that the term "Orton Character" is misleading as indicated in General Objection No. 12.  Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "used as a reference" and "designing" are unclear and undefined.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit the Tattoo Works were used as a reference in developing the Orton Character in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein.  Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request to the extent that the term "Orton

15

"Character" is misleading as indicated in General Objection No. 12. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "used as a reference" and "developing" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 22:**

     Admit that Visual Concepts never obtained authorization from Alexander related to the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

     Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "obtained authorization" and "related to" are unclear and undefined. Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the term "authorization." Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 23:**

     Admit that Visual Concepts never obtained authorization from Alexander related to the display of Randy Orton in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

     Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection

No. 9.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrases "obtained authorization" and "related to" are unclear and undefined.  Visual Concepts objects to this Request to the extent that it calls for a legal conclusion with respect to the term "authorization."  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Infringing Games were sold in October of 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein.  Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request, except admits that *WWE 2K16* was available for sale in October 2015.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the Infringing Games were sold in October of 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein.  Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request, except admits that *WWE 2K16* and *WWE 2K17* were available for sale in October 2016.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Infringing Games were sold in October of 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Subject to and without waiving the foregoing objections, Visual Concepts admits that the *WWE 2K* Games were available for sale in October 2017.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Mr. Orton's likeness is prominently featured in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrase "prominently featured" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that before the first Infringing Game was released, Visual Concepts knew that copies of the Tattoo Works were featured in the game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection

No. 9.  Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "featured" is unclear and undefined.  Visual Concepts objects to this Request as misleading to the extent that it implies that the *WWE 2K* Games depict Randy Orton's tattoos in any manner other than on Randy Orton's likeness as they appear in real life.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that before the first Infringing Game was released, Visual Concepts knew the developers of the Infringing Games had referenced the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein.  Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9.  Visual Concepts objects to this Request to the extent that the term "Infringing Game" is misleading as indicated in General Objection No. 10.  Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11.  Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "developers" and the phrase "had referenced" are unclear and undefined.  Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that before the first Infringing Game was released, Visual Concepts knew the developers of the Infringing Games made use of the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Game" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "developers" and the phrase "made use" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that before the first Infringing Game was released, Visual Concepts knew the creators of the Infringing Games has referenced the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "creators" is unclear and undefined. Visual Concepts objects to this Request to the extent that the phase "has referenced" is unclear and unintelligible. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request as it is unintelligible.

**REQUEST FOR ADMISSION NO. 32:**

Admit that before the first Infringing Game was released, Visual Concepts knew the creators of the Infringing Games made use of the Tattoo Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "creators" and the phrase "made use" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts denies this Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that before the first Infringing Game was released, WWE reviewed the Infringing Game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "reviewed" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts states that, after a reasonable inquiry, the information that Visual Concepts knows or can readily obtain is insufficient to enable Visual Concepts to admit or deny this Request.

21

**REQUEST FOR ADMISSION NO. 34:**

Admit that before the first Infringing Game was released, WWE approved the Infringing Game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the term "approved" is unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts admits that WWE provided an approval related to each of the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 35:**

Admit that WWE's approval was required prior to sale of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request as vague and ambiguous to the extent that the terms "approval" and "required" are unclear and undefined. Subject to and without waiving the foregoing objections, Visual Concepts admits that WWE provided an approval related to each of the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Visual Concepts has received a financial benefit as a result of the use of the Tattoo Works in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Visual Concepts incorporates by reference the above-stated general objections as if fully set forth herein. Visual Concepts specifically objects to this Request to the extent that the term "Visual Concepts" is overly broad and unduly burdensome as indicated in General Objection No. 9. Visual Concepts objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 10. Visual Concepts objects to this Request to the extent that the term "Tattoo Works" is misleading as indicated in General Objection No. 11. Visual Concepts objects to this Request as vague and ambiguous to the extent that the phrase "received a financial benefit as a result of" is unclear and undefined. Visual Concepts objects to this Request as premature to the extent that it asks or purports to require Visual Concepts to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2). Subject to and without waiving the foregoing objections, Visual Concepts states that, after a reasonable inquiry, the information that Visual Concepts knows or can readily obtain is insufficient to enable Visual Concepts to admit or deny this Request.

Dated: October 15, 2018                    Respectfully submitted,

 */s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

23

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendant Visual Concepts
Entertainment*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, I electronically filed the foregoing **Defendant Visual Concepts Entertainment's Responses and Objections to Plaintiff Catherine Alexander's First Set of Requests for Admission** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendant Visual Concepts Entertainment*