# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

CATHERINE ALEXANDER,                           )
                                               )
            Plaintiff,                         )
                                               )
    -vs-                                        )
                                               )
TAKE-TWO INTERACTIVE SOFTWARE, INC.,           )
2K GAMES, INC.; 2K SPORTS, INC.; WORLD         )   Case No. 3:18-cv-966-SMY-MAB
WRESTLING ENTERTAINMENT, INC.;                 )
VISUAL CONCEPTS ENTERTAINMENT;                 )
YUKE'S CO., LTD.; AND YUKE'S LA, INC.,         )
                                               )
                                               )
            Defendants.                        )
                                               )

**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K
SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S
OBJECTIONS AND RESPONSES TO PLAINTIFF CATHERINE ALEXANDER'S
SECOND SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Take-Two

Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc. and Visual Concepts Entertainment

(collectively "Take-Two"), by and through their undersigned counsel, hereby respond to Plaintiff

Catherine Alexander's ("Alexander" or "Plaintiff") Requests for Admission, served on

September 11, 2019 (the "Requests for Admission" or "Requests," and each individually, a

"Request") in the above-captioned action ("Litigation") as follows:

## **GENERAL OBJECTIONS**

1.      Take-Two objects to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Take-Two objects to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, the joint defense privilege and/or any other applicable privilege or protection.  Take-Two does not waive, intends to preserve, and is preserving the attorney-client privilege, the work-product privilege, the joint defense privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Take-Two objects to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Take-Two will provide such information subject to the entry of an appropriate protective order governing the parties to this Litigation.  By responding to the Requests, Take-Two does not waive, intends to preserve, and is preserving all of its rights to assert that any and all such information is confidential.  Information furnished by Take-Two shall only be used in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity that is not a party or a representative of a party to this Litigation.

4.      Take-Two objects to the Requests to the extent that they seek information that Plaintiff equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.      In providing this response to the Requests, Take-Two does not in any way waive or intend to waive, but rather is preserving and intends to preserve:

    (i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

    (ii)     All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

    (iii)    All objections as to vagueness and ambiguity; and

    (iv)     All rights to objects on any grounds to any further requests for admission.

6.      Take-Two objects to the Requests to the extent that they seek information set forth in documents that are outside Take-Two's possession, custody, and control.

7.      Take-Two objects to the Requests to the extent that they are not limited to the time relevant to this Litigation.

8.      Take-Two objects to the Requests to the extent that they unfairly seek to restrict the facts upon which Take-Two may rely at trial.  Discovery has not been completed and Take-Two is not necessarily in possession of all the facts and documents upon which Take-Two intends to rely.  The responses submitted herewith are tendered to Plaintiff with the reservation that responses are submitted without limiting the evidence on which Take-Two may rely to support the contentions they may assert at the trial on this action and to rebut or impeach the

contentions, assertions, and evidence that Plaintiff may present. Take-Two reserves the right to supplement or amend this response at a future date.

9. Take-Two objects to the Requests to the extent that they define the term "Infringing Games" to mean the "videogames WWE 2K16, WWE 2K17 and WWE 2K18." This term misleadingly implies that these video games infringe Plaintiff's purported copyrights. For purposes of responding to the Requests, Take-Two will use the term "*WWE 2K* Games" to refer to the video games *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

10. Take-Two objects to the Requests to the extent that they define the terms "authentic" and "authenticity" to mean the "representation or recreation of a person or program in a video game as it appears or would appear on television," and they further state that "[t]hese terms are used in the same manner as Mr. Mark Little, on behalf of Defendants, used the terms when describing 'goal' of creating an 'authentic' Randy Orton in the Infringing Games by 'trying to make [Randy Orton] look like in the game' how 'he looks on programming [television]' (Dep. Tr. Little, 160:21-25; 149:9-13) and 'having our game, as much as we can and as possible, represent what they [consumers or viewers] see and acknowledge in person on TV' (Dep. Tr. Little, 158:23-159:1)." Plaintiff's definition misleadingly implies that Mark Little defined the terms "authentic" and "authenticity" as Plaintiff has done in the Requests, and further misleadingly paraphrases Mark Little's deposition testimony.

11. Take-Two objects to the Requests to the extent that they define the term "the Tattoos" to mean "the copyrighted tattoos at issue in this lawsuit, specifically the Rose, Dove, Skulls, Tribal, Tribal Addition, and Bible Verse works tattooed on Randy Orton," as Plaintiff's definition includes the legal conclusion that the tattoos that appear on Randy Orton are subject to copyright protection. Take-Two does not concede the legal issue.

3

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 37**:

Admit that the Infringing Games are authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Subject to and without waiving the foregoing objections, Take-Two denies this Request as it is unintelligible.

**REQUEST FOR ADMISSION NO. 38**:

Admit that one of Defendants' goals in developing the Infringing Games was authenticity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one of its goals was to realistically depict the wrestlers in the *WWE 2K* Games as they appear in real life.

4

**REQUEST FOR ADMISSION NO. 39:**

Admit that inclusion of the Tattoos in the Infringing Games was in part to achieve authenticity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "achieve authenticity" is unclear and undefined. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that tattoos are included in the *WWE 2K* Games so that the depiction of the wrestlers is realistic.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Defendants believe that consumers' expectations for the Infringing Games is that the Infringing Games be authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "consumers' expectations" is unclear and undefined. Take-Two objects to

this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that consumer's expectations for the Infringing Games is that they be authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "consumer's expectations" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the Tattoos in the Infringing Games contribute to the authenticity of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "contribute to the authenticity" is unclear and undefined. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that tattoos are included in the *WWE 2K* Games so that the depiction of the wrestlers is realistic.

**REQUEST FOR ADMISSION NO. 43:**

Admit that one of Defendants' goals in developing and marketing the Infringing Games was to meet or exceed consumers' expectations of authenticity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "meet or exceed consumers' expectations of authenticity" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that

consumers do not purchase the *WWE 2K* Games because of the Tattoos.  Subject to and without waiving the foregoing objections, Take-Two denies this Request.

## REQUEST FOR ADMISSION NO. 44:

Admit that one of Defendants' goals in developing and marketing the Infringing Games was to make design choices that would not impair the authenticity of the Infringing Games.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10.  Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "impair the authenticity" is unclear and undefined.  Take-Two objects to this Request as not being relevant to any claims or issues in this case.  Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that tattoos are included in the *WWE 2K* Games so that the depiction of the wrestlers is realistic.

## REQUEST FOR ADMISSION NO. 45:

Admit that Defendants' goal of authenticity was influenced in part by their desire to maximize revenue and profits of the Infringing Games.

## RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10.  Take-

Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K*

Games are being compared. Take-Two objects to this Request as vague and ambiguous to the

extent that the phrase "goal of authenticity" is unclear and undefined. Take-Two objects to this

Request as not being relevant to any claims or issues in this case. Take-Two objects to this

Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the

*WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing

objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Defendants' goal in not making design choices that would impair the
authenticity of the Infringing Games was influenced in part by their desire to maximize revenue
and profits of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Take-Two incorporates by reference the above-stated general objections as if fully set

forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the

extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-

Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K*

Games are being compared. Take-Two objects to this Request as vague and ambiguous to the

extent that the phrase "impair the authenticity" is unclear and undefined. Take-Two objects to

this Request as not being relevant to any claims or issues in this case. Take-Two objects to this

Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the

*WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing

objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that a Randy Orton in-game character in the Infringing Games that had no tattoos would be less authentic than a Randy Orton character with tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "less authentic than" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "Randy Orton character" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that there is a difference between "a Randy Orton in-game character" and "a Randy Orton character" that is undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request to the extent that it contains an incomplete hypothetical. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that Mr. Orton appears in the *WWE 2K* Games as he does in real life and Mr. Orton's tattoos are part of what he looks like in real life.

**REQUEST FOR ADMISSION NO. 48:**

Admit that a Randy Orton character in the Infringing Games that lacked the Tattoos would be less authentic than a Randy Orton character with Tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10.  Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "less authentic than" is unclear and undefined.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "Randy Orton character" is unclear and undefined.  Take-Two objects to this Request as not being relevant to any claims or issues in this case.  Take-Two objects to this Request to the extent that it contains an incomplete hypothetical.  Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that it was technically feasible to include a Randy Orton character in the Infringing Games without the Tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "technically feasible" is unclear and undefined.  Take-Two objects to this Request as vague and ambiguous to

11

the extent that the phrase "Randy Orton character" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request to the extent that it contains an incomplete hypothetical. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that it was technically feasible to include a Randy Orton character in the Infringing Games with tattoos in place of the Tattoos that are different from the Tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "technically feasible" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "Randy Orton character" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that Mr. Orton appears in the *WWE 2K* Games as he does in real life.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the inclusion of the Tattoos in the Infringing Games was a design choice made at least in part by Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that the Tattoos were included in the *WWE 2K* Games' depiction of Randy Orton because he bears those tattoos in real life, and without them he would not look like himself.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the Infringing Games received praise from consumers and critics for their authenticity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state what it is that the *WWE 2K* Games have "authenticity" to. Take-Two objects to this Request as vague and ambiguous with respect to the terms "consumers" and "critics," which are undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the Infringing Games received criticism from consumers and critics for their lack of authenticity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous with respect to the terms "consumers" and "critics," which are undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that one of Defendants' goals in developing the Infringing Games was to receive praise from consumers and critics.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous with respect to the terms "consumers" and "critics," which are undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one of its goals was to realistically depict the wrestlers in the *WWE 2K* Games as they appear in real life.

**REQUEST FOR ADMISSION NO. 55:**

    Admit that one of Defendants' goals in developing the Infringing Games was to avoid criticism from consumers and critics.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

    Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous with respect to the terms "consumers" and "critics," which are undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one of its goals was to realistically depict the wrestlers in the *WWE 2K* Games as they appear in real life.


**REQUEST FOR ADMISSION NO. 56:**

    Admit that Defendants monitored or assessed statements from third parties, such as critics, reviewers, customers or consumers, concerning the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

    Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous with respect to the term "statements," which is undefined as to scope. Take-Two objects to this Request as vague and ambiguous with respect to the terms "critics, reviewers, customers or consumers" which are undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing

objections, Take-Two denies this Request, except admits that it has considered at least one third

party statement concerning the *WWE 2K* Games.

## REQUEST FOR ADMISSION NO. 57:

Admit that Defendants provided statements from third parties, such as critics, reviewers, customers or consumers, concerning the Infringing Games to employees of Defendants.

## RESPONSE TO REQUEST FOR ADMISSION NO. 57:

Take-Two incorporates by reference the above-stated general objections as if fully set

forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague

and ambiguous with respect to the terms "statements" and "employees," which are undefined as

to scope. Take-Two objects to this Request as vague and ambiguous with respect to the terms

"critics, reviewers, customers or consumers" which are undefined. Take-Two objects to this

Request as not being relevant to any claims or issues in this case. Subject to and without

waiving the foregoing objections, Take-Two denies this Request, except admits that it has

provided at least one third party statement concerning the *WWE 2K* Games to employees.

## REQUEST FOR ADMISSION NO. 58:

Admit that statements from third parties, such as critics, reviewers, customers or consumers, concerning the Infringing Games influenced the design and development of the Infringing Games or subsequent wrestling games.

## RESPONSE TO REQUEST FOR ADMISSION NO. 58:

Take-Two incorporates by reference the above-stated general objections as if fully set

forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague

and ambiguous with respect to the terms "influenced" and "statements," which are undefined as

to scope.  Take-Two objects to this Request as vague and ambiguous with respect to the terms

"critics, reviewers, customers or consumers" which are undefined.  Take-Two objects to this

Request as not being relevant to any claims or issues in this case.  Subject to and without

waiving the foregoing objections, Take-Two denies this Request, except admits that it has

considered at least one third party statement concerning the *WWE 2K* Games.

### REQUEST FOR ADMISSION NO. 59:

Admit that Defendants paid a tattooist or tattoo artist to create designs for inclusion in the
Infringing Games.

### RESPONSE TO REQUEST FOR ADMISSION NO. 59:

Take-Two incorporates by reference the above-stated general objections as if fully set

forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9.  Take-Two objects to this Request as vague

and ambiguous with respect to the phrase "create designs," which is undefined.  Take-Two

objects to this Request as not being relevant to any claims or issues in this case.  Subject to and

without waiving the foregoing objections, Take-Two denies that it paid a tattooist or tattoo artist

for the right to include pre-existing tattoos that appear on real life wrestlers in the *WWE 2K*

Games.

### REQUEST FOR ADMISSION NO. 60:

Admit that Defendants hold a copyright interest in the art created by a tattooist for
inclusion in the Infringing Games.

### RESPONSE TO REQUEST FOR ADMISSION NO. 60:

Take-Two incorporates by reference the above-stated general objections as if fully set

forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9.  Take-Two objects to this Request as vague

and ambiguous with respect to the phrases "copyright interest" and "art created by a tattooist," which are undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that it holds a license to depict the Tattoos in the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the Tattoos were included in the Infringing Games in part to avoid criticism from third parties that the Infringing Games were not authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "avoid criticism from third parties" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that the Tattoos were included to realistically depict Mr. Orton as he appears in real life.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the Tattoos were included in the Infringing Games in part to maximize revenue and profit of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the authenticity of the Infringing Games is a driver of sales of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "driver of sales" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the authenticity of the Infringing Games is a component of the financial success of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state what it is that the *WWE 2K* Games have "authenticity" to. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "component of the financial success" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that Defendants never calculated the percentage of the Infringing Games' computer programs that is made up of the Tattoos prior the filing of the Complaint in this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "prior the filing

of the Complaint" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two admits this Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the percentage of a computer program occupied by visual elements of a video game is not a metric used by Defendants when developing video games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "occupied by visual elements" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request as it is unintelligible.

**REQUEST FOR ADMISSION NO. 67:**

Admit that the percentage of the Infringing Games' computer program that is occupied by the visual display of the WWE Logo is less than 1%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "occupied by the visual display" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that the percentage of the Infringing Games' computer program that is occupied by the visual display of the WWE Logo is less than .01%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "occupied by the visual display" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 69:**

Admit that the percentage of the Infringing Games' computer program that is occupied by the visual display of the WWE Logo is less than .001%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "occupied by the visual display" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the percentage of the Infringing Games' computer program that is occupied by the visual display of WWE Logo is less than .0001%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "occupied by the visual display" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that Defendants' goal of achieving authenticity in the Infringing Games was to reproduce or recreate the experience of watching a wrestling event on television.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "goal of achieving authenticity" is unclear and undefined. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one

of its goals was to realistically depict the wrestlers in the *WWE 2K* Games as they appear in real life.

**REQUEST FOR ADMISSION NO. 72:**

Admit that Defendants' goal of achieving authenticity in the Infringing Games was to reproduce or recreate the experience of watching a wrestling event in person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "goal of achieving authenticity" is unclear and undefined. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one of its goals was to realistically depict the wrestlers in the *WWE 2K* Games as they appear in real life.

**REQUEST FOR ADMISSION NO. 73:**

Admit that consumers would be less likely to purchase the Infringing Games if consumers perceived the Infringing Games as not authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authentic" is misleading as indicated in General Objection No. 10. Take-

Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "consumers perceived" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 74:**

Admit that the notion that the Tattoos are a "tiny" asset in the Infringing Games, as concluded by Dr. Bogost, is not known by most consumers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request as vague and ambiguous to the extent that the term "notion" and the phrase "most consumers" are unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that Defendants' are not aware of any internal or public studies, data or analyses, concerning the relationship between the percentage of visual display data occupied in a computer program and consumers' perception of authenticity in video games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

      Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "relationship between the percentage of visual display data occupied in a computer program and consumers' perception of authenticity" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Subject to and without waiving the foregoing objections, Take-Two denies this Request as it is unintelligible.

**REQUEST FOR ADMISSION NO. 76:**

      Admit that a portion of the value of the Tattoos to the Infringing Games comes from creating a perception of authenticity for consumers or purchasers of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

      Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state to what the *WWE 2K* Games are being compared. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "perception of authenticity" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah

26

Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos.  Take-Two objects to this Request as it does not state to whom the the Tattoos have "value."  Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that consumers who purchased the Infringing Games would react negatively if the Tattoos were not included on Randy Orton's in-game character.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "react negatively" is unclear and undefined.  Take-Two objects to this Request as vague and ambiguous to the extent that the term "consumers" is undefined as to scope.  Take-Two objects to this Request as not being relevant to any claims or issues in this case.  Take-Two objects to this Request to the extent that it contains an incomplete hypothetical.  Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that when developing the Infringing Games, Defendants' [*sic*] believed that consumers who purchased the Infringing Games would react negatively if the Tattoos were not included on Randy Orton's in-game character.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "react negatively" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that the term "consumers" is undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request to the extent that it contains an incomplete hypothetical. Subject to and without waiving the foregoing objections, Take-Two denies this Request, except admits that one of its goals was to realistically depict the wrestlers in the *WWE 2K* Games.

**REQUEST FOR ADMISSION NO. 79:**

Admit that consumers who purchased the Infringing Games would react negatively if the Tattoos were replaced by different tattoos on Randy Orton's in-game character.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "react negatively" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that the term "consumers" is undefined as to scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this

28

Request to the extent that it contains an incomplete hypothetical. Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

### REQUEST FOR ADMISSION NO. 80:

Admit that when developing the Infringing Games, Defendants believed that consumers who purchased the Infringing Games would react negatively if the Tattoos were replaced by different tattoos on Randy Orton's in-game character.

### RESPONSE TO REQUEST FOR ADMISSION NO. 80:

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "react negatively" is unclear and undefined. Take-Two objects to this Request as vague and ambiguous to the extent that the terms "believed" and "consumers" are undefined as to time and scope. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request to the extent that it contains an incomplete hypothetical. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

### REQUEST FOR ADMISSION NO. 81:

Admit that consumers who purchased the Infringing Games would be dissatisfied if the Tattoos were not included in the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "be dissatisfied" is unclear and undefined.  Take-Two objects to this Request as vague and ambiguous to the extent that the term "consumers" is undefined as to scope.  Take-Two objects to this Request as not being relevant to any claims or issues in this case.  Take-Two objects to this Request to the extent that it contains an incomplete hypothetical.  Subject to and without waiving the foregoing objections, Take-Two states that, after a reasonable inquiry, the information that Take-Two knows or can readily obtain is insufficient to enable Take-Two to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that a component of the financial benefit attributable to the Tattoos in the Infringing Games is the avoidance of consumer dissatisfaction that would result if the Infringing Games lacked the Tattoos.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "avoidance of consumer dissatisfaction" is unclear and undefined.  Take-Two objects to this Request as not

being relevant to any claims or issues in this case. Take-Two objects to this Request to the extent that it contains an incomplete hypothetical. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that authenticity matters to consumers who purchase or purchased the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9. Take-Two objects to this Request to the extent that the term "authenticity" is misleading as indicated in General Objection No. 10. Take-Two objects to this Request as vague and ambiguous as it does not state what it is that the *WWE 2K* Games have "authenticity" to. Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "authenticity matters" is unclear and undefined. Take-Two objects to this Request as not being relevant to any claims or issues in this case. Take-Two objects to this Request as the survey conducted by Dr. Deborah Jay shows that consumers do not purchase the *WWE 2K* Games because of the Tattoos. Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 84:**

Admit that negative statements about the Infringing Games by third parties including, but not limited to, on social media, could harm sales of the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein. Take-Two objects to this Request to the extent that the term "Infringing Games" is

misleading as indicated in General Objection No. 9.  Take-Two objects to this Request as vague and ambiguous as the phrase "negative statements" is unclear and undefined as to scope.  Subject to and without waiving the foregoing objections, Take-Two denies this Request.

**REQUEST FOR ADMISSION NO. 85:**

Admit that Defendants did not add any new visual elements to the Tattoos before incorporation into the Infringing Games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Take-Two incorporates by reference the above-stated general objections as if fully set forth herein.  Take-Two objects to this Request to the extent that the term "Infringing Games" is misleading as indicated in General Objection No. 9.  Take-Two objects to this Request to the extent that the term "the Tattoos" is misleading as indicated in General Objection No. 11.  Take-Two objects to this Request as vague and ambiguous to the extent that the phrase "any new visual elements" is unclear and undefined.  Subject to and without waiving the foregoing objections, Take-Two denies this Request as it is unintelligible.

Dated: October 11, 2019         Respectfully submitted,

/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
miranda.means@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Take-Two Interactive*
*Software, Inc., 2K Games, Inc., 2K Sports, Inc.,*
*and Visual Concepts Entertainment*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

CATHERINE ALEXANDER,                      )
                                          )
      Plaintiff,                  )
                                          )
  -vs-                                )
                                          )
TAKE-TWO INTERACTIVE SOFTWARE, INC.,      )
2K GAMES, INC.; 2K SPORTS, INC.; WORLD    )  Case No. 3:18-cv-966-SMY-MAB
WRESTLING ENTERTAINMENT, INC.;            )
VISUAL CONCEPTS ENTERTAINMENT;            )
YUKE'S CO., LTD.; AND YUKE'S LA, INC.,    )
                                          )
                                          )
      Defendants.                 )
                                          )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2019, I electronically filed the foregoing **Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment's Responses and Objections to Plaintiff Catherine Alexander's Second Set of Requests for Admission** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
_____
Dale M. Cendali (admitted pro hac vice)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment*