# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>     Plaintiff,<br><br>v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., et al.<br><br>     Defendants. | Case No. 3:18-cv-0966-MJR-DGW |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CATHERINE ALEXANDER**

Plaintiff Catherine Alexander ("Plaintiff") provides the following objections and responses to Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc. and Visual Concepts Entertainment's ("Defendants") First Set of Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

DESCRIBE the conception and creation of the ASSERTED WORKS, including without limitation (a) any works used or relied upon in the creation of the ASSERTED WORKS, (b) the sources of inspiration for the ASSERTED WORKS, (c) the chronology of the ASSERTED WORKS' creation, (d) the reasons that the ASSERTED WORKS were created, and (e) RANDY ORTON's role in creating the ASSERTED WORKS.

**RESPONSE:**

Plaintiff objects to this interrogatory as it is compound and comprises multiple distinct interrogatories.

Subject to the above objections, Plaintiff states no works were used or relied upon in the

1

creation of the Asserted Works. The sources of inspiration were verbal discussions held between Mr. Orton and Plaintiff where Mr. Orton requested a tattoo and Plaintiff provided a design per his request.

Chronology of Asserted Works: Tribal addition design on upper back – 2002; Tribal design on forearms – 2003; Bible verse design – 2008; Dove – 2008; Rose – 2008 and Skulls – 2008.

**INTERROGATORY NO. 2:**

DESCRIBE PLAINTIFF's authorization to use any source materials or pre-existing works to create the ASSERTED WORKS.

**RESPONSE:**

Plaintiff did not need authorization because there was no source materials or pre-existing works used to create the asserted works.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS with knowledge of the creation of the ASSERTED WORKS, including without limitation their applications for registration with the United States Copyright Office and any pre-existing materials used to create them.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it is understood that it calls for legal conclusion and seeks information protected by attorney-client privilege and the work-product doctrine.

Subject to the above objections and qualifications, see Plaintiff's Fed. R. Civ. P. 26 disclosures served on July 10, 2018. See also the copyright applications previously produced at ALEXANDER000001-ALEXANDER000034.

**INTERROGATORY NO. 4:**

DESCRIBE any COMMUNICATIONS between PLAINTIFF and RANDY ORTON at any time CONCERNING the ASSERTED WORKS.

**RESPONSE:**

Plaintiff states all communications were verbal either in person or via telephone. During these communications, Mr. Orton would suggest a type of tattoo he wanted and Plaintiff would sketch a design.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS with whom PLAINTIFF has communicated CONCERNING the ASSERTED WORKS, including without limitation CONCERNING their applications for registration with the U.S. Copyright Office.

**RESPONSE:**

See Plaintiff's Fed. R. Civ. P. 26 disclosures served on July 10, 2018 as well as copyright applications previously produced at ALEXANDER000001-ALEXANDER000034. Plaintiff communicated with WWE and the copyright office.

**INTERROGATORY NO. 6:**

If PLAINTIFF contends that DEFENDANTS have violated PLAINTIFF's copyrights, STATE the factual and legal basis for that contention, including without limitation each use of the ASSERTED WORKS in the ACCUSED PRODUCTS that PLAINTIFF contends represents an instance of infringement of PLAINTIFF's copyrights.

**RESPONSE:**

See Plaintiff's Fed. R. Civ. P. 26 disclosures served on July 10, 2018 and see allegations in Complaint. The Asserted Works are in the copyright applications previously produced at

3

ALEXANDER000001-ALEXANDER000034.  The Accused Products include WWE 2K16, WWE 2K17 and WWE 2K18.

**INTERROGATORY NO. 7:**

If PLAINTIFF contends that DEFENDANTS' use of the ASSERTED WORKS does not qualify as *de minimis* use, STATE the factual and legal basis for that contention.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is understood, that it is premature, calls for legal conclusions, and seeks information protected by attorney-client privilege and the work product-doctrine.

At this time Plaintiff has not fully developed its contentions in this regard.  Defendants have not yet asserted affirmative defenses so there for this interrogatory is premature.

**INTERROGATORY NO. 8:**

If PLAINTIFF contends that DEFENDANTS' use of the ASSERTED WORKS does not constitute fair use under 17 U.S.C. § 107, STATE the factual and legal basis for that contention.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it is understood that it calls for legal conclusions and seeks information protected by attorney client privilege and the work-product doctrine.

At this time Plaintiff has not fully developed its contentions in this regard.  Defendants have not yet asserted affirmative defenses so there for this interrogatory is premature.

**INTERROGATORY NO. 9:**

If PLAINTIFF contends that DEFENDANTS' use of the ASSERTED WORKS is not licensed or otherwise authorized, STATE the factual and legal basis for that contention.

**RESPONSE:**

Plaintiff has not entered into any license agreements regarding the asserted works with Defendants.  During a conversation with a WWE representative in 2009, WWE requested a license but Plaintiff provided no authorization to the Asserted Works.

**INTERROGATORY NO. 10:**

DESCRIBE any license of any kind—whether oral, written or implied—entered into between PLAINTIFF and any PERSON CONCERNING use of the ASSERTED WORKS, including without limitation the identities of all PERSONS with knowledge thereof.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it calls for legal conclusions.  Plaintiff is not aware of any written licenses or agreement concerning the subject of copyright.

**INTERROGATORY NO. 11:**

DESCRIBE any potential license of any kind—whether oral, written or implied—contemplated or discussed between PLAINTIFF and any PERSON CONCERNING use of the ASSERTED WORKS, including without limitation the identities of all PERSONS with knowledge thereof.

**RESPONSE:**

Plaintiff objects because Plaintiff does not know what "potential" license is.  See also response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

STATE ALL FACTS supporting PLAINTIFF's allegation in Paragraph 58 of the COMPLAINT that "[i]n 2009, Plaintiff contacted WWE about the reproduction of Mr. Orton's tattoos on various items for sale by WWE," including without limitation (a) the date(s) of any

COMMUNICATIONS with WWE; (b) the PERSON(S) on behalf of WWE with whom PLAINTIFF communicated; (c) how (orally, in writing, by email, in person, or by any other means), and if in person, where PLAINTIFF communicated with WWE; and (d) the substance of each COMMUNICATION with WWE.

**RESPONSE:**

Plaintiff states that she is unsure of the exact date the call occurred or the name of the WWE representative but the call occurred in 2009.  The WWE representative offered $450 to reproduce the Asserted Works on WWE products.  Plaintiff declined WWE's offer.

**INTERROGATORY NO. 13:**

STATE ALL FACTS supporting PLAINTIFF's allegation in Paragraph 59 of the COMPLAINT that "WWE offered Plaintiff $450 for extensive rights to use and reproduce the tattoo designs on WWE products," including without limitation (a) the date that WWE made this offer; (b) the PERSON(S) on behalf of WWE who made this offer; (c) how (orally, in writing, by email, in person, or by any other means), and if in person, where WWE made this offer; and (d) all PERSONS who were present at the time WWE made this offer.

**RESPONSE:**

Plaintiff states that she is unsure of the exact date the call occurred or the name of the WWE representative but the call occurred in 2009.  The WWE representative offered $450 to reproduce the Asserted Works on WWE products.  Plaintiff declined WWE's offer.  Aaron Blow was present while Plaintiff was on the phones speaking with the WWE representative.

**INTERROGATORY NO. 14:**

STATE ALL FACTS supporting PLAINTIFF's allegation in Paragraph 61 of the COMPLAINT that "Plaintiff told WWE that Plaintiff did not grant any permission to WWE to

6

copy, duplicate or otherwise use or reproduce any of Plaintiff's designs," including without limitation (a) the date that PLAINTIFF told WWE this; (b) the PERSON(S) on behalf of WWE to whom PLAINTIFF told this; (c) how (orally, in writing, by email, in person, or by any other means), and if in person, where PLAINTIFF told WWE this; and (d) all PERSONS who were present at the time PLAINTIFF told WWE this.

**RESPONSE:**

Plaintiff states that she is unsure of the exact date the call occurred or the name of the WWE representative but the call occurred in 2009. The WWE representative offered $450 to reproduce the Asserted Works on WWE products. Plaintiff declined WWE's offer. Aaron Blow was present while Plaintiff was on the phone speaking with the WWE representative.

**INTERROGATORY NO. 15:**

DESCRIBE all efforts to enforce intellectual property rights, including without limitation copyrights, trademarks, or rights of publicity, in the ASSERTED WORKS, including without limitation the identities of all PERSONS with knowledge thereof.

**RESPONSE:**

See Plaintiff's Fed. R. Civ. P. 26 disclosures served on July 10, 2018. Plaintiff also states that copyright applications have been produced at ALEXANDER000001-ALEXANDER000034. See also the pleadings in this case.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS with whom PLAINTIFF has communicated CONCERNING DEFENDANTS, including without limitation CONCERNING the ACCUSED PRODUCTS or this LITIGATION.

7

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it is understood that it calls for legal conclusions and seeks information protected by attorney client privilege and the work product doctrine.

Subject to the above objections and qualifications, see Plaintiff's Fed. R. Civ. P. 26 disclosures served on July 10, 2018.

**INTERROGATORY NO. 17:**

DESCRIBE PLAINTIFF's COMMUNICATIONS or business dealings CONCERNING the use of the ASSERTED WORKS in video games, including without limitation the identities of all PERSONS with knowledge thereof.

**RESPONSE:**

Plaintiff states that she is unsure of the exact date the call occurred or the name of the WWE representative but the call occurred in 2009. The WWE representative offered $450 to reproduce the Asserted Works on WWE products. Plaintiff declined WWE's offer. Aaron Blow was present while Plaintiff was on the phones speaking with the WWE representative.

**INTERROGATORY NO. 18:**

DESCRIBE any harm suffered by PLAINTIFF as a result of DEFENDANTS' conduct, including without limitation the identities of all PERSONS with knowledge thereof.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it is premature and calls for expert testimony. See Rule 26 Disclosures.

**INTERROGATORY NO. 19:**

DESCRIBE, in dollars, any damage alleged by PLAINTIFF to have resulted from DEFENDANTS' conduct, including without limitation any revenue lost by PLAINTIFF.

**RESPONSE:**

Plaintiff anticipates an expert to opine on damages pursuant to the Case Management Order.

Dated: October 15, 2018

Respectfully submitted,

*/s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 15th day of October, 2018 via electronic mail.

*/s/ Anthony G. Simon*

## VERIFICATION

I, Catherine Alexander ("Plaintiff"), declare as follows:

1. I am duly authorized to execute this verification on my behalf;

2. I have read Plaintiff's Objections and Responses to Defendants Take-Two Interactive Software, Inc., 2k Games, Inc., 2k Sports, Inc., and Visual Concepts Entertainment's First Set of Interrogatories To Plaintiff Catherine Alexander and am aware of its contents; and

3. I am informed and believe that the responses are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: 10/21/18

Catherine Alexander

10