IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, <br><br> Plaintiff, <br><br> v. <br><br> TAKE-TWO INTERACTIVE SOFTWARE, INC., et al., <br><br> Defendants. | Case No.  3:18-cv-0966-SMY |

**PLAINTIFF CATHERINE ALEXANDER'S MEMORANDUM IN OPPOSITION OF DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC., 2K SPORTS, INC., AND VISUAL CONCEPTS ENTERTAINMENT'S MOTION TO EXCLUDE THE TESTIMONY OF RYAN CLARK**

Plaintiff Catherine Alexander ("Plaintiff") respectfully submits this memorandum of law in opposition of Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment's (collectively, "Defendants") motion to exclude Plaintiff from offering testimony, argument, or evidence relating to the Expert Rebuttal Report of Ryan Clark (the "Rebuttal Report"); and any opinions offered by Ryan Clark during his September 12, 2019 deposition.

**PRELIMINARY STATEMENT**

Defendants' motion to exclude should be denied.  First, Mr. Clark is qualified to offer his opinions and he does not merely parrot the testimony of others.  Second, Mr. Clark does not merely invoke his expertise in forming his disagreement with Defendants' expert, Mr. Malackowski.  Finally, Mr. Clark disclosed the substance of his opinions in his expert report.  Defendants' take issue with Mr. Clark's conclusions and the facts upon which he bases his opinions, but these are matters for the jury rather than the gatekeeping function of the Court.

**ARGUMENT**

I. **MR. CLARK'S OPINIONS RELATING TO PROFITS ATTRIBUTABLE TO THE DEPICTION OF TATTOOS SHOULD NOT BE EXCLUDED.**

   A. <u>Mr. Clark Relied On Facts, Data, and Testimony of Other Experts and Did His Own Analysis in Forming His Conclusions</u>

Expert testimony is admissible at trial under Federal Rule of Evidence 702 if the testimony is relevant to a fact in issue, is based on sufficient facts or data, and is the product of reliable scientific or other expert methods that are properly applied. *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 765 (7th Cir. 2013). Federal Rule of Evidence 703 states that "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Rule 703 further states that "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admissible." When addressing whether expert testimony is reliable, a court should not consider the factual underpinnings of the expert's testimony. *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000). The court's role as gatekeeper is strictly limited to an examination of the expert's methodology. *Id.* at 718. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact." *Id.* (citing *Daubert*, 509 U.S. at 595 ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.")). Rule 703 allows experts to base their opinions "on all manner of underlying data." *In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 646, 654 (N.D. Ill. 2006)(Holding that *Dura Automotive* would only apply if non-disclosed expert instructed disclosed expert on what to do with underlying factual data and the disclosed expert followed

2

those instructions without understanding them or bringing any independent expertise to bear, which did not occur in the case).

First, it is patently false that Mr. Clark is merely parroting the testimony of others. Instead, he is reasonably relying on said testimony, and the underlying data forming said testimony, in forming his opinions, just as any expert in business, intellectual property, and financial advisory services would in practice. Under Rule 703, an expert's testimony may be formulated by the use of the facts, data and conclusions of other experts. *Asad v. Cont'l Airlines, Inc.*, 314 F. Supp. 2d 726, 740 (N.D. Ohio 2004). Here, Dr. Zagal and Mr. Clark provide different, but related opinions such that there is no difficulty with Mr. Clark referring to Dr. Zagal's work.

Defendants are critical of Mr. Clark's reliance on the testimony offered by Dr. Zagal even though Mr. Clark does not solely rely upon the expert testimony of Dr. Zagal. Clark testified in response to questioning that he was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Clark is therefore using facts and data he has been made aware of in forming his conclusions, which he is entitled to do under Rule 703. Defendants' objections would only apply if Dr. Zagal instructed Mr. Clark on what to do with the underlying data of Zagal's Reports or the underlying data of Dr. Jay's and Dr. Bogost's Reports and Clark followed these instructions without understanding them or conducting independent analyses.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



Second, Defendants do not attack Mr. Clark's methodology, they attack the factual underpinnings of his opinions. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters



to be determined by the trier of fact, or where appropriate, on summary judgment." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 781 (7th Cir. 2017). Based on the same data that Defendants' experts used, Mr. Clark analyzed said data and came to a different conclusion. ███████████████████████████

███████████████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
████████████████

B. <u>Mr. Clark Offered Sufficient Support for His Opinions</u>

███████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
████████████████████

5

## II. MR. CLARK'S OPINIONS RELATING TO GROSS AND OPERATING PROFITS SHOULD BE ADMITTED

"'The purpose of these [expert] reports is not to replicate every word that the expert might say on the stand. It is instead to convey the substance of the expert's opinion ... so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary.'" *Metavante*, 619 F.3d at 762 (quoting *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir.2009)). When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. *McCloud ex. rel. Hall*, 479 F. Supp.2d 882, 893 (C.D. Ill. 2007). In these situations, Rule 702 is "'not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.'" *Id.* (quoting *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003)). Furthermore, "trade and industry publications and compilations can be appropriate sources of facts and data upon which an expert can reasonably rely." *In re Sulfuric Acid Antitrust*, 235 F.R.D. at 656.





A.    I never wrote that. Or I never testified to that. It's what Mr.

7

However, it is not Plaintiff's burden to prove the infringer's deductible expenses and the elements of profit attributable to factors other than the copyrighted work. As cited by Mr. Clark, the United States Code provides as follows:

> **(b) Actual Damages and Profits.**--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. ***In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work***.

17 U.S.C.A. § 504 (West)(emphasis added). Thus, Defendants' criticism is merely an improper attempt to flip the burden of proof in the guise of a *Daubert* challenge, and provides no basis for excluding the testimony of Mr. Clark.

Mr. Clark did not merely rely on Take-Two's Form 10-K in forming his opinions in disagreement with Malackowski. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Therefore, it was not necessary for him, at deposition, to cite all of the underlying facts and data he relied upon in

forming his opinions. As a consequence, Defendants' criticisms provide no basis for excluding Mr. Clark's testimony.

**III.     MR. CLARK DID NOT OFFER ANYTHING NOVEL AT HIS DEPOSITION**

Mr. Clark disclosed no new opinions at his deposition but, instead, merely responded to questions under cross-examination that inquired as to his reasoning and the bases of his opinions. Federal Rule of Evidence 705 states that "Unless the court orders otherwise, an expert may state an opinion – and give the reasons for it – without first testifying to the underlying facts or data." Rule 705 further provides that "[t]he expert *may* be required to disclose those facts or data on cross-examination." "'The purpose of these [expert] reports is not to replicate every word that the expert might say on the stand. It is instead to convey the substance of the expert's opinion ... so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary.'" *Metavante*, 619 F.3d at 762 (quoting *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir.2009)).

Here, Mr. Clark disclosed in his report that  This was sufficient for Defendants to cross-examine Mr. Clark and was

not "new testimony." Furthermore, Clark's Rebuttal Report discloses the substance of his opinion.


Although Mr. Clark acknowledged that every bit of his anticipated testimony was not included in his report, that is not the standard. Mr. Clark's report only needed to convey the substance of the expert's opinion so that defense counsel was ready to cross-examine. *Metavante*, 619 F.3d at 762. The report did that completely. As Mr. Clark described in his deposition, he was asked about material inside the scope of the opinions disclosed:


It was cross-examination within the scope of the disclosed opinions required Mr. Clark to explain those opinions with additional detail to that included in his report. Nothing in that process is outside the rules of discovery as it pertains to experts.

As a consequence, there was no new opinion disclosed at Mr. Clark's deposition that was not identified and explored in his report, and therefore, no reason to limit his testimony on the subject at hand. In addition, even if what was said at the deposition were new, Mr. Clark is

under a duty to supplement his report pursuant to Fed. R. Civ. P. 26(e)(2) which he did through his testimony at the deposition.  Fed. R. Civ. P. 26(e).  Such supplementation for experts is not due until the pre-trial disclosures under Fed. R. Civ. P.  26(a)(3).  Fed. R. Civ. P.  26(e)(2).

## CONCLUSION

Given that Mr. Clark conducted his own independent analysis of the underlying data, relied on Defendants' production of information, and adequately disclosed his opinions, Plaintiff Catherine Alexander respectfully requests that the Court Deny Defendants' Motion to Exclude the Testimony of Ryan Clark.

Dated:  December 9, 2019				Respectfully submitted,

*/s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Benjamin R. Askew, IL 6291366
Anthony R. Friedman, IL 6299795
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri  63101
Phone:  (314) 241-2929
Fax:  (314) 241-2029
asimon@simonlawpc.com
basekew@simonlawpc.com
afriedman@simonlawpc.com

R. Seth Crompton
THE HOLLAND LAW FIRM
300 N Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record this 9th day of December, 2019 via the Court's CM/ECF system.

/s/ Anthony G. Simon