# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC.; 2K GAMES, INC.; 2K SPORTS, INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CASE NO. 3:18-CV-966-SMY-MAB

## DEFENDANTS' RESPONSE TO PLAINTIFF CATHERINE ALEXANDER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................................ 1

**RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**.................................................... 2

**ARGUMENT**........................................................................................................................................ 5

**CONCLUSION** ................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*,
  350 F.3d 640 (7th Cir. 2003) ...........................................................................................6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).........................................................................................................5

*Feist Pub., Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991).........................................................................................................6

*Gen. Universal Sys., Inc. v. Lee*,
  379 F.3d 131 (5th Cir. 2004) ...........................................................................................6

*Isringhausen Imports, Inc. v. Nissan N. Am., Inc.*,
  No. 10 Civ. 3253, 2011 WL 6029733 (C.D. Ill. Dec. 5, 2011) .......................................6

*Ringgold v. Black Entm't Television, Inc.*,
  126 F.3d 70 (2d Cir. 1997)...............................................................................................6

**Statutes**

17 U.S.C. § 501..................................................................................................................2

**Rules**

Fed. R. Civ. P. 56.......................................................................................................3, 4, 5

**PRELIMINARY STATEMENT**

Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment ("Take-Two") respectfully submit this response to Plaintiff Catherine Alexander's ("Plaintiff") Motion for Partial Summary Judgment (Dkt. 139) (the "Motion"). The Motion frequently confuses two different elements of a copyright claim, *factual copying* and *actionable (legal) copying*, both of which Plaintiff must prove to establish copyright infringement. Although the Motion sometimes treats these two elements as essentially interchangeable, they differ in important ways. Yet, relying on evidence of factual copying, the Motion leaps to conclusions concerning issues relevant to actionable copying, including originality and authorization, Mot. 1, that, as Take-Two explains below, not only are unsupported but actually are contrary to the evidence in this case, such that Plaintiff has utterly failed to demonstrate *actionable* copying.

To be clear, Take-Two does not dispute *factual* copying. As Take-Two's own motion for summary judgment makes clear, Take-Two admits that the tattoos at issue (the "Tattoos") inked on Randy Orton appear in the video games *WWE 2K16*, *WWE 2K17*, and *WWE 2K18* ("*WWE 2K*") as part of accurately depicting Mr. Orton's likeness. Defs.' Mem. Supp. Summ. J. (Dkt. No. 142) ("Defs.' Mot."). Thus, to the extent that Plaintiff's Motion seeks summary judgment as to that narrow issue, the Motion should be denied as moot. That said, Plaintiff has not established actionable (legal) copying. Indeed, as explained in Take-Two's own Motion, Plaintiff *cannot* establish it because the copying is not actionable for multiple reasons, including *de minimis* use, lack of originality, implied license, and fair use. Defs.' Mot. 7–17. Although Take-Two does not believe Plaintiff intended to move on any of those issues, to the extent that Plaintiff's Motion purports to reach the issue of actionable copying, it should also be denied because Plaintiff has failed to establish actionable copying.

1

## RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Take-Two hereby incorporates by reference the Statement of Facts its Motion for Summary Judgment. Take-Two further responds to Plaintiff's Statement of Facts as follows:

| Plaintiff's Statement | Take-Two's Response |
|---|---|
| Plaintiff originally filed this action on April 17, 2018, based on alleged violations of 17 U.S.C. § 501 for direct, indirect, contributory, and/or vicarious infringement of copyrights. | **Undisputed**, but clarifies that Plaintiff subsequently filed a First Amended Complaint on October 2, 2018. |
| Plaintiff is an established visual artist, who is the creator of the original tattoos for professional wrestler Randy Orton, which are the subject of this suit. | **Disputed in Part.** Plaintiff cites no evidence in the record in support of this statement. Plaintiff has not presented evidence that (1) she is an established visual artist or (2) the Tattoos are original. On the contrary, the evidence in the record establishes that Tattoos are comprised of common elements or motifs and pre-existing work. *See* Dkt. 142-17 at Ex. 9 at 98:15–21; Dkt. 142-8 at Ex. 5, p. 22 ¶ 44 (finding it is "common to have tribal designs in tattoos"); Dkt. 108 at RFA Resps. 133–36. Defendants do not dispute that six tattoos inked on professional wrestler Randy Orton are the subject of this lawsuit. |

| | |
|---|---|
| Plaintiff submitted applications to register copyrights in each of Randy Orton's tattoos created by Plaintiff. | **Undisputed**, but clarifies that although Plaintiff submitted applications to register copyrights in certain tattoos, Plaintiff failed to obtain copyright registrations in *any* of the Tattoos prior to filing this lawsuit. See Dkts. 142-27–142-31 at Exs. 19–23.[1]  Plaintiff also notes that the Copyright Office refused to register one of the Tattoos, concluding that it is not copyrightable, *see* Dkt. 142-32 at Ex. 24, a fact that Plaintiff failed to disclose in the Amended Complaint. |
| In 2009, Plaintiff contacted Defendant WWE about the reproduction of Randy Orton's tattoos on various items for sale by WWE. | **Disputed.**  Plaintiff cites no evidence in the record in support of this statement and therefore does not satisfy her burden under Federal Rule 56. |
| Defendant WWE offered Plaintiff $450 for extensive rights to use and produce the tattoo designs on WWE products. | **Disputed.**   Plaintiff cites no evidence in the record in support of this statement and therefore does not satisfy her burden under Federal Rule 56. |
| Plaintiff declined Defendant WWE's offer and instructed Defendants that Plaintiff did not grant any permission to WWE to copy, | **Disputed.**   Plaintiff cites no evidence in the record in support of this statement and |

---

[1] This issue is currently subject to Take-Two's motion to dismiss (Dkt. 89).

3

| | |
|---|---|
| duplicate, or otherwise reproduce any of Plaintiff's designs. | therefore does not satisfy her burden under Federal Rule 56. |
| Defendants have released and promoted wrestling video games titled "WWE 2K16," "WWE 2K17," and "WWE 2K18" (collectively the "Infringing Games"), all of which prominently feature Randy Orton. | **Disputed in part**.  Plaintiff cites no evidence in the record in support of this statement.  There is no evidence in the record showing that Randy Orton was prominently featured in *WWE 2K*, and all of the evidence actually in the record supports a finding that Randy Orton's tattoos were a minimal part of the game. Dkt. 142 at 18–19; Dkt. 142-7, Ex. 4. |
| The tattoos on Randy Orton that appear in the Infringing Games are the same as or substantially similar to Plaintiff's copyrighted works. | **Disputed in Part**.  Plaintiff cites no evidence in the record to support this statement.  Defendants do not dispute that the Tattoos inked on Randy Orton appear in *WWE 2K* to realistically portray the wrestler.  Defendants clarify, however, that the Tattoos are not protectable because they are not original works, but instead were copied from pre-existing designs or are comprised of unprotectable elements, including tropes and motifs common in the tattoo industry.  Dkt. 142 at 13–14.  Moreover, the term |

4

| | |
|---|---|
| | "substantially similar" is a legal conclusion not supported by the evidence. *See infra.* |
| Defendants obtained access to Plaintiff's copyrighted works through their relationship with Randy Orton. | **Undisputed**, but Defendants clarify that they authentically replicated Randy Orton's likeness in *WWE 2K* by licensing Mr. Orton's image and likeness from the WWE, not from Mr. Orton directly. Dkt. 142-1 at Ex. 1 ¶ 7. |
| Defendants never obtained permission from copyright holder to use, reproduce, or create derivative works based on Plaintiff's copyrighted works in the Infringing Games. | **Disputed**. Plaintiff cites no evidence in the record in support of this statement. In fact, there is undisputed evidence in the record showing that Plaintiff impliedly licensed the Tattoos to Mr. Orton who, through the WWE, licensed rights in his likeness (including the Tattoos permanently inked on his body) to Defendants. Dkt. 142-1, Ex. 1 ¶ 7; Dkt. 142-2, Ex. 2 ¶ 22; Dkts. 142-22–142-23, Exs. 14–15. |

## **ARGUMENT**

Summary judgment is proper only where the movant can show that (1) there are no genuine disputes as to material facts and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Here, Take-Two agrees that factual copying occurred. That said, as noted in the chart

5

above, Plaintiff's Motion misstates and misrepresents the facts currently in the record, and baldly asserts legal conclusions as fact. Moreover, she touches on issues pertinent to actionable copying, which Plaintiff has not demonstrated and which is not supported by the facts.

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Within the second element there are two sub-elements: (1) factual copying and (2) legally actionable copying. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *see also Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 75 (2d Cir. 1997) (describing the difference between factual copying and actionable copying). To show factual copying, a plaintiff needs to show that the defendant "actually used the copyright material to create his own work." *Gen. Universal Sys.* 379 F.3d at 141.

Take-Two does not contest the first sub-element, factual copying. To depict Mr. Orton in *WWE 2K* as he appears in real life, Take-Two realistically depicted his likeness, including the Tattoos. Dkt. 142 at 5–6, Exs. 9, 13. Thus, to the extent that Plaintiff seeks summary judgment on this basis, the Motion should be denied as moot.

Factual copying, however, is not sufficient to establish ultimate liability. In addition, a plaintiff must establish that (1) "protectable elements" of plaintiff's work were copied without permission, *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 644 (7th Cir. 2003) ("A work that merely copies uncopyrighted material is wholly unoriginal and the making of such a work is therefore not an infringement of copyright."), and (2) the copying was "quantitatively and qualitatively sufficient to support the legal conclusion that infringement has occurred." *Ringgold* 126 F.3d at 76; *Isringhausen Imports, Inc. v. Nissan N. Am., Inc.*, No. 10 Civ. 3253, 2011 WL 6029733, at \*6 (C.D. Ill. Dec. 5, 2011) (*de minimis* copying is not

6

actionable). Copying may not be actionable for a number of other reasons, including fair use.

Here, as explained in detail in Take-Two's Motion, the copying is not legally actionable. ***First***, the copying was *de minimis* and therefore not actionable because when users play *WWE 2K*, they choose from hundreds of real-world wrestlers, such that Mr. Orton and his Tattoos often do not appear at all. Also, the Tattoos are smaller than they appear in real life, and often are blurry, obstructed by other players, and accompanied by so many other game elements that the ordinary game user will perceive the Tattoos as a kind of visual noise. *See* Defs.' Mot. 18–19. ***Second***, the Tattoos are not original because they are unauthorized copies of tattoos created by another tattooist, who had already inked tribal tattoos on Mr. Orton's body. *Id.* at 13. Moreover, the Tattoos feature common elements and motifs that are common across tattoos, and are thus not the property of Plaintiff. *Id.* at 13–14. ***Third***, Plaintiff impliedly authorized the copying at issue because Plaintiff previously had authorized Mr. Orton to disseminate and license his likeness, including his Tattoos, and Mr. Orton's likeness was licensed to Take-Two through the WWE. *Id.* at 7–9. ***Finally***, *WWE 2K* makes fair use of the Tattoos because the Tattoos served fundamentally different purposes for the parties, the Tattoos are unoriginal and used only fleetingly in *WWE 2K*, Take-Two took no more than was necessary to achieve its purpose of creating a realistic video game and there is no market for licensing the use of tattoos on the individuals on whom they are inked in real life in a video game. *Id.* 9–17.

Thus, to the extent that the Motion attempts to go beyond factual copying to reach issues regarding actionable (legal) copying, the Motion is unsupported by the facts in the record, or black-letter copyright law, and should be denied.

## CONCLUSION

For the foregoing reasons, to the extent Plaintiff purports to move solely on the issue of factual copying, Take-Two respectfully requests that the Motion be denied as moot. To the

extent the Motion touches issues related to actionable copying, including *de minimis* use, fair use, originality, and authorization, Take-Two respectfully requests that the Motion be denied.

Dated: December 9, 2019

Respectfully submitted,

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
miranda.means@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-MJR-DGW |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, I electronically filed the foregoing **Defendants' Response to Plaintiff Catherine Alexander's Motion for Partial Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |
| Jerry McDevitt | jerry.mcdevitt@klgates.com |
| Curtis Krasik | curtis.krasik@klgates.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment*

1