IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC.; 2K SPORTS, INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) ) ) ) ) ) ) CASE NO. 3:18-CV-966-SMY |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

In accordance with Local Rule 7.1(c), Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment (together "Take-Two") respectfully move for leave to file a reply brief in support of their motion for summary judgment (Dkt. 141). Take-Two respectfully requests that the due date for such brief be fourteen days from the date this Motion is granted, or such later date as determined by the Court.

Plaintiff Catherine Alexander's opposition to Take-Two's motion (Dkt. 165) ("Pl.'s Opp.") serves only to underscore why Take-Two's motion should be granted. There are no material facts in dispute between the parties, just the legal interpretation of those facts. Plaintiff's opposition, however, raises three collateral issues that mischaracterize how those undisputed facts are applied under governing law. *First*, Plaintiff inaccurately described Take-Two's license defense as requiring an implied license between Plaintiff and Take-Two. Pl.'s Opp. 3–8. Yet, the undisputed facts show, and Plaintiff admits, that a sublicensable implied

license existed between Plaintiff and wrestler, Randy Orton, that Mr. Orton then sublicensed to Take-Two.  **Second**, Plaintiff asserts without substantiation that there is some unknown, unique property of video games that differentiates them from other media in such a way that Mr. Orton would not be permitted to grant a sublicense as he has done here.  *Id.* at 7–8.  Again, this argument makes little sense, as Plaintiff has not offered, and the evidence does not support, treating Take-Two's video games differently than every other form of media in which Plaintiff admits Mr. Orton may appear without seeking further authorization from her.  **Third**, Plaintiff attempts to suggest that she is entitled to Take-Two's profits because the authenticity of the wrestling experience in *WWE 2K* drives sales.  *Id.* at 19–20.  Yet, Plaintiff has no evidence and cites to none in her opposition showing that sales of *WWE 2K* were attributable to her alleged copyrighted works.  Without such evidence of causation, Plaintiff is not entitled to the defendants' profits as a matter of law.

In light of Plaintiff's approach to her opposition brief, exceptional circumstances exist justifying a short reply brief in this case.  As an initial matter, reply briefing may be permitted where such briefing is helpful to the Court.  *See Spano v. The Boeing Co.*, 125 F. Supp. 3d 848, 857 (S.D. Ill. 2014) (finding exceptional circumstances where "the undersigned District Judge finds the reply briefs to be helpful").  Moreover, this District routinely permits parties to submit reply briefs to correct erroneous statements of law contained in, or confusion caused by, an opposition, like those at issue here.  *See, e.g.*, *Haley v. Westfreight Sys., Inc.*, No. 15 Civ. 01161, 2016 WL 5394389, at *1 (S.D. Ill. Sept. 27, 2016) (finding that the reply stated exceptional circumstances); Reply Br., Dkt. 39 at 1, *Haley*, No. 15 Civ. 01161 (reply filed in part to correct "wrong[] assert[ions]" about applicable law); *Ill. Extension Pipeline Co., L.L.C. v. Phelps*, No. 15 Civ. 0575, 2016 WL 524462, at *2 (S.D. Ill. Feb. 10, 2016) (finding exceptional

2

circumstances); Reply Brs., Dkts. 21 & 22, *Ill. Extension Pipeline Co., L.L.C.*, No. 15 Civ. 0575 (replies filed to correct "misrepresentations to the Court regarding the law and facts of this case"); *Metal v. Louis*, No. 15 Civ. 00549, 2016 WL 375038, at *1 (S.D. Ill. Feb. 1, 2016) (finding exceptional circumstances); Reply Br., Dkt. 10 at 1–2, *Metal*, No. 15 Civ. 00549 (reply filed to clear up opposition's "efforts to confuse" the legal issues).

Those are precisely the reasons that justify permission to reply here. Take-Two's reply will explain how Plaintiff both mischaracterizes the nature of Plaintiff's admitted implied license to Mr. Orton and how that license authorized Take-Two's conduct. It also will clarify the false dichotomy Plaintiff draws between video games and other forms of media, such as movies, including undisputed evidence regarding the technology used to create the games at issue that Plaintiff ignores in her oppositions. Finally, Take-Two's brief will clarify the law of causation as it applies to this case's undisputed facts.

For the reasons stated herein, Take-Two respectfully requests that the Court grant it leave to file its reply brief.

Dated: December 12, 2019

Respectfully submitted,

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
christopher.ilardi@kirkland.com
miranda.means@kirkland.com


Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc.*, *and Visual Concepts Entertainment*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　-vs-<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K GAMES, INC.; 2K SPORTS, INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; AND YUKE'S LA, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:18-cv-966- SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, I electronically filed the foregoing DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |

　　　　　　　　　　　　　　　　*/s/ Dale M. Cendali*
　　　　　　　　　　　　　　　　Dale M. Cendali (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Kirkland & Ellis LLP
　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　Telephone: (212) 446-4800

　　　　　　　　　　　　　　　　*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*