IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-966-SMY ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC. 2K GAMES, INC., 2K SPORTS INC., WORLD WRESTLING ENTERTAINMENT, INC., VISUAL CONCEPTS ENTERTAINMENT, YUKE'S CO., LTD, YUKES LA INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Catherine Alexander filed this action against Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports Inc., World Wrestling Entertainment, Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yukes LA, Inc., asserting copyright infringement pursuant to 17 U.S.C. § 501. The case is now before the Court for consideration of the Motion to Dismiss filed by Defendants 2K Games, 2K Sports, Take-Two, Visual Concepts, Yuke's, and Yuke's LA (Doc. 89) and the Motion to Dismiss filed by Defendant WWE (Doc. 92). Plaintiff filed a Response (Doc. 97). For the following reasons, Defendants' Motion (Doc. 89) is **GRANTED in PART** and **DENIED in PART** and Defendant WWE's Motion (Doc. 92) is **DENIED**.

## Background

Plaintiff makes the following relevant allegations in the Complaint: Plaintiff, a professional tattoo artist, is a resident of the State of Illinois. Defendant Take-Two is a major developer,

publisher and marketer of interactive entertainment and video games. Defendant WWE is an entertainment company that creates and promotes various forms of entertainment media including video games.  Defendants 2K Games and 2K Sports are publishers of video games, and Defendants Visual Concepts, Yuke's, and Yukes LA are developers of video games.

Plaintiff alleges that she owns a federal copyright for tattoos she inked on the body of WWE superstar Randy Orton between 2003 and 2008.  She inked an upper back tribal tattoo on Orton in 2003, several tribal tattoos on Orton's forearms and upper arms in 2003, and sleeve tattoos on Orton's arms in 2008, consisting of a Bible verse design, dove, a rose, and skulls.

In 2009, Plaintiff contacted WWE about the reproduction of Orton's tattoos on various items for sale by the WWE.  In response, WWE offered Plaintiff $450 for extensive rights to use and reproduce the tattoo designs on WWE products.  Plaintiff declined WWE's offer and told WWE that she did not grant any permission for them to reproduce her designs. Plaintiff submitted applications to register copyrights on each of the tattoos in March 2015.

Since October 2015, Defendants have released and promoted wrestling video games titled WWE 2K16, WWE 2K17 and WWE 2K18 (the "video games"), which have been available for sale throughout the United States. Orton is prominently featured in the videogames, including his tattoos. Plaintiff alleges that the videogames constitute willful copyright infringement because the games include clear, detailed and unauthorized reproductions of the tattoos she inked on Orton.

<u>Discussion</u>

**Defendants Yuke's, Yuke's LA, and WWE Motions to Dismiss under 12(b)(2)**

Defendants first argue that the Yuke's Defendants and WWE must be dismissed for lack of personal jurisdiction.  *F.R.C.P.*12(b)(2).  Yuke's is a Japanese corporation and Yukes LA is a California corporation with its primary place of business in California.  The Yuke's Defendants are not incorporated or headquartered in Illinois, nor do they have knowledge of sales or distribution of

WWE 2K video games to Illinois. WWE is a Delaware corporation with its principle place of business in Connecticut. WWE operates a website accessible throughout the United States that offers various WWE branded products for sale, including the WWE 2K video games.

A Complaint need not include facts alleging personal jurisdiction. But, once the defendant moves to dismiss the Complaint under this Rule 12(b)(2), the plaintiff must demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the court rules on the motion without a hearing, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id.* The court should read the entire Complaint liberally and draw every inference in the plaintiff's favor. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006). The court may also consider affidavits from both parties when determining whether a plaintiff has met its burden. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). While affidavits trump the pleadings in this context, all facts disputed in the affidavits will be resolved in the plaintiff's favor. *Purdue Research Found.*, 338 F.3d at 782.

A federal court sitting in diversity looks to the personal-jurisdiction laws of the state in which the court sits to determine whether it has jurisdiction. *Hyatt*, 302 F.3d at 713 (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Under Illinois law, the state long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and United States constitutions. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714. There is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt* at 715.

Federal due process permits two categories of personal jurisdiction – general and specific. Specific jurisdiction arises out of a defendant's suit-related contacts with a state and requires two conditions: (1) the defendant must purposefully direct his activities at the forum state; and (2) the defendant's forum-related activities must be the cause of the plaintiff's injury. *Tamburo v. Dworkin*,

601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). With respect to intentional torts, the court must look to three factors: there must be "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Id* at 703; *see also Felland v. Clifton*, 682 F.3d 665, 674–75 (7th Cir. 2012) (reiterating the *Tamburo* standard). At the pleading stage, plaintiffs are not required to prove that the defendant has actually committed the tort in order to proceed with the case – allegations in the Complaint will suffice. *Id.* at 676.

In support of its Motion, WWE submitted an affidavit from Edward M. Kiang, WWE's VP of Interactive Media Licensing (Doc. 92-1). According to Kiang, WWE does not distribute or sell the WWE 2K games though retail outlets. However, WWE does purchase limited quantities of the games at wholesale and offers them for sale through its website and has held 38 promotional events in Illinois featuring Orton between 2016 and 2018. Plaintiff asserts that personal jurisdiction as to WWE is proper in Illinois primarily because she contacted WWE in 2009 about its infringing activities. She argues her communications with WWE coupled with WWE holding live promotional events and selling the video games in question to residents in Illinois establish that WWE expressly directed its activities toward Illinois. The Court agrees.

Copyright infringement is an intentional tort. *See Bucklew v. Hawkins, Ash, Baptie & Co., LLP, and HAB, Inc.*, 329 F.3d 923, 931 (7th Cir. 2003). As to whether WWE expressly aimed its activities at Illinois, WWE concedes that it has promoted live shows in the state, including 38 live promotional events featuring Randy Orton in the past 3 years. Additionally, it directs television programming to Illinois and its website is accessible in the state. As such, the Court finds that WWE expressly aimed its activities at Illinois.

With respect to the third factor, while Kiang denies knowledge that Plaintiff lives in Illinois, Plaintiff alleges that someone at WWE knew or should have known she lives in Illinois and would therefore feel the effects of the copyright infringement in Illinois. Plaintiff's contacts with WWE occurred in 2009 – five years prior to Kiang becoming VP. At that time, Plaintiff informed WWE that she inked the tattoos on Orton and someone from WWE offered her $450.00 for her work. Kiang's affidavit does not dispute these allegations. Whether he was aware of these alleged facts five years later is immaterial.

Drawing all inferences and factual disputes in Plaintiff's favor, the Court finds that Plaintiff has met her and that this Court has personal jurisdiction over WWE. Accordingly, WWE's Motion to Dismiss under *FRCP* 12(b)(2) (Doc. 92) is **DENIED**.

As to the Yuke's Defendants, Plaintiff contends that Yuke's has purposefully availed itself of the United States' market by developing, promoting, distributing, and marketing the infringing games. However, Plaintiff's allegations are insufficient to establish that these defendants have minimum contacts with Illinois, that they purposefully availed themselves of the benefits and protections of Illinois law, or that there is a real relationship between Illinois and the Yuke's Defendants. Nor has Plaintiff established that Yuke's, a Japanese corporation, has the necessary continuous and systematic general business contacts such that it is essentially "at home" in the United States for purposes of jurisdiction under *FRCP* 4(k)(2). *See Purdue Research Found,* 338 F.3d at 787 (These contacts must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in a [forum] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world). Accordingly, this Court does not have personal jurisdiction over the Yuke's Defendants and their Motion to Dismiss under *FRCP* 12(b)(2) (Doc. 89) is **GRANTED**.

## Defendants' Motion to Dismiss Under FRCP 12(b)(6)

Defendant also argue that Plaintiff fails to state a claim for copyright infringement under because (1) she does not hold certificates of registration for the tattoos which is a prerequisite to filing suit, and (2) the Amended Complaint is impermissibly vague.

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with" Title 17 of the United States Code. 17 U.S.C. § 411. Relatedly, "registration ... has been made within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881, 892 (2019). Registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights. *Id.* at 887.

Here, five of Plaintiff's tattoos were registered on March 13, 2018, prior to Plaintiff filing this lawsuit (*see* Docs. 112-1 to 112-5). The United States Copyright Office Register rejected Plaintiff's application for the Bible verse tattoo on the basis it lacked the authorship necessary to support a copyright claim (Doc. 112-6). Accordingly, because Plaintiff does not have proper registration for the Bible verse tattoo, Defendant's Motion to Dismiss is **GRANTED** as to the Bible tattoo and **DENIED** as to the remaining five tattoos.

Defendants also maintain that Plaintiff's Amended Complaint is vague because it fails to sufficiently state the works Defendants allegedly infringed, fails to state the allegedly infringing conduct of each Defendant, and fails to plead the necessary elements for direct, contributory and vicarious infringement. To survive a Rule 12(b)(6) motion, a plaintiff need only "nudge[ ] [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). Liability for contributory infringement will be imposed when a defendant, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another. *Myers v. Harold*, 279 F. Supp. 3d 778, 796 (N.D. Ill. 2017). To prevail on a claim for vicarious copyright infringement, a plaintiff must establish that "the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 824 (N.D. Ill. 2017) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017)). A defendant can be liable for vicarious copyright infringement even without knowledge of the infringement. *Metro-Goldwyn-Mayer Studios*, 545 U.S. at 931 n.9. Nothing prevents Plaintiff from pleading alternative or even inconsistent direct and vicarious copyright infringement claims. *See GC2 Inc.*, 255 F. Supp. 3d at 826.

Plaintiff's allegations are sufficient to meet *FRCP* 8's liberal pleading requirements. Plaintiff holds certificates of registration for five tattoos and she alleges her tattoos are prominently displayed on Orton in the video games. She describes the original tattoos allegedly infringed upon. She also alleges that each defendant had either a developmental, marketing or promotional role in the bringing the infringing video games to market. (Doc. 76, ¶¶ 41-43; 16-20). Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. There are sufficient factual allegations in Plaintiff's Amended Complaint to allow her claims to proceed against the defendants as to the remaining five registered tattoos.

**Conclusion**

For the forgoing reasons, Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports Inc., Visual Concepts Entertainment, Yuke's Co., Ltd., and Yukes LA, Inc. Motion to Dismiss pursuant to *FRCP* 12(b)(2) and *FRCP* 12(b)(6) is **GRANTED in part** and **DENIED in part**. Defendants Yuke's Co., Ltd. and Yukes LA, Inc. are **DISMISSED** for lack of personal jurisdiction and Plaintiff's copyright claim as to the Bible tattoo is **DISMISSED with prejudice** for failure to obtain a certificate of registration. The remainder of the Motion is **DENIED**. Defendant World Wrestling Entertainment, Inc.'s Motion under *FRCP* 12(b)(2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 18, 2020**

**STACI M. YANDLE**
**United States District Judge**