## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CATHERINE ALEXANDER,                  )
                                      )
        Plaintiff,                    )
                                      )
    -vs-                              )
                                      )
TAKE-TWO INTERACTIVE SOFTWARE, INC.,  )
2K GAMES, INC.; 2K SPORTS, INC.; WORLD )   CASE NO. 3:18-CV-966-SMY
WRESTLING ENTERTAINMENT, INC.; AND    )
VISUAL CONCEPTS ENTERTAINMENT,        )
                                      )
                                      )
        Defendants.                   )
                                      )
                                      )

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Take-Two Interactive Software, Inc. ("Take-Two Interactive"), 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), and Visual Concepts Entertainment ("Visual Concepts") (collectively "Take-Two") and World Wrestling Entertainment, Inc. ("WWE") (together with Take-Two, "Defendants")  by and through their undersigned counsel, answer Plaintiff Catherine Alexander's ("Plaintiff") First Amended Complaint (the "Complaint"), dated October 2, 2018, as follows:

## THE PARTIES

1.      Defendants state that the allegations set forth in Paragraph 1 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 1, except admit that Plaintiff is a resident of the State of Illinois.

2.      Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff is a tattooist.

3.      Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     The Court dismissed Yuke's from this lawsuit in its March 18, 2020 memorandum and order (the "Order") and, therefore, no answer is required. To the extent an answer is required, Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13 of the Complaint.

14.     The Court dismissed Yuke's LA from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint.

15.     The Court dismissed Yuke's LA from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants deny knowledge or

information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants state that the allegations set forth in Paragraph 16 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 16, except admit that Take-Two Interactive publishes and markets video games, including *WWE 2K16*, *WWE 2K17*, and *WWE 2K18* ("WWE 2K").

17.     Defendants state that the allegations set forth in Paragraph 17 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 17, except state that 2K Games develops and publishes video games, including WWE 2K.

18.     Defendants state that the allegations set forth in Paragraph 18 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 18, except admit that 2K Sports develops video games, including WWE 2K.

19.     Defendants state that the allegations set forth in Paragraph 19 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 19, except admit that WWE is an entertainment company that creates and promotes entertainment related to professional wrestling, and promotes WWE 2K.

20.     Defendants state that the allegations set forth in Paragraph 20 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, Defendants deny the allegations set forth in Paragraph 20, except admit that Visual Concepts develops video games, including WWE 2K.

21.     The Court dismissed Yuke's from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 21 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants admit that Yuke's has developed video games, including WWE 2K.

22.     The Court dismissed Yuke's LA from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 22 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants admit that Yuke's LA has developed video games, including WWE 2K.

23.     Defendants state that the allegations set forth in Paragraph 23 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 23, except admit that Defendants have received revenues from the creation and/or sale of WWE 2K.

24.     Defendants state that the allegations set forth in Paragraph 24 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 24.

## JURISDICTION AND VENUE

25.     Defendants state that the allegations set forth in Paragraph 25 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants admit that Plaintiff has attempted to plead copyright infringement causes of action under the U.S. Copyright Act (17 U.S. §501 et seq.).

26.     Defendants state that the allegations set forth in Paragraph 26 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 26, except admit that this Court has subject matter jurisdiction over Plaintiff's copyright claims.

27.     Defendants state that the allegations set forth in Paragraph 27 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 27, except admit that this Court has personal jurisdiction over Take-Two for the purposes of the claims set forth in the Complaint, and further admit that this Court ruled that it has personal jurisdiction over WWE in its Memorandum and Order of March 18, 2020.

28.     Defendants state that the allegations set forth in Paragraph 28 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 28, except admit that Take-Two sells WWE 2K through distributors nationwide, including in Illinois, and further admit that this Court ruled that it has personal jurisdiction over WWE in its Memorandum and Order of March 18, 2020.

29.     Defendants state that the allegations set forth in Paragraph 29 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 29, except admit that Take-Two Interactive sells WWE 2K through distributors nationwide, including in Illinois and WWE has hosted promotional events unrelated to WWE 2K in the state of Illinois.

30.     Defendants state that the allegations set forth in Paragraph 30 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, Defendants deny the allegations set forth in the Paragraph 30, except admit

that 2K Games, 2K Sports, and Visual Concepts Entertainment developed WWE 2K and Take-

Two Interactive promoted and marketed WWE 2K and sold WWE 2K through distributors

nationwide, including in Illinois.

31.     Defendants state that the allegations set forth in Paragraph 31 of the Complaint

are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, Defendants deny the allegations set forth in the Paragraph 31, except admit

that WWE 2K has been sold in Illinois.

32.     Defendants state that the allegations set forth in Paragraph 32 of the Complaint

are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, deny the allegations set forth in Paragraph 32, except admit that Defendants

do not contest venue for the purposes of the claims set forth in the Complaint, and further admit

that this Court ruled that it has personal jurisdiction over WWE in its Memorandum and Order of

March 18, 2020.

33.     Defendants deny the allegations set forth in Paragraph 33, except admit that

Plaintiff resides in Illinois.

## ADDITIONAL JURISDICTIONAL FACTS

34.     Defendants admit the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants state that the allegations set forth in Paragraph 35 of the Complaint

are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, Defendants deny the allegations set forth in Paragraph 35, except admit that

WWE has sold WWE 2K video games on its website.

36.     Defendants admit the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants state that the allegations set forth in Paragraph 37 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 37, except admit that WWE has received revenues from the sale of WWE 2K, which has been sold across the United States, including in Illinois.

38.     Defendants state that the allegations set forth in Paragraph 38 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 38, except admit that WWE was aware that Randy Orton is depicted realistically in WWE 2K, including with the tattoos he bears in real life.

39.     Defendants state that the allegations set forth in Paragraph 39 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 39, except admit that WWE reviewed and approved WWE 2K before it was released.

40.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 40 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 40.

41.     The Court dismissed Yuke's LA from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 41 of the Complaint are conclusions of law as to which no responsive

pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 41.

42.     The Court dismissed Yuke's Co. from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny knowledge deny knowledge or information sufficient to admit the allegations set forth in Paragraph 42.

43.     The Court dismissed Yuke's Co. from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants admit that Yuke's Co. provided some programming, sound and animation, bug correction, and basic testing service for WWE 2K.

## FACTUAL ALLEGATIONS

44.     Defendants state that the allegations set forth in Paragraph 44 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 44.

45.     Defendants state that the allegations set forth in Paragraph 45 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 45.

46.     Defendants state that the allegations set forth in Paragraph 46 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 46, except deny knowledge or

information sufficient to admit the allegations set forth in Paragraph 46 as to tattoos not at issue in this case.

47.     Defendants state that the allegations set forth in Paragraph 47 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny knowledge or information sufficient to admit the allegations set forth in Paragraph 47 as to tattoos not at issue in this case, except admit that the tattoos at issue in this case were inked on human skin.

48.     Defendants admit the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny knowledge sufficient to admit or deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants state that the allegations set forth in Paragraph 50 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 50, except admit that Plaintiff inked and added to the tattoos at issue in this lawsuit on Mr. Orton between 2003 and 2008.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint, except admit that, in approximately 2003, Plaintiff copied elements from Mr. Orton's upper back tribal tattoo and inked them onto additional sections of his upper back.

52.     Defendants state that the allegations set forth in Paragraph 52 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 52.

53.     Defendants state that the allegations set forth in Paragraph 53 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any

response is required, deny the allegations set forth in Paragraph 53.  Defendants further state that, to the extent the tattoo on Mr. Orton's upper back expresses anything, it is his personal expression.

54.     Defendants state that the allegations set forth in Paragraph 54 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 54, except admit that, in approximately 2003, Plaintiff copied Mr. Orton's preexisting tribal tattoos and inked them onto additional parts of his forearms and upper arms.

55.     Defendants state that the allegations set forth in Paragraph 55 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 55.

56.     Defendants state that the allegations set forth in Paragraph 56 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 56.  Defendants further state that, to the extent Mr. Orton's tribal tattoos express anything, it is his personal expression.

57.     Defendants state that the allegations set forth in Paragraph 57 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants deny the allegations set forth in Paragraph 57, except admit that, in approximately 2008, Plaintiff inked additional material onto Mr. Orton's forearms and upper arms.

58.     The Court dismissed Plaintiff's Bible verse tattoo from this lawsuit in the Order and, therefore, no answer is required as to that tattoo. To the extent an answer is required,

Defendants deny the allegations set forth in Paragraph 58, except admit that a Bible verse, a dove, a rose, and skulls are parts of the tattoos on Mr. Orton's arms.

59.    The Court dismissed Plaintiff's Bible verse tattoo from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 59 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 59.

60.    The Court dismissed Plaintiff's Bible verse tattoo from this lawsuit in the Order and, therefore, no answer is required. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 60 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 60.  Defendants further state that, to the extent Mr. Orton's Bible verse tattoo expresses anything, it is his personal expression.

61.    Defendants state that the allegations set forth in Paragraph 61 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 61.

62.    Defendants state that the allegations set forth in Paragraph 62 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 62.  Defendants further state that, to the extent Mr. Orton's dove tattoo expresses anything, it is his personal expression.

63.    Defendants state that the allegations set forth in Paragraph 63 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 63.

64.     Defendants state that the allegations set forth in Paragraph 64 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 64.  Defendants further state that, to the extent Mr. Orton's rose tattoo expresses anything, it is his personal expression.

65.     Defendants state that the allegations set forth in Paragraph 65 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 65.

66.     Defendants state that the allegations set forth in Paragraph 66 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 66.  Defendants further state that, to the extent Mr. Orton's skulls tattoo expresses anything, it is his personal expression.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint, except admit that Plaintiff filed copyright applications for certain tattoos inked on Mr. Orton.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants admit the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants admit the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants state that the allegations set forth in Paragraph 75 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Defendants admit that *WWE 2K16* depicts Mr. Orton as he looks in real life,

including, but not limited to, his tattoos, although the tattoos are often blurry and difficult to see, given their small size and Mr. Orton's movement in the game.  Defendants further state that it is Plaintiff's burden to establish actionable (legal) copying.  Dkt. No. 170, at 1.

76.     Defendants state that the allegations set forth in Paragraph 76 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 76, except admit that *WWE 2K16* includes a realistic depiction of Mr. Orton, including the tattoos that he bears in real life, although the tattoos are often blurry and difficult to see, given their small size and Mr. Orton's movement in the game.  Defendants further state that it is Plaintiff's burden to establish actionable (legal) copying.  Dkt. No. 170, at 1.

77.     Defendants admit the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants admit the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants state that the allegations set forth in Paragraph 80 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 80, except admit that *WWE 2K17* includes a realistic depiction of Mr. Orton, including the tattoos that he bears in real life, although the tattoos are often blurry and difficult to see, given their small size and Mr. Orton's movement in the game.  Defendants further state that it is Plaintiff's burden to establish actionable (legal) copying.  Dkt. No. 170, at 1.

81.     Defendants admit the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants admit the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants state that the allegations set forth in Paragraph 84 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 84, except admit that *WWE 2K18* includes a realistic depiction of Mr. Orton, including the tattoos that he bears in real life, although the tattoos are often blurry and difficult to see, given their small size and Mr. Orton's movement in the game.  Defendants further state that it is Plaintiff's burden to establish actionable (legal) copying.  Dkt. No. 170, at 1.

85.     Defendants state that the allegations set forth in Paragraph 85 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 85, except admit that Mr. Orton was a professional wrestler with WWE prior to the release of *WWE 2K16*.

86.     Defendants state that the allegations set forth in Paragraph 86 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 86.

87.     Defendants state that the allegations set forth in Paragraph 87 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 87.

88.     Defendants state that the allegations set forth in Paragraph 88 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 88.

89.     Defendants state that the allegations set forth in Paragraph 89 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 89.

## COUNT I

90.     Defendants incorporate by reference and restate each and every response to the preceding paragraphs of the Complaint as though fully set forth herein.

91.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 91 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 91, except admit that Plaintiff has brought a copyright infringement lawsuit against Defendants.

92.     Defendants state that the allegations set forth in Paragraph 92 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 92.

93.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 93 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 93.

94.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 94 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 94.

95.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 95 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 95.

96.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 96 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 96.

97.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 97 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 97.

98.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 98 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 98.

99.     The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 99 of the Complaint are conclusions

of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 99.

100.    The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 100 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 100.

101.    The Court dismissed Yuke's and Yuke's LA from this lawsuit in the Order and, therefore, no answer is required as to those defendants. To the extent an answer is required, Defendants state that the allegations set forth in Paragraph 101 of the Complaint are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 101.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

102.    Plaintiff's claims fail, in whole or in part, because the Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted, including without limitation that the tattoos at issue are not original to Plaintiff.

### SECOND DEFENSE
### (*DE MINIMIS* USE)

103.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

**THIRD DEFENSE**
**(FAIR USE)**

104.    Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.  17 U.S.C. § 107.

**FOURTH DEFENSE**
**(LICENSE)**

105.    Plaintiff's claims are barred, in whole or in part, because Defendants have a license to the works at issue.

**FIFTH DEFENSE**
**(CONSENT, WAIVER, ESTOPPEL)**

106.    Plaintiff's claims are barred, in whole or in part, by consent, waiver, and/or estoppel.

**SIXTH DEFENSE**
**(NON-INFRINGEMENT)**

107.    Plaintiff's claims are barred, in whole or in part, because Defendants do not and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of *scènes à faire*, merger and/or other limits on the scope of copyright protection.

**SEVENTH DEFENSE**
**(LACK OF COPYRIGHT REGISTRATION)**

108.    Plaintiff's claims are barred, in whole or in part, to the extent that her claims are based on works that were not registered with the U.S. Copyright Office prior to initiating this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., World Wrestling Entertainment, Inc., and Visual Concepts Entertainment, respectfully request judgment against Plaintiff, Catherine Alexander, as follows:

18

A.  Deny Plaintiff all relief requested in her First Amended Complaint in this action and

dismiss the First Amended Complaint with prejudice;

B.  Declare that Defendants have not engaged in copyright infringement;

C.  Grant an award of Defendants' costs and disbursements in this action, including

reasonable attorney's fees pursuant to 17 U.S.C. § 505 (including without limitation

with regard to the claim based on the tattoo dismissed by the Order); and

D.  Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., World

Wrestling Entertainment, Inc., and Visual Concepts Entertainment, demand a trial by jury on all

issues so triable in this action.


Dated: May 1, 2020                     Respectfully submitted,

                                       */s/ Dale M. Cendali*
                                       Dale M. Cendali (admitted *pro hac vice*)
                                       Joshua L. Simmons (admitted *pro hac vice*)
                                       Christoper T. Ilardi (admitted *pro hac vice*)
                                       Miranda D. Means (admitted *pro hac vice*)
                                       Kirkland & Ellis LLP
                                       601 Lexington Avenue
                                       New York, New York 10022
                                       Telephone: (212) 446-4800
                                       dale.cendali@kirkland.com
                                       joshua.simmons@kirkland.com
                                       christopher.ilardi@kirkland.com
                                       miranda.means@kirkland.com

                                       Michael J. Nester (#02037211)
                                       Donovan Rose Nester P.C.
                                       15 North 1st Street, Suite A
                                       Belleville, Illinois 62220
                                       Telephone: (618) 212-6500
                                       mnester@drnpc.com

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*

*/s/ Jerry McDevitt* (with consent)

Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburg, Pennsylvania
Telephone: (412) 355-8696
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendant World Wrestling Entertainment, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | Case No. 3:18-cv-966- SMY |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, I electronically filed the foregoing ANSWER TO FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*