**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

CATHERINE ALEXANDER,

Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE,
INC.; 2K GAMES, INC.; 2K SPORTS, INC.;
WORLD WRESTLING ENTERTAINMENT,
INC.; VISUAL CONCEPTS
ENTERTAINMENT; YUKE'S CO. LTD.; AND
YUKE'S LA, INC.,

Defendants.

Case No. 3:18-cv-0966-SMY

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO CONTINUE TRIAL DATE**

Plaintiff Catherine Alexander ("Plaintiff"), by and through her undersigned attorneys,

hereby files this Response to Defendants' Motion to Continue Trial Date. In opposition of this

Motion, Plaintiff states as follows:

1.       On July 6, 2020, Defendants filed the Motion to Continue Trial Date. Plaintiffs

have been cooperative with Defendants' previous requests to continue the trial given the

circumstances of the COVID-19 pandemic. However, with the trial date fast approaching,

Defendants are now attempting to further delay proceedings into March 2021 or beyond.

2.       On April 12, 2019, the Parties entered into a joint motion to continue the trial date

to a date of the Court's convenience in April 2020 to allow for the Parties to complete discovery

and for the Court to rule on pending motions.  Dkt. No. 117.  The Court granted the motion and

the trial date was reset for April 27, 2020.  Dkt. No. 119.  The trial date was subsequently

continued to June 1, 2020. Dkt. No. 131.

3.      On March 10, 2020, Plaintiffs did not oppose Defendants' motion to continue the trial date to September 22, 2020 or a date of the Court's convenience in late September due to Defendants' travel and scheduling conflicts and travel restrictions due to the COVID-19 pandemic. Dkt. 175.  On March 27, 2020, the Court again continued the trial date to September 28, 2020.  Dkt. No. 177.

4.      Defendants then requested clarification from the Court on the Second Amended Administrative Order No. 261 as to the 30-day extension of all deadlines set. Dkt. No. 195. The Court stated that the Administrative Order did not apply to the trial date in this case and that trial remained scheduled for September 28, 2020. Dkt. No. 196.

5.      Defendants are now requesting the Court delay trial, yet again, to "March 2021 or at a later date in 2021, by which point Defendants anticipate that the health and safety risks associated with COVID-19 will abate or a vaccine will have been developed." Dkt. 197, ¶ 10. While Plaintiff has been cooperative with Defendants' previous requests, Plaintiff cannot consent to an indefinite suspension of trial in a case where it has already been delayed beyond a year.

6.      Defendants offer essentially two reasons why, in their view, the current trial date should be continued yet again.  Defendants argue that (1) the potential health risks to parties and witnesses associated with travel and proximity during trial and (2) the potential health risks to jurors and citizens of Illinois are too great to proceed to trial.  Defendants further concede that such health risks will persist until a vaccine is developed, which, if not developed in the next six months, will inevitably lead Defendants to seek another continuance.  Doc. 197, ¶ 11.

7.      Defendants sole case-specific concern relates to the potential risks associated with travel and proximity during trial.  Effective trial preparation may be safely completed by the parties remotely, where possible, and in person following social distancing and other

precautionary guidelines. Travel associated with trial may also be accomplished in a manner than minimizes risks as evident from the hundreds of thousands of passengers that currently travel by air every day. The Transportation Safety Administration statistics attest to the significant increases in "traveler throughput" in our country's airports since the peak of the COVID-19 pandemic, which, while still not at full capacity, has been and continues to rebound.

8.       Plaintiff shares Defendants' concerns for potential risks to jurors and Court staff, but neither party is in a better position than the Court to assess such risks. Plaintiff submits that such concerns should be left to the Court, rather than litigants, to manage. If the Court deems such risks manageable, the parties are not in a position to disagree.

9.       Preserving the current trial date is particularly important given the length of time the case has been pending before this Court. Further delay is unwarranted because Defendants have already received two continuances of the trial date. To further suspend trial to March 2021 or beyond would undoubtedly prejudice Plaintiff in this case. For instance, such an extensive postponement would be a burden on the availability of witnesses and may impact the witnesses' memories. Plaintiff's right to a civil trial should not be continuously impeded by lengthy delay. In the interest of fairness, the trial date should remain as the Court ordered.

10.      It is an understatement to say that "business as usual" has been impacted by COVID-19, including among the judiciary and the bar. Plaintiff and Plaintiff's counsel wish for successful treatment options and a vaccine as much as Defendants, but anticipating when they will come, and whether and how successful they will be, is not possible at this point. However, it is not the Court's position, as expressed in its COVID-19-related Orders, to resume jury trials only when more treatment options or a vaccine arise. Nearly every American citizen, business, and institution has taken and continues to take precautions against the risks associated with

COVID-19. Many citizens, however, do not have the luxury of indefinitely delaying their lives until a vaccine arrives, and must choose to accept some risks as a necessary feature of living in a functioning society. Society's ongoing and successful efforts to re-open our economy and its functioning institutions – including the Courts – is a testament to that.

11.     Plaintiff appreciates the thoughtful guidance this Court has given to the conduct of judicial proceedings throughout the COVID-19 pandemic. In that spirit, Plaintiff submits that it is more appropriate for the parties to continue to follow the guidance of the Court as a whole with respect to any additional continuances to the currently scheduled trial date, given the Court's early and ongoing efforts to successfully navigate through the COVID-19 disruptions. The solution is not indefinite delay of civil jury trials, nor ad hoc continuances, but rather for litigants to follow the considered judgment of the Court as expressed in its COVID-19 Administrative Orders which, notably, take into account advice from the Judicial Conference of the United States, the Center for Disease Control and local public health officials.

12.     Currently, the Court's May 29, 2020 Second Amended Administrative Order No. 266 envisions civil jury trials resuming after August 1, 2020. This Court has scheduled a jury trial in this matter for September 28, 2020. By following the Court's Administrative Orders, and the guidance from the State of Illinois, travel and health authorities, Plaintiff agrees that a safe trial can be conducted as scheduled. Plaintiff and Plaintiff's counsel plan to take all precautionary measures necessary to minimize the health risks associated with travel. Defendants should do the same. In this way, Plaintiff's believe, the parties should take the approach that we are "all in this together" and, rather than seeking special dispensation, abide by the Court's, and indeed our country's, re-opening plans and guidelines, and proceed to trial on September 28, 2020 as scheduled.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to

Continue Trial Date and retain the September 28, 2020 trial date.

Dated: July 20, 2020                        Respectfully submitted,


                                            */s/ Anthony G. Simon*
                                            Anthony G. Simon
                                            Anthony R. Friedman
                                            **THE SIMON LAW FIRM, P.C.**
                                            800 Market Street, Suite 1700
                                            St. Louis, Missouri  63101
                                            (314) 241-2929
                                            Fax: (314) 241-2029
                                            asimon@simonlawpc.com
                                            afriedman@simonlawpc.com

                                            R. Seth Crompton
                                            **THE HOLLAND LAW FIRM**
                                            300 N. Tucker, Suite 801
                                            St. Louis, Missouri 63101
                                            scrompton@allfela.com
                                            Phone: (314) 241-8111
                                            Facsimile: (314) 241-5554

                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record via

electronic mail and this Court's CM/ECF system on July 20, 2020.

                                            */s/ Anthony G. Simon*