# **EXHIBIT 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>*Plaintiff*,<br><br>vs.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC.; 2K GAMES, INC.; 2K SPORTS INC.; WORLD WRESTLING ENTERTAINMENT, INC.; VISUAL CONCEPTS ENTERTAINMENT; YUKE'S CO., LTD.; YUKES LA INC.,<br><br>*Defendants*. | Case No. 3:18-cv-00966 |

## WORLD WRESTLING ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following objections and responses (the "Response") to Plaintiff's First Set of Interrogatories (the "Interrogatories").

### PRELIMINARY STATEMENT

1. WWE makes this Response without waiver of, and intending to preserve, any information in response to the Interrogatories that is protected by the attorney-client privilege, the attorney work product doctrine and any other applicable privilege, immunity, protection or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, federal statutes and/or common law. Inadvertent revealing of information subject to any applicable privilege or protection, including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2. WWE makes this Response without waiver of, and intending to preserve:

    a. All questions as to competency, relevancy, materiality, and admissibility of evidence for any purpose of the Responses, or subject matter thereof, in this or any other action, and WWE's Response is similarly not to be deemed an admission as to the competency, relevancy, materiality, or admissibility of evidence for any purpose in this action;

    b. The right to object on any ground to the use of the Responses, or the subject matter thereof, in this or any other action; and

    c. The right at any time to revise, correct, and supplement, clarify and/or amend any Response furnished.

3. WWE makes this Response based on its interpretation and understanding of each Interrogatory.

4. WWE makes this Response in accordance with the Federal Rules of Civil Procedure and the Local Rules. WWE objects, and shall not respond, to the Interrogatories to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules.

5. Insofar as the Interrogatories define the "videogames WWE 2K16, WWE 2K17 and WWE 2K18" by the term "Infringing Games," this term misleadingly implies that these video games infringe Plaintiff's purported copyrights. On this basis, WWE objects to the definition of "Infringing Games" in the Interrogatories and WWE will use the term "WWE 2K Games" to collectively refer to the video games WWE 2K16, WWE 2K17, and WWE 2K18 in this Response.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

State WWE's relationship to each of the other defendants in this case and its role, if any, in creating, developing, publishing, distributing, promoting, advertising, marketing, and selling of the Infringing Games, including the supervision of such activities.

### RESPONSE:

WWE objects to the definition of "WWE" in Interrogatory No. 1 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Interrogatory No. 1 on the grounds that the phrase "WWE's relationship" to each of the other defendants in this case is ambiguous, undefined, and susceptible to multiple reasonable interpretations. WWE further objects to Interrogatory No. 1 on the grounds that WWE's relationship, if any, to the other defendants in this case unrelated to the WWE 2K Games is not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Subject to and without waiving its objections, WWE states that it has licensed Take-Two Interactive Software, Inc. ("Take-Two") the right to incorporate intellectual property owned or controlled by WWE ("WWE Intellectual Property") into interactive software entertainment games that would be marketed and sold to the public. WWE further states that, pursuant to its license with Take-Two, WWE approved the depiction of WWE Intellectual Property and the WWE brand in the content and advertising of the WWE 2K Games; WWE does not otherwise supervise Take-Two's activities with respect to the WWE 2K Games.

3

WWE further states that it does not have a legal relationship with any of the other defendants in the case with respect to the WWE 2K Games.

## INTERROGATORY NO. 2

State how many of the Infringing Games were sold, including how many were sold or shipped to persons or entities in Illinois.

## RESPONSE:

WWE states that, based on information reported to WWE, worldwide sales of the WWE 2K Games through March 2018 were as follows: (i) 3,732,859 units sold of WWE 2K16; (ii) 3,466,479 units sold of WWE 2K17; and (iii) 2,520,818 units sold of WWE 2K18. WWE was not provided information regarding the number of units of the WWE 2K Games sold or shipped to persons or entities in Illinois.

## INTERROGATORY NO. 3

Identify all communications between WWE and the Plaintiff or Mr. Orton regarding Mr. Orton's tattoos, or any other subject related to this lawsuit.

## RESPONSE:

WWE objects to the definition of "WWE" in Interrogatory No. 3 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Interrogatory No. 3 on the grounds that it is unduly burdensome and not proportional to the needs of the case for WWE to attempt to search for, and

identify, all communications between "WWE" and the Plaintiff or Mr. Orton regarding Mr. Orton's tattoos or any other subject related to this lawsuit. WWE further objects to Interrogatory No. 3 on the grounds that it calls for information beyond the scope of jurisdictional discovery which the parties agreed shall take priority over merits discovery. WWE further objects to Interrogatory No. 3 to the extent that it calls for information that is protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving its objections, WWE states that, after reasonable investigation, it is unaware of any communications between WWE and the Plaintiff or Mr. Orton indicating that Mr. Orton was tattooed by the Plaintiff.

**INTERROGATORY 4:**

Describe in detail all activities WWE directed toward Illinois residents, including the live promotional events mentioned in the Declaration of Edward M. Kiang, that relate in any way to the Infringing Games. Please include in your answer any promotions, marketing or advertising related to the Infringing Games.

**RESPONSE:**

WWE objects to the definition of "WWE" in Interrogatory No. 4 as ambiguous, overbroad and unduly burdensome to the extent that it includes "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives." WWE further objects to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome insofar as activities WWE has directed toward Illinois residents unrelated to the WWE 2K Games, including, specifically, the live events referenced in the

Declaration of Edward M. Kiang, are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Subject to and without waiving its objections, WWE states that it has not directed any activities related to the WWE 2K Games specifically toward Illinois residents. WWE further states that its promotion of the WWE 2K Games through its website and social media platforms have been accessible to Illinois residents to the same extent that the website and social media platforms have been accessible throughout the entire United States.

Dated: August 17, 2018

Respectfully submitted,

/s/ Curtis B. Krasik
Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Michael J. Nester (49410)
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Phone: (618) 212-6500
Email: mnester@drnpc.com

*Attorneys for Defendant World Wrestling Entertainment, Inc.*

6

## VERIFICATION

I, Edward M. Kiang, have read the foregoing Objections and Responses to Plaintiff's First Set of Interrogatories and know the contents thereof. I declare under penalty of perjury that the facts set forth in the Responses are true and correct to the best of my knowledge, information, and belief.

_____
Edward M. Kiang

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, the foregoing was served by email on the following counsel of record:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| R. Seth Crompton | scrimpton@allfela.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| Dale M. Cendali | dale.cendali@kirkland.com |
| Joshua L. Simmons | joshua.simmons@kirkland.com |

*Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., Visual Concepts Entertainment, Yuke's Co. Ltd., and Yuke's LA, Inc.*

/s/ Curtis B. Krasik
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Email: curtis.krasik@klgates.com

*Attorney for Defendant World Wrestling Entertainment, Inc.*