IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-966-SMY |
| | ) |
| TAKE-TWO INTERACTIVE | ) |
| SOFTWARE, INC. 2K GAMES, INC., | ) |
| 2K SPORTS INC., WORLD | ) |
| WRESTLING ENTERTAINMENT, INC., | ) |
| VISUAL CONCEPTS | ) |
| ENTERTAINMENT, YUKE'S CO., LTD, | ) |
| YUKES LA INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Catherine Alexander filed this action against Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports Inc., World Wrestling Entertainment, Inc., and Visual Concepts Entertainment asserting copyright infringement pursuant to 17 U.S.C. § 501. Now pending before the Court are Defendants' motion to seal (Doc. 147) and Plaintiff's motions to seal (Docs. 150, 169, 208). Both parties seek to seal documents utilized in support of or in opposition to pending motions for summary judgment and motions to exclude expert testimony. They assert the documents contain highly confidential and/or confidential information as designated by the parties and/or defined in the Stipulated Protective Order.

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or

underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, sealing documents is not justified simply by an agreement between the parties to keep matters private.

Defendants move to seal the following documents:

- The expert reports of J. Malackowski
- Excerpts from the deposition of Mark Little, one of Defendants' 30(b)(6) witnesses
- Terms of License Agreement between WWE and Take-Two Interactive Software, Inc.
- Amendment Number One to License Agreement between WWE and Take-Two Interactive Software, Inc.
- Excerpts from the deposition of Ryan Clark
- The expert report of Ryan Clark
- The supplemental report of Jose Zagal

Plaintiff moves to seal the following documents:

- Portions of Plaintiff's Memorandum in opposition to Defendants' Motion for Summary Judgment
- Excerpts from the deposition of Mark Little
- Portions of Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude the testimony of Ryan Clark
- The deposition of Ryan Clark
- The rebuttal report of Ryan Clark
- WWE 2K franchise sales since April 2015
- The deposition of Defendant WWE's corporate representative

Clearly, the aforementioned documents and portions of pleadings will influence or underpin the Court's decisions on the pending dispositive motions and motions to exclude. It will be necessary for the Court to consider the experts' reports and deposition testimony in determining whether their opinions satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579

(1993). Similarly, the Court will consider documents submitted in support or opposition to the pending dispositive motions. The documents are therefore open to public inspection absent a statute, rule, or privilege justifying confidentiality. The parties have provided the Court no reason to seal the requested documents other than their discovery protective order. But that is a legally insufficient basis according to Seventh Circuit precedent.

Accordingly, the motions to seal (Docs. 147, 150, 169, and 208) are **DENIED**. The parties are **DIRECTED** to refile Docs. 165 and 168 and all attachments/exhibits not under seal within 7 days from entry of this Order. The Clerk's Office is **DIRECTED** to unseal Docs. 140, 148 and 151. The Clerk's Office is further **DIRECTED** to **STRIKE** Docs. 165 and 168.

**IT IS SO ORDERED.**

**DATED: September 8, 2020**

**STACI M. YANDLE**
**United States District Judge**