**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-SMY-MAB |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' UNOPPOSED MOTION TO FILE THREE EXHIBITS
UNDER SEAL AND WITH REDACTIONS**

Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Games, Inc., 2K Sports, Inc., Visual Concepts Entertainment, and World Wrestling Entertainment, Inc. ("WWE") (collectively, "Defendants"), by and through their undersigned counsel, and for their motion to file three exhibits under seal and with redactions, state as follows:

1. On January 22, 2019, the Court issued a Stipulated Protective Order, Section 9(a) of which provides the procedures by which documents are to be submitted for requests to seal. Dkt. No. 111.

2. During the parties' briefing on Defendants' motion for summary judgment, they relied on the license agreement between Take-Two and WWE, and an amendment thereto. Dkt. 142-22, 142-23, 208 (Ex. 3). The parties filed motions to seal these documents in full, which were denied by the Court on September 8, 2020. Dkt. 213. Plaintiff refiled one of these documents unredacted pursuant to the order. Dkt. 217-1 (Ex. 3).

3. As set forth below, the agreement contains competitively sensitive business information. Thus, Defendants respectfully request leave to file the unredacted version of the agreement and its amendment under seal, and to file in the public record the attached redacted version, which only redacts the most sensitive of financial information. *See* **Exhibit A**.

4. Federal Rule of Civil Procedure 26(c)(1) permits the entry of an order to prevent disclosure of discovery material where doing so would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." As the Seventh Circuit has recognized, documents that "meet the definition of trade secrets or other categories of bona fide long-term confidentiality" may remain sealed even if they are submitted as part of the judicial record. *Baxter Int'L, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). This is consistent with the recognition that "a ground for denying access to court documents" is the "[p]otential damages from the release of sensitive business information." *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998); *Gelb v. Am. Tel & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal exhibits pursuant to Rule 26(c) based on their potential to cause commercial harm).

5. The Take-Two/WWE agreement sets forth the terms of WWE's license to Take-Two permitting the use of WWE's intellectual property. For the purposes of Defendants' summary judgment motion, the only provisions relied upon by the parties, and therefore likely to be considered by this Court, are those that address the intellectual property rights granted to Take-Two. In light of this Court's prior order, Defendants do not propose redactions of those provisions.

6. Yet, the agreement also details the parties' financial terms, including royalty rates, minimum guarantees, and marketing commitments. This non-public information was not the

subject of summary judgment briefing, and need not be in the judicial record to decide the parties' motions. In particular, the appendices to the agreement contain sensitive information regarding Take-Two and WWE's marketing strategy, the platforms they use, and the amounts that they pay talent. Likewise, the agreements address unannounced, potential project ideas that, again, are not part of this litigation. This sensitive information is developed over years and its secrecy is part of how the parties compete effectively with their competitors.

7.  Moreover, given that Take-Two and WWE routinely negotiate similar agreements with non-parties to this lawsuit, disclosure of this sensitive non-public financial information would harm their businesses. For example, other licensors or licensees will be able to use the royalty rate information as a perceived precedent for future negotiations. Likewise, other publishers could use this information to interfere with the parties' business relationship by luring one of the parties to the agreement away. And if Take-Two and WWE's strategies are reported to customers or in the media, it could inhibit the future prospects of their games. This Court acknowledged that concern in its protective order when it limited the use of confidential information to "prosecuting, defending, or settling this Action," and specifically forbade use "for any business [or] competitive . . . purpose." Dkt. 111, at 9.

8.  Given that these terms do not relate to the issues before the Court and Defendants seek only to redact the most sensitive financial information, they respectfully submit that a motion to seal is appropriate under the circumstances. Plaintiff does not oppose this motion.

WHEREFORE, Defendants respectfully request that the Court grant leave for the documents at Dkt. 142-22 and 142-23, and Exhibit 3 to Dkt. 208 and 217-1 to be filed under seal, and Exhibit A hereto to be filed on the public record.

| | |
|---|---|
| Dated: September 10, 2020 | */s/ Dale M. Cendali* |

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
miranda.means@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment*


*/s/ Curtis Krasik* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for World Wrestling Entertainment, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) Case No. 3:18-cv-966-SMY-MAB |
| WRESTLING ENTERTAINMENT, INC.; | ) |
| VISUAL CONCEPTS ENTERTAINMENT; | ) |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, I electronically filed the foregoing **Defendants' Unopposed Motion to File Three Exhibits Under Seal and with Redactions** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| Carrie L. Roseman | croseman@simonlawpc.com |
| R. Seth Crompton | scrompton@allfela.com |
| Tracey Blasa | tblasa@allfela.com |

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

*Attorney for Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment*