**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | Case No. 3:18-cv-966-SMY-MAB |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' TRIAL BRIEF**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION................................................................................................ 1

II.  ISSUES TO BE DECIDED ............................................................................... 1

    A.   COPYRIGHT INFRINGEMENT.......................................................... 1

    B.   DEFENDANTS' AFFIRMATIVE DEFENSES ................................... 3

        1.   Fair Use, *De Minimis* Use, and Authorized Use ........................ 3

        2.   The Elements of the Affirmative Defense of Waiver ................ 6

        3.   The Elements of the Affirmative Defense of Estoppel ............. 7

    C.   DAMAGES-RELATED ISSUES........................................................... 8

        1.   Whether it is the Jury or the Court That Decides the Amount of
Disgorgement Damages........................................................... 8

        2.   The Respective Burdens of Proof and Evidentiary Issues Related to
Disgorgement of Profits......................................................... 11

III. CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*16 Casa Duse, LLC v. Merkin*,
   791 F.3d 247 (2d Cir. 2015) ..................................................................... 3

*Balsley v. LFP, Inc.*,
   691 F.3d 747 (6th Cir. 2012) ................................................................... 10

*Bell v. Taylor*,
   827 F.3d 699 (7th Cir. 2016) ................................................................... 12

*Bourne Co. v. Hunter Country Club, Inc.*,
   990 F.2d 934 (7th Cir. 1993) ..................................................................... 7

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
   494 U.S. 558 (1990) .................................................................................. 8

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
   526 U.S. 687 (1999) .................................................................................. 9

*Dash v. Mayweather*,
   731 F.3d 303 (4th Cir. 2013) ................................................................... 13

*Design Basics LLC v. Campbellsport Bldg. Supply, Inc.*,
   No. 13 Civ. 560, 2016 WL 3189202 (E.D. Wis. June 7, 2016) .............. 6, 7

*Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*,
   1 F.4th 502 (7th Cir. 2021) .................................................................... 1, 2

*Durham Indus., Inc. v. Tomy Corp.*,
   630 F.2d 905 (2d Cir. 1980) ..................................................................... 2

*Eagle Servs. Corp. v. H2O Indus. Servs., Inc.*,
   532 F.3d 620 (7th Cir. 2008) ................................................................... 12

*ECIMOS LLC v. Carrier Corp.*,
   971 F.3d 616 (6th Cir. 2020) ................................................................... 10

*Fair Isaac Corp. v. Federal Insurance Co.*,
   468 F. Supp. 3d 1110 (D. Minn. 2020) ................................................ 9, 10

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
   499 U.S. 340 (1991) .............................................................................. 1, 3

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
    778 F.3d 1059 (9th Cir. 2015) ..........................................................................10

*Fuller Products Co. v. Fuller Brush Co.*,
    299 F.2d 772 (7th Cir. 1962) .............................................................................8

*G. R. Leonard & Co. v. Stack*,
    386 F.2d 38 (7th Cir. 1967) ...........................................................................4, 5

*Gaste v. Kaiserman*,
    863 F.2d 1061 (2d Cir. 1988)...........................................................................10

*Goldman v. Gagnard*,
    757 F.3d 575 (7th Cir. 2014) .............................................................................6

*Google LLC v. Oracle Am., Inc.*,
    141 S. Ct. 1183 (2021)........................................................................................3

*Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*,
    345 F.3d 922 (6th Cir. 2003) .............................................................................5

*Gracen v. Bradford Exch.*,
    698 F.2d 300 (7th Cir. 1983) ......................................................................2, 3, 6

*Granite State Ins. Co. v. Smart Modular Techs., Inc.*,
    76 F.3d 1023 (9th Cir. 1996) .............................................................................7

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
    921 F.3d 1343 (11th Cir. 2019) .....................................................................8, 10

*Huthwaite, Inc. v. Ecolab, Inc.*,
    No. 05 Civ. 3273, 2006 WL 929262 (N.D. Ill. Jan. 4, 2006) .................................5

*Isringhausen Import, Inc. v. Nissan North America, Inc.*,
    No. 10 Civ. 3253, 2011 WL 6029733 (C.D. Ill. Dec. 5, 2011) ..............................4

*ITOFCA, Inc. v. MegaTrans Logistics, Inc.*,
    322 F.3d 928 (7th Cir. 2003) .............................................................................6

*Kennedy v. Gish, Sherwood & Friends, Inc.*,
    143 F. Supp. 3d 898 (E.D. Mo. 2015).................................................................5

*Leigh v. Engle*,
    727 F.2d 113 (7th Cir. 1984) ...........................................................................13

*McRoberts Software, Inc. v. Media 100, Inc.*,
    329 F.3d 557 (7th Cir 2003) ...........................................................................10

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
495 F. Supp. 3d 687 (N.D. Ill. 2020) ................................................................9, 10

*Navarro v. Procter & Gamble Co.*,
No. 1:17 Civ. 406, 2021 WL 1169084 (S.D. Ohio Mar. 29, 2021) ...............8, 9, 10

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*,
No. 02 Civ. 2523, 2003 WL 1720073 (N.D. Ill. Mar. 31, 2003) .............................6

*On Davis v. The Gap, Inc.*,
246 F.3d 152 (2d Cir. 2001) ...................................................................................13

*Oracle Am., Inc. v. Google, Inc.*,
No. 10 Civ. 03561 (N.D. Cal. 2016) .........................................................................4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) ..................................................................................................8

*Photographic Illustrators Corp. v. Orgill, Inc.*,
953 F.3d 56 (1st Cir. 2020) .......................................................................................6

*Polar Bear Prods., Inc. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) ...................................................................................13

*Sandoval v. New Line Cinema Corp.*,
147 F.3d 215 (2d Cir. 1998) ......................................................................................5

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
106 F.2d 45 (2d Cir. 1939) ......................................................................................13

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
449 F. Supp. 3d 333 (S.D.N.Y. 2020) .......................................................................4

*Soos & Assocs., Inc. v. Five Guys Enters., LLC*,
425 F. Supp. 3d 1004 (N.D. Ill. 2019) ...................................................................6, 7

*Sullivan v. Flora, Inc.*,
No. 15-Civ-298, 2017 WL 1487624 (W.D. Wis. Apr. 25, 2017) ...........................13

*Taylor v. Meirick*,
712 F.2d 1112 (7th Cir. 1983) .................................................................................12

*Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*,
895 F.3d 1304 (Fed. Cir. 2018) ...........................................................................8, 9, 10

*Toney v. Rosewood Care Ctr.*,
No. 98 Civ. 693, 2002 WL 992642 (N.D. Ill. May 15, 2002) ...........................11, 12

iv

*Tull v. United States*,
    481 U.S. 412 (1987)................................................................................8

*Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*,
    196 F.3d 1366 (Fed. Cir. 1999)...........................................................13

*VMG Salsoul, LLC v. Ciccone*,
    824 F.3d 871 (9th Cir. 2016) ...............................................................5

**Rules**

Fed. R. Civ. P. 26.................................................................................11

Local Rule 16.2....................................................................................11

## I.      INTRODUCTION

Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment ("Take-Two") and World Wrestling Entertainment, Inc. ("WWE") (collectively, "Defendants") respectfully submit this trial brief to address legal disputes that have arisen between the parties in anticipation of trial.  In particular, this trial brief addresses the following issues: (1) Plaintiff Catherine Alexander's ("Plaintiff") last minute attempt to avoid proving that she owns valid copyrights in the asserted tattoos; (2) certain legal issues regarding Defendants' affirmative defenses, including their defenses of waiver and estoppel; and (3) the respective burdens of proof and evidentiary issues related to disgorgement of profits.

## II.     ISSUES TO BE DECIDED

### A.      Copyright Infringement

In *Feist Publications, Inc. v. Rural Telephone Service Co.*, the Supreme Court held that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  499 U.S. 340, 361 (1991). Relatedly, the Seventh Circuit recently confirmed that the second element of copyright infringement requires a showing of both actual copying and substantial similarity between the works at issue.  *See Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 503 (7th Cir. 2021) (finding that embedded in the "copying" element are "two distinct questions: whether the defendant copied the protected work and whether the copying constituted an improper appropriation," and concluding that improper appropriation "requires substantial similarity").

Plaintiff moved for and this Court granted partial summary judgment only "as to the copying element." Dkt. 228, at 5. [1]  Yet, on August 26, 2021, the day before the parties provided the Court with the First Amended Pretrial Order, Plaintiff indicated for the first time that she believes that, despite not moving for and never being granted summary judgment on the first element—ownership of a valid copyright—this Court nevertheless decided that issue in her favor, because the Court's opinion suggested that it was "undisputed that Alexander holds valid copyrights for the five tattoos at issue." *Id.*

The Court, however, did not grant Plaintiff summary judgment on the first element of her claim. Plaintiff moved for summary judgment solely "on the issue of copying," Dkt. 139, at 1, and this Court granted summary judgment only "as to the copying element." Dkt. 228, at 5. The first element was never briefed and merely holding a certificate of registration from the Copyright Office is not the same thing as proving ownership of a valid copyright. For example, in *Gracen v. Bradford Exchange*, the Seventh Circuit held that a painting of Dorothy from *The Wizard of Oz* copied from a photograph from the original film, despite being registered with the Copyright Office and having marked differences from the photograph, was not copyrightable because it was created without authorization from the photograph's copyright owner. 698 F.2d 300, 305 (7th Cir. 1983) (citing *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 910 (2d Cir. 1980) (holding that "reproduction" of pre-existing Disney characters "in plastic . . . does not constitute originality")). Likewise, when multiple authors are involved in the creation of a work, courts recognize that one of them may be the "dominant author" due to "factual indicia of

---

[1]     As Defendants noted at summary judgment, Plaintiff never addressed the separate issue of substantial similarity. This Court disagreed with Defendants' argument that Plaintiff must "establish legally actionable copying," holding that Defendants' argument is "contrary to Seventh Circuit copyright law." *Id.* In *Design Basics*, however, the Seventh Circuit made clear that a plaintiff must prove "whether the copying constituted an improper appropriation." 1 F.4th at 503. Thus, Defendants respectfully suggest that Plaintiff should be required to prove substantial similarity at trial, but in any case, preserve the issue of substantial similarity for appeal.

ownership and authorship," such as "decisionmaking authority, billing, and written agreements with third parties." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 260 (2d Cir. 2015). This occurs even where the dominant author is not the actor that fixes the work in a tangible medium. *Id.*

Here, the evidence at trial will show that two of the tattoos that Plaintiff inked were copied from Mr. Orton's preexisting back tattoos. As a result, Plaintiff does not own valid copyrights in them under *Gracen*. Moreover, Mr. Orton was the final decisionmaking authority concerning what would and would not be inked on his body, making him the dominant author and owner of his tattoos. Neither issue was before the Court on summary judgment and, thus, it is and remains Plaintiff's burden at trial to prove ownership of a valid copyright. *Feist*, 499 U.S. at 361.

### B. Defendants' Affirmative Defenses

#### 1. Fair Use, *De Minimis* Use, and License

With regard to Defendants' affirmative defenses of fair use, *de minimis* use, and license, the Court's summary judgment order largely addressed them and, thus, Defendants do not readdress those issues here other than to make three brief points. ***First***, there are two relevant authorities that were not addressed in the Court's summary judgment order. Earlier this year (after this Court's summary judgment decision), the Supreme Court issued a decision in *Google LLC v. Oracle America, Inc.*, finding that Google's verbatim copying of Oracle's copyrighted work was fair use. 141 S. Ct. 1183 (2021). It held that fair use is a "mixed question of fact and law; that reviewing courts should appropriately defer to the jury's findings of underlying facts; but that the ultimate question whether those facts showed a 'fair use' is a legal question for judges to decide *de novo*." *Id.* at 1199. It also provided useful guidance with regard to the application of the four fair use factors. *Id.* at 1202–08. Of particular note, the jury instructions

on fair use in that case provided the jury with a detailed description of each fair use factor so that the jury would understand the principles underpinning their factual finding.  *See Oracle Am., Inc. v. Google, Inc.*, No. 10 Civ. 03561 (N.D. Cal. 2016), Final Charge to the Jury (Phase One), Dkt. 1950 (describing each fair use factor in detail).  Defendants intend to propose similar jury instructions in this case.

In addition, this Court's summary judgment decision did not cite to the Southern District of New York's decision in *Solid Oak Sketches, LLC v. 2K Games, Inc.*, which found that Take-Two's use of tattoos in the video game series *NBA 2K* was fair, *de minimis*, and authorized by an implied license.  449 F. Supp. 3d 333, 343–351 (S.D.N.Y. 2020).  Tellingly, Plaintiff did not mention this opinion in her trial brief, but instead misleadingly cited to an earlier opinion in that case in the procedure posture of a motion for judgment on the pleadings.  Dkt. 246, at 3.  The court denied that motion until the factual record had been fully developed, and then granted summary judgment to Take-Two.  449 F. Supp. 3d at 353.

***Second***, Defendants note that this Court's summary judgment order questioned "[w]hether the Seventh Circuit recognizes [a *de minimis* use defense] to copyright infringement claims."  Dkt. 228, at 11.  The Seventh Circuit in *G. R. Leonard & Co. v. Stack*, however, held that "[e]ven where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent."  386 F.2d 38, 39 (7th Cir. 1967).  The court then affirmed the district court's "finding of *de minimis* copying."  *Id.*  Likewise, in *Isringhausen Import, Inc. v. Nissan North America, Inc.*, the court held that a *de minimis* use defense was properly pleaded where the infringement "is so trivial as to fall below the quantitative threshold of substantial similarity," such as "where the average audience would not recognize the appropriation."  No. 10 Civ. 3253,

2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011); *see also Huthwaite, Inc. v. Ecolab, Inc.*, No. 05 Civ. 3273, 2006 WL 929262, at *1 (N.D. Ill. Jan. 4, 2006) (refusing to strike *de minimis* use defense).

Moreover, in addition to the Seventh Circuit in *Leonard*, the Second, Sixth, and Ninth Circuits have adopted the *de minimis* use defense. *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998); *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 924–25 (6th Cir. 2003); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 878 (9th Cir. 2016). As those cases make clear, the ultimate question is "the observability of the copyrighted work in the allegedly infringing work." *Sandoval*, 147 F.3d at 217. "Observability is determined by the length of time the copyrighted work appears in the allegedly infringing work, and its prominence in that work as revealed by the lighting and positioning of the copyrighted work." *Id.*

***Third***, with regard to Defendants' license defense, Defendants note that the Court concluded that "Orton granted WWE the right to license his likeness to third parties and WWE then licensed Take-Two to use Orton's likeness in the *WWE 2K* games." Dkt. 228, at 6–7. As to the license from Plaintiff to Mr. Orton, the Court found that "[a]n implied license is created when '(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute her work.'" *Id.* at 6. The Court further found that "[t]he first and second prongs of the analysis are not contested; the dispute surrounds Alexander's intent and the scope of any implied license." *Id.* at 7.

In deciding the question of Plaintiff's intent, the jury "may look to objective evidence of [Plaintiff's] intent," *id.* at 6, such as "[c]ommon industry practice." *Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 909 (E.D. Mo. 2015). Silence or "lack of objection" may

5

also be equivalent to a license.  *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F.3d 928, 940 (7th Cir. 2003).  And, as the Seventh Circuit held in *Gracen*, an implied license may include the right to sublicense.  698 F.2d at 303; *cf. Photographic Illustrators Corp. v. Orgill, Inc.*, 953 F.3d 56, 64 (1st Cir. 2020) (upholding implied sublicense).

2.    <u>The Elements of the Affirmative Defense of Waiver</u>

In *Goldman v. Gagnard*, the Seventh Circuit made clear that a copyright owner may waive her copyrights and that, if she does, use of those copyrights is not infringement.  757 F.3d 575, 579 (7th Cir. 2014).  The purpose of the doctrine is to provide a flexible tool for acknowledging that "a right may be taken away from its holder as a penalty for failure to assert in a clear and timely manner."  *See id.*; *Soos & Assocs., Inc. v. Five Guys Enters., LLC*, 425 F. Supp. 3d 1004, 1012 (N.D. Ill. 2019).

In this case, Defendants have asserted that Plaintiff waived her rights in the tattoos that she inked on the well-known wrestler Randy Orton.  Answ. (Dkt. No. 188) ¶ 106.  Although the doctrine of waiver is a "flexible" principle with no "definite and rigid meaning," *Goldman*, 757 F.3d at 579, cases before and after *Goldman* have held that, to establish waiver, a defendant need show only that the copyright owner made a "voluntary, intentional relinquishment of a known right."  *Design Basics LLC v. Campbellsport Bldg. Supply, Inc.*, No. 13 Civ. 560, 2016 WL 3189202, at *9 (E.D. Wis. June 7, 2016); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 Civ. 2523, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003).  Defendants will show that Plaintiff did so here by, among other things, delaying to bring this lawsuit until years after she inked Mr. Orton and his tattoos appeared in media, including the *WWE 2K* games.

Despite this clear law, Plaintiff has indicated that she disputes the elements of waiver described above and intends to submit a trial brief on the issue.  She has not explained what she

6

believes is in dispute, but Defendants believe that the law is straightforward on these elements and that the Court should apply the elements of waiver outlined above.

          3.    <u>The Elements of the Affirmative Defense of Estoppel</u>

Separately from Defendants' waiver defense, they assert an affirmative defense of estoppel. As shown in the First Amended Final Pretrial Order, the parties agree that, unlike waiver, which is decided by the jury, estoppel is decided by the Court. 1st Am. Final Pretrial Ord. 5; *see Granite State Ins. Co. v. Smart Modular Techs., Inc*., 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

In this case, Defendants have asserted that Plaintiff is estoped from asserting her copyrights in the tattoos that she inked on Mr. Orton. Answ. (Dkt. No. 188) ¶ 106. To establish their estoppel defense, Defendants need show only that Plaintiff was aware of Defendants' use of the Tattoos, yet acted in a way that induced them to reasonably rely upon such action to their detriment. *See Soos & Assocs.*, 425 F. Supp. 3d at 1012 ("[E]stoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." (quoting *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993)); *Design Basics*, 2016 WL 3189202, at *9. Again, Plaintiff's delay in bringing this suit despite being fully aware of Mr. Orton's depiction in media, including *WWE 2K*, precludes her claim.

Despite this clear law, Plaintiff has indicated that she disputes the elements of estoppel described above and intends to submit a trial brief on the issue. She has not explained what she believes is in dispute, but Defendants again believe that the law is straightforward on these elements and that the Court should apply the elements of estoppel outlined above.

### C.      Damages-Related Issues

1.      Whether it is the Jury or the Court That Decides the Amount of
Disgorgement Damages

In the event that the jury determines that Defendants are liable for copyright

infringement, then the Court should determine the amount, if any, of Defendants' profits that

should be awarded to Plaintiff because it is black-letter law that there is no right to a jury trial on

equitable remedies.  *See Tull v. United States*, 481 U.S. 412, 417 (1987) (holding that "actions

that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a

jury trial").  The Supreme Court and the Seventh Circuit agree that disgorgement of profits is an

equitable remedy.  For example, in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,

the Supreme Court noted that disgorgement is a form of restitutionary damages that it

"characterize[s] . . . as equitable."  494 U.S. 558, 570 (1990) (quoting *Tull*, 481 U.S. at 424)).

Likewise, in *Fuller Products Co. v. Fuller Brush Co.*, the Seventh Circuit held that

disgorgement, then referred to as an "accounting for profits," is "an equitable remedy."  299 F.2d

772, 777 (7th Cir. 1962).[2]

The Supreme Court even has specifically addressed disgorgement of profits under

Section 504(b) of the Copyright Act, and noted that it is a form of "equitable" relief.  *Petrella v.

Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668, 668 n.1 (2014).  After *Petrella*, courts have

examined both the text of the Copyright Act and the Seventh Amendment and held that there is

no right to a jury trial on disgorgement of profits in an action for copyright infringement.

Starting with the text of the Copyright Act, the court in *Navarro v. Procter & Gamble Co.*, held

---

[2]      Other appellate courts agree.  *E.g.*, *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895
F.3d 1304, 1326 (Fed. Cir. 2018) (finding "no right to a jury decision on [plaintiff's] request for disgorgement
of . . . profits"); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019) ("an
accounting and disgorgement of a defendant's profits . . . is equitable in nature and does not carry with it a right
to a jury trial").

that the Copyright Act does not indicate that disgorgement of profits requires a jury trial and that, because "[w]hen Congress wants to create a right to trial by jury, it knows how to say so," no such right exists.  No. 1:17 Civ. 406, 2021 WL 1169084, at *3 (S.D. Ohio Mar. 29, 2021). Similarly, in *Fair Isaac Corp. v. Federal Insurance Co.*, the court held there was no right to a jury trial on disgorgement, finding that "Section 504(b), which does not expressly provide a right to a jury determination on actual damages and profits, also does not implicitly provide such a right."  468 F. Supp. 3d 1110, 1114 (D. Minn. 2020); *see also Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 495 F. Supp. 3d 687, 708 (N.D. Ill. 2020) ("With respect to the copyright award . . . the jury's award was equitable in nature and thus an advisory verdict.").

Courts also have concluded that the Seventh Amendment does not provide a constitutional right to a jury trial on disgorgement of profits.  For example, in *Navarro*, the court noted that "[t]he Constitution creates a right to a jury for *legal* remedies, but not for *equitable* remedies."  2021 WL 1169084, at *6.  "[E]ven if 'the suit' is legal, and thus gives rise to a jury trial right in general, the court must also examine 'the particular trial decision' at issue, to see whether there is a jury trial right as to that issue."  *Id.* (quoting *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999).  Thus, the constitutional question is "whether the profits-based remedy in § 504(b) is a *legal* remedy, in which case there is a constitutional right to a jury, or an *equitable* remedy, in which case there is not."  *Navarro*, 2021 WL 1169084, at *6.  "Based on the history of the disgorgement award in actions for copyright infringement," the *Navarro* court found "little question that such awards are equitable, rather than legal."  *Id.*; *see also Tex. Advanced Optoelectronic Sols.*, 895 F.3d at 1324–25 ("As for copyright and trademark infringement, we have seen no support for concluding that disgorgement of profits was available at law for those wrongs.").  The *Fair Isaac* court reached

9

the same conclusion.  468 F. Supp. 3d at 1118 ("Fair Isaac presents no sound legal basis to conclude that the courts of law in 1791 would have awarded disgorgement of a defendant's profits as a remedy for copyright infringement.").[3]

Despite this clear law, Plaintiff contends in the First Amended Final Pretrial Order that there is a right to a jury on the amount of damages that might be disgorged.  1st Am. Final Pretrial Ord. 5 n.4.  The cases on which she relies, however, are all merely situations in which no party raised the jury-right issue, and thus the court had no reason to address it.  *See McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 567–69 (7th Cir 2003) (no party objecting to use of jury for determining disgorgement award); *Gaste v. Kaiserman*, 863 F.2d 1061, 1069-1070 (2d Cir. 1988) (same); *Balsley v. LFP, Inc.*, 691 F.3d 747, 767 (6th Cir. 2012) (same); *ECIMOS LLC v. Carrier Corp.*, 971 F.3d 616 (6th Cir. 2020) (same).

Defendants have not provided their consent to send the issue to the jury in this case.  *See Navarro*, 2021 WL 1169084, at *6 ("absent objection, as already noted, any matter *can* go to the jury" (emphasis added)).  Instead, the jury should be permitted to provide the Court with an advisory verdict for the Court's consideration with the issue of disgorgement ultimately decided by this Court.  *See Motorola*, 495 F. Supp. 3d at 708 (treating jury verdict of disgorgement as advisory).

---

[3]   Appellate courts that have addressed this issue in the context of disgorgement of profits for trademark infringement and trade secret misappropriation have also reached the same conclusion.  *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1065 (9th Cir. 2015) ("The Seventh Amendment does not require that a jury calculate these profits, because juries have not traditionally done so, and a claim for profit disgorgement is equitable in nature."); *Hard Candy*, 921 F.3d at 1359 ("All of this leads us to the conclusion that an accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial."); *Tex. Advanced Optoelectronic Sols.*, 895 F.3d at 1325 ("We conclude that no such [disgorgement] remedy would have been available at law for the trade secret misappropriation here, either.").

2.      <u>The Respective Burdens of Proof and Evidentiary Issues Related to Disgorgement of Profits</u>

Finally, there are two disputed issues related to Plaintiff's obligations with regard to damages.  ***First***, as indicated in the First Amended Final Pretrial Order, the parties disagree about Plaintiff's failure to itemize her disgorgement damages, 1st Am. Pretrial Ord. 8 n.7, as well as her refusal to indicate whether she is seeking actual damages, *id.* at 9 n.10.  ***Second***, the parties disagree about Plaintiff's burden to show a causal connection between the alleged infringement and Defendants' profits allegedly attributable to the infringement.  We discuss each issue in turn below.

a.      *Itemization of Profits Sought is Required*

The Federal Rules, Local Rules, and Your Honor's Case Management Procedures all require an itemization of all damages sought at trial.  *See* Fed. R. Civ. P. 26(A)(1)(a)(iii) (party is required to disclose "a computation of each category of damages claimed by the disclosing party"); S.D. Ill. Local Rule 16.2(b)(3)(I) (final pretrial order must include "***itemized statements of all damages*** by all parties" (emphasis added)); Case Management Procedures of Judge Staci M. Yandle 6 ("Counsel shall jointly prepare a Final Pretrial order using Judge Yandle's approved form," which is available at http://www.ilsd.uscourts.gov/documents/SMYFPTOrder.docx; the form states that the "parties should insert here . . . ***an itemization of all damages*** sought in this case." (emphasis added)).

Itemization requires more than merely listing the types of damages sought.  Rather, as the court in *Toney v. Rosewood Care Ctr.*, Inc. held, it is the "amounts [the plaintiff] would be asking the jury to award."  No. 98 Civ. 693, 2002 WL 992642, at *2 (N.D. Ill. May 15, 2002), *aff'd*, 62 F. App'x 697, 701 (7th Cir. 2003) (noting that "the district court . . . concluded that the absence of an itemization of damages in the pretrial order significantly impaired preparation of

the case").  Here, it is particularly important that Plaintiff inform the Court and Defendants of the damages she will be seeking because she is not entitled to all of Defendants' revenues, but rather only the portion attributable to the five tattoos she claims were infringed after the deduction of expenses and the elements of profit attributable to factors other than Plaintiff's alleged copyrighted works.  Because it is not plausible (and Plaintiff does not even contend) that ***all*** of Defendants' revenues from the *WWE 2K* games were attributable to the five tattoos Plaintiff claims were infringed, it would be confusing and prejudicial to send only Defendants' revenues to the fact-finder.  The Rules are intended to avoid trial by surprise and avoid parties waiting until the presentation of evidence to identify information such as this.  *See Toney*, 2002 WL 992642, at *2.

> b.  *A Plaintiff Cannot Obtain Lost Profits without Showing That a Causal Nexus Exists Between those Profits and Infringement*[4]

"The Copyright Act permits a plaintiff to recover an infringer's profits that are 'attributable to the infringement . . . .'" *Bell v. Taylor*, 827 F.3d 699, 710 (7th Cir. 2016) (quoting 17 U.S.C. § 504(b)).  The Seventh Circuit has held that this means that "a plaintiff must show a causal nexus between the infringement and the gross revenues." *Bell*, 827 F.3d at 710; *see Eagle Servs. Corp. v. H2O Indus. Servs., Inc.*, 532 F.3d 620, 623 (7th Cir. 2008) ("It is doubtful that profits from the sale of noninfringing goods or services (in this case, H2O's clean-up services) can be attributed to a copyright infringement with enough confidence to support a judgment."); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) ("If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors'

---

[4]  Defendants are cognizant of Your Honor's Case Management Procedures' prohibition on trial briefs that rehash issues from dispositive motion briefing.  Plaintiff indicated to Defendants that she intends to file a trial brief on evidentiary issues related to disgorgement of profits, and the Court's summary judgment order did not address this issue with regard to disgorgement of profits. Dkt No. 228, 12–13.  Thus, Defendants submit this brief in response to any argument that Plaintiff may raise in her trial brief.

corporate income tax return in the record and rest your case for an award of infringer's profits."); *see also Leigh v. Engle*, 727 F.2d 113, 138 (7th Cir. 1984) ("The owner of a copyright may recover the infringer's profits, but only those attributable to the infringement and not to the infringer's own efforts and talents." (citing *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 49 (2d Cir. 1939))).

Relying on this Seventh Circuit authority, for example, the court in *Sullivan v. Flora, Inc.*, excluded a profits-based damages theory in an action for copyright infringement because the plaintiff had "no evidence that her illustrations attracted more customers or drove more sales of defendant's products," where her illustrations were used in advertising videos.  No. 15-Civ-298, 2017 WL 1487624, at *2 (W.D. Wis. Apr. 25, 2017) ("[P]laintiff was unable to offer *any* evidence of customer surveys concerning what drove purchasing decisions, a marketing or damages expert discussing the role of two-dimensional art, like plaintiff's illustrations, in advertising as a driver of revenue, or earlier statements by defendant, customers or competitors about the value of those infringing illustrations in driving sales").[5]  Thus, Plaintiff must prove that there is a causal nexus between the alleged infringement and Defendants' profits before the burden shifts to Defendants to prove the expenses and the elements of profit attributable to factors other than Plaintiff's alleged copyrighted works.

---

[5]   Outside of the Seventh Circuit, numerous other appellate courts have concluded that a copyright owner must show a causal nexus between the infringement and the gross revenue figure presented.  *See, e.g.*, *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (plaintiff "failed to show any causal connection between the infringement and the defendant's profits"); *Dash v. Mayweather*, 731 F.3d 303, 309 (4th Cir. 2013) (plaintiff "failed to present evidence demonstrating a causal link between the alleged infringement and the enhancement of any revenue stream claimed"); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 712 (9th Cir. 2004) (noting plaintiff's "statutory obligation to demonstrate a causal nexus between the infringement and the profits sought"); *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1375 (Fed. Cir. 1999) (plaintiff "had the burden to show . . . connection" between revenue and infringement).

## III.   CONCLUSION

Defendants will present the evidence at trial described herein, and therefore requests

appropriate jury instructions concerning the issues discussed above.

Dated: September 3, 2021                    Respectfully submitted,

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
miranda.means@kirkland.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Take-Two Interactive*
*Software, Inc., 2K Games, Inc., 2K Sports, Inc.,*
*and Visual Concepts Entertainment*

*/s/ Curtis Krasik* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Michael J. Nester (#02037211)

14

Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for World Wrestling Entertainment,
Inc.*