1

                          UNITED STATES OF AMERICA
                         SOUTHERN DISTRICT OF ILLINOIS

2

3    CATHERINE ALEXANDER,            )
                                     )
4                   Plaintiff,       )
     v.                              ) No. 3:18-cv-00966-SMY
5                                    )
     TAKE-TWO INTERACTIVE SOFTWARE, )
6    INC., et al.,                   )
                                     )
7                   Defendants.      )

8

9

10

                  TRANSCRIPT OF FINAL PRETRIAL CONFERENCE
11                       (via video conference)

12              BEFORE THE HONORABLE STACI M. YANDLE
                     UNITED STATES DISTRICT JUDGE

13
                             January 24, 2022
14

15

16

17

18

19

20

21   REPORTED BY:        Christine Dohack LaBuwi, RDR, CRR
                         Official Court Reporter
22                       301 West Main Street
                         Benton, Illinois  62812
23                       (618) 439-7725
                         Christine_Dohack@ilsd.uscourts.gov
24

     Proceedings recorded by mechanical stenography, produced by
25   computer-aided transcription.

```
1    VIDEO CONFERENCE APPEARANCES:

2    FOR PLAINTIFF:        R. Seth Crompton, Esq. (via telephone)
                           HOLLAND LAW FIRM
3                          300 N. Tucker Blvd., Suite 801
                           St. Louis, MO  63101
4                          314) 241-8111
                           scrompton@allfela.com
5
                           Anthony R. Friedman, Esq.
6                          Anthony G. Simon, Esq.
                           Paul J. Tahan, Esq.
7                          SIMON LAW FIRM, P.C.
                           800 Market Street, Suite 1700
8                          St. Louis, MO  63101
                           (314) 241-2929
9                          afriedman@simonlawpc.com
                           asimon@simonlawpc.com
10                         ptahan@simonlawpc.com

11   FOR DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC.; 2K
     GAMES, INC.; 2K SPORTS, INC.; and VISUAL CONCEPTS
12   ENTERTAINMENT:
                           Dale M. Cendali, Esq.
13                         Christopher Ilardi, Esq.
                           Joshua L. Simmons, Esq.
14                         Miranda D. Means, Esq.
                           KIRKLAND & ELLIS, LLP
15                         601 Lexington Avenue
                           New York, NY  10022
16                         (212) 446-4800
                           dale.cendali@kirkland.com
17                         chris.ilardi@kirkland.com
                           joshua.simmons@kirkland.com
18                         miranda.means@kirkland.com

19                         Michael J. Nester, Esq.
                           DONOVAN ROSE NESTER, P.C.
20                         151 North 1st Street, Suite A
                           Belleville, IL  62220
21                         (618) 212-6500
                           mnester@drnpc.com
22
                           Patrick K. Arnett, Esq.
23                         KIRKLAND & ELLIS, LLP
                           1301 Pennsylvania Ave. N.W.
24                         Washington, DC  20004
                           (202) 389-5200
25                         patrick.arnett@kirkland.com
```

1

FOR DEFENDANT WORLD WRESTLING ENTERTAINMENT:

2

3                         Curtis B. Krasik, Esq.
                          K & L GATES, LLP
                          210 Sixth Avenue
4                         Pittsburgh, PA  15222
                          9412) 355-8696
5                         curtis.krasik@klgates.com

6                         Michael J. Nester, Esq.
                          DONOVAN ROSE NESTER, P.C.
7                         151 North 1st Street, Suite A
                          Belleville, IL  62220
8                         (618) 212-6500
                          mnester@drnpc.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    (Video conference proceedings began at 10:00 a.m.)

2    COURTROOM DEPUTY:  The Court calls Case No. 18-966,

3    *Alexander versus Take-Two Interactive Software, Inc., et*

4    *al.*  This matter is called for final pretrial conference.

5    Would the parties please state their presence for

6    the record, beginning with counsel for the plaintiff?

7    MR. SIMON:  This is Tony Simon on behalf of the

8    plaintiff, from the Simon Law Firm.

9    MR. FRIEDMAN:  This is Tony Friedman from the Simon

10   Law Firm for the plaintiff.

11   MR. TAHAN:  Paul Tahan from the Simon Law Firm for

12   the plaintiff.

13   MR. CROMPTON:  Seth Crompton from the Holland Law

14   Firm for the plaintiff.  Sorry, Your Honor, I'm only on the

15   phone.  I'm having connections issues.  But the Simon Law

16   Firm will handle the talking.  Thank you.

17   THE COURT:  Okay.

18   MS. CENDALI:  And for the defendant Take-Two

19   entities, Dale Cendali from Kirkland and Ellis.

20   MR. SIMMONS:  This is Joshua Simmons with the same

21   entities, from Kirkland and Ellis.

22   MR. ILARDI: This is Chris Ilardi for the Take-Two

23   defendants, also from Kirkland and Ellis.

24   MS. MEANS:  This is Miranda Means for the Two-Two

25   defendants, also from Kirkland and Ellis.

1    MR. ARNETT:  Patrick Arnett, same entities, also
2  Kirkland and Ellis, Your Honor.
3    THE COURT:  Okay.
4    MR. KRASIK:  Good morning, Your Honor.  Curt Krasik
5  from K & L Gates on behalf of defendant World Wrestling
6  Entertainment, Inc.
7    MR. NESTER:  Good morning, Your Honor.  Michael
8  Nester appearing on behalf of all defendants.
9    THE COURT:  Okay.  Good morning, counsel.
10    So, first things, first.  It is simply not safe to
11  impanel a jury in the current COVID environment.  And, you
12  know, I'm out of the expressions of, whatever.  It just is
13  what it is.  And so, as I indicated in my most recent
14  Order, we're going to be forced to continue the trial in
15  this case once again.
16    As far as resetting the case, one of the issues is
17  that, as you know, jury trials and all trials have been
18  suspended for extended periods of time back and forth over
19  the last two years.  Because of that, we currently have a
20  backlog of criminal cases that have to take priority
21  because of speedy trial issues.  I currently have set --
22  even though I try -- I actually got in and tried 10
23  criminal cases between April and the end of the year.  But
24  I have firm speedy trial dates on criminal cases for the
25  first quarter of this year.  And as soon as we are able to

1    restart jury trials, I have to start slamming those back.

2         So, the bottom line is, we cannot get this case

3    back scheduled for trial before August, based on my current

4    docket -- trial docket.  So, I have about five dates for

5    your consideration, and the first is August 8th.  Let me

6    start with Mr. Simon on behalf of the plaintiffs.

7         MR. SIMON:  Your Honor, unfortunately, as you can

8    imagine, other courts are having the same problems and --

9         THE COURT:  Yes, I know.

10        MR. SIMON:  So, that will not work for us because

11   we have another trial setting then.

12        THE COURT:  Okay.  What about August 22nd?

13        MR. SIMON:  That works for the plaintiff, Your

14   Honor.

15        THE COURT:  Miss Cendali, August 22nd for the

16   defendants -- or the Take-Two defendants?

17        MS. CENDALI:  Thank you, Your Honor.  I think Mr.

18   Nester was going to speak for all the defendants together,

19   if that's okay with you.

20        THE COURT:  That's fine.

21        MR. NESTER:  Your Honor, we did caucus in advance.

22   Your Honor, I would suggest to you, given our collective

23   calendars, that probably the month of September, if the

24   Court has dates in September, would be preferable for us.

25   And I can share those dates with you.

1          THE COURT:  How about I share the dates with you

2   that I have available?

3          MR. NESTER:  Understood, Your Honor.  Understood.

4          THE COURT:  Okay.  So, let's look at September 6.

5          MR. NESTER:  Your Honor, that is problematic for

6   us, September 6.

7          THE COURT:  September 19.

8          MR. NESTER:  Problematic.

9          THE COURT:  That's all I have in September, so far.

10  Let me -- hold on.

11         MR. NESTER:  Judge, I -- we have dates in October

12  that I can share with you, or you can provide me with your

13  availability and I can let you know whether those dates are

14  acceptable or problematic.

15         THE COURT:  When you say problematic, there is

16  different levels of problematic.  For me, conflicts with

17  your calendars or your schedules as it relates to trial

18  settings are a little bit more focused than problematic.

19  So, I'm assuming you are telling me that you all have

20  actual conflicts on those dates; right?

21         MR. NESTER:  Yes, Your Honor.  And again, I'm

22  speaking on behalf of all defendants.  So, I have looked at

23  my calendar, Dale has looked at her calendar, as well as

24  other members of the Kirkland firm.  Kurt Krasik has looked

25  at his calendar.

1          So, Your Honor, we have tried to winnow this down

2    to those dates when we are available such that we don't

3    have other conflicts, trial conflicts that would not permit

4    us to participate in the trial before this Court.

5          THE COURT:  Okay.  What about September 26?

6          MR. NESTER:  We are available the week of the 26th

7    of September.

8          THE COURT:  Mr. Simon?

9          MR. SIMON:  That will work for the plaintiffs, Your

10   Honor.

11         THE COURT:  Okay.  So, we'll go with September 26

12   for a trial date.  We will set a final pretrial for

13   September 14.  And we'll make that September 14 at 9:30.

14         MR. NESTER:  Thank you, Your Honor.

15         THE COURT:  And again, the anticipation is that

16   will occur by Zoom.

17         MS. CENDALI:  Thank you, Your Honor.

18         THE COURT:  Now, having gotten that out of the way.

19   In preparing for this morning and going through the docket,

20   the submissions, the bottom line is -- and I do not mean

21   this as a personal affront to any of you.  But if I can

22   give you an analogy, trying to sort through the docket and

23   the submissions and where we are and what we actually need

24   to be dealing with, and how this -- the posture of this

25   case moving forward to actually being ready to be tried in

1    a way that makes sense, sort of felt like to me, and I have

2    a -- at least one of my neuroses is one of these clutter

3    things.   Where, if I walk into a room or a house that's

4    cluttered, I can't see my way through what I'm supposed to

5    be focusing on.   And that's the feeling I got here.   Again,

6    this is no personal affront.   There's a lot of reasons for

7    it.

8            You know, this case has been set and reset.   The

9    parties have submitted different versions of different

10   submissions and documents.   The motions in limine were

11   filed before I ruled on dispositive motions and *Daubert*

12   motions.   So, there is just a lot of clutter.   And for me,

13   we need to take the opportunity and take advantage of the

14   time that we now have with the new trial setting to get

15   things cleaned up, to get things back on track and,

16   hopefully, to get the docket and status of the written

17   submissions in a position where they are workable and where

18   they are done basically so that we can move forward with

19   trying this case according to my procedures and my

20   approach.

21           So, we're going to use this time today to do some

22   housekeeping, and I'm going to give the parties some

23   instructions as far as how we can get this cluttered house

24   cleaned up.

25           The first issue I want to talk about is the status

1  of the 26(a)(3) disclosures, objections, et cetera.  So,

2  plaintiffs, the operable 26(a)(3) for plaintiffs is the

3  Amended 26(a)(3) Disclosures that was filed at Document

4  253, and that's okay.  That form and that submission is

5  fine.

6      The defendants filed a response to those amended

7  disclosures.  I think it was in the last couple of weeks.

8  That's at Document 255.  That pleading has a main document

9  and four exhibits.  The first issue is that the exhibits

10 are all over the place.  We have one exhibit that purports

11 to be a Final Pretrial Order submission; we have deposition

12 designations attached to, or objections to deposition

13 designations, attached to the main document; we have

14 counterdesignations attached to the main document; and,

15 then we have an exhibit list attached to the main document.

16     This is how I need this to happen and this is what

17 I am instructing the defendants to do.  I'm requesting that

18 you withdraw Document 255, or I can strike it, whatever

19 your preference is.  But that should be withdrawn.  And

20 refile pretty much just the main document with your

21 objections.

22     And so, that brings me to a discussion of the Final

23 Pretrial Order.  The Final Pretrial Order that is attached,

24 I guess it's a joint order, but it's different than the

25 first amended order as far as, there were motions in limine

1    that were shown as withdrawn in the order that I have, that

2    everything's back on the table in this order, and I'm just

3    not sure where everything is.

4         The other thing is, the Proposed Final Pretrial

5    Orders that the parties have been submitting are not proper

6    or acceptable to me in terms of what the purpose of the

7    Final Pretrial Order is.  The Final Pretrial Order is not

8    an opportunity for the parties to go back and forth with

9    their respective or divergent positions on issues.  That's

10   not the purpose.  The purpose is a document or order that

11   sets forth succinctly these various areas of the trial and

12   the parties' agreements in regard to certain things.

13        So, for instance, as I look at the Final -- or the

14   Amended Final Pretrial Order that I was given, on almost

15   every section we have a defendant's proposed position and a

16   plaintiff's position.  That is not acceptable.

17        And so, for instance, the nature of the case.  The

18   Court's standard routine order that should be used as a

19   template sets it out.  The parties should prepare a brief

20   statement of the nature of the case, including the claims

21   of the parties.  Not the respective -- I mean, bottom line

22   is, this is something simple that would be read to the

23   jury.  "The plaintiff in this case makes the following

24   claims; the defendant disputes."  I mean, it's very -- you

25   know, very vanilla in that way.  Not a situation where,

1  again, we have disputes based on the questions of law.

2  That's not what this is.

3         Agreed issues of the law.  The Amended Final

4  Pretrial Order has like 10 subsections of everybody -- of

5  both sides' different version of what the issues are.

6  That's not what this is for.  I mean, the issues of law are

7  basically, you know, whether plaintiff -- or whether

8  defendants engaged in copyright infringement and whether

9  plaintiff had suffered any damages.  Those are the issues.

10        I mean, and so, the way that you all attach -- and

11  again, this is not meant to be a criticism or to offend you

12  guys.  I get it.  But basically, I think what we have in

13  this case is, understandably, we've got very aggressive and

14  vigorous advocates for their respective parties, but that

15  need not show up in every submission or pleading.  That's

16  not appropriate.  And again, it triggers the Court's

17  clutter neuroses and I can't get through it, and it's

18  unnecessary.

19        So, I'm really asking you guys, between now and

20  when we -- and September, as you work through these final

21  pretrial issues, you know, file your teeth back some, at

22  least enough that will allow you all to make these

23  submissions in the proper scope and in the proper form.

24        So, the other thing on the Final Pretrial Order.

25  Damages.  The Final Pretrial Order asks for an itemization

1   of a statement of the damages.  That's pretty much

2   plaintiff's itemization of the claimed damages.  We don't

3   need to go back and forth with arguments about disgorgement

4   and arguments about whether plaintiff can establish them or

5   -- you know, arguments that I have already addressed and

6   resolved by way of summary judgment.  So, that's not --

7   again, I guess, this is not a platform for you guys to just

8   continuously articulate your respective and divergent legal

9   positions on the issues.  That's not what this is for.

10          Finally, I would ask that you use the Court's form

11  "Final Pretrial Order" without deviation.  The parties in

12  this case, in the First Amended Pretrial Order, which was

13  the last one submitted to the Court through e-mail, you

14  actually added a section called "other matters."  There is

15  no "other matters" section in my Final Pretrial Order.  So,

16  again, I hope you get what I'm saying, but that would keep

17  that focused.

18          So, let's talk about the 26(a)(3) disclosures for a

19  minute.  As I indicated -- so, what I have is, plaintiff's

20  First Amended 26(a)(3) is at Document 53.  I am asking

21  defendants to withdraw their response to those, which is at

22  Document 255, and refile the response, which basically

23  would consist of your main document without these

24  attachments.

25          Defendants' Amended 26(a)(3) Disclosures were filed

1  at Document 243.  They are okay, with the exception of

2  Exhibit A, which is the deposition designations.  And the

3  reason that I'm asking you to withdraw those is because I

4  want you guys to handle the deposition designations in a

5  whole different way.  So, whatever designations and

6  objections you've submitted at this point, consider them

7  moot.

8      And this is the way I want you to handle them:  I'm

9  going to ask that the parties submit the deposition

10 designations, objections, counterdesignations and any

11 objections to the counterdesignations, in one joint

12 document.  In other words, for deposition of this witness,

13 the defendant designates these portions; the plaintiff

14 asserts these objections.  You know, and then, moving on.

15     I'm going to have my law clerk, Michelle, to

16 actually send you a sample in the format that I am talking

17 about for you guys to use.  And so, you will have time

18 between now and September to get together.  You have to

19 meet-and-confer on it; work out any objections that you

20 can.  But in the final instance, submit the designations,

21 objections, and counterdesignations and objections, in one

22 joint document, so I can go to one place and know, here

23 they are for this deposition.

24     Also, submit by e-mail the actual depositions that

25 are in question.  Not portions, but the whole deposition,

1   so that I can look at it in context if I need to.

2        Again, we'll send you the form or the format that I

3   would like for that to be in.  And basically, I would ask

4   that that document be submitted by e-mail seven days before

5   the final pretrial conference.  Okay?

6        Exhibit lists.  There is two places where this

7   comes into play.  Obviously, the parties can and have

8   objected in their 26(a)(3) submissions, so objections to

9   26(a)(3) exhibits.  But they're in different places and in

10  different forms and formats.

11       So, I think plaintiffs have attached the form or

12  attached as an exhibit or amended it to their 26(a)(3)

13  objections, and I'm fine with that.

14       The defendants, you also attached a document, I

15  think as Exhibit 4, objections to the exhibits.  A couple

16  of things.  I would ask that you keep your objections to a

17  brief expression of the legal objection:  Relevance, Rule

18  403, whatever it is.  Again, try to stay away from any

19  extended arguments on paper.  That's not needed.  All I

20  need is your legal objections.

21       Let me state which should be obvious:  Improper

22  characterization or labeling or entitling of an exhibit is

23  not a legal objection.  It doesn't have any legal basis.

24  It's not practical or useful.  That is not a legal

25  objection.  I'll ask that you state your legal objections.

1   The fact that an exhibit is multiple photographs, that's

2   not a legal objection.  So, tell me relevance, tell me Rule

3   403, tell me something that is actually a legal objection.

4        The other thing I would say to the defense?  When

5   you resubmit -- because I'm going to strike Exhibit 4.

6   When you resubmit your objections to the exhibits, to the

7   26(a)(3) exhibits, could you do it in your basic format of

8   the way that they presented it?  "This is our legal

9   objection."

10        To be honest with you, the format that you guys

11   have submitted and filed with codes and a legend is totally

12   -- is not practical or helpful.  I mean, I feel like I need

13   a roadmap to figure that out.  That's not -- that's not a

14   proper form.  It's real simple.  Plaintiffs have named

15   their exhibits; you state whether you have an objection and

16   what the legal basis of that objection is, simply and

17   concisely.

18        As it relates to the Final Pretrial Order.  I will

19   remind the parties that, separate and apart from the

20   26(a)(3), there is a section on exhibits in the Final

21   Pretrial Order which I'll ask that you follow without

22   deviation.  And that is, the parties are to prepare and

23   append to the Final Pretrial Order a Pretrial Exhibit

24   Stipulation that includes the numbered list of trial

25   exhibits and any objections.  So, that also needs to be

1    made part of the Final Pretrial Order.

2         And again, the Second Amended Final Pretrial Order

3    should be submitted according to the case management

4    procedures, whatever dates are triggered by that.  I think

5    -- is it seven or three days before the final -- seven days

6    before final pretrial?  Whatever that time is, that's when

7    you'll have to submit the last Amended Final Pretrial Order

8    without respective arguments.

9         So, that's that.

10        On the motions in limine.  I had anticipated ruling

11   on those today but, once I got into them I realized again,

12   I walked into another cluttered room.  And the cluttered

13   room is -- again, it's no criticism to you.  But as I said,

14   the motions in limine were filed before I made rulings on

15   summary judgment and *Daubert* -- and the *Daubert* motions.

16   And so, many of the motions or a substantial part of many

17   of the motions involves or includes, again, the respective

18   legal arguments that are more of a summary judgment in

19   nature.  And so I don't have to sort through that, I'm

20   going to ask that you withdraw your current motions in

21   limine -- or I will strike them -- and I'll ask you to do

22   two things.  In light of my rulings on the motions for

23   summary judgment and the *Daubert* order, I'll ask both

24   parties to revisit whether they really want to resubmit the

25   same objections or similar objection or, I believe, are

1    moot.  Now, I can rule on that, but it seems that I

2    shouldn't have to, if it's obvious that they're moot.

3         And I guess one thing that I would say to both

4    parties:  There are -- most evidentiary issues can really

5    not be preemptively ruled on in a vacuum.  Most evidentiary

6    rulings need to be made in the context of trial and, and --

7    because, you know, the factual background of what's

8    happening is going to determine that.

9         Motions in limine should really be used, you know,

10   as far as so that you can have me determine relevancy of

11   specific evidence that is really in dispute beforehand.

12        Some of the motions in limine ask me to exclude

13   vague categories of evidence, statements, documents, that

14   there is no way that I can make a ruling on a broad

15   category of statements or documents.  If a party has a

16   specific piece of evidence or a specific statement in mind

17   that they really believe is irrelevant and that I should --

18   and that I can and should rule on before it comes out

19   through the course of trial, identify that.

20        But, you know, to say the Court should exclude any

21   statement that may talk about social media, that's not

22   something practically that I can rule on.  That's not

23   something that I can preemptively rule on.  And I -- and

24   again, I think it just really goes to you-all's

25   understandable but vigorous advocacy.  I don't need to see

1    that in motions in limine because that's not really what

2    this is about.

3         So, I'm going to ask that the parties withdraw the

4    current motions in limine and refile them again.  You can

5    refile them according to the new time frame that's

6    triggered by the new trial date.  But I would ask that you

7    take the time to review your previous submissions.  Decide,

8    is this really a motion in limine?  Do you really want to

9    submit this?  Reach out to each other, see if you can

10   resolve some of them.  And then, hopefully, when I walk

11   back into the house for the continuation of the final

12   pretrial, I'll at least be able to walk into one room

13   without freaking out because it's so cluttered.

14        Any questions?

15        MS. CENDALI:  Understand, Your Honor.  Thank you.

16        THE COURT:  And again, look, I get it.  But I think

17   you get it, too.  And a lot of it is, again, because of how

18   things have -- the continuances and everything, to

19   you-all's credit, even though the -- my ruling on the

20   dispositive motions and *Daubert* were pending, you went

21   ahead and did what the deadlines told you to do.  But I

22   think you understand how a lot of that stuff is mooted.  It

23   may not be mooted in your mind because you disagree with my

24   rulings, but the rulings are the rulings.  And so, whether

25   or not -- and so whether it's relevant, it makes it moot.

1          All right.  Anything else?

2          MR. NESTER:  I don't think so.

3          MS. CENDALI:  I don't think so, Your Honor, on

4     behalf of the defendants.

5          THE COURT:  And so, my excellent law clerk,

6     Michelle, is going to draft an Order reflecting the rulings

7     that I made today and what I have asked you guys to do, so

8     you don't have to get the transcript to figure that out.

9     If you want to get the transcript, that's on you.  But I'm

10    going to detail them in the Order so you have the guidance

11    there, combining it with the Order that sets the new trial

12    date, et cetera.

13         MR. SIMON:  Thank you, Your Honor.

14         MR. NESTER:  Yes, Your Honor.

15         THE COURT:  Everybody, please stay safe and be

16    well.  We're going to get this done one day.  But right

17    now, COVID is kinda running things.

18         Okay.  Thank you.

19         (Court adjourned at 10:39 a.m.)

20

21

22

23

24

25

1      <u>REPORTER'S CERTIFICATE</u>

2         I, Christine Dohack LaBuwi, RDR, CRR, Official

3    Court Reporter for the U.S. District Court, Southern

4    District of Illinois, do hereby certify that I reported

5    with mechanical stenography the proceedings contained in

6    pages 1-21; and that the same is a full, true, correct and

7    complete transcript from the record of proceedings in the

8    above-entitled matter.

9

10         DATED this 31st day of January, 2022,

11

12                    *s/Christine Dohack LaBuwi, RDR, CRR*
                      _____
13                    Christine Dohack LaBuwi, RDR, CRR

14

15

16

17

18

19

20

21

22

23

24

25