IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>        Plaintiff,<br><br>v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., et al.<br><br>        Defendants. | Case No. 3:18-cv-0966-SMY |

**PLAINTIFF'S MOTION IN LIMINE**

This Court should exclude (1) hearsay and undisclosed expert opinions regarding standards in the tattoo industry that are contained in declarations listed on Defendants exhibit list as exhibits 105, 106, and 108; and (2) any opinions of Defendants' expert Dr. Nina Jablonski that rely on those declarations.

This Motion seeks to exclude reference to or reliance on the Declaration of Thomas Ray Cornett ("Cornett Declaration") from an unrelated case (attached as Exhibit A); the Declaration of Justin Wright ("Wright Declaration") from an unrelated case (attached as Exhibit B); and the Declaration of Gary Glatstein ("Glatstein Declaration") (attached as Exhibit C) (collectively, the Cornett Declaration, the Wright Declaration, and the Glatstein Declaration are the "Tattoo Artists' Declarations"). The Tattoo Artists' Declarations were contained as exhibits to the Expert Report and Declaration of Nina Jablonski. Defendants also identified the Tattoo Artists' Declarations in their Trial Exhibit List. For the reasons that follow, this Court should not permit into evidence the Tattoo Artists' Declarations or reference to the opinions in the Tattoo Artists' Declarations.

1

## I.      Dr. Jablonski is not permitted to be a mouthpiece for undisclosed experts.

This Court should exclude the Tattoo Artists' Declarations. Inadmissible hearsay does not become admissible simply through the imprimatur of an expert. *United States v. Schultz*, No. 14-CR-467-3, 2016 WL 7409911, at *5 (N.D. Ill. Dec. 22, 2016). There is a "difference between an expert assuming a statement is true as a premise of his opinion and an expert offering those statements as his opinion." *Id*. "A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty. That would not be responsible science." *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) (Posner, J.). Failure to timely disclose an expert upon which an expert relies is ground for exclusion of the undisclosed expert's opinion. *See In re Sulfuric Acid Antitrust Litig.*, 446 F. Supp. 2d 910, 916 (N.D. Ill. 2006). Under Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties the identity of any expert witness it may use at trial. This must be accompanied by a written report which contains a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness; any exhibits that will be used to summarize or support the opinions; the witness's qualifications, including a list of all publications authored in the last 10 years; a list of all other cases in which the witness testified in the last 4 years; and a statement of compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

Here, Defendants failed to properly and timely disclose the authors of the Tattoo Artists' Declarations as experts. Their declarations do not contain any of the information listed in Rule 26. Rather than being offered as separate experts, the authors' of the Tattoo Artists' Declarations subjective opinions as to the "common practice" of the industry are being repackaged as expert opinion in this case via Dr. Jablonski. Dr. Jablonski relies heavily on the Tattoo Artists'

Declarations, including citing the Wright Declaration and the Cornett Declaration for the proposition that "tattooists anticipate and welcome the idea that the tattoos they ink will appear in all manner of commercial products." Jablonski Expert Rep. ¶ 47. She also relied on the Wright Declaration for the proposition that "[a]s a practical point, because it is the established norm among tattooists and clients that a client is not limited in his or her ability to display or license the display of his or her tattoos, if the parties were to agree to any limitations, one would expect to see a writing signed by both parties." *Id.* ¶ 40. This Court has previously struck an expert disclosed by Plaintiff in this action for failing to disclose the expert in a timely manner. *See* Doc. 130. Dr. Jablonski is not permitted to be a mere mouthpiece for the opinions of the authors of the Tattoo Artists' Declarations. This Court should exclude any reference to the Tattoo Artists' Declarations, preclude their use at trial, and order that neither Dr. Jablonski nor any other witness make reference to them at trial.

**II.      The probative value of the Tattoo Artists' Declarations does not substantially outweigh the prejudicial effect.**

Under Federal Rule of Evidence 703, if the "facts or data" relied on by the expert would otherwise be inadmissible, the expert may disclose them to the jury "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. The Seventh Circuit has so far recognized only a narrow circumstance in which an implied license is granted. *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 888 (N.D. Ill. 2014) (*citing Kennedy v. National Juvenile Detention Association*, 187 F.3d 690, 694 (7th Cir.1999)). An implied nonexclusive license has been granted when (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee who asked for it; and (3) the licensor intends that the licensee copy and distribute the work. *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 762 (7th Cir. 2016). However, an implied license does not extend

to uses not contemplated by the copyright owner, such as distribution to third parties. *See Embroidery Industries, Inc. v. Brasking, Inc.*, 60 Fed. Appx. 111 (9th Cir. 2003).

The party asserting an implied license bears the burden of proving the license's existence and that the license, if any, covers the use in question. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). In determining whether an implied license exists, courts must consider *objective* evidence of the parties' intent. *Do It Best Corp. v. Passport Software, Inc.*, No. 01 C 7674, 2005 WL 743083, at *5 (N.D. Ill. Mar. 31, 2005).

The *subjective* opinions offered in the Tattoo Artists' Declarations are not probative of the *objective* question of whether an implied license was granted by the Plaintiff in this case, or the scope of that license. The opinions in the Tattoo Artists' Declarations, most of which are from the unrelated case, would not help the jury evaluate Dr. Jablonski's opinions. The unrelated case involved different facts, parties, law, and circumstances from those here. The opinions are highly prejudicial because they are from purported experts, but lack probative value as, for the reasons explained above, they are not relevant to the issue of whether Plaintiff intended to grant Defendant an implied license in this case.

**III.   If the Tattoo Artists' Declarations are stricken then any opinions based on the declarations should also be stricken.**

To the extent that any of Dr. Jablonski's opinions rely on the Tattoo Artists' Declarations, then Dr. Jablonski should be precluded from testifying relating to those opinions.

For the above stated reasons, Defendants should be prohibited from introducing into evidence the Tattoo Artists' Declarations, from making reference to the Tattoo Artists' Declarations or the undisclosed expert opinions therein, and from providing any opinions from Dr. Jablonski at trial that are based on the Tattoo Artists' Declarations.

Dated: August 24, 2022                                   Respectfully submitted,

                                                         */s/ Anthony G. Simon*
                                                         Anthony G. Simon, IL 6209056
                                                         Anthony R. Friedman, IL 6299795
                                                         Paul J. Tahan
                                                         **THE SIMON LAW FIRM, P.C.**
                                                         800 Market Street, Suite 1700
                                                         St. Louis, Missouri 63101
                                                         Phone: (314) 241-2929
                                                         Fax: (314) 241-2029
                                                         asimon@simonlawpc.com
                                                         afriedman@simonlawpc.com
                                                         ptahan@simonlawpc.com

                                                         R. Seth Crompton
                                                         **THE HOLLAND LAW FIRM**
                                                         300 N. Tucker, Suite 801
                                                         St. Louis, Missouri 63101
                                                         scrompton@allfela.com
                                                         Phone: (314) 241-8111
                                                         Facsimile: (314) 241-5554

                                                         *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system on August 24, 2022.

                                                         */s/ Anthony G. Simon*

5