IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER,<br><br>      Plaintiff,<br><br>v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC., et al.<br><br>      Defendants. | Case No. 3:18-cv-0966-SMY |

**<u>PLAINTIFF'S TRIAL BRIEF</u>**

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ISSUES TO BE DECIDED ..................................................................................................... 1

    I.    Copyright Infringement ................................................................................................ 1

    II.    Copyright Validity ....................................................................................................... 1

    III.    Fair Use ........................................................................................................................ 3

    IV.    De Minimis Use ........................................................................................................... 4

    V.    Implied License ........................................................................................................... 7

    VI.    Disgorgement of Profits ............................................................................................... 9

    VII.    Actual Damages ......................................................................................................... 10

    VIII.    Waiver ....................................................................................................................... 11

    IX.    Estoppel ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Take-Two Interactive Software, Inc.*,
  489 F. Supp. 3d 812 (S.D. Ill. 2020) ................................................................. 1, 4, 8, 10

*Andreas v. Volkswagen of America, Inc.*,
  336 F.3d 789 (8th Cir. 2003) ................................................................................... 10

*Bergt v. McDougal Littell*,
  661 F. Supp. 2d 916 (N.D. Ill. 2009) ................................................................... 9, 10

*Bourne v. Hunter County Club, Inc.*,
  990 F.2d 934 (7th Cir. 1993) ................................................................................... 13

*Catalogue Creatives, Inc. v. Pacific Spirit Corp.*,
  2005 WL 1950231 (D. Or., Aug. 15, 2005) ............................................................. 8

*Chicago Bd. of Educ. v. Substance, Inc.*,
  354 F.3d 624 (7th Cir. 2003) ..................................................................................... 4

*Cothron v. White Castle Sys., Inc*,
  467 F.Supp.3d 604 (N.D. Ill. June 16, 2020) ......................................................... 11

*Deltak, Inc. v. Advanced Systems, Inc.*,
  767 F.2d 357 (7th Cir. 1985) ............................................................................... 9, 10

*Effects Assocs., Inc. v. Cohen*,
  908 F.2d 555 (9th Cir. 1990) ..................................................................................... 8

*Erickson v. Trinity Theatre, Inc.*,
  13 F.3d 1061 (7th Cir. 1994) ..................................................................................... 3

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ................................................................................................ 2, 7

*G. R. Leonard & Co. v. Stack*,
  386 F.2d 38 (7th Cir. 1967) ....................................................................................... 5

*Gaiman v. McFarlane*,
  360 F.3d 644 (7th Cir. 2004) ..................................................................................... 2

*GC2 Inc. v. Int'l Game Tech, IGT, Doubledown Interactive LLC*,
  391 F.Supp.3d 828 (N.D. Ill. 2019) ......................................................................... 10

*Google LLC v. Oracle Am., Inc.*,
  141 S. Ct. 1183 (2021) ............................................................................................... 4

*Harper & Row Publishers, Inc. v. Nation Enterprises,*
  471 U.S. 539 (1985) .................................................................................................... 4

*Huthwaite, Inc. v. Ecolab, Inc.,*
  2006 WL 929262 (N.D. Ill. Jan. 4, 2006) ................................................................... 6

*I.A.E., Inc. v. Shaver,*
  74 F.3d 768 (7th Cir. 1996) ........................................................................................ 7

*Isringhausen Imp., Inc. v. Nissan N. Am., Inc.,*
  2011 WL 6029733 (C.D. Ill. Dec. 5, 2011) .......................................................... 6, 11

*Janky v. Lake Cnty. Convention And Visitors Bureau,*
  576 F.3d 356 (7th Cir. 2009 ........................................................................................ 2

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),*
  71 F.3d 996 (2d Cir. 1995).......................................................................................... 6

*McRoberts Software, Inc. v. Media 100, Inc.,*
  329 F.3d 557 (7th Cir. 2003) ......................................................................... 9, 10, 11

*Microsoft Corp. v. V3 Sols., Inc.,*
  2003 WL 22038593 (N.D. Ill. Aug. 28, 2003) ........................................................... 5

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.,*
  495 F.Supp.3d 687 (N.D. Ill. 2020) .......................................................................... 10

*Muhammad-Ali v. Final Call, Inc.,*
  832 F.3d 755 (7th Cir. 2016) ................................................................................. 1, 7

*Myers v. Harold,*
  279 F. Supp. 3d 778 (N.D. Ill. 2017) ........................................................................ 11

*Nat'l Bus. Lists, Inc. v. Dun & Bradstreet, Inc.,*
  552 F. Supp. 89 (N.D. Ill. 1982) ............................................................................... 13

*Nat'l Council of United States Soc'y of St. Vincent de Paul, Inc. v. St. Vincent de Paul Cmty. Ctr. of Portage Cty., Inc.,*
  2017 WL 6759411 (W.D. Wis. Dec. 29, 2017) ........................................................ 12

*Neva, Inc. v. Christian Duplications Int'l, Inc.,*
  743 F. Supp. 1533 (M.D. Fla. 1990) ......................................................................... 12

*Newton v. Diamond,*
  388 F.3d 1189 (9th Cir. 2004) .................................................................................... 6

*Petrella v. Metro-Goldwyn-Mayer, Inc.,*
  572 U.S. 663 (2014) .................................................................................................. 12

*Photographic Illustrator's Corp. v. Orgill, Inc.*,
  983 F.3d 56 (1st Cir. 2000)............................................................................................... 8

*Ringgold v. Black Entertainment Television, Inc.*,
  126 F.3d 70 (2d Cir. 1997)........................................................................................... 5, 6

*Shanlian Quan v. Ty, Inc.*,
  2019 WL 1281975 (N.D. Ill. Mar. 20, 2019).......................................................... 12, 13

*SmithKline Beecham Corp. v. Apotex Corp.*,
  247 F. Supp. 2d 1011 (N.D. Ill. 2003) ............................................................................ 5

*Soos & Assocs., Inc. v. Five Guys Enterprises, Inc.*,
  425 F.Supp.3d 1004 (N.D. Ill. December 2, 2019)....................................................... 11

*Taylor v. Meirick*,
  712 F.2d 1112 (7th Cir. 1983) ........................................................................................ 9

**Statutes**

17 U.S.C. § 101................................................................................................................... 3

17 U.S.C. § 106................................................................................................................... 7

17 U.S.C. § 107............................................................................................................... 3, 4

17 U.S.C. § 201................................................................................................................... 3

17 U.S.C. § 501................................................................................................................... 1

17 U.S.C. § 504............................................................................................................. 9, 10

**Other Authorities**

18 Am. Jur. 2d Copyright & Literary Prop. § 268 ........................................................... 13

**FACTUAL BACKGROUND**

Plaintiff Catherine Alexander filed this action on April 17, 2018, based on violations of 17 U.S.C. § 501 for direct, indirect, contributory, and/or vicarious infringement of copyrights. Plaintiff is a tattoo artist who created five original tattoos and inked them on professional wrestler Randy Orton (the "Asserted Works"). Plaintiff registered her copyrights on the Asserted Works with the Copyright Registrar. Defendants created, released and promoted wrestling video games titled "*WWE 2K16*," "*WWE 2K17*," and "*WWE 2K18*" (collectively the "Infringing Games"). The Infringing Games prominently feature copies of the Asserted Works. Defendants never obtained a license from Plaintiff to copy, use, reproduce, or create derivative works based on Plaintiff's copyrighted works in the Infringing Games.

**ISSUES TO BE DECIDED**

**I.     Copyright Infringement**

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016). This Court has already ruled on summary judgment that Defendants copied the Asserted Works. *Alexander v. Take-Two Interactive Software, Inc.*, 489 F. Supp. 3d 812, 819 (S.D. Ill. 2020).

**II.    Copyright Validity**

In addition to finding that Defendants copied the Asserted Works, this Court also found that "[i]t is undisputed that Alexander holds valid copyrights for the five tattoos at issue and that Defendants copied her copyrighted works." *Id*. This holding confirms the validity of Plaintiff's copyrights.

1

Even if the Court had not already found the copyrights valid, there is no dispute that Plaintiff's copyrights in the Asserted Works are valid. Copyrightability is an issue of law, and it "doesn't actually matter" what a reasonable jury would think about the issue. *Janky v. Lake Cnty. Convention And Visitors Bureau*, 576 F.3d 356, 363 (7th Cir. 2009); *see also Gaiman v. McFarlane*, 360 F.3d 644, 648–49 (7th Cir. 2004) (recognizing that in some circuits, copyrightability is a mixed question of fact and law and therefore is an issue for the jury or other fact finder, but in the ***Seventh Circuit*** copyrightability is ***always*** an issue of law and is not to be placed at the mercy of a jury)[1].

To receive a copyright, the work must be original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. *Id.* The requisite level of creativity is extremely low; even a slight amount will suffice. *Id.* The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. *Id.* Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. *Id.*

There is no real dispute that the copyrights in the Asserted Works are valid. The Asserted Works are original. Plaintiff designed the Asserted Works without any preexisting source material or preexisting works. Plaintiff sketched designs for the Asserted Works; although Mr. Orton suggested the type of tattoo he wanted, Plaintiff wholly created the designs of the Asserted Works.

---

[1] Defendants argue that copyright validity is a jury issue. This is simply incorrect in the Seventh Circuit. *Janky*, 576 F.3d at 363.

2

Defendants may try to argue that Mr. Orton should be a joint author with Plaintiff. A "joint work" is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. 17 U.S.C. § 101. The authors of a joint work are co-owners of copyright in the work. 17 U.S.C. § 201(a). Collaboration alone is not enough to create a joint work: there must be mutual intent. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1068 (7th Cir. 1994). Focusing solely upon the fact of contemporaneous input by several parties does not satisfy the statutory requirement that the parties intend to merge their contributions into a unified work. *Id.* at 1069. Even if two or more persons collaborate with the intent to create a unitary work, the product will be considered a "joint work" only if the collaborators can be considered "authors." *Id.* A collaborative contribution will not produce a joint work, and a contributor will not obtain a co-ownership interest, unless the contribution represents original expression that could stand on its own as the subject matter of copyright. *Id.* at 1070.

Mr. Orton is not a joint author. He provided only general direction on the type of things he wanted Plaintiff to create. Plaintiff created the Asserted Works. Further, Plaintiff did not intend for him to be an author. Mr. Orton's contribution, if any, was not sufficient to stand on its own as the subject matter of copyright. Indeed, Mr. Orton did not reduce any of his contributions to a tangible expression as required for copyright protection: Plaintiff designed and reduced to tangible expression the entirety of the Asserted Works. *See id.* at 1071 (an author is the person who translates an idea into a fixed, tangible expression entitled to copyright protection).

**III.    Fair Use**

The doctrine of fair use encapsulates the limited categories of permissible copying. 17 U.S.C. § 107. Under the doctrine, using another's copyrighted work is "fair" for such purposes as

3

"criticism, comment, news reporting, teaching, scholarship, or research" and in those limited circumstances is "not an infringement of copyright." *Id*.

The burden of proving fair use is on the Defendants because fair use is an affirmative defense. *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 629 (7th Cir. 2003). Congress has provided four statutory factors to consider in evaluating fair use: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. These factors are not exhaustive and require a sensitive balancing of interests. Fair use is a mixed question of law and fact. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021) (citing *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 560 (1985)). The ultimate "fair use" question of whether the facts amount to a fair use is a question of law. *Id.*

This Court declined to grant summary judgment in Defendants' favor on the issue of fair use. *Alexander*, 489 F. Supp. 3d at 822. Plaintiff anticipates the evidence presented at trial, some of which will consist of evidence considered by the Court on summary judgment, will demonstrate that Defendants' copying did not constitute fair use.

**IV.  De Minimis Use**

It is questionable whether the defense of *de minimis* use is recognized in the Seventh Circuit. *See Alexander*, 489 F. Supp. 3d at 822–23. This Court has stated that it is unaware of any cases that recognize its use in the Seventh Circuit. *See id.* In addition, this Court has ruled that Defendants' copying was too extensive to warrant application of the defense. *See id.* (finding that

4

the *de minimis* use defense has not been applied to sanction wholesale copying of works in their entirety as occurred here).

Defendants cited a few cases in their original Trial Brief (Doc. 247) purporting to recognize the defense in the Seventh Circuit. Defendants' cases do not demonstrate that the Seventh Circuit has adopted the defense of *de minimis* use.

*G. R. Leonard & Co. v. Stack* did not rest on *de minimis* use. Instead, the opinion made clear that the court's decision was based on the doctrine of ***fair use***. "The sole issue remaining is whether the extent of defendant's use of the guide was so great as to exceed the bounds of f***air use*** and thus constitute an infringement." *G. R. Leonard & Co. v. Stack*, 386 F.2d 38, 40 (7th Cir. 1967) ("*G. R. Leonard*"). While the Seventh Circuit does indeed use the phrase "*de minimis*," this occurs in its discussion of an issue on the analysis for fair use: the amount and substantiality of the portion used in relation to the copyrighted work as a whole. *Id.* at 39. Courts have noted the interplay between *de minimis* and fair use. *See Microsoft Corp. v. V3 Sols., Inc.*, No. 01 C 4693, 2003 WL 22038593, at *10 n.6 (N.D. Ill. Aug. 28, 2003)[2] (any sort of "de minimis" defense to copyright infringement occurs in the context of "fair use," a concept which is not at issue here); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1051 (N.D. Ill. 2003) ("The fair use defense of copyright law has a *de minimis* component."). The *G. R. Leonard **never*** discusses substantial similarity, which is the bedrock issue with regard to *de minimis* use. *See Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 77 (2d Cir. 1997). *G. R. Leonard* did not adopt the defense of *de minimis* use in the Seventh Circuit.

Although *Isringhausen Import, Inc.* does discuss the defense of *de minimis* use and find that it was adequately plead, it is not binding on this Court. *Isringhausen Imp., Inc. v. Nissan N.*

---

[2] The *Microsoft Corp.* court, which was decided after *G. R. Leonard & Co.* also noted that it could find no cases in support of a "de minimis" defense to copyright infringement. 2003 WL 22038593, at *10.

5

*Am., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011) (*"Isringhausen"*). In addition, the lone in-circuit case it cites on the issue cites no law in its brief mention of the *de minimis* use defense. *See Huthwaite, Inc. v. Ecolab, Inc.*, No. 05 C 3273, 2006 WL 929262, at *1 (N.D. Ill. Jan. 4, 2006) (*"Huthwaite"*). Tellingly, neither *Isringhausen* nor *Huthwaite* cite *G. R. Leonard*. In addition, neither *Isringhausen* nor *Huthwaite* addresses whether or not the Seventh Circuit actually even **recognizes** the defense. It appears that the courts, and apparently the parties, assumed that it does. Put simply, *Isringhausen* and *Huthwaite* are bad law. In any event, this Court is not bound to follow them. Plaintiff was unable to locate any Supreme Court cases addressing the issue of whether the *de minimis* use defense is recognized.

In circuits where *de minimis* use is recognized, the defense protects a defendant from liability for technical copyright violations if the copying is "so trivial as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying." *Ringgold*, 126 F.3d at 77. When use is *de minimis*, no legal consequences follow "even where the fact of copying is conceded." *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004). Proving substantial similarity requires the copying is "quantitatively and qualitatively sufficient" to show that infringement has occurred. 126 F.3d at 75. The qualitative component concerns the degree of similarity between the two works, focusing on "whether an average lay observe would recognize the alleged copy as having been appropriated form the copyrighted work." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (internal quotation marks, citation, and alterations omitted). Whether the copying is qualitatively sufficient often turns on the level of abstraction at which the works are compared. *Id*. The quantitative component generally concerns the amount of the copyrighted work that is copied, a consideration that is especially pertinent to exact copying. *Ringgold*, 126 F.3d at 75. In

6

determining whether or not the allegedly infringing work falls below the quantitative threshold of substantial similarity to the copyrighted work, courts often look to the amount of the copyrighted work that was copied, and the observability of the copyrighted work in the allegedly infringing work. *Id.*

A plaintiff alleging copyright infringement must ***only*** prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). The Seventh Circuit has held that a plaintiff only needs to show that the defendant has used her property; the burden of proving that the use was authorized falls squarely on the defendant. *I.A.E.*, 74 F.3d at 775.

**V.     Implied License**

A copyright owner has the exclusive rights to copy and distribute copies of the work. 17 U.S.C. § 106. The copyright owner may authorize another person to do so through an exclusive written license or a nonexclusive oral or implied license. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). In the present case, it is undisputed that Mr. Orton did not receive a written or oral express license to make copies of the Asserted Works for use in video games. Defendants argue there was an implied license from Plaintiff to Mr. Orton, and that Mr. Orton, in turn, was impliedly authorized to sublicense rights to Defendant WWE, who, in turn, was impliedly authorized to sublicense rights to Defendants Take-Two. Dkt. 142 at 5, 7-9.

To establish an implied license, Defendants must prove that: (1) a person (the licensee) requests the creation of the work; (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it; and (3) the licensor intends that the licensee-requestor copy and distribute the work. *Muhammad*, 832 F.3d *at* 776. An implied license does not transfer ownership of the copyright to the licensee, it simply permits the use of the copyrighted work to

7

be used in a particular manner governed by the license. *Id.* at 775. The burden of proving the existence of such a license rests with the accused infringer. *Id.* at 760. A factfinder may look to objective evidence of the copyright owner's intent in determining the existence of an implied license. *Alexander*, 489 F. Supp. 3d at 820. This Court held on summary judgment that the evidence raises a triable issue of fact as to whether a license exists and if so, and the scope of an implied license. *Id.*

Implied nonexclusive copyright licenses are rare and a "narrow exception to the writing requirement." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). There is little authority on whether implied nonexclusive licenses may further authorize implied nonexclusive sublicenses. In *Catalogue Creatives, Inc. v. Pacific Spirit Corp.*, the district court called an implied sublicense a "legal impossibility" and "decline[d] to expand that 'narrow' circumstances under which a party may grant an implied license to use copyrighted materials." No. 03-cv-966-MO, 2005 WL 1950231 at *2 (D. Or., Aug. 15, 2005). In a case of first impression, recognizing it was "for the most part in uncharted waters," the First Circuit recently recognized the possibility of an implied sublicense when "the initial license is in writing, is highly detailed, and expressly contemplates sublicensing." *Photographic Illustrator's Corp. v. Orgill, Inc.*, 983 F.3d 56, 63 (1st Cir. 2000). Plaintiff is not aware of any cases from the Seventh Circuit authorizing an implied sublicense following an implied license.

The evidence at trial will demonstrate that Plaintiff did not grant Mr. Orton an implied license to copy the Asserted Works and certainly did not give him the right too sublicense copying of the Asserted Works.

## VI. Disgorgement of Profits

The Copyright Act permits a copyright owner to recover any profits of the infringer resulting from the infringement that are not otherwise taken into account in calculating actual damages. *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003). This Court has already found that Plaintiff has sufficient evidence to meet its burden. *Alexander*, 489 F. Supp. 3d at 823–24. 17 U.S.C. § 504(b) entitles a copyright owner to the infringer's profits upon a jury's finding that copyright infringement has occurred. In establishing the infringer's profits, the copyright owner is required to present proof ***only*** of the infringer's gross revenue, and the infringer is required to prove its deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Once the copyright owner establishes the gross revenue, the burden shifts to the infringer to show that its revenue was "attributable to factors other than the copyrighted work." *See* 17 U.S.C. § 504(b). Seventh Circuit law is clear that Plaintiff's burden may be met with a minimal causal connection. *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 927 (N.D. Ill. 2009). A plaintiff need only show a reasonable relationship or causal nexus between gross revenue and the infringement. *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983). Copyright infringement is an intentional tort, and by forcing the infringer to disgorge his profit should it exceed the copyright owner's loss the law discourages infringement and encourages the would-be infringer to transact with the copyright owner rather than "steal" the copyrighted work. *Id.* at 1120. It is error to force the plaintiff to distinguish profits due to the infringement from the elements of profit attributable to factors other than the copyrighted work. *Deltak, Inc.*, 767 F.2d at 360.

A plaintiff can challenge a defendant's calculation of fixed and variable expenses, and the jury determines who is correct. *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 568

9

(7th Cir. 2003) (the jury did not err in reasonably finding the defendant's calculation of expenses was unsubstantiated). Apportionment of the infringer's profits between the infringement and any other factors a defendant may present is highly fact-specific and should be left to the jury. *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 798 (8th Cir. 2003); *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 929 (N.D. Ill. 2009). While the law is unclear on whether the amount of disgorged profits a plaintiff is entitled to is a judge or jury decision, at the very least, the question should at least be presented to the jury for an advisory verdict. *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 495 F.Supp.3d 687, 708 (N.D. Ill. 2020); *GC2 Inc. v. Int'l Game Tech, IGT, Doubledown Interactive LLC*, 391 F.Supp.3d 828, 848 (N.D. Ill. 2019) (where the court held the jury's apportionment verdict was not against the weight of the evidence and would not be disturbed).

Plaintiff is entitled to disgorgement of Defendants' profits.

**VII.    Actual Damages**

This Court previously found that Plaintiff may establish actual damages using either a hypothetical lost license fee or the value of the infringing use to the infringer. *Alexander v. Take-Two Interactive Software, Inc.*, 489 F. Supp. 3d 812, 823 (S.D. Ill. 2020). An infringer is liable for the copyright owner's actual damages. 17 U.S.C. § 504(a)(1). Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer. *McRoberts Software, Inc.*, 329 F.3d at 566.

The test for the value of an infringing use amounts to a determination of what a willing buyer would have been reasonably required to pay a willing seller for plaintiff's work. *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F.2d 357, 362 (7th Cir. 1985). Substantial liberality is shown

10

to plaintiffs in copyright infringement actions in their proof of damages. *Id.* at 363. Absence of evidence should cut against the infringer, not against the owner of the copyrights. *Id.* Under the law, Plaintiff is entitled to the value of the infringing use to the infringer. *Id.* A defendant infringer cannot expect to pay the same price in damages as it might have paid after freely negotiated bargaining, or there would be no reason scrupulously to obey the copyright law. *Id.* at 363 n.5. A plaintiff is not required to establish the actual value of damages; she is only required to provide sufficient evidence of the value so that the jury does not have to resort to undue speculation in estimating actual damages. *McRoberts Software, Inc.*, 329 F.3d at 567. The jury is entitled to "estimate" the value of the actual damages award. *Id.*

**VIII.  Waiver**

"A valid waiver of statutory rights must be knowing, voluntary, and intentional." *Cothron v. White Castle Sys., Inc*, 467 F.Supp.3d 604, 614 (N.D. Ill. June 16, 2020) (internal quotations omitted). The doctrine of waiver acknowledges that a right may be taken away from its holder as a penalty for failure to assert it in a clear and timely manner. *Myers v. Harold*, 279 F. Supp. 3d 778, 799 (N.D. Ill. 2017) (quotations and citations omitted). Although mere silence may be enough for waiver when a legal duty to speak exists, waiver must be manifested in an unequivocal manner. *Isringhausen Imp., Inc. v. Nissan N. Am., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *3 (C.D. Ill. Dec. 5, 2011)

The burden of proving waiver rests on the party asserting the affirmative defense. *See, e.g., Soos & Assocs., Inc. v. Five Guys Enterprises, Inc.*, 425 F.Supp.3d 1004, 1011–12 (N.D. Ill. December 2, 2019). Because the issue of waiver requires fact-specific determinations regarding whether a party intentionally failed to assert its rights in a timely manner, it is the province of the jury. *See Nat'l Council of United States Soc'y of St. Vincent de Paul, Inc. v. St. Vincent de Paul*

11

*Cmty. Ctr. of Portage Cty., Inc.*, No. 16-CV-423-BBC, 2017 WL 6759411, at *16 (W.D. Wis. Dec. 29, 2017) (holding that "defendant has failed to offer sufficient evidence to allow a reasonable jury to find in its favor on the affirmative defenses of acquiescence, waiver, equitable estoppel and abandonment"); *Neva, Inc. v. Christian Duplications Int'l, Inc.*, 743 F. Supp. 1533, 1540 (M.D. Fla. 1990) (submitting the issues of affirmative defenses of laches, estoppel, waiver and the statute of limitations to the jury).

Tellingly, Defendants did not move for summary judgment on their defense of waiver. The facts of this case will demonstrate Plaintiff did not relinquish any rights or delay in bringing her lawsuit after she learned of Defendants' infringement.

**IX.     Estoppel**

The defense of estoppel applies only where a copyright owner "engages in intentionally misleading representations concerning his abstention from suit, and the alleged infringer detrimentally relies on the copyright owner's deception." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 684–85, (2014). In such a case, "the doctrine of estoppel may bar the copyright owner's claims completely, eliminating all potential remedies." *Id*. The Supreme Court has recently instructed that the "gravamen of estoppel … is misleading and consequent loss," further stating that "[d]elay may be involved, but is not an element of the defense." *Id.* at 684-85.

The four elements of equitable estoppel in copyright are (1) the copyright owner's knowledge of the alleged infringer's infringing conduct; (2) the copyright owner's intention that his conduct be acted on or so acted that the alleged copyright infringer had a right to believe it was so intended; (3) the alleged copyright infringer was ignorant of the true facts; and (4) the alleged copyright infringer detrimentally relief on the copyright owner's conduct. *Shanlian Quan v. Ty, Inc.*, No. 17 C 5683, 2019 WL 1281975, at *2 (N.D. Ill. Mar. 20, 2019) (citing 18 Am. Jur.

12

2d Copyright & Literary Prop. § 268; *Nat'l Bus. Lists, Inc. v. Dun & Bradstreet, Inc.*, 552 F. Supp. 89, 96 (N.D. Ill. 1982)).

Estoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment. *Bourne v. Hunter County Club, Inc.,* 990 F.2d 934, 937 (7th Cir. 1993).

The burden of proving the affirmative defense of equitable estoppel rests on the alleged infringer. *Shanlian Quan*, 2019 WL 1281975, at *7.

The facts of this case do not support Defendants' defense of estoppel.

Dated: September 12, 2022                                    Respectfully submitted,

*/s/ Anthony G. Simon*
Anthony G. Simon, IL 6209056
Anthony R. Friedman, IL 6299795
Paul J. Tahan
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
afriedman@simonlawpc.com
ptahan@simonlawpc.com

R. Seth Crompton
**THE HOLLAND LAW FIRM**
300 N. Tucker, Suite 801
St. Louis, Missouri 63101
scrompton@allfela.com
Phone: (314) 241-8111
Facsimile: (314) 241-5554

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system on September 12, 2022.

/s/ Anthony G. Simon

14