**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

CATHERINE ALEXANDER, )
)
        Plaintiff, )
)
  -vs- )
)
TAKE-TWO INTERACTIVE SOFTWARE, INC., )
2K GAMES, INC.; 2K SPORTS, INC.; WORLD )   Case No. 3:18-cv-966-SMY-MAB
WRESTLING ENTERTAINMENT, INC.; )
VISUAL CONCEPTS ENTERTAINMENT )
)
      Defendants. )
)
)

**<u>DEFENDANTS' TRIAL BRIEF</u>**

<h1 style="text-align:center"><u>TABLE OF CONTENTS</u></h1>

I.      **INTRODUCTION**............................................................................................ 1

II.     **ISSUES TO BE DECIDED** ........................................................................... 1

     A.     COPYRIGHT INFRINGEMENT ........................................................... 1

     B.     DEFENDANTS' AFFIRMATIVE DEFENSES ..................................... 3

           1.     Fair Use, *De Minimis* Use, and Authorized Use ......................... 3

           2.     The Elements of the Affirmative Defense of Waiver ................... 7

           3.     The Elements of the Affirmative Defense of Estoppel ............... 7

     C.     DAMAGES-RELATED ISSUES ........................................................... 8

           1.     Whether it is the Jury or the Court That Decides the Amount of Disgorgement Damages ............................................................. 8

           2.     The Respective Burdens of Proof and Evidentiary Issues Related to Disgorgement of Profits ..................................................... 8

III.    **CONCLUSION** ........................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*16 Casa Duse, LLC v. Merkin*,
    791 F.3d 247 (2d Cir. 2015).....................................................................................3

*Andreas v. Volkswagen of America, Inc.*,
    336 F.3d 789 (8th Cir. 2003) ................................................................................16

*Assessment Techs. Inst., LLC v. Parkes*,
    No. 19 Civ 2514, 2022 WL 588889 (D. Kan. Feb. 25, 2022) .........................15, 16

*Bell v. Taylor*,
    827 F.3d 699 (7th Cir. 2016) .....................................................................11, 12, 13

*Bergt v. McDougal Littell*,
    661 F.Supp. 2d 916 (N.D. Ill. 2009) .....................................................................17

*Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*,
    596 F.3d 357 (6th Cir. 2010) ................................................................................10

*Bourne Co. v. Hunter Country Club, Inc.*,
    990 F.2d 934 (7th Cir. 1993) ..................................................................................8

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990)..............................................................................................14

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
    526 U.S. 687 (1999)..............................................................................................15

*Coin-Tainer Co., LLC v. Pap-R Prods. Co.*,
    No. 19 Civ. 234, 2021 WL 5998653 (S.D. Ill. Dec. 20, 2021)..............................10

*Dash v. Mayweather*,
    731 F.3d 303 (4th Cir. 2013) ................................................................................13

*David v. Caterpillar, Inc.*,
    324 F.3d 851 (7th Cir. 2003) ................................................................................10

*Deltak, Inc. v. Advanced Sys., Inc.*,
    767 F.2d 357 (7th Cir. 1985) ................................................................................11

*Design Basics LLC v. Campbellsport Bldg. Supply, Inc.*,
    No. 13 Civ. 560, 2016 WL 3189202 (E.D. Wis. June 7, 2016)...........................7, 8

ii

*Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*,
    1 F.4th 502 (7th Cir. 2021) ........................................................................1, 2

*Durham Indus., Inc. v. Tomy Corp.*,
    630 F.2d 905 (2d Cir. 1980)..........................................................................2

*Eagle Servs. Corp. v. H2O Indus. Servs., Inc.*,
    532 F.3d 620 (7th Cir. 2008) .......................................................................13

*Fair Isaac Corp. v. Federal Insurance Co.*,
    468 F. Supp. 3d 1110 (D. Minn. 2020)...................................................15, 16

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
    499 U.S. 340 (1991)...................................................................................1, 3

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
    778 F.3d 1059 (9th Cir. 2015) .....................................................................16

*Fuller Products Co. v. Fuller Brush Co.*,
    299 F.2d 772 (7th Cir. 1962) .......................................................................14

*G. R. Leonard & Co. v. Stack*,
    386 F.2d 38 (7th Cir. 1967) ...........................................................................5

*Goldman v. Gagnard*,
    757 F.3d 575 (7th Cir. 2014) .........................................................................7

*Google LLC v. Oracle Am., Inc.*,
    141 S. Ct. 1183 (2021).....................................................................................4

*Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*,
    345 F.3d 922 (6th Cir. 2003) .........................................................................5

*Gracen v. Bradford Exch.*,
    698 F.2d 300 (7th Cir. 1983) ..................................................................2, 3, 6

*Granite State Ins. Co. v. Smart Modular Techs., Inc.*,
    76 F.3d 1023 (9th Cir. 1996) .........................................................................7

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
    921 F.3d 1343 (11th Cir. 2019) ...............................................................14, 16

*Huthwaite, Inc. v. Ecolab, Inc.*,
    No. 05 Civ. 3273, 2006 WL 929262 (N.D. Ill. Jan. 4, 2006) ..................5

*Isringhausen Import, Inc. v. Nissan North America, Inc.*,
    No. 10 Civ. 3253, 2011 WL 6029733 (C.D. Ill. Dec. 5, 2011) ...............5

*ITOFCA, Inc. v. MegaTrans Logistics, Inc.*,
    322 F.3d 928 (7th Cir. 2003) ....................................................................6

*Karum Holdings LLC v. Lowe's Cos., Inc.*,
    No. 15 Civ. 380, 2017 WL 10311207 (N.D. Ill. Sept. 8, 2017).............................10

*Kennedy v. Gish, Sherwood & Friends, Inc.*,
    143 F. Supp. 3d 898 (E.D. Mo. 2015)......................................................6

*Kleiner v. Burns*,
    No. 00 Civ. 160, 2000 WL 1909470 (D. Kan. Dec. 22, 2000) .............................10

*Leigh v. Engle*,
    727 F.2d 113 (7th Cir. 1984) ...............................................................13

*Limecoral, Ltd. v. CareerBuilder, LLC*,
    889 F.3d 847 (7th Cir. 2018) .................................................................6

*McRoberts Software, Inc. v. Media 100, Inc.*,
    329 F.3d 557 (7th Cir. 2003) ...............................................................11

*Medforms, Inc. v. Healthcare Mgmt. Sols.*,
    290 F.3d 98 (2d Cir. 2002)....................................................................3

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
    495 F. Supp. 3d 687 (N.D. Ill. 2020) .................................................15, 17

*Nat'l Bus. Lists, Inc. v. Dun & Bradstreet, Inc.*,
    552 F. Supp. 89 (N.D. Ill. 1982) ............................................................8

*Navarro v. Procter & Gamble Co.*,
    No. 1:17 Civ. 406, 2021 WL 1169084 (S.D. Ohio Mar. 29, 2021) ...........15, 16, 17

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*,
    No. 02 Civ. 2523, 2003 WL 1720073 (N.D. Ill. Mar. 31, 2003) .............................7

*On Davis v. The Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001)............................................................11, 13

*Oracle Am., Inc. v. Google, Inc.*,
    No. 10 Civ. 03561 (N.D. Cal. 2016) ........................................................4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014).....................................................................14, 16

*Photographic Illustrators Corp. v. Orgill, Inc.*,
    953 F.3d 56 (1st Cir. 2020).................................................................6

*Polar Bear Prods., Inc. v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004) ....................................................................13

*Republic Techs. LLC v. BBK Tobacco*,
    No. 16 Civ. 3401, 2019 WL 12536877 (N.D. Ill. Mar. 28, 2019) ..............................3

*Sandoval v. New Line Cinema Corp.*,
    147 F.3d 215 (2d Cir. 1998).................................................................5, 6

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
    106 F.2d 45 (2d Cir. 1939)....................................................................13

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    449 F. Supp. 3d 333 (S.D.N.Y. 2020).........................................................4

*Soos & Assocs., Inc. v. Five Guys Enters., LLC*,
    425 F. Supp. 3d 1004 (N.D. Ill. 2019) .....................................................7, 8

*Sullivan v. Flora, Inc.*,
    936 F.3d 562 (7th Cir. 2019) ................................................................3

*Sullivan v. Flora, Inc.*,
    No. 15 Civ. 298, 2017 WL 1487624 (W.D. Wis. Apr. 25, 2017 ..............................13

*Taylor v. Meirick*,
    712 F.2d 1112 (7th Cir. 1983) ...............................................................13

*TCF Inventory Fin., Inc. v. Northshore Outdoor, Inc.*,
    No. 11 Civ. 85, 2012 WL 2576367 (N.D. Ohio July 3, 2012)................................10

*Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*,
    895 F.3d 1304 (Fed. Cir. 2018).........................................................14, 16

*Toney v. Rosewood Care Ctr.*,
    No. 98 Civ. 693, 2002 WL 992642 (N.D. Ill. May 15, 2002) ............................9, 12

*Tull v. United States*,
    481 U.S. 412 (1987)..........................................................................14

*Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*,
    196 F.3d 1366 (Fed. Cir. 1999)...............................................................14

*Vital Pharms., Inc. v. Monster Energy Co.*,
    No. 21 Civ. 13264, 2022 WL 3083273 (11th Cir. Aug. 3, 2022)............................10

*VMG Salsoul, LLC v. Ciccone*,
    824 F.3d 871 (9th Cir. 2016) .................................................................5

**Statutes**

17 U.S.C. § 504(b) ...............................................................................................9, 12, 14, 15

**Rules**

Fed. R. Civ. P. 26 ...............................................................................................................9, 10

Fed. R. Civ. P. 37 ..................................................................................................................10

Local Rule 16.2 .......................................................................................................................9

# I.  INTRODUCTION

Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment ("Take-Two") and World Wrestling Entertainment, Inc. ("WWE") (collectively, "Defendants") respectfully submit this trial brief to address legal disputes that have arisen between the parties in anticipation of trial.  In particular, this trial brief addresses the following issues: (1) Plaintiff Catherine Alexander's ("Plaintiff") last minute attempt to avoid proving that she owns valid copyrights in the asserted tattoos; (2) certain legal issues regarding Defendants' affirmative defenses, including their defenses of waiver and estoppel; and (3) the respective burdens of proof and evidentiary issues related to actual damages and disgorgement of profits.

# II.  ISSUES TO BE DECIDED

## A.  Copyright Infringement

In *Feist Publications, Inc. v. Rural Telephone Service Co.*, the Supreme Court held that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  499 U.S. 340, 361 (1991). Relatedly, the Seventh Circuit recently confirmed that the second element of copyright infringement requires a showing of both actual copying and substantial similarity between the works at issue.  *See Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 503 (7th Cir. 2021) (finding that embedded in the "copying" element are "two distinct questions: whether the defendant copied the protected work and whether the copying constituted an improper appropriation," and concluding that improper appropriation "requires substantial similarity").

Plaintiff moved for and this Court granted partial summary judgment only "as to the copying element." Dkt. 228, at 5.[1]  Yet, on August 26, 2021, the day before the parties provided the Court with the First Amended Pretrial Order, Plaintiff indicated for the first time that she believes that, despite not moving for and never being granted summary judgment on the first element—ownership of a valid copyright—this Court nevertheless decided that issue in her favor, because the Court's opinion suggested that it was "undisputed that Alexander holds valid copyrights for the five tattoos at issue." *Id.*

The Court, however, did not grant Plaintiff summary judgment on the first element of her claim.  Plaintiff moved for summary judgment solely "on the issue of copying," Dkt. 139, at 1, and this Court granted summary judgment only "as to the copying element."  Dkt. 228, at 5.  The first element was never briefed and merely holding a certificate of registration from the Copyright Office is not the same thing as proving ownership of a valid copyright.  For example, in *Gracen v. Bradford Exchange*, the Seventh Circuit held that a painting of Dorothy from *The Wizard of Oz* copied from a photograph from the original film, despite being registered with the Copyright Office and having marked differences from the photograph, was not copyrightable because it was created without authorization from the photograph's copyright owner.  698 F.2d 300, 305 (7th Cir. 1983) (citing *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 910 (2d Cir. 1980) (holding that "reproduction" of pre-existing Disney characters "in plastic . . . does not constitute originality")).  Likewise, when multiple authors are involved in the creation of a work, courts recognize that one of them may be the "dominant author" due to "factual indicia of

---

[1]    As Defendants noted at summary judgment, Plaintiff never addressed the separate issue of substantial similarity. This Court disagreed with Defendants' argument that Plaintiff must "establish legally actionable copying," holding that Defendants' argument is "contrary to Seventh Circuit copyright law."  *Id.*  In *Design Basics*, however, the Seventh Circuit made clear that a plaintiff must prove "whether the copying constituted an improper appropriation." 1 F.4th at 503.  Thus, Defendants respectfully suggest that Plaintiff should be required to prove substantial similarity at trial, but in any case, preserve the issue of substantial similarity for appeal.

ownership and authorship," such as "decisionmaking authority, billing, and written agreements with third parties." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 260 (2d Cir. 2015). This occurs even where the dominant author is not the actor that fixes the work in a tangible medium. *Id.* In *Sullivan v. Flora, Inc.*, the Seventh Circuit held that "the question [of authorship] is one for a jury to consider guided by an instruction from the district court." 936 F.3d 562, 574–75 (7th Cir. 2019) (citing *Medforms, Inc. v. Healthcare Mgmt. Sols.*, 290 F.3d 98, 110 (2d Cir. 2002) (explaining that in a copyright case, "[a]uthorship is generally a question of fact for the jury"); *see also Republic Techs. LLC v. BBK Tobacco*, No. 16 Civ. 3401, 2019 WL 12536877, at *1 (N.D. Ill. Mar. 28, 2019) (question of independent creation is "for the jury").[2]

Here, the evidence at trial will show that at least one of the tattoos that Plaintiff inked were copied from Mr. Orton's preexisting back tattoos. As a result, Plaintiff does not own valid copyrights in them under *Gracen*. 698 F.2d at 305 ("a derivative work must be substantially different from the underlying work to be copyrightable"). Moreover, Mr. Orton was the final decisionmaking authority concerning what would and would not be inked on his body, making him the dominant author and owner of his tattoos. Neither issue was before the Court on summary judgment and, thus, it is and remains Plaintiff's burden at trial to prove ownership of a valid copyright. *Feist*, 499 U.S. at 361.

B.    **Defendants' Affirmative Defenses**

1.    Fair Use, *De Minimis* Use, and License

With regard to Defendants' affirmative defenses of fair use, *de minimis* use, and license, the Court's summary judgment order largely addressed them and, thus, Defendants do not

---

[2]    Plaintiff may argue that copyright validity is a question of law. This is incorrect, as the Seventh Circuit has recently held that this is a question of fact for the jury. *Sullivan*, 936 F.3d at 574–75.

readdress those issues here other than to make three brief points. ***First***, there are two relevant authorities that were not addressed in the Court's summary judgment order. Last year (after this Court's summary judgment decision), the Supreme Court issued a decision in *Google LLC v. Oracle America, Inc.*, finding that Google's verbatim copying of Oracle's copyrighted work was fair use. 141 S. Ct. 1183 (2021). It held that fair use is a "mixed question of fact and law; that reviewing courts should appropriately defer to the jury's findings of underlying facts; but that the ultimate question whether those facts showed a 'fair use' is a legal question for judges to decide *de novo*." *Id.* at 1199. It also provided useful guidance with regard to the application of the four fair use factors. *Id.* at 1202–08. Of particular note, the jury instructions on fair use in that case provided the jury with a detailed description of each fair use factor so that the jury would understand the principles underpinning their factual finding. *See Oracle Am., Inc. v. Google, Inc.*, No. 10 Civ. 03561 (N.D. Cal. 2016), Final Charge to the Jury (Phase One), Dkt. 1950 (describing each fair use factor in detail). Defendants intend to propose similar jury instructions in this case.

In addition, this Court's summary judgment decision did not cite to the Southern District of New York's decision in *Solid Oak Sketches, LLC v. 2K Games, Inc.*, which found that Take-Two's use of tattoos in the video game series *NBA 2K* was fair, *de minimis*, and authorized by an implied license. 449 F. Supp. 3d 333, 343–351 (S.D.N.Y. 2020). Tellingly, Plaintiff did not mention this opinion in her original trial brief, but instead misleadingly cited to an earlier opinion in that case in the procedure posture of a motion for judgment on the pleadings. Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 3. The court denied that motion until the factual record had been fully developed, and then granted summary judgment to Take-Two. *Solid Oak,* 449 F. Supp. 3d at 353. Plaintiff's revised trial brief does not discuss *Solid Oak* at all.

**Second**, Defendants note that this Court's summary judgment order questioned "[w]hether the Seventh Circuit recognizes [a *de minimis* use defense] to copyright infringement claims." Dkt. 228, at 11. The Seventh Circuit in *G. R. Leonard & Co. v. Stack*, however, held that "[e]ven where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent." 386 F.2d 38, 39 (7th Cir. 1967). The court then affirmed the district court's "finding of *de minimis* copying." *Id.*[3] Likewise, in *Isringhausen Import, Inc. v. Nissan North America, Inc.*, the court held that a *de minimis* use defense was properly pleaded where the infringement "is so trivial as to fall below the quantitative threshold of substantial similarity," such as "where the average audience would not recognize the appropriation." No. 10 Civ. 3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011); *see also Huthwaite, Inc. v. Ecolab, Inc.*, No. 05 Civ. 3273, 2006 WL 929262, at *1 (N.D. Ill. Jan. 4, 2006) (refusing to strike *de minimis* use defense).

Moreover, in addition to the Seventh Circuit in *Leonard*, the Second, Sixth, and Ninth Circuits have adopted the *de minimis* use defense. *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998); *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 924–25 (6th Cir. 2003); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 878 (9th Cir. 2016). As those cases make clear, the ultimate question is "the observability of the copyrighted work in the allegedly infringing work." *Sandoval*, 147 F.3d at 217. "Observability is determined by the

---

[3]    Plaintiff may argue that *G. R. Leonard & Co.* was about fair use and not about *de minimis* use. This would misread the case. In this case, the Seventh Circuit began its discussion of the district court's decision by noting specifically that "the District Court found there was d[e] minimis copying," and in connection with this finding, "the District Court found that there was no substantial copying." 386 F.2d at 39. The Seventh Circuit then held that the district court's factual finding that the amount of the work copied was "de minimis" was not an error and therefore affirmed the ruling. *Id.* at 40. The Seventh Circuit's holding thus did not simply use the phrase *de minimis* use to uphold a finding of fair use; rather, it affirmed the district court's award of judgment for the defendant that was ***based on*** *de minimis* use. *Id.*

length of time the copyrighted work appears in the allegedly infringing work, and its prominence in that work as revealed by the lighting and positioning of the copyrighted work." *Id.*

**Third**, with regard to Defendants' license defense, Defendants note that the Court concluded that "Orton granted WWE the right to license his likeness to third parties and WWE then licensed Take-Two to use Orton's likeness in the *WWE 2K* games." Dkt. 228, at 6–7. As to the license from Plaintiff to Mr. Orton, the Court found that "[a]n implied license is created when '(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute her work.'" *Id.* at 6. The Court further found that "[t]he first and second prongs of the analysis are not contested; the dispute surrounds Alexander's intent and the scope of any implied license." *Id.* at 7.

In deciding the question of Plaintiff's intent, the jury "may look to objective evidence of [Plaintiff's] intent," *id.* at 6, such as "[c]ommon industry practice." *Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 909 (E.D. Mo. 2015). Silence or "lack of objection" may also be equivalent to a license. *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F.3d 928, 940 (7th Cir. 2003). And, as the Seventh Circuit held in *Limecoral, Ltd. v. CareerBuilder, LLC*, "[a]bsent a limitation imposed on the license at the time these works were delivered to [the defendant], the license impliedly granted to [the defendant] would encompass all of the rights of [the plaintiff] as the copyright holder." 889 F.3d 847, 851 (7th Cir. 2018). This includes the right to sublicense. *See Gracen*, 698 F.2d at 303 (an implied license may include the right to sublicense); *cf. Photographic Illustrators Corp. v. Orgill, Inc.*, 953 F.3d 56, 64 (1st Cir. 2020) (upholding implied sublicense).

## 2.    The Elements of the Affirmative Defense of Waiver

In *Goldman v. Gagnard*, the Seventh Circuit made clear that a copyright owner may waive her copyrights and that, if she does, use of those copyrights is not infringement.  757 F.3d 575, 579 (7th Cir. 2014).  The purpose of the doctrine is to provide a flexible tool for acknowledging that "a right may be taken away from its holder as a penalty for failure to assert in a clear and timely manner."  *See id.*; *Soos & Assocs., Inc. v. Five Guys Enters., LLC*, 425 F. Supp. 3d 1004, 1012 (N.D. Ill. 2019).

In this case, Defendants have asserted that Plaintiff waived her rights in the tattoos that she inked on the well-known wrestler Randy Orton.  Answ. (Dkt. No. 188) ¶ 106.  Although the doctrine of waiver is a "flexible" principle with no "definite and rigid meaning," *Goldman*, 757 F.3d at 579, cases before and after *Goldman* have held that, to establish waiver, a defendant need show only that the copyright owner made a "voluntary, intentional relinquishment of a known right."  *Design Basics LLC v. Campbellsport Bldg. Supply, Inc.*, No. 13 Civ. 560, 2016 WL 3189202, at *9 (E.D. Wis. June 7, 2016); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 Civ. 2523, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003).[4]  Defendants will show that Plaintiff did so here by, among other things, delaying to bring this lawsuit until years after she inked Mr. Orton and his tattoos appeared in media, including the *WWE 2K* games.

## 3.    The Elements of the Affirmative Defense of Estoppel

Separately from Defendants' waiver defense, they assert an affirmative defense of estoppel.  As shown in the Second Amended Final Pretrial Order, the parties agree that, unlike waiver, which is decided by the jury, estoppel is decided by the Court.  2d Am. Final Pretrial Ord. 4; *see Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir.

---

[4]    Plaintiff does not dispute these elements.  *See* Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 7–8.

1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

In this case, Defendants have asserted that Plaintiff is estopped from asserting her copyrights in the tattoos that she inked on Mr. Orton. Answ. (Dkt. No. 188) ¶ 106. To establish their estoppel defense, Defendants need show only that Plaintiff was aware of Defendants' use of the Tattoos, yet acted in a way that induced them to reasonably rely upon such action to their detriment. *See Soos & Assocs.*, 425 F. Supp. 3d at 1012 ("[E]stoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." (quoting *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993)); *Design Basics*, 2016 WL 3189202, at *9. Again, Plaintiff's delay in bringing this suit despite being fully aware of Mr. Orton's depiction in media, including *WWE 2K*, precludes her claim.

Plaintiff contends that there are "four elements of equitable estoppel in copyright." See Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 8. Those four elements, however, are consistent with the elements as stated by Defendants above, and are as follows: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Nat'l Bus. Lists, Inc. v. Dun & Bradstreet, Inc.*, 552 F. Supp. 89, 97 (N.D. Ill. 1982).

## C. Damages-Related Issues

### 1. The Respective Burdens of Proof and Evidentiary Issues Related to Actual Damages and Disgorgement of Profits

In the event that the jury determines that Defendants are liable for copyright infringement, then Plaintiff may seek "the actual damages suffered by him or her as a result of

the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). There are two disputed issues related to Plaintiff's obligations with regard to damages. *First*, as indicated in Defendants' Motions *in Limine* Nos. I & II, the parties disagree about Plaintiff's failure to compute or itemize her alleged actual damages and disgorgement damages. *See* Dkt. 263 (Defs.' Omnibus Mot. *in Limine*), at 1–5. *Second*, the parties disagree about Plaintiff's burden to show a causal connection between the alleged infringement and Defendants' profits allegedly attributable to the infringement. We discuss each issue in turn below.

a. *Computation and Itemization of Actual Damages and Profits Sought is Required*

The Federal Rules, Local Rules, and Your Honor's Case Management Procedures all require an itemization of all damages sought at trial. *See* Fed. R. Civ. P. 26(A)(1)(a)(iii) (party is required to disclose "*a computation* of each category of damages claimed by the disclosing party" (emphasis added)); S.D. Ill. Local Rule 16.2(b)(3)(I) (final pretrial order must include "*itemized statements of all damages* by all parties" (emphasis added)); Case Management Procedures of Judge Staci M. Yandle 6 ("Counsel shall jointly prepare a Final Pretrial order using Judge Yandle's approved form," which is available at http://www.ilsd.uscourts.gov/documents/SMYFPTOrder.docx; the form states that the "parties should insert here . . . *an itemization of all damages* sought in this case." (emphasis added)). Itemization requires more than merely listing the types of damages sought. Rather, as the court in *Toney v. Rosewood Care Ctr.*, Inc. held, it is the "amounts [the plaintiff] would be asking the jury to award." No. 98 Civ. 693, 2002 WL 992642, at *2 (N.D. Ill. May 15, 2002), *aff'd*, 62 F. App'x 697, 701 (7th Cir. 2003) (noting that "the district court . . . concluded that the absence of an itemization of damages in the pretrial order significantly impaired preparation of the case").

As described in detail in Defendants' Motion *in limine* to preclude evidence concerning actual damages and profit disgorgement, a plaintiff that fails to compute or itemize damages is precluded from presenting evidence of those damages at trial. *See* Dkt. 263 (Defs.' Mot. *in Limine*), at 2–3 (citing *Karum Holdings LLC v. Lowe's Cos., Inc.*, No. 15 Civ. 380, 2017 WL 10311207, at *3 (N.D. Ill. Sept. 8, 2017) ("the 'sanction of exclusion' of damages evidence, pursuant to Rule 37(c)(1), is 'automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless'" (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003))); *Coin-Tainer Co., LLC v. Pap-R Prods. Co.*, No. 19 Civ. 234, 2021 WL 5998653, at *4 (S.D. Ill. Dec. 20, 2021) (granting motion *in limine* to preclude all "evidence of damages" for failure to provide a computation); *Vital Pharms., Inc. v. Monster Energy Co.*, No. 21 Civ. 13264, 2022 WL 3083273, at *3 (11th Cir. Aug. 3, 2022) (*per curiam*) (excluding damages where plaintiff had "identified categories of damages and produced financial records, [but] it never presented the required computation of lost sales or loss of goodwill, much less how those damages might be computed."); *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 369 (6th Cir. 2010) (excluding "evidence of lost-profits damages" where plaintiff failed to compute damages); *TCF Inventory Fin., Inc. v. Northshore Outdoor, Inc.*, No. 11 Civ. 85, 2012 WL 2576367, at *4 (N.D. Ohio July 3, 2012) (granting motion *in limine* "to preclude defendants from presenting damage evidence as to 'lost profits'" where "defendants did not provide TCF with a computation of alleged lost profits in their initial Rule 26 disclosures" and did not disclose a "'computation' of their alleged lost profits.")).

Plaintiff is not excused from complying with Rule 26's computation requirement and this Court's itemization requirement merely because she claims damages for copyright infringement. *See Kleiner v. Burns*, No. 00 Civ. 160, 2000 WL 1909470, at *3 (D. Kan. Dec. 22, 2000) (in

claim for damages in copyright infringement case, ordering plaintiff to produce "a computation of Plaintiff's actual damages"). In copyright cases in which courts have held that the jury may "estimate" damages, the plaintiff was still required to present evidence of the specific amount of those damages. *See McRoberts*, 329 F.3d at 567 ("jury did not have to resort to undue speculation in estimating actual damages" where plaintiff presented specific evidence the value of actual and hypothetical license agreements ($1.43 million–$15.6 million)); *Deltak, Inc. v. Advanced Sys., Inc.*, 767 F.2d 357, 363 (7th Cir. 1985) (plaintiff contended that actual "damages should be computed by multiplying $4925, which the district court 'accepted' as a reasonable estimate of the profit per CDS Kit realized by Deltak for a small increase in production and sales, or $5000, the list price of the Kit, by fifty, the number of copies of the infringing document that were made by ASI").

Here, it is particularly important that Plaintiff inform the Court and Defendants of the damages she will be seeking. Under an actual damages theory, Plaintiff bears the burden of proof. *Bell v. Taylor*, 827 F.3d 699, 710 (7th Cir. 2016). Actual damages are "usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Id.* at 709 (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)). "It is not improper for a jury to consider either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on 'undue speculation.'" *Bell*, 827 F.3d at 709. Actual damages may not be based on "undue speculation," and a plaintiff's subjective belief as to the value of the work is not enough to prove actual damages. *Id.* (Plaintiff's "subjective belief as to the fair market value of his photo is not enough to prove damages" (citing *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001)

("The question is not what the owner would have charged, but rather what is the fair market value.")).

Under a profit disgorgement theory, she is not entitled to all of Defendants' revenues, but rather only the portion attributable to the five tattoos she claims were infringed after the deduction of expenses and the elements of profit attributable to factors other than Plaintiff's alleged copyrighted works. Because it is not plausible (and Plaintiff does not even contend) that **all** of Defendants' revenues from the *WWE 2K* games were attributable to the five tattoos Plaintiff claims were infringed, it would be confusing and prejudicial to send only Defendants' revenues to the fact-finder. The Rules are intended to avoid trial by surprise and avoid parties waiting until the presentation of evidence to identify information such as this. *See Toney*, 2002 WL 992642, at *2.[5]

    b.     *A Plaintiff Cannot Obtain Lost Profits without Showing That a Causal Nexus Exists Between those Profits and Infringement*[6]

"The Copyright Act permits a plaintiff to recover an infringer's profits that are 'attributable to the infringement . . . .'" *Bell v. Taylor*, 827 F.3d 699, 710 (7th Cir. 2016) (quoting 17 U.S.C. § 504(b)). The Seventh Circuit has held that this means that "a plaintiff must show a

---

[5]   Defendants moved *in limine* to exclude evidence, argument, or testimony concerning actual damages and profit disgorgement based on Plaintiff's failure to provide a computation or itemization of damages. *See* Dkt. 263 (Defs.' Mot. *in Limine*), at 1–5. As to actual damages, Plaintiff argued that "Defendants' arguments are a repeat of their summary judgment arguments," and as to profits, Plaintiff argued that "[t]his Motion is also a re-assertion Defendants' argument from their Motion for Summary Judgment." Dkt. 266 (Pl.'s Opp. Mot. *in Limine*), at 1, 5. That is not correct. Defendants' motions *in limine* were based on Plaintiff's failure to compute or itemize damages, not based on Plaintiff's failure to satisfy her legal or evidentiary burdens to support an award of damages. Thus, Plaintiff's arguments are inapposite.

[6]   Defendants are cognizant of Your Honor's Case Management Procedures' prohibition on trial briefs that rehash issues from dispositive motion briefing. Plaintiff indicated to Defendants that she intends to file a trial brief on evidentiary issues related to disgorgement of profits, she previously did file a trial brief on this issue (Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 5–7), and the Court's summary judgment order did not address this issue with regard to disgorgement of profits. Dkt No. 228, 12–13. Thus, Defendants submit this brief in response to Plaintiff's argument.

causal nexus between the infringement and the gross revenues." *Bell*, 827 F.3d at 710; *see Eagle Servs. Corp. v. H2O Indus. Servs., Inc.*, 532 F.3d 620, 623 (7th Cir. 2008) ("It is doubtful that profits from the sale of noninfringing goods or services (in this case, H2O's clean-up services) can be attributed to a copyright infringement with enough confidence to support a judgment."); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) ("If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits."); *see also Leigh v. Engle*, 727 F.2d 113, 138 (7th Cir. 1984) ("The owner of a copyright may recover the infringer's profits, but only those attributable to the infringement and not to the infringer's own efforts and talents." (citing *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 49 (2d Cir. 1939))).

Relying on this Seventh Circuit authority, for example, the court in *Sullivan v. Flora, Inc.*, excluded a profits-based damages theory in an action for copyright infringement because the plaintiff had "no evidence that her illustrations attracted more customers or drove more sales of defendant's products," where her illustrations were used in advertising videos. No. 15 Civ. 298, 2017 WL 1487624, at *2 (W.D. Wis. Apr. 25, 2017) ("[P]laintiff was unable to offer *any* evidence of customer surveys concerning what drove purchasing decisions, a marketing or damages expert discussing the role of two-dimensional art, like plaintiff's illustrations, in advertising as a driver of revenue, or earlier statements by defendant, customers or competitors about the value of those infringing illustrations in driving sales").[7] Thus, Plaintiff must prove

---

[7]     Outside of the Seventh Circuit, numerous other appellate courts have concluded that a copyright owner must show a causal nexus between the infringement and the gross revenue figure presented. *See, e.g.*, *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (plaintiff "failed to show any causal connection between the infringement and the defendant's profits"); *Dash v. Mayweather*, 731 F.3d 303, 309 (4th Cir. 2013) (plaintiff "failed to present evidence demonstrating a causal link between the alleged infringement and the enhancement of any revenue stream claimed"); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 712 (9th Cir. 2004) (noting plaintiff's "statutory obligation to demonstrate a causal nexus between the infringement and the profits

that there is a causal nexus between the alleged infringement and Defendants' profits before the

burden shifts to Defendants to prove the expenses and the elements of profit attributable to

factors other than Plaintiff's alleged copyrighted works.

> ## 2. Whether it is the Jury or the Court That Decides the Amount of Disgorgement Damages

Further, if the jury determines that Defendants are liable for copyright infringement, then

the Court should determine the amount, if any, of Defendants' profits that should be awarded to

Plaintiff because it is black-letter law that there is no right to a jury trial on equitable remedies.

*See Tull v. United States*, 481 U.S. 412, 417 (1987) (holding that "actions that are analogous to

18th-century cases tried in courts of equity or admiralty do not require a jury trial"). The

Supreme Court and the Seventh Circuit agree that disgorgement of profits is an equitable

remedy. For example, in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, the Supreme

Court noted that disgorgement is a form of restitutionary damages that it "characterize[s] . . . as

equitable." 494 U.S. 558, 570 (1990) (quoting *Tull*, 481 U.S. at 424)). Likewise, in *Fuller*

*Products Co. v. Fuller Brush Co.*, the Seventh Circuit held that disgorgement, then referred to as

an "accounting for profits," is "an equitable remedy." 299 F.2d 772, 777 (7th Cir. 1962).[8]

The Supreme Court even has specifically addressed disgorgement of profits under

Section 504(b) of the Copyright Act, and noted that it is a form of "equitable" relief. *Petrella v.*

*Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668, 668 n.1 (2014). After *Petrella*, courts have

---

sought"); *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1375 (Fed. Cir. 1999) (plaintiff "had the burden to show . . . connection" between revenue and infringement).

[8] Other appellate courts agree. *E.g.*, *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1326 (Fed. Cir. 2018) (finding "no right to a jury decision on [plaintiff's] request for disgorgement of . . . profits"); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019) ("an accounting and disgorgement of a defendant's profits . . . is equitable in nature and does not carry with it a right to a jury trial").

examined both the text of the Copyright Act and the Seventh Amendment and held that there is no right to a jury trial on disgorgement of profits in an action for copyright infringement. Starting with the text of the Copyright Act, the court in *Navarro v. Procter & Gamble Co.*, held that the Copyright Act does not indicate that disgorgement of profits requires a jury trial and that, because "[w]hen Congress wants to create a right to trial by jury, it knows how to say so," no such right exists. No. 1:17 Civ. 406, 2021 WL 1169084, at *3 (S.D. Ohio Mar. 29, 2021). Similarly, in *Fair Isaac Corp. v. Federal Insurance Co.*, the court held there was no right to a jury trial on disgorgement, finding that "Section 504(b), which does not expressly provide a right to a jury determination on actual damages and profits, also does not implicitly provide such a right." 468 F. Supp. 3d 1110, 1114 (D. Minn. 2020); *see also Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 495 F. Supp. 3d 687, 708 (N.D. Ill. 2020) ("With respect to the copyright award . . . the jury's award was equitable in nature and thus an advisory verdict."). Likewise, in *Assessment Techs. Inst., LLC v. Parkes*, the court held there was no right to a jury trial on disgorgement because "[t]here is simply no clear provision in the Copyright Act that creates a jury trial right for disgorgement of profits." No. 19 Civ. 2514, 2022 WL 588889, at *2 (D. Kan. Feb. 25, 2022). Courts also have concluded that the Seventh Amendment does not provide a constitutional right to a jury trial on disgorgement of profits. For example, in *Navarro*, the court noted that "[t]he Constitution creates a right to a jury for *legal* remedies, but not for *equitable* remedies." 2021 WL 1169084, at *6. "[E]ven if 'the suit' is legal, and thus gives rise to a jury trial right in general, the court must also examine 'the particular trial decision' at issue, to see whether there is a jury trial right as to that issue." *Id.* (quoting *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999). Thus, the constitutional question is "whether the profits-based remedy in § 504(b) is a *legal* remedy, in which case there is a

constitutional right to a jury, or an *equitable* remedy, in which case there is not." *Navarro*, 2021 WL 1169084, at *6. "Based on the history of the disgorgement award in actions for copyright infringement," the *Navarro* court found "little question that such awards are equitable, rather than legal." *Id.*; *see also Tex. Advanced Optoelectronic Sols.*, 895 F.3d at 1324–25 ("As for copyright and trademark infringement, we have seen no support for concluding that disgorgement of profits was available at law for those wrongs."). The *Fair Isaac* and *Assessment Techs.* courts reached the same conclusion. *Fair Isaac*, 468 F. Supp. 3d at 1118 ("Fair Isaac presents no sound legal basis to conclude that the courts of law in 1791 would have awarded disgorgement of a defendant's profits as a remedy for copyright infringement."); *Assessment Techs.*, 2022 WL 588889, at *3 (finding no "Seventh Amendment right to have the profits remedy decided by a jury.").[9]

Despite this clear law, Plaintiff contends that "[a]pportionment of the infringer's profits between the infringement and any other factors a defendant may present is highly fact-specific and should be left to the jury." Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 6–7.

The cases on which she relies, however, were all decided before the Supreme Court's decision in *Petrella* and are all merely situations in which no party raised the jury-right issue, and thus the court had no reason to address it. *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 798 (8th Cir. 2003) (addressing district court decision vacating jury award of disgorgement

---

[9]    Appellate courts that have addressed this issue in the context of disgorgement of profits for trademark infringement and trade secret misappropriation have also reached the same conclusion. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1065 (9th Cir. 2015) ("The Seventh Amendment does not require that a jury calculate these profits, because juries have not traditionally done so, and a claim for profit disgorgement is equitable in nature."); *Hard Candy*, 921 F.3d at 1359 ("All of this leads us to the conclusion that an accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial."); *Tex. Advanced Optoelectronic Sols.*, 895 F.3d at 1325 ("We conclude that no such [disgorgement] remedy would have been available at law for the trade secret misappropriation here, either.").

but not addressing the use of the jury for determining disgorgement); *Bergt v. McDougal Littell*, 661 F.Supp. 2d 916, 929 (N.D. Ill. 2009) (denying plaintiff's request for summary judgment where plaintiff argued there was no causal nexus between infringement and profits but no party objected to use of jury for determining disgorgement award). Plaintiff also argues that "the law is unclear on whether the amount of disgorged profits a plaintiff is entitled to is a judge or jury decision," but agrees that "the question should at least be presented to the jury for an advisory verdict." Dkt. 246 (Pl.'s Sept. 2021 Trial Br.), at 7. As Defendants have not provided their consent to send the issue to the jury in this case, *see Navarro*, 2021 WL 1169084, at *6 ("absent objection, as already noted, any matter *can* go to the jury" (emphasis added)), the jury should be permitted to provide the Court with an advisory verdict for the Court's consideration with the issue of disgorgement ultimately decided by this Court. *See Motorola*, 495 F. Supp. 3d at 708 (treating jury verdict of disgorgement as advisory).

## III.    CONCLUSION

Defendants will present the evidence at trial described herein, and therefore requests appropriate jury instructions concerning the issues discussed above.

Dated: September 12, 2022          Respectfully submitted,

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
miranda.means@kirkland.com

Michael J. Nester (#02037211)

Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for Defendants Take-Two Interactive
Software, Inc., 2K Games, Inc., 2K Sports, Inc.,
and Visual Concepts Entertainment*


*/s/ Curtis Krasik* (with consent)
Jerry McDevitt (admitted *pro hac vice*)
Curtis Krasik (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Michael J. Nester (#02037211)
Donovan Rose Nester P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

*Attorneys for World Wrestling Entertainment,
Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CATHERINE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) | |
| 2K GAMES, INC.; 2K SPORTS, INC.; WORLD | ) | Case No. 3:18-cv-966-SMY |
| WRESTLING ENTERTAINMENT, INC.; | ) | |
| VISUAL CONCEPTS ENTERTAINMENT; | ) | |
| YUKE'S CO., LTD.; AND YUKE'S LA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I electronically filed the foregoing DEFENDANTS' TRIAL BRIEF with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Anthony G. Simon | asimon@simonlawpc.com |
| Benjamin R. Askew | baskew@simonlawpc.com |
| Anthony R. Friedman | afriedman@simonlawpc.com |
| R. Seth Crompton | scrompton@hollandtriallawyers.com |
| Paul Joseph Tahan | ptahan@simonlawpc.com |

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

*Attorney for Defendants 2K Games, Inc., 2K Sports, Inc., Take-Two Interactive Software, Inc., and Visual Concepts Entertainment*