IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-966-SMY |
| ) | |
| TAKE-TWO INTERACTIVE ) | |
| SOFTWARE, INC., 2K GAMES, INC., ) | |
| 2K SPORTS, INC., WORLD WRESTLING ) | |
| ENTERTAINMENT, INC., ) | |
| VISUAL CONCEPTS ENTERTAINMENT, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED FINAL PRETRIAL ORDER

**YANDLE, District Judge:**

   **I.   COUNSEL OF RECORD**

   **Attorney(s) for Plaintiff(s):**

   Anthony G. Simon
   Anthony R. Friedman
   Paul J. Tahan
   THE SIMON LAW FIRM, P.C.
   800 Market Street, Suite 1700
   St. Louis, Missouri 63101
   Telephone: (314) 241-2929
   asimon@simonlawpc.com
   afriedman@simonlawpc.com
   ptahan@simonlawpc.com

   R. Seth Crompton
   THE HOLLAND LAW FIRM
   300 N. Tucker, Suite 801
   St. Louis, Missouri 63101
   Telephone: (314) 241-8111
   scrompton@allfela.com

**Attorneys for Defendants:**

**Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., and Visual Concepts Entertainment**

Dale M. Cendali
Joshua L. Simmons
Christopher T. Ilardi
Patrick K. Arnett
Yungmoon Chang
Miranda D. Means
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
patrick.arnett@kirkland.com
yungmoon.chang@kirkland.com
miranda.means@kirkland.com

Michael J. Nester
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

**World Wrestling Entertainment, Inc.**

Curtis Krasik
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-8608
curtis.krasik@klgates.com

Michael J. Nester
DONOVAN ROSE NESTER P.C.
15 North 1st Street, Suite A
Belleville, Illinois 62220
Telephone: (618) 212-6500
mnester@drnpc.com

## II. NATURE OF THE CASE

Randy Orton is a professional wrestler with World Wrestling Entertainment, also known as the WWE. A tattoo artist named Catherine Alexander inked five tattoos on Mr. Orton. A video game company called Take-Two Interactive and its subsidiaries created and sold three WWE video games called *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*. Randy Orton and the five tattoos are depicted in these games.

Ms. Alexander filed this lawsuit against the WWE, Take-Two, and the other companies named as defendants, which are Take-Two's subsidiaries. She claims damages and profits for copyright infringement for copying of the five tattoos in *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*.

WWE and the Take-Two entities deny Plaintiff's claim. They assert that use of the five tattoos in the video games was authorized by a license from Ms. Alexander to Mr. Orton, which was then sub-licensed by Mr. Orton to the WWE and the Take-Two entities. They also assert that their use was permitted by certain legal defenses, including *de minimis* use, fair use, waiver, and estoppel. Plaintiff denies that the defendants' alleged legal defenses apply in this case.

Ms. Alexander's claims and the Defendants' defenses will be explained in the course of the trial.

## III. SUBJECT MATTER JURISDICTION

This is an action for damages.

The basis for the Court's subject matter jurisdiction is 17 U.S.C. § 501 *et seq*, and 28 U.S.C. §§ 1331 and 1338(a). Although WWE maintains that this Court lacks personal jurisdiction over it, the existence of subject matter jurisdiction is not contested.

## IV. STIPULATED FACTS

The following facts are not disputed:

1. World Wrestling Entertainment or "WWE" is an entertainment company that creates and promotes entertainment related to professional wrestling.

2. Randy Orton has been a professional wrestler for the WWE.

3. Catherine Alexander has been a tattooist.

4. Ms. Alexander inked five tattoos on Mr. Orton.

5. Plaintiff and Mr. Orton did not discuss whether he had her permission to allow others to use the tattoos that Ms. Alexander inked on him in a video game.

6. Take-Two Interactive publishes and markets video games.

7. 2K Games develops and publishes video games.

8. 2K Sports develops video games.

9. Visual Concepts develops video games.

10. *WWE 2K16* was released on or around October 27, 2015.

11. *WWE 2K17* was released on or around October 11, 2016.

12. *WWE 2K18* was released on or around October 17, 2017.

13. On April 17, 2018, Ms. Alexander filed this copyright infringement lawsuit.

The parties propose to convey these facts to the jury in the following manner:

The Court will convey the facts to the jury.

V.  **ISSUES**

1. Issues of law for the Court to decide:

    a. Does Defendants' use of the five tattoos at issue in this case constitute fair use?

    b. Is Plaintiff estopped from asserting copyrights in the five tattoos at issue in this case?

    c. Any damages-related issues that the Court finds are in its province to decide.

2. Issues for the Jury to decide:

    a. Was Defendants' use permitted by one of their defenses that are to be decided by the jury?

    b. Any disputed historical facts related to whether Defendants' use of each of the five tattoos at issue in this case constitutes fair use.

    c. Any damages-related issues that the Court finds are in the jury's province to decide.

    d. Any additional issues the Court finds are in the jury's province to decide.

## VI. WITNESSES

Plaintiff intends to call the following witnesses:

Expert witnesses:

1. Ryan Clark
2. Jose Zagal

Non-expert witnesses:

1. Catherine Alexander
2. WWE (by video deposition)
3. Take-Two (by two video depositions)

Defendants intend to call the following witnesses:

WILL CALL:

Expert witnesses:

1. Ian Bogost, Ph.D.
2. Nina Jablonski, Ph.D.
3. E. Deborah Jay, Ph.D.
4. James E. Malackowski

Non-expert witnesses:

1. Alfredo Brody
2. Edward Kiang
3. Randy Orton

MAY CALL:

Non-expert witnesses:

1. Catherine Alexander
2. Mark Little
3. Chris Snyder

## VII. EXHIBITS

Each party filed updated pretrial disclosures on August 26, 2022. The parties are continuing to meet and confer concerning their objections, and to the extent that objections remain, they would propose addressing those issues with the Court at the Court's convenience.

VIII. **DAMAGES**

The categories of damages Plaintiff seeks is actual damages and profits pursuant to 17 U.S.C. § 504(b).

IX. **BIFURCATED TRIAL**

The parties do not request a bifurcated trial.

X. **TRIAL BRIEFS**

The parties submitted trial briefs on certain disputed legal issues on September 3, 2021. The parties intend to file updated trial briefs on September 12, 2022. The updated trial briefs will address the following issues: (1) copyright infringement; (2) fair use; (3) *de minimis* use; (4) implied license; (5) whether it is the jury or the Court that decides the amount of disgorgement damages and the respective burdens of proof and evidentiary issues related to disgorgement of profits; (6) the elements of the affirmative defense of waiver; (7) the elements of the affirmative defense of estoppel; and (8) actual damages.

XI. **MOTIONS *IN LIMINE***

Pursuant to the guidance provided by the Court during the January 24, 2022 pretrial conference, the parties filed their motions *in limine* at Dkts. 262, 263. They have not yet been ruled upon by the Court. Prior to filing their motions *in limine*, the Parties reached resolutions on several topics and filed a joint stipulation that memorialized those resolutions. *See* Dkt. 211 (Joint Stipulation Relating to Evidence, Argument, and Testimony).

The parties do not expect to file additional motions *in limine*. The pending motions *in limine* and whether they are opposed or unopposed are recited below:

Plaintiff's Motions *in limine*

1. Expert opinions regarding standards in the tattoo industry that are contained in declarations listed on Defendants exhibit list as exhibits 105, 106, and 108; and opinions of Defendants' expert Dr. Nina Jablonski that rely on those declarations. (Opposed.)

Defendants' Motions *in limine*

1. Plaintiff's actual damages. (Opposed.)
2. Disgorgement of Defendants' profits. (Opposed.)
3. WWE 2K's Custom Superstar feature. (Opposed.)
4. Plaintiff's alleged 2009 phone call to WWE. (Opposed.)

5. Marketing, advertising, or critical reception for WWE 2K video games other than *WWE 2K16*, *WWE 2K17*, and *WWE 2K18*. (Opposed.)

6. Statements by Randy Orton in online articles. (Opposed.)

7. Randy Orton's number of social media followers. (Opposed.)

### XII. JURY INSTRUCTIONS

The parties have agreed to interim exchanges to avoid disputes with jury instructions, and will meet and confer to discuss potential resolutions of any disputes. To the extent that disputes remain after the parties' meet-and-confer, they intend to bring them to the Court's attention in a joint submission as directed by the Court.

### XIII. LIMITATIONS, RESERVATIONS AND OTHER MATTERS

A. **Trial Date.** Trial is set for September 26, 2022.

B. **Length of Trial.** The probable length of trial is 5 days. The case will be listed on the trial calendar to be tried when reached.

**Mark Appropriate Box:** JURY. . . . X    NON-JURY. . . . ☐

C. **Number of Jurors.** There shall be a minimum of 6 jurors.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

**IT IS SO ORDERED.**

DATED: September 19, 2022

**STACI M. YANDLE**
**United States District Judge**