IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-966-SMY |
| | ) |
| TAKE-TWO INTERACTIVE | ) |
| SOFTWARE, INC., 2K GAMES, INC., | ) |
| 2K SPORTS, INC., WORLD | ) |
| WRESTLING ENTERTAINMENT, INC., | ) |
| VISUAL CONCEPTS | ) |
| ENTERTAINMENT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Catherine Alexander (Doc. 262) and Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports, Inc., World Wrestling Entertainment, Inc., and Visual Concepts Entertainment (Doc. 263). Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when

admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons more fully explained on the record during the final pretrial conference on September 19, 2022, the Court rules as follows.

### Plaintiff's Motion *in Limine*

1. Plaintiff moves to exclude (1) hearsay and undisclosed expert opinions regarding standards in the tattoo industry that are contained in declarations listed on Defendants' exhibit list as exhibits 105, 106, and 108; and (2) any opinions of Defendants' expert Dr. Nina Jablonski that rely on those declarations. The motion is **GRANTED**. The declarations constitute testimonial hearsay and are not independently admissible as substantive evidence. Further, the declarations clearly express the declarants' opinions regarding industry standards and practices, which constitute expert opinions. The declarants have not been disclosed as experts nor were their opinions disclosed as expert opinions under Rule 26. Accordingly, the declarations are inadmissible, and Dr. Jablonski is prohibited from quoting or referring to the statements in the declarations.

### Defendants' Motions *in Limine*

1. Defendants move to exclude Plaintiff from offering evidence, testimony, or argument that she is entitled to actual damages based on her failure to provide an itemized computation of damages pursuant to F.R.C.P. 26 (a)(1)(A)(iii). The recoverable actual damages being sought in this case are not subject to specific itemization and computation pretrial. Accordingly, the motion is **DENIED**.

2. Defendants move to exclude Plaintiff from offering evidence, testimony, or argument that she is entitled to disgorge Defendants' profits based on her failure to provide an itemized computation of damages pursuant to F.R.C.P. 26 (a)(1)(A)(iii). As Defendants are in possession of the data on which such damages would be based (Defendants' gross revenues and claimed deductions), Plaintiff's failure to make the specific disclosure is harmless. The motion is **DENIED**.

3. Defendants move to exclude testimony, evidence, or argument related to the Custom Superstar feature in the WWE 2K Games as newly added theory. The copying and use of Plaintiff's work in the WWE 2K games has been the basis of Plaintiff's allegations against the Defendants from the outset. To the extent that the Custom Superstar feature is included in the 2K games at issue in this case, evidence regarding the feature is relevant and is not a newly disclosed claim or theory. The motion is **DENIED**.

4. Defendants move to exclude testimony, evidence, or argument concerning a phone call Plaintiff placed in 2009 to WWE's legal department. The motion is **DENIED**. Plaintiff's allegations that she placed a call to WWE's legal department has always been a disputed issue in this case. Plaintiff's testimony that the call occurred is not hearsay and any statements allegedly made by the representative in WWE's legal department is an admission.

5. Defendants move to exclude testimony, evidence, or argument related to the marketing, advertising, and critical reception of WWE video games other than those at issue in this Litigation. This evidence was utilized by Plaintiff's expert to provide context for his opinions related to the market value. The motion is **DENIED**.

6. Defendants move to exclude testimony, evidence, or argument related to statements by Randy Orton concerning his likeness in video games other than the WWE 2K Games. Any statements made by Orton in online sources, newspaper articles or magazines are inadmissible hearsay and are irrelevant to the issues in this case. The motion is **GRANTED**.

7. Defendants move to exclude testimony, evidence, or argument concerning Randy Orton's number of social media followers. Orton's popularity and prominence is relevant to Plaintiff's expert's opinions regarding the value of his presence in the WWE 2K games. The motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 22, 2022

**STACI M. YANDLE**
**United States District Judge**