IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-966-SMY |
| ) | |
| TAKE-TWO INTERACTIVE ) | |
| SOFTWARE, INC. 2K GAMES, INC., ) | |
| 2K SPORTS INC., WORLD ) | |
| WRESTLING ENTERTAINMENT, INC., ) | |
| VISUAL CONCEPTS ) | |
| ENTERTAINMENT, YUKE'S CO., LTD, ) | |
| YUKES LA INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Catherine Alexander filed the instant lawsuit against Defendants Take-Two Interactive Software, Inc., 2K Games, Inc., 2K Sports Inc., Visual Concepts Entertainment (the "Take-Two Defendants"), and World Wrestling Entertainment, Inc. ("WWE") asserting copyright infringement under 17 U.S.C. § 501. On September 26, 2020, this Court granted Plaintiff's motion for partial summary judgment and denied Defendants' motion for summary judgment (Doc. 228). This matter is now before the Court *sua sponte* to clarify the Court's Summary Judgment Order ("Order").

Alexander moved for partial summary judgment on the issue of copying. In granting Plaintiff's motion for summary judgment, the Court found that it was undisputed that Alexander holds valid copyrights for the five tattoos at issue and that Defendants copied her copyrighted

works. Therefore, the Order is amended to clarify this Court's finding that, as a matter of law, Alexander owns a valid copyright to the five tattoos at issue in this lawsuit.

Given that Defendants copied Alexander's copyrighted tattoos, they are liable for copyright infringement unless they can establish an affirmative defense to their usage. Defendants asserted three affirmative defenses to their utilization of the tattoos in their motion for summary judgment: the existence of an implied license, the fair use doctrine, and use of the tattoos was *de minimis*. In denying Defendants' motion regarding the *de minimis* defense, the Court noted its doubt that the defense was viable under Seventh Circuit precedent and that the defense had been successfully invoked in other circuits to allow copying of a small and usually insignificant portion of the copyrighted works, not the wholesale copying of works in their entirety as occurred here. Therefore, the Court amends and clarifies its Order to reflect that, as a matter of law, the *de minimis* defense is not viable in this case and Defendants cannot assert the defense at trial.

**IT IS SO ORDERED.**

**DATED:** September 22, 2022

**STACI M. YANDLE**
**United States District Judge**