Members of the jury, you have seen and heard all the evidence.  Now I will instruct you on the law, and then you will hear the arguments of the attorneys.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, the Defendants are corporations.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Certain demonstrative exhibits have been shown to you.  Those demonstrative exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by witnesses under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with their testimony here in court, you may consider the earlier statement only in deciding whether their testimony here in court was true and what weight to give to their testimony here in court.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.   You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The parties have stipulated, or agreed, to the following facts:

1. World Wrestling Entertainment or "WWE" is an entertainment company that creates and promotes entertainment related to professional wrestling.

2. Randy Orton has been a professional wrestler for the WWE.

3. Catherine Alexander has been a tattooist.

4. Ms. Alexander inked five tattoos on Mr. Orton.

5. Plaintiff and Mr. Orton did not discuss whether he had her permission to allow others to use the tattoos that Ms. Alexander inked on him in a video game.

6. Take-Two Interactive publishes and markets video games.

7. 2K Games develops and publishes video games.

8. 2K Sports develops video games.

9. Visual Concepts develops video games.

10. *WWE 2K16* was released on or around October 27, 2015.

11. *WWE 2K17* was released on or around October 11, 2016.

12. *WWE 2K18* was released on or around October 17, 2017.

13. On April 17, 2018, Ms. Alexander filed this copyright infringement lawsuit.

You must now treat these facts as having been proved for the purpose of this case.

Plaintiff claims that Defendants have infringed Plaintiff's copyright in the five tattoos at issue by copying them into their videogames.

The Court has previously ruled that the five tattoos in question are the subject of valid copyrights, that Plaintiff owns the copyrights, and that the Defendants copied Plaintiff's copyrighted works.

Defendants contend that their copying is allowed under what the law calls "fair use."  To succeed on this affirmative defense, Defendants must prove that they made fair use of Plaintiff's works, including for purpose(s) such as of: criticism, parody, comment, news, reporting, teaching, scholarship, and/or research.

In deciding this, you should consider the following:

- The purpose and character of Defendants' use, including whether Defendants' use is of a commercial nature or is for nonprofit educational purposes;

- The nature of the copyrighted works;

- The amount and substantiality of the portion used in relation to the copyrighted works as a whole; and

- The effect of the use upon the potential market for or value of the copyrighted works;

It is up to you to decide how much weight to give each factor.

If you find that Defendants have proved this affirmative defense by a preponderance of the evidence, then you must find for Defendants and you will not consider the question of damages.

If you find that Defendants have not proven their affirmative defense, then you must find for the Plaintiff and you must consider the amount of damages, if any, Plaintiff is entitled to recover.

Plaintiff must prove damages by a preponderance of evidence.

Plaintiff may recover for any actual losses she suffered because of the infringement plus any profits that Defendants made from the infringement.  I will define these terms in the following instructions.

Examples of actual losses from copyright infringement include:

- A decrease in the market value of the copyrighted work caused by the infringement.

- Profits that Plaintiff proves she would have made without the infringement. Profits are the revenue Plaintiff would have made on sales she would have made without the infringement, less any additional expenses she would have incurred in making the sales.

- What a willing buyer reasonably would have paid Plaintiff to obtain a license to copy Plaintiff's copyrighted works.

In addition to actual damages, Plaintiff is entitled to recover the profits that she can prove Defendants made that are attributable to the infringement.  Defendants' profits are recoverable, however, only to the extent that you have not taken them into account in determining Plaintiff's actual losses.

Defendant's profits are revenues that Defendants made because of the infringement, minus Defendants' expenses in producing the video games.

Plaintiff need only prove Defendants' revenues.  Defendants must prove their own expenses and any portion of their profits that resulted from factors other than infringement of Plaintiff's copyright.

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the form, and all of you will sign it.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court Security Officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.